DANIEL J. BERGESON, Bar No. 105439
dbergeson@be-law.com
MELINDA M. MORTON, Bar No. 209373
mmorton@be-law.com
BERGESON, LLP
303 Almaden Boulevard, Suite 500
San Jose, CA 95110-2712
Telephone:  (408) 291-6200
Facsimile:   (408) 297-6000

THOMAS E. GILBERTSEN, *pro hac vice pending*
tgilbertsen@kelleydrye.com
KELLEY DRYE & WARREN LLP
3050 K Street, N.W., Suite 400
Washington, D.C.  20007
Telephone: (202) 342-8400

Attorneys for Defendant
NEBUAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN VALENTINE, DALE MORTENSEN, MELISSA BECKER, SAMUEL GREEN, SHERRON RIMPSEY, CHARLOTTE MIRANDA, FRANK MIRANDA, SAUL DERMER, WAYNE COPELAND, CHRYSTAL REID, ANDREW PAUL MANARD, KATHLEEN KIRCH, TERRY KIRCH, NEIL DEERING, PAUL DRISCOLL, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NEBUAD, INC., a Delaware Corporation; BRESNAN COMMUNICATIONS, a New York Corporation; CABLE ONE, a Delaware Corporation; CENTURYTEL, a Texas Corporation; EMBARQ, a Delaware Corporation; KNOLOGY, a Delaware Corporation; WOW!, a Delaware Corporation; and JOHN DOES 1-20, corporations,<br><br>Defendants. | Case No. C08 05113 TEH<br><br>**DEFENDANT NEBUAD, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:            January 26, 2009<br>Time:           10:00 a.m.<br>Place:           Courtroom 12<br>Senior Judge:  Hon. Thelton E. Henderson<br><br>Complaint Filed:    November 10, 2008<br>Trial Date:             None Set |

**NOTICE OF MOTION AND MOTION**

TO THE PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on Monday, January 26, 2009, at 10 a.m., or as soon thereafter as the matter may be heard, before the Hon. Thelton E. Henderson, United States District Judge, Courtroom 12, 19th Floor, of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, California, Defendant Nebuad, Inc. ("Nebuad"), shall and hereby does move the Court for an order dismissing the Complaint of Plaintiffs Dan Valentine, Dale Mortgensen, Melissa Becker, Samuel Green, Sherron Rimpsey, Charlotte Miranda, Frank Miranda, Saul Dermer, Wayne Copeland, Crystal Reid, Andrew Paul Manard, Kathleen Kirch, Terry Kirch, Neil Deering, and Paul Driscoll ("Plaintiffs") on the grounds that (1) the Plaintiffs lack standing to bring the claims alleged in the Third, Fourth and Fifth Causes of Action; and (2) the Third, Fourth and Fifth Causes of Action are preempted by 18 U.S.C. § 2510 *et seq.*

The motion is based upon this notice of motion and motion, the supporting memorandum of points and authorities, the complete files and records in this action, and such additional evidence and argument as may hereinafter be presented.

**STATEMENT OF ISSUES**
**(N.D. Cal. Civil R. 7-4)**

1. Should the Third, Fourth and Fifth Causes of Action be dismissed because Plaintiffs lack standing to bring these claims?

2. Should the Third, Fourth and Fifth Causes of Action be dismissed because they are preempted by 18 U.S.C. § 2510 *et seq.*?

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

On November 10, 2008, Plaintiffs filed this putative class action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d)(2) and 1453(b). On behalf of themselves and a putative multistate class, Plaintiffs have asserted causes of action against defendants for: (I) violation of the Electronic Communications Privacy Act of 1986 ("ECPA"), 18 U.S.C. § 2511(1);

1

DEFENDANT NEBUAD, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS;
SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES                     Case No. C08-05113 TEH

(II) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*; (III) violation of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; (IV) violation of California's Computer Crime Law, Cal. Penal Code § 502 ("CCCL"); (V) aiding and abetting; (VI) civil conspiracy; and (VII) unjust enrichment.

As Plaintiffs admit in the Complaint, Plaintiffs Dan Valentine, Dale Mortgensen, Melissa Becker, Samuel Green, Sherron Rimpsey, Charlotte Miranda, Frank Miranda, Saul Dermer, Wayne Copeland, Crystal Reid, Andrew Paul Manard, Kathleen Kirch, Terry Kirch, Neil Deering, and Paul Driscoll ("Plaintiffs") are citizens of Illinois, Montana, Alabama, Georgia, and Kansas. (*See* Complaint at ¶¶ 15-29.)  None of the Plaintiffs are residents of California, nor does the Complaint sufficiently allege facts indicating that any class members are California residents. Plaintiffs' CIPA and CCCL claims must therefore be dismissed because they lack standing to bring claims under these statutes.   Further, Plaintiffs' CIPA and CCCL claims are preempted by the federal ECPA.

**II.    ARGUMENT**

    **A.    Plaintiffs Lack Standing to Sue Under California's invasion of privacy act and computer crime law**

        **1.    Legal Standard**

To demonstrate standing, "named plaintiffs who represent a class must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (emphasis added) (internal quotation marks omitted).  Where, as here, a putative class action brings claims under multiple state laws, "[e]ach claim under each state statute must be analyzed separately," and federal courts will dismiss any state law claims for which "there is no named plaintiff from those states who has suffered injury." *In re Graphics Processing Units Antitrust Litig.*, 527 F. Supp. 2d 1011, 1026-27 (N.D. Cal. 2007) (holding that named plaintiffs lacked standing to assert antitrust claims under the laws of states in which no named plaintiff resided).

2

**2.   Plaintiffs Lack Standing Under CIPA Because They are Not California Citizens**

The California Invasion of Privacy Act ("CIPA") prohibits the interception of any wire, line, or cable communication without the consent of all parties. *See* Cal. Penal Code § 631. CIPA expressly states that it is "intend[ed] to protect the right of privacy of the people of *this state*." *Id.* § 630 (emphasis added). Accordingly, and in keeping with constitutional limits, the California Supreme Court has held that CIPA applies only to protect the privacy interests of persons *within California*. *Kearney v. Salomon Smith Barney,* 39 Cal.4th 95, 107 (Cal. 2006).

In *Kearney,* two California clients of Salomon Smith Barney ("SSB") filed a class action alleging that telephone calls they had placed to SSB brokers in Georgia were tape-recorded without their consent, in violation of CIPA. The trial court sustained a demurrer to the complaint, holding that any attempt to apply CIPA to recordings made in Georgia would violate the Commerce Clause. *Id*. at 102-03. In reversing the trial court, the California Supreme Court held that the purpose of CIPA was "to protect the privacy of confidential communications *of California residents while they are in California*." *Id*. at 119-120 (emphasis added). While the Court recognized that this intent was clear from the face of the statute, *see id.* at 119, the Court also noted relevant state and federal case law holding that "the federal system contemplates that individual states may adopt distinct policies to protect *their own residents* and generally may apply those policies to businesses that choose to conduct business *within that state."* *Id*. at 105 (emphasis added). The court found that, because application of CIPA to SSB's conduct would "affect only a business's undisclosed recording of telephone conversations *with clients or consumers in California* and would not *compel any action or conduct of the business with regard to conversations with non-California clients or consumers,* it did not run afoul of the federal commerce clause. *Id.* at 107 (emphasis added). Thus, the court held that SSB could be liable under CIPA for the undisclosed recording of calls of California residents, regardless of where the calls were placed. *Id.*

The court distinguished the situation in that case from situations in which the application of California law *would* be inappropriate – *e.g*., where California "would be applying its law in

3

order to defeat a defendant's conduct in another state *vis-à-vis another state's residents*" or to "*alter [a company's] nationwide policy*." *Id*. at 104 (emphasis added).  Here, plaintiffs' complaint attempts to do what the California Supreme Court has forbidden – apply California's invasion of privacy law and policy to protect non-California citizens, regardless of what the laws of the plaintiffs' home states actually provide.  Allowing these California statutory claims to proceed runs counter to the express purpose of CIPA and the well settled principles of federalism as recognized in *Kearney*.

In sum, because no named plaintiffs in this action are California citizens, Plaintiffs lack standing to bring CIPA claims, and Counts III and V (to the extent that it alleges aiding and abetting violations of CIPA) should be dismissed.

### 3. Plaintiffs Lack Standing Under California's Computer Crime Law Because They are Not California Citizens

Like CIPA, the CCCL was enacted to protect California citizens from abuses made possible by emerging advances in technology.  *See* Cal. Penal Code § 502.  Also like CIPA, this statute expressly states that it applies only to crimes against California citizens.  *Id.* ("The Legislature further finds and declares that protection of … computer data is vital to the protection of the privacy of individuals as well as to the well-being of financial institutions, business concerns, governmental agencies, and others *within this state* that lawfully utilize those computers, computer systems, and data.") (emphasis added).

Because no named plaintiffs are California citizens or have alleged that they were using computers within California when the alleged violations occurred, plaintiffs lack standing to bring a claim under the CCCL for the same reasons they lack standing under CIPA.  Counts IV and V (to the extent that it alleges aiding and abetting violations of the CCCL) should therefore be dismissed.

### B. PLAINTIFFS' CIPA AND CCCL COUNTS ARE PREEMPTED BY THE FEDERAL ECPA

Plaintiffs assert claims under the federal Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2511(1) (Count I), CIPA (Count III), and CCCL (Count IV) to address

the same conduct – the alleged interception of Plaintiffs' electronic communications. *See* Complaint at ¶ 114 (noting that the ECPA prohibits the interception of "any wire, oral, or electronic communication"). Even if these non-California plaintiffs have standing to pursue claims under CIPA and CCCL, those claims are expressly preempted by the ECPA. *See Bunnell v. Motion Picture Ass'n of America,* 567 F.Supp.2d 1148, 1154 (C.D. Cal. 2007) (holding that the ECPA preempted plaintiff's parallel CIPA claim). The ECPA preempts parallel state laws such as CIPA expressly and by "field preemption." *Bunnell,* 567 F.Supp.2d at 1154.

First, the ECPA expressly preempts state regulation of the interception of electronic communications in 18 U.S.C.A. § 2518(10)(c), which provides as follows:

> "The remedies and sanctions described in this chapter with respect to the interception of electronic communications are *the only judicial remedies* and sanctions for nonconstitutional violations of this chapter involving such communications."

*Id.*; *Bunnell,* 567 F.Supp.2d at 1154.

Second, the ECPA has "occupied the field" with respect to the interception of electronic communications. As noted in *Bunnell*:

> The scheme of the ECPA is very comprehensive: it regulates private parties' conduct, law enforcement conduct, outlines a scheme covering both types of conduct and also includes a private right of action for violation of the statute. As such, it is apparent to this Court 'that Congress left no room for supplementary state regulation.'

*Id.* (citing *In re Cybernetic Servs., Inc.*, 252 F.3d 1039, 1045-46 (9th Cir. 2001)); *see also Muskovich v. Crowell,* 1995 WL 905403, at *1 (S.D. Iowa Mar. 21, 1995) ("Congress unequivocally expressed an intent to 'occupy the field' and provide the exclusive remedies for conduct regulated by ECPA.").

Thus, even if plaintiffs had standing as non-Californians to pursue CIPA and CCCL claims, those claims are preempted by the federal ECPA. Plaintiffs' CIPA and CCCL claims should be dismissed on preemption grounds.

//

//

5

**III.   CONCLUSION**

For the foregoing reasons, defendant Nebuad respectfully urges the Court to grant its motion to dismiss.

Dated:  December 22, 2008              BERGESON, LLP


                                        By:        /s/
                                              Melinda M. Morton

                                        Attorneys for Defendant
                                        NEBUAD, INC.