Michael J. Aschenbrener
KAMBEREDELSON, LLC
350 N. LaSalle St., Ste. 1300
Chicago, IL  60654
(312) 589-6379

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN VALENTINE, DALE MORTENSEN, MELISSA BECKER, SAMUEL GREEN, SHERRON RIMPSEY, CHARLOTTE MIRANDA, FRANK MIRANDA, SAUL DERMER, WAYNE COPELAND, CRYSTAL REID, ANDREW PAUL MANARD, KATHLEEN KIRCH, TERRY KIRCH NEIL DEERING, PAUL DRISCOLL, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBUAD, INC., a Delaware Corporation; BRESNAN COMMUNICATIONS, a New York Corporation; CABLE ONE, a Delaware Corporation; EMBARQ, a Delaware Corporation; KNOLOGY, a Delaware Corporation; WOW!, a Delaware Corporation; and JOHN DOES 1-20, corporations,<br><br>Defendants. | Case No.: 3:08-cv-05113-TEH<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT NEBUAD, INC.'S MOTION TO DISMISS**<br><br>The Honorable Thelton E. Henderson<br><br>Date:    March 9, 2009<br>Time:   10:00 a.m.<br>Judge:  The Hon. Thelton E. Henderson |

PLAINTIFFS' RESPONSE TO DEFENDANT                1                Case No. 3:08-cv-05113-TEH
NEBUAD, INC.'S MOTION TO DISMISS

**INTRODUCTION**

Defendant NebuAd, Inc. ("Defendant" or "NebuAd") engaged in a practice known as "Deep Packet Inspection" to intentionally intercept the private communications of thousands of internet users without the users' knowledge or consent. NebuAd did so by partnering with various Internet Service Providers ("ISPs") that allowed NebuAd to install a specialized piece of computer hardware within their networks that monitors all internet traffic flowing through the respective ISPs' networks. NebuAd and the NebuAd Activated ISP Affiliates ("NAISPs") did this because they were able to monetize the personal information gathered in this process by using it for so-called "behavioral advertising."

Plaintiffs filed this suit (Doc. 1) on behalf of themselves and several putative classes on November 10, 2008 against NebuAd and various NAISPs. Defendant NebuAd moved to dismiss three counts of the complaint (incorrectly identified as Counts III, IV, and V) on December 22, 2008 (Doc. 4), arguing that: 1) Plaintiffs lack standing as non-California citizens to bring claims under California's Invasion of Privacy Act ("CIPA") and Computer Crime Law ("CCCL"); and, 2) the federal Electronic Communications Privacy Act ("ECPA") preempts CIPA and the CCCL.

Plaintiffs oppose the Motion to Dismiss and ask that the Court dismiss it in its entirety for the reasons stated below.

**STATEMENT OF FACTS**

This case concerns the unauthorized interception of electronic communications transmitted over the internet. (Compl. ¶¶ 1, 68). NebuAd contracted with various ISPs to install hardware directly at the ISPs' data hubs that capture all data transmitted through these ISPs. (Compl. ¶ 60). These ISPs include co-defendants Bresnan Communications, Cable One, CenturyTel, Embarq, Knology, and WOW!. (Compl. ¶¶ 13, 31-36).

By partnering with these NAISPs, NebuAd is able to collect vast quantities of information about NAISPs' customers' internet usage. (Compl. ¶ 60). In fact, NebuAd is able to track every online move made by these ISPs' users, including the web pages visited, log-ins and passwords at banking sites, and the content of emails sent and received. (Compl. ¶¶ 59, 64, 82). NebuAd is

then able to use this very valuable information for so-called "behavioral advertising."  (Compl. ¶¶ 39-40, 53).  But NebuAd not only monitors web traffic without the consent of the web users affected, but also alters data on users' computers in order to do so.  (Compl. ¶¶ 66-68).

NebuAd then transmits all of the data it silently collects to its data center in California.  (Compl. ¶¶ 75-76).  NebuAd analyzes this data in California to determine what online advertisements its Fair Eagle, Inc. ("Fair Eagle") subsidiary should place on the websites that the affected web users visit on behalf of advertisers that have contracted with NebuAd/Fair Eagle.  (Compl. ¶ 76).  All of this is done in California and without the informed consent of the affected web users.  (Compl. ¶¶ 77, 85-88).

## STANDARD OF DECISION

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when a plaintiff's allegations demonstrate that the Court lacks "subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  In evaluating the sufficiency of a complaint's allegations, a court must assume the facts alleged in the complaint to be true. *Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979); *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).  Raising preemption on a motion to dismiss is essentially a 12(b)(1) claim because in the absence of federal preemption, the court will lack subject matter jurisdiction.  A motion to dismiss for lack of subject matter jurisdiction may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead challenge the factual basis for subject-matter jurisdiction. *Thornhill*, 594 F.2d at 733; *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).  Where, as here, the motion constitutes a facial attack, the Court considers the factual allegations of the complaint to be true. *Thornhill*, 594 F.2d at 733; *Natural Res. Def. Council v. Kempthorne*, 539 F. Supp. 2d 1155, 1161 (E.D. Cal. 2008).

# ARGUMENT

## I. PLAINTIFFS DO NOT LACK STANDING TO PURSUE CLAIMS UNDER CIPA OR THE CCCL BECAUSE THE OFFENDING CONDUCT OCCURRED WITHIN CALIFORNIA.

Plaintiffs are not required to be California citizens to bring causes of action alleging violations of the California Invasion of Privacy Act ("CIPA") or the California Computer Crime Law ("CCCL"). What is required is that the violations of these respective statutes must have occurred within California. Because the offending conduct occurred in California, Plaintiffs have standing to pursue their claims.

### A. The protections of CIPA apply to out-of-state citizens so long as the relevant communication passes through California or is sent from or received in California.

CIPA states, in relevant part, that it applies to "any message, report, or communication while the same is in transit or passing over any wire, line, or cable, or is being sent from, or received at any place *within* [*California*]." Cal. Penal Code § 630 (emphasis added). In paragraphs 149-50 of the Complaint, Plaintiffs allege that they "communicated with one or more web entities based *in California*, or with one or more entities whose servers were located *in California*," (Compl. ¶ 149) and that these communications were sent *to and from California* (Compl. ¶ 150) (emphasis added). Based on the plain language of the statute and Plaintiffs' allegations alone, it is clear that the provisions of CIPA apply to the communications of Plaintiffs.

While Defendant did not mention by name the concept on which it wrongly bases its argument regarding standing, Defendant was referring to the "presumption against extraterritoriality," which embodies in relevant part the notion that state laws may not be applied to conduct occurring outside its borders. "The presumption against extraterritoriality is one against an intent to encompass *conduct* occurring in a foreign jurisdiction in the prohibitions and remedies of a domestic statute." *Diamond Multimedia Systems, Inc. v. Superior Court*, 19 Cal. 4th 1036, 1060, n. 20 (1999) (emphasis in original).

But the presumption against extraterritoriality does not apply in the instant matter because the relevant conduct occurred in California. "The presumption against extraterritoriality does not

preclude the application of California law to conduct that occurs in California, even where that conduct involves non-California residents." *DuFauchard v. U.S. Financial Management, Inc.*, 87 Cal. Rptr. 3d 615, 627 (Ct. App. 2009) (citing Cal. Civ. Code § 3281). "The linchpin of *Diamond's* analysis is that state statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224 (Ct. App. 1999).

Accordingly, Defendant's argument that Plaintiffs lack standing because they are not California citizens is incorrect. Plaintiffs may maintain their California statutory causes of action because the relevant conduct occurred in California. (Compl. ¶¶ 149-50).

Furthermore, as the court in *Diamond* pointed out, "California also has a legitimate and compelling interest in preserving a business climate free of fraud and deceptive practices." 19 Cal. 4th at 1064. This idea is relevant to the instant matter because it illustrates that preventing fraud of this nature benefits all businesses in the state. By allowing Plaintiffs to properly bring an action enjoining the offending conduct—as they have—the Court will be enforcing one of the principal goals of the statute: ensuring a fraud-free business climate, thus preserving a level and competitive playing field for all businesses in California.

Because the relevant conduct occurred in California, Defendant's motion to dismiss Plaintiffs' Fourth and Fifth Causes of Action (to the extent it alleges aiding and abetting violations of CIPA) for lack of standing should be denied.

### B.  The presumption against extraterritoriality also does not apply to Plaintiffs' CCCL claims.

Just as the presumption against extraterritoriality does not apply to Plaintiffs' CIPA claims, the presumption also does not apply to Plaintiffs' CCCL claims because the relevant conduct occurred in California.

Plaintiff alleges that "Defendants accessed, copied, used, made use of, interfered, and/or altered, data belonging to class members: (1) *in and from the State of California*; (2) in the home states of the plaintiffs; and (3) in the state in which the servers . . . were located." (Compl. ¶ 128

1  (emphasis added)).  So once again, Plaintiffs do not lack standing because the relevant conduct
2  was alleged to have occurred in California.
3    Thus, Defendant's motion to dismiss Plaintiffs' Second and Fifth Causes of Action (to the
4  extent it alleges aiding and abetting violations of the CCCL) for lack of standing should be denied.

**II.  THE ECPA DOES NOT PREEMPT PLAINTIFFS' CIPA AND CCCL CLAIMS.**

  **A.  The ECPA does not expressly preempt state law claims.**

  "[F]ederal law does not preempt the application of California's more protective privacy provisions."  *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 105 (2006).

  Courts "'are not to conclude that Congress legislated the ouster of (a state) statute . . . in the absence of an unambiguous congressional mandate to that effect.'"  *People v. Conklin*, 12 Cal. 3d 259, 265 (1974) (quoting *Florida Lime & Avocado Growers v. Paul*, 373 U.S. 132, 146-47 (1963).  "[C]ourts are reluctant to infer preemption, and it is the burden of the party claiming that Congress intended to preempt state law to prove it."  *Viva Int'l Voice for Animals v. Adidas Promotional Operations, Inc.*, 41 Cal. 4th 929, 936 (2007) (internal quotation marks omitted).

  Defendant points to § 2518(10)(c) of the ECPA for proof that the ECPA expressly preempts Plaintiffs' CIPA and CCCL claims.  While this argument may appear tantalizing, § 2518(10)(c) is not an "unambiguous congressional mandate" to preempt state privacy laws.  Rather, § 2518(10)(c) was "added to the ECPA for a limited purpose: to prevent criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's provisions."  *In re NSA Telecomm. Litigation*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007) (Chief Judge Walker examining § 2708, which contains the same language as § 2518(10)(c), and holding that the Stored Communications Act ("SCA")—itself part of the ECPA—does not preempt cases brought under state law).  In other words, it was not added to preempt state law claims; thus, there is no mandate to preempt CIPA.

  Furthermore, courts are allowed to enforce state privacy laws that are more restrictive than federal privacy laws.  *Halpin v. Superior Court*, 6 Cal. 3d 885, 898-99 (1972), cert. den., 409 U.S. 982 (holding that while Congress "intended to enact comprehensive national legislation" in the

PLAINTIFFS' RESPONSE TO DEFENDANT      6      Case No. 3:08-cv-05113-TEH
NEBUAD, INC.'S MOTION TO DISMISS

area of privacy, it also "left room for states to supplement the law in certain areas, provided the regulations are not more permissive"); *People v. Conklin*, 12 Cal. 3d at 271 ("Congress intended that the states be allowed to enact more restrictive laws designed to protect the right of privacy").

Defendant has not introduced any evidence suggesting that CIPA is any less restrictive than the ECPA. And given that violators of CIPA may be imprisoned (Cal. Penal Code § 631), but not violators of the ECPA (18 U.S.C. § 2520), Defendant would have a difficult time arguing that CIPA is less restrictive.

Because Congress did not intend for the ECPA to preempt all state laws and because CIPA is not more permissive than the ECPA, Defendant's Motion to Dismiss Plaintiffs' CIPA claims should be denied.

### B. The ECPA does not even cover the same activities as the CCCL and therefore cannot preempt the CCCL.

While the ECPA and CIPA govern the same area of law and generally similar conduct, the ECPA and the CCCL do not. Much like CIPA, the ECPA covers various activities related to individual privacy concerns, such as wiretapping and eavesdropping. But the CCCL deals not only with interception of electronic data, but also with computer tampering, damage to computer networks, and computer contaminants, such as viruses and worms. *See* Cal. Penal Code 502(a), b(10). The ECPA does not regulate these activities. *See* 18 U.S.C. §§ 2510-22.

Defendant does not just gloss over the fact that the ECPA plays on a different field than the CCCL, it actually ignores this fact completely, seemingly hoping that the Court and Plaintiffs do not notice that the ECPA and the CCCL regulate distinct conduct. In fact, Defendant's one-page argument regarding preemption omits all discussion of the CCCL and simply slides in passing references to its existence in the opening and conclusion. (Defendant's Motion to Dismiss, Doc. 4, p. 5). Given that Defendant fails to provide any evidence that the CCCL and ECPA even regulate the same activities, let alone that the ECPA expressly or impliedly preempts the CCCL, Defendant's Motion to Dismiss Plaintiffs' CCCL claims must be denied.

PLAINTIFFS' RESPONSE TO DEFENDANT              7              Case No. 3:08-cv-05113-TEH
NEBUAD, INC.'S MOTION TO DISMISS

## CONCLUSION

Defendant has failed to demonstrate—on any basis—that Plaintiffs fail to state proper CIPA and CCCL claims. Accordingly, Defendant's Motion to Dismiss should be denied in full.

Dated: February 13, 2009                    KAMBEREDELSON, LLC

                                            By:  s/ Michael J. Aschenbrener
                                            Michael J. Aschenbrener

                                            Attorney for Plaintiffs

Michael Aschenbrener (pro hac vice)
KAMBEREDELSON, LLC
350 N. LaSalle St., Ste. 1300
Chicago, IL 60654
(312) 589-6379 (phone)
(312) 589-6378 (facsimile)
maschenbrener@kamberedelson.com

ATTORNEY FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN VALENTINE, DALE MORTENSEN, MELISSA BECKER, SAMUEL GREEN, SHERRON RIMPSEY, CHARLOTTE MIRANDA, FRANK MIRANDA, SAUL DERMER, WAYNE COPELAND, CRYSTAL REID, ANDREW PAUL MANARD, KATHLEEN KIRCH, TERRY KIRCH NEIL DEERING, PAUL DRISCOLL, individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBUAD, INC., a Delaware Corporation; BRESNAN COMMUNICATIONS, a New York Corporation; CABLE ONE, a Delaware Corporation; EMBARQ, a Delaware Corporation; KNOLOGY, a Delaware Corporation; WOW!, a Delaware Corporation; and JOHN DOES 1-20, corporations,<br><br>Defendants. | Case No.: 3:08-cv-05113-TEH<br><br>**[PROPOSED] ORDER DENYING DEFENDANT NEBUAD'S MOTION TO DISMISS**<br><br>Date:   March 9, 2009<br>Time:  10:00 a.m.<br>Judge: The Hon. Thelton E. Henderson |

Proposed Order Denying Defendant NebuAd's   Case No. 3:08-cv-05113-TEH
Motion to Dismiss

On November 10, 2008, Plaintiffs filed the present class action complaint alleging violations of the federal Electronic Communications Privacy Act ("ECPA") and Computer Fraud and Abuse Act ("CFAA"), as well as state law claims under the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), among other claims against NebuAd, Bresnan Communications, Cable One, CenturyTel, Embarq, Knology, and WOW!.

Defendant NebuAd moved to dismiss three counts of the complaint (incorrectly identified as Counts III, IV, and V) on December 22, 2008 (Doc. 4), arguing that: 1) Plaintiffs lack standing as non-California citizens to bring claims under CIPA and the CCCL; and, 2) the federal Electronic Communications Privacy Act ("ECPA") preempts CIPA and the CCCL.

For the following reasons, the Court denies defendant NebuAd's motion to dismiss in its entirety.

First, Plaintiffs do not lack standing to pursue their CIPA or CCCL claims. "[S]tate statutory remedies may be invoked by out-of-state parties when they are harmed by wrongful conduct occurring in California." *Norwest Mortgage, Inc. v. Superior Court*, 72 Cal. App. 4th 214, 224 (Ct. App. 1999). Furthermore, "[t]he presumption against extraterritoriality does not preclude the application of California law to conduct that occurs in California, even where that conduct involves non-California residents." *DuFauchard v. U.S. Financial Management, Inc.*, 87 Cal. Rptr. 3d 615, 627 (Ct. App. 2009) (citing Cal. Civ. Code § 3281). ). Because Plaintiffs' complaint alleges that the wrongful conduct occurred in California, this Court finds that Plaintiffs have standing to pursue their CIPA and CCCL claims.

Second, the federal ECPA does not preempt either CIPA or the CCCL. Regarding CIPA, § 2518(10)(c) was "added to the ECPA for a limited purpose: to prevent criminal defendants from suppressing evidence based on electronic communications or customer records obtained in violation of ECPA's provisions." *In re NSA Telecomm. Litigation*, 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007). It was not added to "preempt the application of California's more protective privacy provisions." *See Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 105 (2006). Furthermore, courts are allowed to enforce state privacy laws that are more restrictive than federal

Proposed Order Denying Defendant NebuAd's Motion to Dismiss    1    Case No. 3:08-cv-05113-TEH

privacy laws. *Halpin v. Superior Court*, 6 Cal. 3d 885, 898-99 (1972), cert. den., 409 U.S. 982 (holding that while Congress "intended to enact comprehensive national legislation" in the area of privacy, it also "left room for states to supplement the law in certain areas, provided the regulations are not more permissive"); *People v. Conklin*, 12 Cal. 3d at 271 ("Congress intended that the states be allowed to enact more restrictive laws designed to protect the right of privacy"). Defendant has not introduced any evidence suggesting that CIPA is any less restrictive than the ECPA.

Regarding the CCCL, it encompasses far more conduct than the ECPA. Accordingly, it is not possible for the ECPA to preempt the CCCL.

Because defendant NebuAd has not demonstrated that Plaintiffs lack standing or that the ECPA preempts CIPA or the CCCL, NebuAd's motion to dismiss is hereby denied in its entirety.

DATED: _____

By: _____
    Hon. Thelton E. Henderson
    United States District Court