1   DANIEL J. BERGESON, ESQ., Bar No. 105439
    dbergeson@be-law.com
2   MELINDA M. MORTON, Bar No. 209373
    mmorton@be-law.com
3   BERGESON, LLP
    303 Almaden Blvd., Suite 500
4   San Jose, CA  95110-2712
    Telephone:  (408) 291-6200
5   Facsimile:  (408) 297-6000

6   THOMAS E. GILBERTSEN, *admitted pro hac vice*
    tgilbertsen@kelleydrye.com
7   KELLEY DRYE & WARREN LLP
    3050 K Street, NW, Suite 400
8   Washington, DC  20007-5108
    Telephone: (202) 342-8400
9   Facsimile: (202) 342-8451

10  Attorneys for Defendant
    NEBUAD, INC.

11

12                    UNITED STATES DISTRICT COURT

13             FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                      SAN FRANCISCO DIVISION

15  DAN VALENTINE, DALE MORTENSEN,          CASE NO. CV 08-5113 TEH (EMC)
    MELISSA BECKER, SAMUEL GREEN,
16  SHERRON RIMPSEY, CHARLOTTE              **DEFENDANT NEBUAD, INC'S**
    MIRANDA, FRANK MIRANDA, SAUL            **ANSWER**
17  DERMER, WAYNE COPELAND, CRYSTAL
    REID, ANDREW PAUL MANARD,               **DEMAND FOR JURY TRIAL**
18  KATHLEEN KIRCH, TERRY KIRCH, NEIL
    DEERING, PAUL DRISCOLL, individuals, on Judge:   Hon. Thelton E. Henderson
19  behalf of themselves and all others similarly Ctrm.: 12
    situated,
20                          Plaintiffs,      Case Filed:  November 10, 2008
             v.
21
    NEBUAD, INC., a Delaware Corporation;
22  BRESNAN COMMUNICATIONS, a New York
    Corporation; CABLE ONE, a Delaware
23  Corporation; CENTURYTEL, a Texas
    Corporation; EMBARQ, a Delaware Corporation;
24  KNOLOGY, a Delaware Corporation; WOW!, a
    Delaware Corporation; AND JOHN DOES 1-20,
25  corporations Defendants,

26                          Defendants.

27

28

1    Defendant NebuAd, Inc. (hereinafter, "NebuAd"), by and through the undersigned

2    counsel, hereby submits its answer to plaintiffs' complaint, and answers as follows:

3        1.      NebuAd admits that Fair Eagle Inc. (hereinafter, "Fair Eagle"), is its subsidiary.

4    NebuAd admits that it entered into certain contracts with Internet Service Providers (hereinafter,

5    "ISPs"), and that those contracts speak for themselves.  NebuAd denies that any class may or

6    should be certified in this action.  NebuAd denies the remaining allegations of paragraph 1.

7        2.      NebuAd lacks knowledge or information sufficient to form a belief about the truth

8    of the allegations in paragraph 2, and therefore denies them.

9        3.      NebuAd denies the allegations of paragraph 3.

10        4.      The allegations of paragraph 4 constitute a legal conclusion to which no response

11    is required.  To the extent a response is required, NebuAd admits that it previously contracted

12    with certain ISPs to provide online advertising to consenting ISP subscribers using a select and

13    narrow set of a subscriber's Internet activities (only a subset of HTTP traffic) to construct

14    anonymous inferences about the subscriber's level of qualification with respect to a predefined set

15    of market segment categories, which were then used to select and serve relevant and meaningful

16    advertisements to the subscriber.  NebuAd denies the remaining allegations of paragraph 4.

17        5.      NebuAd admits that it is not an ISP.  NebuAd denies the remaining allegations of

18    paragraph 5.

19        6.      NebuAd lacks knowledge or information sufficient to form a belief about the

20    putative class plaintiff's purport to represent, and therefore denies the allegations of paragraph 6.

21    NebuAd expressly denies that any class may or should be certified in this action.

22        7.      NebuAd denies the allegations of paragraph 7.

23        8.      The allegations of paragraph 8 constitute a legal conclusion to which no response

24    is required.  To the extent a response is required, NebuAd denies the allegations of paragraph 8.

25        9.      NebuAd admits that its headquarters is located in California.  NebuAd denies that

26    it is a corporation organized and existing under the laws of the State of California.  NebuAd

27    denies that it is a citizen only of the State of California.  NebuAd lacks knowledge or information

28    sufficient to form a belief about the state(s) of plaintiffs' or putative class members' residency or

DEFENDANT NEBUAD, INC.'S ANSWER
CV 08-5113 TEH (EMC)

citizenship, and therefore denies these allegations of paragraph 9.  NebuAd denies that any class may or should be certified in this action.  The remainder of the allegations of paragraph 9 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies those allegations.

10.     NebuAd admits that this Court has personal jurisdiction over it in this action. NebuAd admits that its principal place of business is located in California, and that NebuAd is authorized to do business in California.  NebuAd denies that it engaged in any wrongdoing.  To the extent there are any allegations remaining in paragraph 10 requiring a response, NebuAd denies them.

11.     NebuAd admits that venue is proper in this District.   NebuAd admits that its principal executive offices and headquarters were located in this District at 901 Marshall Street, Redwood City, CA 94063-2026.  NebuAd denies that it has violated any law.  To the extent there are any allegations remaining in paragraph 11 requiring a response, NebuAd denies them.

12.     NebuAd admits that this Court has personal jurisdiction over it in this action and that it maintains its corporate headquarters in California.  NebuAd denies that it is a corporation organized and existing under the laws of the State of California.  NebuAd affirmatively alleges that it is a corporation organized and existing under the laws of the State of Delaware.  NebuAd denies all remaining allegations in paragraph 12.

13.     NebuAd lacks knowledge or information sufficient to form a belief about the citizenship of the companies enumerated in paragraph 13, and therefore denies those allegations of paragraph 13.  NebuAd denies the remaining allegations of paragraph 13.

14.     NebuAd admits that its principal executive offices and headquarters were located in this District at 901 Marshall Street, Redwood City, CA 94063-2026.

15.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 15, and therefore denies them.

16.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 16, and therefore denies them.

17.     NebuAd lacks knowledge or information sufficient to form a belief about the truth

of the allegations of paragraph 17, and therefore denies them.

18.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18, and therefore denies them.

19.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 19, and therefore denies them.

20.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20, and therefore denies them.

21.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 21, and therefore denies them.

22.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 22, and therefore denies them.

23.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 23, and therefore denies them.

24.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 24, and therefore denies them.

25.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 25, and therefore denies them.

26.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 26, and therefore denies them.

27.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 27, and therefore denies them.

28.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 28, and therefore denies them.

29.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 29, and therefore denies them.

30.     NebuAd admits that its principal executive offices and headquarters were located in this District at 901 Marshall Street, Redwood City, CA 94063-2026.  NebuAd admits further that it does business throughout the United States, in California, and in this county.  NebuAd

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

1    denies that it is a corporation organized and existing under the laws of the State of California.

2    NebuAd affirmatively alleges that it is a corporation organized and existing under the laws of the

3    State of Delaware.

4          31.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

5    of the allegations of paragraph 31, and therefore denies them.

6          32.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

7    of the allegations of paragraph 32, and therefore denies them.

8          33.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

9    of the allegations of paragraph 33, and therefore denies them.

10         34.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

11   of the allegations of paragraph 34, and therefore denies them.

12         35.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

13   of the allegations of paragraph 35, and therefore denies them.

14         36.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

15   of the allegations of paragraph 36, and therefore denies them.

16         37.    NebuAd admits that it entered into certain contracts with ISPs for the operation of

17   NebuAd's Ultra Transparent Appliance™ (hereinafter, "UTA") and that those contracts speak for

18   themselves.  NebuAd denies the remaining allegations of paragraph 37.

19         38.    NebuAd admits the allegations of paragraph 38.

20         39.    NebuAd admits that it maintains its website at the URL, http://www.nebuad.com

21   and that the website speaks for itself.

22         40.    NebuAd admits that Fair Eagle is a division of NebuAd that utilized the website at

23   the URL, www.faireagle.com and that the website speaks for itself.

24         41.    NebuAd denies the allegations of paragraph 41.

25         42.    NebuAd denies that "[a]nything that the consumer does that involves the internet

26   passes through the conduit that the ISP provides."  NebuAd admits the remaining allegations of

27   paragraph 42.

28         43.    NebuAd lacks knowledge or information sufficient to form a belief about Mr.

- 4 -

1    Ohm's title or his purported observations, and therefore denies the allegations of paragraph 43.

2        44.    The allegations of paragraph 44 constitute a legal conclusion to which no response

3    is required.  To the extent a response is required, NebuAd admits that, generally speaking, ISPs

4    often are allowed within their normal course of business to inspect a subscriber's datastream for a

5    variety of reasons including, but not limited to, viruses, spam, searching for non-protocol

6    compliance, securing their network, police bandwidth, and to maintain the overall 'health' of their

7    network.  NebuAd denies the remaining allegations of paragraph 44.

8        45.    NebuAd lacks knowledge or information sufficient to form a belief about the

9    specific terms that all ISPs require subscribers to consent to when they initially subscribe for

10   internet service, and therefore denies this allegation of paragraph 45.  NebuAd denies the

11   remaining allegations of paragraph 45.

12       46.    NebuAd lacks knowledge or information sufficient to form a belief about the

13   conduct of all internet advertisers and subscribers, and therefore denies the allegations of

14   paragraph 46.

15       47.    NebuAd lacks knowledge or information sufficient to form a belief about the

16   conduct or activities of all commercial websites, advertising networks, or advertisers, and

17   therefore denies the allegations of paragraph 47.

18       48.    NebuAd lacks knowledge or information sufficient to form a belief about the

19   desires, implementations, or conduct of all publishers, and therefore denies the allegations of

20   paragraph 48.

21       49.    NebuAd lacks knowledge or information sufficient to form a belief about the

22   desires or conduct of all online advertising companies, and therefore denies the allegations of

23   paragraph 49.

24       50.    NebuAd lacks knowledge or information sufficient to form a belief about the

25   conduct of all online advertising companies, and therefore denies the allegations of paragraph 50.

26       51.    NebuAd lacks knowledge or information sufficient to form a belief about the

27   desires of the entire online advertising industry, and therefore denies the allegations of paragraph

28   51.

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

52.     The allegations of paragraph 52 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies that paragraph 52 sets forth an accurate definition or example of "contextual advertising."

53.     The allegations of paragraph 53 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies that paragraph 53 sets forth an accurate definition or example of "behavioral advertising."

54.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 54, and therefore denies them.

55.     NebuAd lacks knowledge or information sufficient to form a belief about the conduct or goals of all online advertising networks, and therefore denies the allegations of paragraph 55.

56.     NebuAd denies that the allegations of paragraph 56 provide an accurate definition of "internet."

57.     The allegations of paragraph 57 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies that paragraph 57 sets forth an accurate definition or description of "packet."

58.     The allegations of paragraph 58 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies that paragraph 58 sets forth an accurate definition or description of "Shallow Packet Inspection."

59.     The allegations of paragraph 59 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd denies that paragraph 59 sets forth an accurate definition or description of "Deep Packet Inspection."

60.     The allegations of paragraph 60 constitute a legal conclusion to which no response is required.  To the extent a response is required, NebuAd admits that it deployed a NebuAd UTA at certain points of presence ("POPs") owned and/or operated by, or under the control of, defendants CableOne, Inc., Knology, Inc., Bresnan Communications, Inc., properly identified as Bresnan Communications, LLC, WideOpen West Holdings, LLC, properly identified as WideOpen West Finance, LLC, CenturyTel Communications, Inc., properly identified as

CenturyTel Broadband Services, LLC, and Embarq, Inc., properly identified as United Telephone Company of Eastern Kansas, Inc.  NebuAd admits further that it installed the NebuAd UTA at these POPs pursuant to the terms of contracts between NebuAd and each of these defendants, their affiliates or subsidiaries.  NebuAd admits that the UTA was designed to, and actually did, screen and pass only a small and specific subset of information to a specific set of NebuAd servers for ad serving purposes.  NebuAd denies the remaining allegations of Paragraph 60.

61.     NebuAd lacks knowledge or information sufficient to form a belief about the conduct or networks of all ISPs, and therefore denies the allegations of paragraph 61.

62.     NebuAd admits that the UTA transmitted to NebuAd servers a small and specific subset of information for ad serving purposes.  NebuAd denies the remaining allegations of paragraph 62.

63.     NebuAd admits that it filed USPTO Application # 2007/0233857 entitled "Network Device for Monitoring and Modifying Network Traffic Between an End User and a Content Provider" with the United States Patent and Trademark Office on or around March 30, 2007 and that the application speaks for itself.

64.     NebuAd admits that the inventors of the UTA designed the UTA to be installed at a POP owned and/or operated by an ISP.  NebuAd admits that it filed USPTO Application # 2007/0233857 entitled "Network Device for Monitoring and Modifying Network Traffic Between an End User and a Content Provider" with the United States Patent and Trademark Office on or around March 30, 2007 and that the application speaks for itself.  NebuAd hereby incorporates by reference its responses to paragraphs 60 and 62 above as if fully set forth herein.  NebuAd admits that it has not used, has never asked for, nor been provided access to, any ISP billing records or any other records maintained by ISPs that contain Personally Identifying Information of its subscribers.  NebuAd denies that the quoted article by Robert Topolski entitled "NebuAd and Partner ISPs: Wiretapping, Forgery and Browser Hijacking" published, on information and belief, in *Free Press and Public Knowledge* on our about July 18, 2008 accurately describes NebuAd's patent application or the UTA.  NebuAd denies the remaining allegations of paragraph 64.

65.     NebuAd lacks sufficient knowledge or information to form a belief about the

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

downloading of all web page code or the belief of all internet users, and therefore denies the allegations paragraph 65.

66.     NebuAd denies the allegations of paragraph 66.

67.     NebuAd denies the allegations of paragraph 67.

68.     NebuAd denies the allegations of paragraph 68.

69.     NebuAd admits that it briefly and temporarily utilized an accepted pixel tag distribution method to invoke the placement of advertising network cookies that was clearly demarcated outside of and did not modify any publisher code.  NebuAd affirmatively alleges that this pixel tag distribution method is a standardized industry mechanism no different than that utilized by other advertising networks, in that it operated only within the security framework of the browser to invoke the placement of advertising network cookies.   NebuAd denies the remaining allegations of paragraph 69.

70.     NebuAd admits that it briefly and temporarily utilized an accepted pixel tag distribution method to invoke the placement of advertising network cookies that was clearly demarcated outside of and did not modify any publisher code.  NebuAd affirmatively alleges that this pixel tag distribution method is a standardized industry mechanism no different than that utilized by other advertising networks, in that it operated only within the security framework of the browser to invoke the placement of advertising network cookies.   NebuAd denies the remaining allegations of paragraph 70.

71.     NebuAd admits that it briefly and temporarily utilized an accepted pixel tag distribution method to invoke the placement of advertising network cookies that was clearly demarcated outside of and did not modify any publisher code.  NebuAd affirmatively alleges that this pixel tag distribution method is a standardized industry mechanism no different than that utilized by other advertising networks, in that it operated only within the security framework of the browser to invoke the placement of advertising network cookies.  NebuAd admits further that its system made standard and accepted use of cookies for advertising serving purposes, and utilized the standard practice as part of an HTTP call to a web server to place cookies on a user's browser if they were not present.   NebuAd affirmatively alleges that none of the cookies

1    contained specific information about the user, rather, the only information contained in the cookie

2    was a unique anonymous cookie ID that provided a link to the anonymous identifier created by

3    and maintained on the NebuAd servers.  NebuAd denies the remaining allegations of paragraph

4    71.

5         72.    NebuAd admits that the UTA is designed to be transparent to the internet user and

6    ISP such that the user is able to surf the internet normally without disruption from the UTA.

7    NebuAd admits that its system placed a cookie on consenting subscribers' web browsers for

8    standard ad serving purposes.  NebuAd denies that "everything the consumer [saw] and [did] on

9    the net [was] being captured and sent [to] NebuAd's offsite servers for analysis into several

10   interest categories."  NebuAd affirmatively alleges that none of the cookies contained specific

11   information about the user, rather, the only information contained in the cookie was a unique

12   anonymous cookie ID.  NebuAd denies the remaining allegations of paragraph 72.

13        73.    NebuAd denies the allegations of Paragraph 73.

14        74.    NebuAd admits that it briefly and temporarily utilized an accepted pixel tag

15   distribution method to invoke the placement of advertising network cookies that was clearly

16   demarcated outside of and did not modify any publisher code.  NebuAd affirmatively alleges that

17   this pixel tag distribution method is a standardized industry mechanism no different than that

18   utilized by other advertising networks, in that it operated only within the security framework of

19   the browser to invoke the placement of advertising network cookies.  NebuAd denies the

20   remaining allegations of paragraph 74.

21        75.    NebuAd admits that the UTA transmitted a small and specific subset of internet

22   activity to specific NebuAd servers located in California for ad serving purposes.  NebuAd denies

23   the remaining allegations of paragraph 75.

24        76.    NebuAd admits that its headquarters is located in California and that NebuAd has

25   transacted business in California.  NebuAd denies that "all of the business of NebuAd is

26   transacted in and from its headquarters in California."  NebuAd admits that the UTA transmitted

27   a specific subset of information to a specific set of NebuAd servers located in California for ad

28   serving purposes.  NebuAd admits that the decision on which ad Fair Eagle would serve to a

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

consenting subscriber was made by NebuAd servers located in California.  NebuAd denies the remaining allegations of paragraph 76.

77.     NebuAd lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 77, and therefore denies those allegations.

78.     NebuAd hereby incorporates by reference its responses to paragraphs 60, 62, 72, 75, and 76 as if fully set forth herein.  NebuAd admits that it entered into contracts with the defendant ISPs, and that those contracts speak for themselves.  NebuAd denies the remaining allegations of paragraph 78.

79.     NebuAd admits that certain ISPs were contractually entitled to a payment from NebuAd. NebuAd lacks sufficient knowledge or information to form a belief about the truth of the remainder of the allegations of paragraph 79, and therefore denies them.

80.     NebuAd admits that paragraph 80 incompletely quotes a segment of an interview with Bob Dykes that, on information and belief, was published by GigaOM on or about May 26, 2008.

81.     NebuAd lacks sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 81, and therefore denies them.

82.     NebuAd denies the allegations of paragraph 82.

83.     NebuAd lacks sufficient knowledge or information to form a belief about the purported basis for plaintiff's claims, and therefore denies this allegation of paragraph 83. NebuAd denies the remaining allegations of paragraph 83.

84.     NebuAd denies the allegations of paragraph 84.

85.     NebuAd denies the allegations of paragraph 85.

86.     NebuAd denies the allegations of paragraph 86.

87.     NebuAd denies the allegations of paragraph 87.

88.     NebuAd denies the allegations of paragraph 88.

89.     NebuAd lacks sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 89, and therefore denies them.

90.     NebuAd admits that Bresnan Communications purportedly responded by letter

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

1   dated August 7, 2008 to a purported inquiry from the United States House of Representatives'

2   Committee on Energy and Commerce, and that said letter speaks for itself.

3       91.    NebuAd admits that CableOne, Inc. purportedly responded by letter dated August

4   8, 2008 to a purported inquiry from the United States House of Representatives' Committee on

5   Energy and Commerce, and that said letter speaks for itself.

6       92.    NebuAd admits that CenturyTel purportedly responded by letter dated August 7,

7   2008 to a purported inquiry from the United States House of Representatives' Committee on

8   Energy and Commerce, and that said letter speaks for itself.

9       93.    NebuAd lacks sufficient knowledge or information to form a belief about the

10  contents of Embarq's alleged response to an inquiry from the United States House of

11  Representatives' Committee on Energy and Commerce, and therefore denies the allegations of

12  paragraph 93.

13      94.    NebuAd admits that Knology, Inc. purportedly responded by letter dated August 8,

14  2008 to a purported inquiry from the United States House of Representatives' Committee on

15  Energy and Commerce, and that said letter speaks for itself.

16      95.    NebuAd admits that WOW! Internet, Cable, and Phone purportedly responded by

17  letter dated to August 13, 2008 to a purported inquiry from the United States House of

18  Representatives' Committee on Energy and Commerce, and that said letter speaks for itself.

19      96.    NebuAd denies that any class may or should be certified in this action.

20      97.    NebuAd denies that any class and/or subclasses may or should be certified in this

21  action.

22      98.    NebuAd lacks knowledge or information sufficient to form a belief about the truth

23  of the allegations of paragraph 98, and therefore denies them.

24      99.    NebuAd admits that named plaintiffs purport to bring this putative class action

25  pursuant to Fed. R. Civ. P. 23. NebuAd denies that any class and/or subclasses may or should be

26  certified in this action. NebuAd lacks knowledge or information sufficient to form a belief about

27  the truth of the remaining allegations of paragraph 99, and therefore denies them.

28      100.   NebuAd denies the allegations of paragraph 100.

1    101.    NebuAd denies the allegations of paragraph 101.

2    102.    NebuAd denies the allegations of paragraph 102.

3    103.    NebuAd denies the allegations of paragraph 103.

4    104.    NebuAd denies the allegations of paragraph 104.

5    105.    NebuAd denies the allegations of paragraph 105.

6    106.    NebuAd denies the allegations of paragraph 106.

7    107.    NebuAd denies the allegations of paragraph 107.

8    108.    NebuAd denies the allegations of paragraph 108.

9    109.    NebuAd denies the allegations of paragraph 109.

10    110.    NebuAd lacks knowledge or information sufficient to form a belief about the
11   allegations of paragraph 110, and therefore denies them.  NebuAd expressly denies that any class
12   and/or subclasses may or should be certified in this action.

13    111.    NebuAd denies the allegations of paragraph 111.

14    112.    Answering paragraph 112, NebuAd incorporates by reference its responses to
15   paragraphs 1 through 111 above as if fully set forth herein.

16    113.    NebuAd lacks knowledge or information sufficient to form a belief about the truth
17   of the allegations of paragraph 113, and therefore denies them.

18    114.    NebuAd admits the existence of the statute cited in paragraph 114.   NebuAd
19   denies that it violated the statute cited or any other law.

20    115.    NebuAd lacks knowledge or information sufficient to form a belief about the truth
21   of the allegations of paragraph 115, and therefore denies them.

22    116.    NebuAd denies the allegations of paragraph 116.

23    117.    NebuAd denies the allegations of paragraph 117.

24    118.    NebuAd admits that it was not acting pursuant to a court order or certification in
25   conducting its business.  NebuAd denies the remaining allegations of paragraph 118.

26    119.    NebuAd denies the allegations of paragraph 119.

27    120.    NebuAd denies the allegations of paragraph 120.

28    121.    NebuAd denies the allegations of paragraph 121.

1   122.   NebuAd denies the allegations of paragraph 122.

2   123.   NebuAd denies the allegations of paragraph 123.

3   124.   NebuAd denies that it is "liable directly or vicariously for this cause of action."

4   NebuAd lacks knowledge or information sufficient to form a belief about the remedy plaintiffs

5   seek in this action, and therefore denies this allegation of paragraph 124.  NebuAd expressly

6   denies that plaintiffs and/or the putative class they purport to represent are entitled to any relief in

7   this action.

8   125.   NebuAd denies the allegations of paragraph 125.

9   126.   Answering paragraph 126, NebuAd incorporates by reference its responses to

10  paragraphs 1 through 125 above as if fully set forth herein.

11  127.   NebuAd lacks knowledge or information sufficient to form a belief about the truth

12  of the allegations of paragraph 127, and therefore denies them.

13  128.   NebuAd denies the allegations of paragraph 128.

14  129.   NebuAd admits the existence of the statute cited in paragraph 129.  NebuAd

15  denies that it violated the statute cited or any other law.

16  130.   NebuAd denies the allegations of paragraph 130.

17  131.   NebuAd denies the allegations of paragraph 131.

18  132.   NebuAd denies the allegations of paragraph 132.

19  133.   NebuAd denies the allegations of paragraph 133.

20  134.   NebuAd denies the allegations of paragraph 134.

21  135.   NebuAd denies the allegations of paragraph 135.

22  136.   NebuAd admits the existence of the statute cited in paragraph 136.  NebuAd

23  denies that it violated the statute cited or any other law.

24  137.   NebuAd denies the allegations of paragraph 137.

25  138.   NebuAd denies the allegations of paragraph 138.

26  139.   NebuAd denies the allegations of paragraph 139.

27  140.   Answering paragraph 140, NebuAd incorporates by reference its responses to

28  paragraphs 1 through 139 above as if fully set forth herein.

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

141.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 141, and therefore denies them.

142.     NebuAd denies the allegations of paragraph 142.

143.     NebuAd denies the allegations of paragraph 143.

144.     NebuAd denies the allegations of paragraph 144.

145.     NebuAd denies the allegations of paragraph 145.

146.     Answering paragraph 146, NebuAd incorporates by reference its responses to paragraphs 1 through 145 above as if fully set forth herein.

147.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 147 and therefore denies them.

148.     NebuAd admits the existence of the statute cited in paragraph 148, but denies that paragraph 148 correctly quotes that statute.  NebuAd denies that it violated the statute cited or any other law.

149.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 149, and therefore denies them.

150.     NebuAd lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 150, and therefore denies them.

151.     NebuAd denies the allegations of paragraph 151.

152.     NebuAd denies the allegations of paragraph 152.

153.     NebuAd admits the allegations of paragraph 153.

154.     NebuAd denies the allegations of paragraph 154.

155.     NebuAd denies the allegations of paragraph 155.

156.     NebuAd lacks sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 156, and therefore denies them.

157.     NebuAd lacks sufficient knowledge or information to form a belief about the truth of the allegations of paragraph 157, and therefore denies them.

158.     NebuAd denies the allegations of paragraph 158.

159.     NebuAd denies the allegations of paragraph 159.

1      160.    Answering paragraph 160, NebuAd incorporates by reference its responses to

2  paragraphs 1 through 159 above as if fully set forth herein.

3      161.    NebuAd denies the allegations of paragraph 161.

4      162.    NebuAd denies the allegations of paragraph 162.

5      163.    NebuAd denies the allegations of paragraph 163.

6      164.    NebuAd denies the allegations of paragraph 164.

7      165.    NebuAd denies the allegations of paragraph 165.

8      166.    NebuAd denies the allegations of paragraph 166.

9      167.    NebuAd denies the allegations of paragraph 167.

10     168.    Answering paragraph 168, NebuAd incorporates by reference its responses to

11  paragraphs 1 through 167 above as if fully set forth herein.

12     169.    NebuAd denies the allegations of paragraph 169.

13     170.    NebuAd denies the allegations of paragraph 170.

14     171.    NebuAd denies the allegations of paragraph 171.

15     172.    NebuAd denies the allegations of paragraph 172.

16     173.    NebuAd denies the allegations of paragraph 173.

17     174.    Answering paragraph 174, NebuAd incorporates by reference its responses to

18  paragraphs 1 through 173 above as if fully set forth herein.

19     175.    NebuAd lacks sufficient knowledge or information to form a belief about the truth

20  of the allegations of paragraph 175, and therefore denies them.

21     176.    NebuAd denies the allegations of paragraph 176.

22     177.    NebuAd denies the allegations of paragraph 177.

23     178.    NebuAd denies the allegations of paragraph 178.

24                          **AFFIRMATIVE DEFENSES**

25                       **FIRST AFFIRMATIVE DEFENSE**

26                          **(Failure to State a Claim)**

27      The Complaint fails to state a claim upon which relief can be granted.

28  ///

1   **SECOND AFFIRMATIVE DEFENSE**

2   **(Lack of Standing)**

3   Plaintiffs lack standing to assert one or more of the claims alleged in the Complaint.

4   **THIRD AFFIRMATIVE DEFENSE**

5   **(Ordinary Course of Business Exception)**

6   The Complaint alleges conduct that falls within the ordinary course of business exemption

7   of applicable state and federal law.

8   **FOURTH AFFIRMATIVE DEFENSE**

9   **(Estoppel/Waiver)**

10   The Complaint alleges conduct to which the named plaintiffs and putative class members

11   consented, and plaintiffs and putative class members are thereby estopped and waived any right to

12   assert the claims in the Complaint against NebuAd.

13   **FIFTH AFFIRMATIVE DEFENSE**

14   **(Due Process)**

15   Certification of the alleged class on the basis of statutory damages alone, where no other

16   injuries or economic losses were sustained, violates NebuAd's constitutional right to due process

17   of law.

18   **SIXTH AFFIRMATIVE DEFENSE**

19   **(Preemption)**

20   The asserted claims are preempted, in whole or part, by federal law including, without

21   limitation, Title III of the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. § 2510, *et seq.*

22   **SEVENTH AFFIRMATIVE DEFENSE**

23   **(Interstate and Foreign Commerce)**

24   The asserted claims are barred, in whole or part, by the Commerce Clause of the United

25   States Constitution, to the extent they seek to discriminate against interstate and foreign

26   commerce by imposing impermissible burdens on same and regulating matters occurring in states

27   other than of California.

28   ///

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

1

**EIGHTH AFFIRMATIVE DEFENSE**

2

**(Laches)**

3      The Complaint asserts claims for equitable relief that are barred, in whole or part, by the

4  doctrine of laches.

5

**NINTH AFFIRMATIVE DEFENSE**

6

**(Consent)**

7      The asserted claims are barred, in whole or part, by the existence of consent, notification,

8  ratification, and/or acceptance.

9

**TENTH AFFIRMATIVE DEFENSE**

10

**(Failure to Timely Notify)**

11      The asserted claims are barred, in whole or part, by the failure to notify ISPs of plaintiffs'

12  and/or the putative class members' desire to opt-out in a timely manner.

13

**ELEVENTH AFFIRMATIVE DEFENSE**

14

**(No Vicarious Liability)**

15      Plaintiffs' claims are barred, in whole or part, because NebuAd cannot be held vicariously

16  liable for the alleged wrongful conduct of others, including the other defendants.

17

**TWELTH AFFIRMATIVE DEFENSE**

18

**(Necessary Incident)**

19      Plaintiffs' claims are barred, in whole or part, by the necessary incident exception codified

20  at 18 U.S.C. § 2511(2)(a)(i).

21

**THIRTEENTH AFFIRMATIVE DEFENSE**

22

**(Good Faith)**

23      Plaintiffs' claims are barred, in whole or part, by the good faith reliance defense provided

24  in 18 U.S.C. § 2520(d).

25

**FOURTEENTH AFFIRMATIVE DEFENSE**

26

**(Mootness)**

27      Plaintiffs' claims are barred, in whole or part, by the doctrine of mootness.

28  ///

DEFENDANT NEBUAD, INC'S ANSWER
CV 08-5113 (TEH)

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Cal. Penal Code § 631(b))**

Plaintiff's claims are barred, in whole or part, by the public utility exceptions provided by Cal. Penal Code § 631(b).

\* \* \*

NebuAd reserves the right to assert any and all affirmative defenses and/or additional defenses that may appear or become available during the discovery or other proceedings in this case and hereby reserves the right to amend its Answer to assert any such defenses.

**PRAYER FOR RELIEF**

Wherefore, defendant NebuAd denies that plaintiffs are entitled to certification of any class, and denies that plaintiffs are entitled to any of the relief requested in their Prayer for Relief. NebuAd requests judgment as follows:

1.      Dismiss the Complaint with prejudice and/or enter judgment in favor of NebuAd;

2.      That NebuAd be awarded its costs of suit and reasonable attorneys fees;

3.      Grant such other relief as the Court deems just and appropriate.

**Jury Trial Demand**

NebuAd hereby demands trial by jury on all counts so triable.

Respectfully submitted,

Dated: April 15, 2009                    KELLEY DRYE & WARREN LLP

BERGESON, LLP

By:_____/s/_____
        Melinda M. Morton

Attorneys for Defendant
NEBUAD, INC.

- 18 -