1   Douglas R. Young (State Bar No. 073248)
        dyoung@fbm.com
2   C. Brandon Wisoff (State Bar No. 121930)
        bwisoff@fbm.com
3   Farella Braun + Martel LLP
    235 Montgomery Street, 17th Floor
4   San Francisco, CA  94104
    Telephone:  (415) 954-4400
5   Facsimile:  (415) 954-4480

6   David A. Handzo (Admitted *Pro Hac Vice*)
        dhandzo@jenner.com
7   Matthew S. Hellman (Admitted *Pro Hac Vice*)
        mhellman@jenner.com
8   Jenner & Block LLP
    1099 New York Avenue, NW, Suite 900
9   Washington, DC  20001
    Telephone:     (202) 639-6000
10  Facsimile:     (202) 639-6066

11  Attorneys for Defendants
    CENTURYTEL and EMBARQ

12                  UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15

16
    DAN VALENTINE, et al.,                     Civil Case No. CV-08-5113 (TEH)
17
                    Plaintiffs,                **REPLY MEMORANDUM OF**
18                                             **DEFENDANTS CENTURYTEL AND**
            vs.                                **EMBARQ IN SUPPORT OF THEIR**
19                                             **MOTION TO DISMISS**
    NEBUAD, INC., a Delaware Corporation,
20  et al.,                                    (FED. R. CIV. P. 12(B)(2), (6))

21                  Defendants.                Hon. Thelton E. Henderson

22                                             Date:      June 15, 2009
                                               Time:      10:00 a.m.
23                                             Courtroom: Twelve

24                                             Complaint Filed:   Nov. 10, 2008

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO
DISMISS / Civil Case No. CV-08-5113 (TEH)

23981\1955921.1

# TABLE OF CONTENTS

Page

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 1

I.   PERSONAL JURISDICTION DOES NOT EXIST OVER CENTURYTEL  AND
     EMBARQ.................................................................................................................. 1

     A.   Plaintiffs Concede That General Jurisdiction Does Not Exist ............................. 2

     B.   Plaintiffs Have Not Shown That Specific Personal Jurisdiction Exists................. 2

     C.   Plaintiffs Cannot Get Around The Lack Of Personal Jurisdiction By
          Invoking Standards Used In Contract Actions....................................................... 6

     D.   No Other Jurisdictional Consideration Supports Jurisdiction Here ....................... 7

II.  PLAINTIFFS HAVE PROVIDED NO BASIS FOR SUBJECTING
     CENTURYTEL OR EMBARQ TO CALIFORNIA LAW. ....................................... 9

III. PLAINTIFFS HAVE FAILED SUFFICIENTLY TO ALLEGE THAT THE
     CONDUCT OF CENTURYTEL OR EMBARQ VIOLATED FEDERAL
     PRIVACY LAWS................................................................................................... 11

     A.   Plaintiffs' Claim that CenturyTel And Embarq Directly Violated The
          Federal Privacy Laws Fails To Meet The *Twombly* Standard. ........................... 11

     B.   CenturyTel And Embarq Cannot Be Held Liable Under The Federal
          Privacy Statutes For Nebuad's Alleged Acts. ..................................................... 13

IV.  PLAINTIFFS' UNJUST ENRICHMENT "CLAIM" MUST BE DISMISSED ............. 15

CONCLUSION ................................................................................................................. 16

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - i -                              23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1

# **TABLE OF AUTHORITIES**

2

Page

3

# **FEDERAL CASES**

4

*Ashcroft v. Iqbal,*
   No. 07-1015, 2009 WL. 1361536 (U.S. May 18, 2009) ........................................ 11, 12

5

*Bancroft & Masters, Inc. v. Augusta National Inc.,*
   223 F.3d 1082 (9th Cir. 2000)................................................................................... 2, 3

6

7

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).............................................................................................. 11, 12

8

*Burger King Corp. v. Rudzewicz,*
   471 U.S. 462 (1985)...................................................................................................... 7

9

10

*CE Distribution, LLC v. New Sensor Corp.,*
   380 F.3d 1107 (9th Cir. 2004).................................................................................... 4

11

*Calder v. Jones,*
   465 U.S. 783 (1984)...................................................................................................... 4

12

13

*CompuServe, Inc. v. Patterson,*
   89 F.3d 1257 (6th Cir. 1996)...................................................................................... 7

14

*Conn. National Bank v. Germain,*
   503 U.S. 249 (1992).................................................................................................... 10

15

16

*Doe v. GTE Corp.,*
   347 F.3d 655 (7th Cir. 2003)...................................................................................... 13

17

*Dole Food Co., Inc. v. Watts,*
   303 F.3d 1104 (9th Cir. 2002)............................................................................... 3, 4, 8

18

19

*Girard v. Toyota Motor Sales, U.S.A., Inc.,*
   No.07-56534, 2008 WL 5077581 (9th Cir. Nov. 24, 2008) ........................................ 15

20

*Karsten Manufacturing Corp. v. U.S. Golf Association,*
   728 F. Supp. 1429 (D. Ariz. 1990)............................................................................... 3

21

22

*Kipperman v. McCone,*
   422 F. Supp. 860 (N.D. Cal. 1976) .............................................................................. 3

23

*Lake v. Lake,*
   817 F.2d 1416 (9th Cir.  1987)..................................................................................... 7

24

*In re Late Fee & Over-Limit Fee Litigation,*
   528 F. Supp. 2d 953 (N.D. Cal. 2007) ........................................................................ 15

25

26

*MCA Records, Inc. v. Charly Records Ltd.,*
   108 F.3d 338, 1997 WL. 76173 (9th Cir. 1997) .......................................................... 5

27

28

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO
DISMISS / Civil Case No. CV-08-5113 (TEH)

- ii -

23981\1955921.1

*McGlinchy v. Shell Chemical Co.*,
    845 F.2d 802 (9th Cir. 1988) ........................................................................ 6

*Menken v. Emm*,
    503 F.3d 1050 (9th Cir. 2007) ...................................................................... 6

*Oestricher v. Ailenware Corp.*,
    No. 07-16531, 2009 WL. 902341 (9th Cir. Apr. 2, 2009) ............................. 15

*PBA Local No. 38 v. Woodbridge Police Department*,
    832 F. Supp. 808 (D.N.J. 1993) .............................................................. 13, 14

*Panavision International, L.P. v. Toeppen*,
    141 F.3d 1316 (9th Cir. 1998) ...................................................................... 5

*Pearce v. E.F. Hutton Group, Inc.*,
    664 F. Supp. 1490 (D.D.C. 1987) ............................................................ 5, 10

*Piedmont Label Co. v. Sun Garden Packing Co.*,
    598 F.2d 491 (9th Cir. 1979) ........................................................................ 3

*Reynolds v. Spears*,
    93 F.3d 428 (8th Cir. 1996) ..................................................................... 13, 14

*Roth v. Garcia Marquez*,
    942 F.2d 617 (9th Cir. 1991) ..................................................................... 2, 6

*Schwarzenegger v. Fred Martin Motor Co.*,
    374 F.3d 797 (9th Cir. 2004) ..................................................................... 5, 6

*Silver Valley Partners, LLC v. De Motte*,
    400 F. Supp. 2d 1262 (W.D. Wash. 2005) .................................................... 3

*Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*,
    433 F.3d 1199 (9th Cir. 2006) ............................................................. 2, 4, 6, 7

**STATE CASES**

*Haz-Mat Response, Inc. v. Certified Waste Services Ltd.*,
    910 P.2d 839 (Kan. 1996) ........................................................................... 15

*Hewitt v. Hewitt*,
    896 P.2d 1312 (Wash. Ct. App. 1995) .......................................................... 3

*Kearney v. Salomon Smith Barney, Inc.*,
    137 P.3d 914 (Cal. 2006) ......................................................................... 5, 10

*Mansour v. Super. Ct. of Orange County*,
    38 Cal. App. 4th 1750 (1995) ....................................................................... 3

*Melchior v. New Line Products, Inc.*,
    131 Cal. Rptr. 2d 347 (Ct. App. 2003) ........................................................ 15

*Munro v. Carstensen*,
    945 So. 2d 961 (La. Ct. App. 2006) ....................................................... 15, 16

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - iii -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

*People v. Ratekin*,
    261 Cal. Rptr. 143 (Ct. App. 1989)..................................................................................... 10

**MISCELLANEOUS**

*J. Clark Kelso, California's Constitutional Right to Privacy,* 19 Pepp. L. Rev. 327, 419-
    20, 461 (1992) ......................................................................................................... 10

California Penal Code § 502(c)(7) ....................................................................................... 12

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - iv -                                          23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1

**INTRODUCTION**

2

Plaintiffs sued Defendants CenturyTel Communications, Inc. and Embarq, Inc. (the "ISP

3

Defendants") for acts they specifically allege were taken by a different company – defendant

4

NebuAd.  Plaintiffs filed their suit in California, where neither Plaintiffs nor the ISP Defendants

5

reside, and where none of the alleged harms were suffered.  Plaintiffs base their claims in part on

6

California statutes, supposing that California law somehow governs the relationship between non-

7

California ISPs and their non-California customers.  The ISP Defendants have moved to dismiss

8

under Federal Rules 12(b)(2) and 12(b)(6).

9

Plaintiffs began their Opposition to the Motion to Dismiss with a two-page diatribe that

10

describes the NebuAd technology as "incredibly invasive and privacy-destroying" and likens it to

11

opening Plaintiffs' mail and reading the contents.  Plaintiffs' Opp. at 1-2.  That is wrong.  The

12

NebuAd technology, in fact, did not collect personally identifiable information, did not collect or

13

examine email, webmail, instant message or VOIP traffic, did not collect or use information from

14

password-protected sites, and anonymized all data so that it could not be linked to any individual

15

customer or even to an IP address.  But more importantly for present purposes, Plaintiffs' screed

16

concerning the supposed dangers of the NebuAd technology is irrelevant.  What is relevant, for

17

present purposes, is that Plaintiffs have no answer to the legal arguments made by the ISP

18

Defendants.  Plaintiffs have failed to plausibly explain why personal jurisdiction can be asserted

19

over these non-resident defendants, why California law is applicable, or why liability for the

20

actions of a different party – NebuAd – exists under federal privacy laws that clearly preclude

21

secondary liability.  The Court should dismiss this case on the merits under Rule 12(b)(6), or for

22

lack of personal jurisdiction under Rule 12(b)(2), or on both grounds.

23

24

**ARGUMENT**

25

**I.     PERSONAL JURISDICTION DOES NOT EXIST OVER CENTURYTEL  AND EMBARQ.**

26

Plaintiffs' jurisdictional argument is a failed attempt to place a round peg in a square hole.

27

Plaintiffs have brought a tort action against CenturyTel and Embarq.  As we explained in our

28

Motion to Dismiss, it is impermissible to extend personal jurisdiction over a non-resident

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO            - 1 -
DISMISS / Civil Case No. CV-08-5113 (TEH)                                    23981\1955921.1

1   defendant for tort claims brought by non-resident plaintiffs. *See, e.g., Bancroft & Masters, Inc. v.*

2   *Augusta National Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000) (personal jurisdiction requires that a

3   defendant "target[] a plaintiff whom the defendant knows to be a resident of the forum state").

4   Because none of the Plaintiffs is a California resident, personal jurisdiction over CenturyTel and

5   Embarq is straightforwardly foreclosed.

6          Rather than rebut this argument, Plaintiffs' Opposition focuses on the standards for

7   personal jurisdiction in *contract* cases. But Plaintiffs are not suing for breach of contract, and this

8   Circuit's law is crystal clear that tort plaintiffs cannot employ contract standards for personal

9   jurisdiction in a tort action. *Roth v. Garcia Marquez*, 942 F.2d 617, 621 (9th Cir. 1991) (holding

10  that in assessing personal jurisdiction "[i]t is important to distinguish contract from tort actions").

11  Plaintiffs are thus incorrect to invoke contract standards, although in the end the result is the

12  same: no personal jurisdiction doctrine allows a California court to exercise jurisdiction over out-

13  of-state defendants for claims by out-of-state plaintiffs alleging out-of-state actions and injuries.

14         A.     **Plaintiffs Concede That General Jurisdiction Does Not Exist.**

15         Plaintiffs have suggested in their earlier papers that jurisdiction over CenturyTel and

16  Embarq might exist under a theory of general personal jurisdiction. Plaintiffs' Motion for Leave

17  to Conduct Immediate Jurisdictional Discovery at 3. CenturyTel and Embarq explained in their

18  Motion to Dismiss that general personal jurisdiction does not lie here because neither company

19  has the requisite "continuous and systematic general business contacts" with California. Motion

20  at 6-7. Plaintiffs have not responded to this argument in their Opposition, and it is therefore

21  waived.

22         B.     **Plaintiffs Have Not Shown That Specific Personal Jurisdiction Exists.**

23         The undisputed facts demonstrate that this Court lacks specific personal jurisdiction over

24  CenturyTel and Embarq. In a tort action such as this, jurisdiction is gauged by the purposeful

25  direction test. *E.g., Yahoo! Inc. v. La Ligue Contre Le Racisme et L'Antisemitisme*, 433 F.3d

26  1199, 1206 (9th Cir. 2006) ("In tort cases, we typically inquire whether a defendant 'purposefully

27  directs his activities' at the forum state.") (citation omitted). As Plaintiffs correctly observe, that

28  test requires that the Defendants (1) commit an intentional act, (2) that is expressly aimed at the

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 2 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1   forum state, and (3) that causes harm that the defendant knows is likely to be suffered in the

2   forum state.  *See Bancroft & Masters*, 223 F.3d at 1087.

3       Plaintiffs misapply this test.  Without analysis, they assert that the second requirement –

4   expressly aiming an act at the forum state – is satisfied by the fact that CenturyTel and Embarq

5   allegedly contracted and profited from the "analysis, packaging, and sale of . . . behavioral data in

6   and from California."  Plaintiffs' Opp. at 11.  But most of the intentional acts Plaintiffs point to

7   were acts by NebuAd, not CenturyTel or Embarq.  According to the Complaint, it was NebuAd

8   that transported data to California, analyzed it, sold advertising space and collected the revenues.

9   In effect, although Plaintiffs do not spell out their theory, they are attempting to extend personal

10  jurisdiction over CenturyTel and Embarq based on NebuAd's actions.  This "co-conspirator"

11  theory of personal jurisdiction has been rejected by numerous courts.  *See, e.g., Kipperman v.*

12  *McCone*, 422 F. Supp. 860, 873 n.14 (N.D. Cal. 1976); *Mansour v. Super. Ct. of Orange County*,

13  38 Cal. App. 4th 1750 (1995); *Silver Valley Partners, LLC v. De Motte*, 400 F. Supp. 2d 1262,

14  1268 (W.D. Wash. 2005); *Karsten Mfg. Corp. v. U.S. Golf Ass'n*, 728 F. Supp. 1429, 1434 (D.

15  Ariz. 1990); *Hewitt v. Hewitt*, 896 P.2d 1312, 1315-16 (Wash. Ct. App. 1995); *cf. Piedmont Label*

16  *Co. v. Sun Garden Packing Co.*, 598 F.2d 491 (9th Cir. 1979) (rejecting conspiracy theory of

17  venue).  The only intentional act by CenturyTel and Embarq was to enter into a contract with

18  California-based NebuAd, Compl. ¶ 60, and the mere fact of contracting with a California

19  company is insufficient to establish jurisdiction.  *See Bancroft & Masters*, 223 F.3d at 1086.

20      Moreover, even if it were true that CenturyTel and Embarq themselves analyzed or sold

21  data in California, it is well-established that "something more" than mere "foreseeable effects in

22  the forum state" is required to establish express aiming: it requires that the defendant "target[] *a*

23  *plaintiff* whom the defendant *knows to be a resident of the forum state*."  *Bancroft & Masters*, 223

24  F.3d at 1087 (emphases added); *see also Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111-12

25  (9th Cir. 2002).  Plaintiffs cannot and do not dispute that none of them is a resident of California.

26  That fact by itself is sufficient to establish that the express aiming requirement is not satisfied and

27  that personal jurisdiction does not exist here.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - 3 -                      23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1   Plaintiffs also cannot prove the third requirement – that the harm was suffered *by plaintiffs*

2   in California.  Plaintiffs tacitly concede that they suffered no harm in California.  But they claim

3   that does not matter because "eight of the ten top most visited websites in the United States are in

4   California" and Defendants' alleged activities intercepted communications with these websites.

5   Plaintiffs' Opp. at 11-12.  Despite taking jurisdictional discovery, however, Plaintiffs offer only

6   speculation in support of this argument.  In particular, Plaintiffs simply assume (a) that Plaintiffs

7   or putative class members actually had communications with these websites, (b) that the servers

8   they communicated with were located in California, and (c) that CenturyTel and Embarq

9   intercepted communications from those servers.  Plaintiffs have presented no evidence to support

10   any of these propositions, and conjecture cannot provide a basis for personal jurisdiction.

11   Even if Plaintiffs supported this argument with evidence, it would still be insufficient to

12   establish the requisite harm.  Personal jurisdiction cannot be invoked by harm in the abstract – it

13   is the *plaintiffs* who need to have suffered harm in California.  *See, e.g., Dole Food*, 303 F.3d at

14   1112-13 ("harm in the forum state" requirement turns on whether "the harm to [plaintiff] was

15   suffered in California") (emphasis added); *Yahoo! Inc*., 433 F.3d at 1209 (treating harm

16   requirement as requiring harm against plaintiff in forum state); *CE Distribution, LLC v. New*

17   *Sensor Corp*., 380 F.3d 1107, 1111 (9th Cir. 2004) (same).  Although Plaintiffs cite *Calder v.*

18   *Jones*, 465 U.S. 783, 788-90 (1984), for the proposition that jurisdiction exists if the defendants

19   harmed *someone* in California, even if that someone is not a plaintiff or a member of the putative

20   class, *Calder* says nothing of the sort.  To the contrary, in *Calder* the Supreme Court affirmed a

21   finding that California courts properly asserted jurisdiction based on fact that the *plaintiff* in that

22   case resided in California and suffered harm there.

23   Harm to some unknown and unknowable third party is insufficient, because the "harm"

24   required by the third prong of the *Calder* test must be harm that results from actions purposely

25   directed at a resident of California, as required by the second prong of the *Calder* test.  *Dole*

26   *Food*, 303 F.3d at 1112-13.  Accepting the allegations of the Complaint as true, the whole point

27   of the NebuAd contract was to sell advertising directed to the plaintiffs and the putative class

28   members in this case – CenturyTel and Embarq subscribers located in Kansas, Montana and

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 4 -                              23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1   Idaho.  The actions alleged in the Complaint were aimed at those subscribers, and only those

2   subscribers.  Not only did CenturyTel and Embarq not target non-subscribers, they did not know

3   (and to this day do not know) the identity or location of the third parties with whom their

4   subscribers communicated, and thus cannot be said to have purposely directed their actions at

5   those third parties, much less the subset of those third parties who Plaintiffs speculate might be

6   located in California.  Plaintiffs' attempt to premise jurisdiction on alleged harm to unidentified

7   third parties thus fails to satisfy the second and third prongs of the *Calder* test and runs directly

8   contrary to the Ninth Circuit's decision in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

9   797, 801 (9th Cir. 2004) (finding that there was no personal jurisdiction over an Ohio car

10  dealership that allegedly made an unauthorized use of Governor Schwarzenegger's likeness in

11  advertising directed toward Ohio consumers, even though the Governor was a Californian and

12  allegedly was injured, because the defendants' "express aim was local").[1]

13         Nor can purposeful direction be established on the other basis that Plaintiffs invoke:  that

14  CenturyTel and Embarq "knew that their product [a stream of communications] was destined for

15  California."  Plaintiffs' Opp. at 12.  Plaintiffs' argument is opaque to say the least, but in any

16  case, it does not establish that any plaintiff suffered harm in California.  Even if Plaintiffs'

17  communications were transmitted to California, any injury they felt occurred in their home states.

18  *E.g., Kearney v. Salomon Smith Barney, Inc.*, 137 P.3d 914, 930-31 & n.12 (Cal. 2006)

19  (recognizing that privacy harm occurs where plaintiff lives); *see also Pearce v. E.F. Hutton

20  Group, Inc.*, 664 F. Supp. 1490, 1499 (D.D.C. 1987) (same); *MCA Records, Inc. v. Charly

21  Records Ltd.*, 108 F.3d 338, 1997 WL 76173, at *8 (9th Cir. 1997) (unpublished table decision)

22  (finding that the "brunt of the [trademark] injury is nevertheless borne by the alleged trademark

23  owner where the owner resides").

24

25  [1] To hold otherwise would be especially pernicious in the context of internet-based torts.  The
    mere alleged presence of servers of popular websites in California cannot transform California
26  into a forum for any internet-related tort, regardless of where the plaintiffs actually reside and
    suffer harm.  Such a permissive jurisdictional rule is entirely at odds with the requirement that a
27  plaintiff show that "the defendant purposefully (albeit electronically) directed his activity in a
    substantial way to the forum state."  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th
28  Cir. 1998) (quotation marks omitted).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - 5 -                          23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

For all of the above reasons, this is a straightforward case in which the purposeful direction test is not satisfied. Non-California plaintiffs cannot sue non-California defendants for tortious injuries suffered outside of California.

### C.   Plaintiffs Cannot Get Around The Lack Of Personal Jurisdiction By Invoking Standards Used In Contract Actions.

Plainly recognizing that they cannot show injury to a California plaintiff under the purposeful direction test, Plaintiffs argue at length that jurisdiction exists under the purposeful availment test used in *contract* cases. Plaintiffs' Opp. at 4-10. Under the purposeful availment test, Plaintiffs must show that CenturyTel and Embarq have "conduct[ed] activities or consummat[ed] [a] transaction in the forum, focusing on activities such as delivering goods or executing a contract." *Yahoo! Inc.*, 433 F.3d at 1206 (third bracket added and internal quotation marks omitted). Plaintiffs contend that the contracts between NebuAd and CenturyTel and Embarq provide the requisite availment.

Plaintiffs are not suing for breach of the NebuAd contract, however, nor do they have any rights under those contracts. Instead, this is indisputably a tort action – even Plaintiffs refer to CenturyTel and Embarq as "intentional tortfeasors." Plaintiffs' Opp. at 13. Plaintiffs' invocation of contract law standards is therefore inapposite. Ninth Circuit law is clear that this Court may not apply the purposeful availment test to a tort action. *See Roth*, 942 F.2d at 621 (holding that in assessing personal jurisdiction "[i]t is important to distinguish con- tract from tort actions"); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 (9th Cir. 1988) (refusing to apply tort test where "personal jurisdiction is sought on a contract claim, not a tort claim"); *Schwarzenegger*, 374 F.3d at 802 (explaining that the Ninth Circuit applies different tests in tort and contract actions). The fact that CenturyTel and Embarq entered into a contract with NebuAd is irrelevant to this analysis, as the Ninth Circuit has held that the tort test should be used even for claims of tortious interference with contractual relations (a tort far more connected to a contract than the invasion of privacy claims that Plaintiffs raise here). *E.g., Menken v. Emm*, 503 F.3d 1050, 1059 (9th Cir. 2007).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO               - 6 -                         23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1    Given this sharp distinction between tort and contract, it is unsurprising that Plaintiffs fail

2    to cite a single case that supports the application of the purposeful availment test here. It is telling

3    that Plaintiffs begin their discussion by citing *Yahoo! Inc*. and observing that "[i]n contract cases

4    a court [applies the purposeful availment test for personal jurisdiction]." Plaintiffs' Opp. at 5.

5    While Plaintiffs are correct that *Yahoo! Inc*. does set out the purposeful availment test for contract

6    actions, it goes on to say (in a passage not acknowledged by Plaintiffs) that the Ninth Circuit does

7    not apply the purposeful availment test in tort cases. 433 F.3d at 1206. Instead it uses the

8    purposeful direction test for torts. *Id*. Likewise, the case that Plaintiffs invoke as "highly

9    instructive" here, *CompuServe, Inc. v. Patterson*, 89 F.3d 1257 (6th Cir. 1996), involved claims

10   by two contracting parties.

11   Even if the purposeful availment test governed Plaintiffs' tort claims – and it does not –

12   CenturyTel and Embarq have not availed themselves of California law. As we explained in our

13   Motion to Dismiss, CenturyTel and Embarq have no relevant operations in California and took no

14   relevant actions in California. The allegations against CenturyTel and Embarq are that they

15   allowed a device to be installed on their network outside of California. Compl. ¶ 60. The alleged

16   transmission, analysis, and storage of the communications in California at issue were all

17   undertaken by Nebu-Ad. This point is driven home by the litany of acts that Plaintiffs cite in their

18   Opposition at pages 6-7 as being performed in California: all of them were undertaken by

19   NebuAd. Jurisdiction over CenturyTel and Embarq cannot be premised on actions taken by

20   another. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (purposeful availment

21   requires "actions by the defendant *himself* that create a substantial connection with the forum")

22   (emphasis in original). Thus, even if the question were whether CenturyTel and Embarq availed

23   themselves of California law, they have not done so.

24   **D.    No Other Jurisdictional Consideration Supports Jurisdiction Here.**

25   In the absence of purposeful direction and availment, this Court need go no further to

26   dismiss Plaintiffs' claims. In any case, Plaintiffs fare no better with the other elements necessary

27   to establish personal jurisdiction. Plaintiffs are required to show that their allegations "arise out

28   of" CenturyTel and Embarq's California activities. *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - 7 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1    1987).  Given that CenturyTel and Embarq have no relevant connection to California and are

2    being sued for wholly out-of-state activities, they have failed to make that showing.  Plaintiffs are

3    correct that "California law holds that intentional tortfeasors should be prepared to defend

4    themselves in any jurisdiction where they direct their tortious activity."  Plaintiffs' Opp. 13.  The

5    problem for Plaintiffs is that CenturyTel and Embarq did not direct their allegedly "tortious

6    activity" at a California resident.

7         Nor can Plaintiffs prevail on the seven-factor test this Court uses to confirm the

8    reasonability of personal jurisdiction in the event that the purposeful direction and arising out of

9    tests are satisfied.  *Dole Food*, 303 F.3d at 1114 (setting out the seven factors).  CenturyTel and

10   Embarq will not recount here the discussion of these considerations in our Motion to Dismiss,

11   Motion at 10-13, but a few brief words in response are in order.  The seven factors fall into two

12   categories:  those concerned with the fairness of litigating in California (the extent of a

13   defendant's purposeful interjection into California, California's interest in hearing the suit, and

14   the interests of other sovereigns), and those concerned with the practicality of litigating in

15   California (the burden of litigating in California, the interest of the plaintiffs, the efficient

16   resolution of the case, and the availability of other fora).

17        Both categories favor CenturyTel and Embarq.  Plaintiffs' arguments concerning the first

18   category largely turn on their mistaken premise that California has an interest in hearing the out-

19   of-state claims of out-of-state plaintiffs.  On the contrary, Plaintiffs' claims are more

20   appropriately heard in their home jurisdictions, especially given that California's laws do not

21   apply extraterritorially.  *See* Motion at 14-16.  As for considerations of practicality, it should be

22   clear that California is not the most practical place to hear claims by non-Californians against

23   non-Californians concerning non-California actions.  Plaintiffs argue that if this action is

24   dismissed, they would be forced to litigate multiple actions.  That is incorrect.  Plaintiffs' *lawyers*

25   may be involved in multiple trials, but Plaintiffs themselves will not.  Each Plaintiff will be

26   involved in a single trial against the ISP Defendant that provides that Plaintiff's internet service,

27   and the trial will take place in a jurisdiction much nearer their home than California.  In fact,

28   Plaintiffs and the ISP Defendants *all* benefit from a trial outside of California – only Plaintiffs'

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO            - 8 -                              23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1    lawyers have any cause for complaint.  Moreover, although Plaintiffs argue that efficiency favors

2    a trial near NebuAd's headquarters, in fact NebuAd is a moribund company that has executed an

3    assignment for the benefit of creditors and soon will no longer exist.

4

5    **II.    PLAINTIFFS HAVE PROVIDED NO BASIS FOR SUBJECTING CENTURYTEL
         OR EMBARQ TO CALIFORNIA LAW.**

6            Plaintiffs' attempts to defend their California claims from dismissal are insufficient.  In

7    support of their opposition to dismissal, Plaintiffs contend that the presumption against extra-

8    territoriality is inapplicable here because "the relevant conduct occurred in California."

9    Plaintiffs' Opp. at 27.  They refer in particular to (1) the alleged "transmission, analysis, and

10   monetization of electronic communications," and (2) alleged communications between Plaintiffs

11   and web entities based in California.  *See id.*; Compl. ¶¶ 149-50.  These allegations, however,

12   refer neither to conduct by CenturyTel or Embarq, nor to harm to the Plaintiffs, in California.

13           *First*, according to the specific allegations of the Complaint, it is NebuAd, not CenturyTel

14   or Embarq, that engaged in the transmission, analysis, and monetization of Plaintiffs' electronic

15   communications.  *See* Compl. ¶ 60 ("NebuAd obtained its data by tapping directly into the

16   consumer's ISP connection" and "NebuAd placed a hardware interception device directly into the

17   data hub of the ISP"); *id.* ¶¶ 75-78 (alleging that the NebuAd devices "collected and transmitted"

18   data to the NebuAd center in California, where "NebuAd analyzed the content of the traffic").

19   Neither Century-Tel nor Embarq is alleged to have engaged in such conduct, excepting the

20   allegations that are so general and formulaic that they do not meet the pleading standards of

21   *Twombly*.  *See* Section III.A, *infra*.  And even the general allegations point only to conduct by

22   CenturyTel and Embarq in Montana and Kansas, respectively, not in California.  *Id.* ¶ 60

23   (alleging that the ISPs cooperated with NebuAd to install the "hardware interception device

24   directly into the data hub of the ISP"); *see also id.* ¶¶ 90-95 (identifying locations of hubs

25   involved).  Plaintiffs' allegations regarding the transmission, analysis, and monetization of their

26   communications therefore do not pertain to CenturyTel or Embarq and do not affect the

27   applicability of the presumption against extraterritoriality to Plaintiffs' California claims against

28   CenturyTel and Embarq.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 9 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1    *Second*, the allegation that some of Plaintiffs' intercepted communications involved

2    California-based web entities or servers is of minimal relevance. While the location of the harm

3    is undoubtedly a location at which relevant conduct takes place, privacy harms, as a matter of

4    law, occur in the state of the purported victim. *See Kearney*, 137 P.3d at 931 n.20; *see also*

5    *Pearce*, 664 F. Supp. at 1499. Here, the alleged victims were located in Montana, Wyoming,

6    Idaho, and Kansas, and the alleged privacy harms accordingly occurred in those states – not in

7    California. The conduct that occurred in California – namely, the direction of some

8    communications to California – is therefore tangentially relevant, at best. Certainly, it is too thin

9    a reed on which to reject the presumption against extraterritoriality.

10    Thus, because the alleged wrongful conduct of CenturyTel and Embarq and the harm

11    allegedly resulting from this conduct occurred outside of California, the presumption against

12    extraterritoriality should apply here. And, as explained previously, the pertinent California

13    statutes do not overcome this presumption; they bolster it. *See* Motion at 16-17. Furthermore, the

14    application of California's substantive law where, as here, the wrongful act and the attendant

15    harm both occurred outside of California would be difficult to reconcile with settled principles of

16    due process and the limits imposed by the Commerce Clause. *See id*. at 17-18. For each of these

17    reasons, Plaintiffs' California claims should be dismissed.[2]

18

19    _____

20    [2] Plaintiffs have also failed to state a claim under any of the California statutes upon which they
rely. *See* Motion at 18-20. Plaintiffs' California Computer Crimes Law claims are inadequate for

21    the same reason that their CFAA claims are inadequate. *See* Reply Brief of Cable One at 11-13;
*see also infra* n. 4; Reply Brief of Bresnan Comm'cns at 13-16. The California Invasion of

22    Privacy Act ("CIPA") claims are likewise deficient, because that statute applies only to
telephonic communications. *See* Motion at 18-19.

23    With respect to Plaintiffs' CIPA claim, it is no answer that the defendants operate
telephone networks. *See* Plaintiffs' Opp. at 29. The question is not whether the defendant

24    operates telephone networks but whether the intercepted communications were transmitted over
them. *See People v. Ratekin*, 261 Cal. Rptr. 143, 145 (Ct. App. 1989). Nor is it any answer that

25    the statute was intended to reach new technologies. *See* Plaintiffs' Opp. at 29-30. Aside from
those expressly listed, it is not clear which, if any, new technologies the statute was intended to

26    reach, *cf*. J. Clark Kelso, *California's Constitutional Right to Privacy*, 19 Pepp. L. Rev. 327, 419-
20, 461 (1992) (bill that would have extended statute to computer context died in committee);

27    courts have rejected expansive readings of the statute, *see Ratekin*, 261 Cal. Rptr. at 145; and
supposed statutory intent cannot overcome plain statutory language. *E.g.*, *Conn. Nat'l Bank v.*

28    *Germain*, 503 U.S. 249, 253-54 (1992).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 10 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1   **III.   PLAINTIFFS HAVE FAILED SUFFICIENTLY TO ALLEGE THAT THE CONDUCT OF CENTURYTEL OR EMBARQ VIOLATED FEDERAL PRIVACY LAWS.**

2

3   As explained previously, Plaintiffs have failed to allege that CenturyTel or Embarq

4   directly engaged in any conduct that violated the ECPA or the CFAA. *See* Motion at 21.

5   Attempting to rebut this argument, Plaintiffs contend that (1) they in fact did allege that

6   CenturyTel and Embarq engaged in relevant conduct and (2) the alleged acts of NebuAd are

7   attributable to CenturyTel and Embarq. The first contention is unsupported by the Complaint,

8   and the second is incorrect as a matter of law.

9   **A.   Plaintiffs' Claim that CenturyTel And Embarq Directly Violated The Federal Privacy Laws Fails To Meet The *Twombly* Standard.**

10

11   *First*, Plaintiffs' have failed to allege with sufficient specificity that CenturyTel or Embarq

12   directly engaged in any proscribed conduct. In order to survive a motion to dismiss, a Complaint

13   must "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550

14   U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

15   relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a

16   cause of action will not do." *Id.* (internal citations omitted and second bracket in original);

17   *accord Ashcroft v. Iqbal*, No. 07-1015, 2009 WL 1361536, at *13 (U.S. May 18, 2009) ("[T]he

18   tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable

19   to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere

20   conclusory statements, do not suffice."). Plaintiffs' allegations against CenturyTel and Embarq

21   fail to meet this standard.

22   To be sure, the Complaint is littered with assertions that "Defendants" failed to comply

23   with the ECPA and CFAA. The following allegations, quoted in Plaintiffs' brief, are exemplary:

24   ▪   "NebuAd and the NAISPs acted both independently and jointly, in that they knowingly authorized, directed, ratified, approved, acquiesced, or participated by accessing and disclosing [various information] derived from the intentional interception of the NAISP subscriber's online transmissions . . . ." Compl. ¶ 3.

25

26

27   ▪   "Defendants have intentionally obtained and/or intercepted, by device or otherwise, these electronic communications without Plaintiffs' . . . knowledge, consent, or authorization and while the communications were still en route." *Id.* ¶ 116.

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - 11 -                          23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1      ▪    "Defendants have violated California Penal Code § 502(c)(7) by knowingly and
                without permission accessing, or causing to be accessed, Plaintiffs' computer
2                 system, and/or computer network." *Id.* ¶ 135.

3    *See also* Plaintiffs' Opp. at 18-19.

4        These assertions are exactly the kinds of "formulaic recitation[s] of the elements of a

5 cause of action" against which *Twombly* and *Iqbal* warn. *See, e.g., Iqbal*, 2009 WL 1361536, at

6 \*12-\*13 ("Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing

7 more than conclusions."). Tellingly, none of the quoted allegations were included in the

8 Complaint's "Statement of Facts"; one appeared in the introductory portion of the Complaint

9 ("Nature of the Action"), and the others appeared in the Counts. Not coincidentally, the

10 allegations, rather than identifying any particular proscribed conduct in which CenturyTel and

11 Embarq purportedly engaged, provide laundry lists of activities, modeled on the relevant statutory

12 language, in which the defendants *may have engaged*. *See, e.g.*, Compl. ¶ 3 (defendants

13 "authorized, directed, ratified, approved, acquiesced or participated") (emphasis added); *id.* ¶ 116

14 (defendants "obtained *and/or* intercepted, *by device or otherwise*") (emphases added). Likewise,

15 the allegations do not bother specifying the conduct in which CenturyTel or Embarq, as opposed

16 to the other defendants, took part. They instead refer vaguely to the conduct of the "Defendants"

17 or the "Defendant NAISPs." Under *Twombly* and *Iqbal*, such speculative, unspecific, conclusory

18 allegations of prohibited conduct are unable to survive a motion to dismiss.[3] *See Iqbal*, 2009 WL

19 1361536, at \*13 ("[W]here the well-pleaded facts do not permit the court to infer more than the

20 mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the

21 pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).

22

23

24

25 [3] These conclusory, general allegations are also contradicted by specific allegations set forth in
other parts of the Complaint. Pertinently here, the allegations in several paragraphs demonstrate
26 that NebuAd, not by CenturyTel or Embarq, engaged in the challenged conduct. *See* Compl.
¶¶ 60, 68, 70, 72, 76-78; *see also* Motion at 20-21. These contradictory, specific allegations
27 therefore highlight the speculative nature of and the lack of factual support for Plaintiffs' general
allegations regarding the conduct of CenturyTel and Embarq.
28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA 94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO        - 12 -
DISMISS / Civil Case No. CV-08-5113 (TEH)

23981\1955921.1

**B.    CenturyTel And Embarq Cannot Be Held Liable Under The Federal Privacy Statutes For Nebuad's Alleged Acts.**

*Second*, Plaintiffs err in asserting that NebuAd's conduct is – or even could be – attributable to CenturyTel or Embarq for purposes of the federal privacy statutes.  Plaintiffs point in particular to their allegations that "[t]he conduct of NebuAd, Inc., and the various NAISPs, individually and jointly, constituted one (1) or more of" the alleged statutory violations; "[i]n cooperation with the named ISPs, NebuAd placed a hardware interception device directly into the data hub of the ISP"; and "through its partnership with the ISPs, NebuAd's advertising hardware monitors, intercepts, and then *modifies* the contents of internet packets."  *See* Plaintiffs' Opp. at 19-20 (quoting Compl. ¶¶ 7, 60, 68).  More generally, Plaintiffs repeat throughout their Opposition that the ISP Defendants and NebuAd formed a "joint venture or partnership arrangement," Plaintiffs' Opp. at 1.  These claims fail sufficiently to allege a violation of the ECPA or CFAA.

Plaintiffs effectively conceded that there is no liability for conspiracy or aiding and abetting under the federal statutes when they expressly withdrew Counts V (aiding and abetting) and VI (conspiracy) of the Complaint.  *See* Plaintiffs' Opp. at 31.  But Plaintiffs then make a back-door attempt to resurrect those admittedly defective claims by arguing that the ISP Defendants and NebuAd are *both* liable for various acts because those acts allegedly were performed as part of a joint venture or partnership.  That is incorrect.  The statutes upon which Plaintiffs rely bar the interception and use of private communications transmitted over the internet, but they do not prohibit cooperation with, entry into a partnership with, or profiting from the activities of another entity – regardless of what activity such other entity engages in.  *See Doe v. GTE Corp.*, 347 F.3d 655, 659 (7th Cir. 2003) ("A statute that is precise about who, other than the primary interceptor, can be liable, should not be read to create a penumbra of additional but unspecified liability.").  As explained previously, courts have consistently rejected interpretations of the federal privacy statutes that would sweep in such conduct.  *See PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808 (D.N.J. 1993); *Reynolds v. Spears*, 93 F.3d 428, 432-33 (8th Cir. 1996); *see also* Motion at 21.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 13 -
DISMISS / Civil Case No. CV-08-5113 (TEH)                                                    23981\1955921.1

1      Plaintiffs' effort to distinguish this case law falls short.  With respect to *PBA Local*,

2  Plaintiffs assert that "the phone company and PBA had no stake in the installation and did not

3  stand to benefit from the interceptions or even have access to the interceptions."  Plaintiffs' Opp.

4  at 20.  But the *PBA* court made no mention of these factors; it found simply that the phone

5  company's actions did not constitute interception, *PBA Local*, 832 F. Supp. at 832 ("All NJB did

6  was install, and perhaps maintain or service, a 'call director' in the Director's office.  This does

7  not amount to 'interception' or procuring another to intercept."), and that summary judgment

8  must be granted given that "this essential element of the statutory cause[] of action [was]

9  missing," *id*.

10      With respect to *Reynolds v. Spears*, 93 F.3d 428, 432-33 (8th Cir. 1996), Plaintiffs assert

11  that, unlike Ms. Spears, CenturyTel and Embarq "did not merely acquiesce to NebuAd's plan to

12  intercept" communications, but rather "contracted and cooperated with NebuAd and took

13  affirmative steps to further the interceptions, not to mention gained financially by doing so."

14  Plaintiffs' Opp. at 21.  Yet as discussed above, the specific allegations in the Complaint detail the

15  alleged acts of NebuAd, not CenturyTel or Embarq.  The Plaintiffs also fail to explain why it

16  matters, for purposes of direct liability, that CenturyTel and Embarq allegedly profited from

17  Embarq's conduct, or why that would distinguish CenturyTel and Embarq from Ms. Spears, who

18  listened to the recordings that had been made in *Reynolds* and apparently shared her husband's

19  objective.

20      Ultimately, Plaintiffs have failed to allege with sufficient specificity that CenturyTel or

21  Embarq directly violated the ECPA of CFAA.[4]  In addition, both the language of these statutes

22  and relevant precedent demonstrate that CenturyTel and Embarq cannot be held liable for the acts

23  of NebuAd.  Plaintiffs have thus failed to state claims against CenturyTel or Embarq under the

24  ECPA or CFAA, and their federal claims against these entities must be dismissed.

25

26  _____

27  [4] For the reasons set forth in the reply briefs of Cable One and Bresnan Communications, which
CenturyTel and Embarq expressly incorporate herein, Plaintiffs' assertion that the conduct at
issue caused economic losses aggregating $5,000 or more for purposes of the CFAA is
28  unfounded.  *See* Reply Brief of Cable One at 11-12; Reply Brief of Bresnan Comm'cns at 13-16.

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                    - 14 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1

**IV.     PLAINTIFFS' UNJUST ENRICHMENT "CLAIM" MUST BE DISMISSED.**

2          Plaintiffs' effort to defend their unjust enrichment "claim" fails as well.  California courts

3   have stated as clearly as possible that "there is no cause of action in California for unjust enrich-

4   ment."  *Melchior v. New Line Prods., Inc.*, 131 Cal. Rptr. 2d 347, 357 (Ct. App. 2003); *accord In*

5   *re Late Fee & Over-Limit Fee Litig.*, 528 F. Supp. 2d 953, 966-67 (N.D. Cal. 2007).  As *Melchior*

6   makes clear, this rule does not prevent a plaintiff from asserting that she is entitled to

7   restitutionary recovery for the amount in which a defendant was unjustly enriched due to the

8   violation of a substantive provision.  It simply means that unjust enrichment cannot survive as a

9   stand-alone cause of action.  *See Melchior*, 131 Cal. Rptr. 2d at 357.

10         Plaintiffs' Opposition asserts that some California courts have permitted claims for unjust

11  enrichment.  Plaintiffs' Opp. at 31.  But Plaintiffs do not contest the rationale undergirding the

12  cases cited in the preceding paragraph.  That is, Plaintiffs do not challenge the *Melchior* court's

13  explanation that a claim for unjust enrichment is derivative of a claim of a substantive violation,

14  131 Cal. Rptr. 2d at 357 – that "unjust" acts are those which the law proscribes.  This

15  understanding of unjust enrichment is evident in two recent (albeit unpublished) Ninth Circuit

16  decisions.  *See Oestricher v. Ailenware Corp.*, No. 07-16531, 2009 WL 902341, at *3 (9th Cir.

17  Apr. 2, 2009) (unpublished); *Girard v. Toyota Motor Sales, U.S.A., Inc.*, No.07-56534, 2008 WL

18  5077581, at *1 (9th Cir. Nov. 24, 2008) (unpublished).  Thus, irrespective of whether Plaintiffs

19  may raise an unjust enrichment "claim," dismissal of their federal and California claims should

20  result in the dismissal of their unjust enrichment "claim."

21         Plaintiffs have also failed to point to an allegation of impoverishment that could support

22  an unjust enrichment claim.  To be sure, Plaintiffs are correct that their Complaint "alleged that

23  ISP Defendants received a benefit (revenue derived from the sale of Plaintiffs' behavioral data)

24  from Plaintiffs and unjustly retained that benefit because ISP Defendants unlawfully obtained it."

25  Plaintiffs' Opp. at 31.  To succeed on a claim of unjust enrichment, however, a plaintiff must

26  show that defendant benefited "*at the expense of another*," such that the plaintiff must be

27  "restore[d]."  *Haz-Mat Response, Inc. v. Certified Waste Servs. Ltd.*, 910 P.2d 839, 847 (Kan.

28  1996) (emphasis added); *accord Munro v. Carstensen*, 945 So. 2d 961, 966 (La. Ct. App. 2006).

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO                - 15 -                23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)

1    Because Plaintiffs have not alleged that they were deprived of something due to CenturyTel or

2    Embarq's alleged receipt of revenue from the sale of Plaintiffs' behavioral data, their unjust

3    enrichment claim must fail.

4          It is no answer that Plaintiffs' have been "impoverished of their 'specific purchase and

5    transactional information.'"  Plaintiffs' Opp. at 31 (quoting Compl. ¶ 176).  Although the cited

6    paragraph of the Complaint states that "[a] benefit has been conferred upon all defendants by

7    Plaintiffs and the Class," and that each defendant "has received and retains information regarding

8    specific purchase and transactional information," Compl. ¶ 176, nowhere do Plaintiffs allege, as

9    they must, that they would have profited from their "specific purchase and transactional

10   information" but for the alleged acts of CenturyTel and Embarq.  Nor could they have so alleged:

11   Plaintiffs' assets have not been diminished; their liabilities have not increased; and, because ad

12   revenue belongs not to those who view the ads but to those who deliver them, Plaintiffs have not

13   been denied revenue that they would have expected.  *See Munro*, 945 So. 2d at 966.  Plaintiffs'

14   unjust enrichment claim should therefore be dismissed.

15                              **CONCLUSION**

16         For the foregoing reasons, Plaintiffs' claims should be dismissed.

17

18   Dated:  May 28, 2009                     Respectfully submitted,

19                                            FARELLA BRAUN + MARTEL LLP

20

21                                            By: _____/s/_____

22                                                  C. Brandon Wisoff

23                                            Attorneys for Defendants
                                             CENTURYTEL and EMBARQ

24

25

26

27

28

Farella Braun + Martel LLP
235 Montgomery Street, 17th Floor
San Francisco, CA  94104
(415) 954-4400

REPLY MEMORANDUM OF CENTURYTEL
AND EMBARQ ISO THEIR MOTION TO          - 16 -                    23981\1955921.1
DISMISS / Civil Case No. CV-08-5113 (TEH)