Alan Himmelfarb- SBN 90480
Michael J. Aschenbrener (*admitted pro hac vice*)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

Joseph H. Malley (*admitted pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Ph. (214) 943-6100
Fax (214) 943-6170

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN VALENTINE, *et al*., individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBUAD, INC., a Delaware Corporation; *et al*.,<br><br>Defendants. | Case No.: 3:08-cv-05113-TEH<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO COMPEL DISCOVERY; MEMORANDUM IN SUPPORT; [PROPOSED] ORDER**<br><br>Date:    October 5, 2009<br>Time:    10:00 a.m.<br>Judge:   The Hon. Thelton E. Henderson |

PLAINTIFFS' MOTION TO COMPEL                  Case No. 3:08-cv-05113-TEH

**NOTICE OF MOTION**

NOTICE IS HEREBY GIVEN that Plaintiffs will move the Court, pursuant to Federal Rules of Civil Procedure 37 for the entry of an order compelling Defendant NebuAd, Inc. to produce certain documents and things, and respond to interrogatories on October 5, 2009 at 10:00 a.m., or at such other time as may be set by the Court, located at 450 Golden Gate Avenue, San Francisco, California, before the Hon. Thelton E. Henderson, Courtroom 12, 19th Floor.

In accordance with Local Rule 37-2, copies of Plaintiffs' discovery requests and NebuAd's responses are attached to the declaration of Michael J. Aschenbrener.[1] The Motion is based on this Notice of Motion, the Memorandum of Points and Authorities in Support of the Motion, and the authorities cited therein, the declarations in support of the Motion, oral argument of counsel, and any other matter that may be submitted at the hearing.

**STATEMENT OF ISSUES TO BE DECIDED**

1.  Whether Defendant NebuAd, Inc. must provide further responses to Plaintiffs' First Set of Interrogatories.

2.  Whether Defendant NebuAd, Inc. must provide further responsive documents and things to Plaintiffs' document requests, including electronically stored information ("ESI"), and hard copy documents and things in the possession of NebuAd or its assignee, and the identities of third-party Internet Service Providers ("ISPs") that have not moved for protective orders.

---

[1] NebuAd's Responses to Plaintiffs' Interrogatories are not attached because they were marked "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" despite the fact that the responses contained nothing other than objections signed only by NebuAd's counsel.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   STATEMENT OF FACTS

On November 10, 2008, Plaintiffs filed the present class action complaint alleging violations of the federal Electronic Communications Privacy Act ("ECPA") and Computer Fraud and Abuse Act ("CFAA"), as well as state law claims under the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), among other claims against NebuAd, Inc. ("NebuAd") and various internet service providers ("ISPs"). (Dkt. 1). On April 17, 2009, Plaintiffs served written discovery on NebuAd. (Exs. 1, 2). On May 20, 2009, NebuAd responded with blanket objections to all discovery requests. (Ex. 3).

On May 21, 2009, Judge Chen instructed the parties to submit a proposed stipulated order regarding NebuAd documents related to third-party ISPs that would give the third-party ISPs the opportunity to object or move for protective orders. (Dkt. 123).

On June 24, 2009, Judge Henderson ordered discovery to proceed. (Dkt. 141). The Order stated, in relevant part: "[T]he Court orders that discovery proceed in this matter. The Court will entertain any motions of Plaintiffs to compel response to propounded discovery requests, and will likewise entertain any motion of Plaintiffs to join the officers and directors of NebuAd in their individual capacity, so as to facilitate discovery." (*Id.*)

On June 26, 2009, NebuAd produced some paper documents responsive to Plaintiffs' April 17 document request. On June 29, 2009, NebuAd sent a letter to Plaintiffs detailing its estimated cost of electronic discovery, as estimated by IKON. (Ex. 4). The letter estimated the cost at over $700,000. On June 30, 2009, Plaintiffs requested that NebuAd participate in a meet-and-confer by telephone. (Ex. 5). On July 1, 2009, counsel for Plaintiffs and NebuAd, as well as technology experts for both parties, participated in a meet-and-confer teleconference. During the call, NebuAd agreed to produce all non-privileged paper documents in its counsel's possession by July 15, 2009. NebuAd further agreed to produce a privilege log and information required by Fed. R. Civ. P. 34 by July 22, 2009. The parties also discussed electronically stored information ("ESI"), but did not reach resolution on the matter. Plaintiff followed up the call with a letter on July 2, 2009 concerning ESI, requesting additional information, and suggesting that IKON's estimated

production costs were much greater than the actual likely cost of production.  (Ex. 6).

On July 7, 2009, the parties submitted a corrected stipulation concerning third-party ISPs, which set the deadline for NebuAd to disclose the identities of third-party ISPs at July 22, 2009. (Dkt. 146).

On July 13, 2009, NebuAd produced additional non-ESI documents.  On July 15, 2009, counsel for Plaintiffs inquired of NebuAd whether it planned to respond to Plaintiffs' April 17 interrogatories.  (Ex. 7).  Counsel for NebuAd responded that it was working on a plan to allow it to do so.  (Ex. 8).  Later on July 15, NebuAd produced additional non-ESI documents; it completed production of non-ESI documents in its possession on July 16, 2009.  Also on July 16, 2009, NebuAd sent a letter to Plaintiffs that it believed production of ESI should wait until resolution of the pending motions to dismiss, despite Judge Henderson's order to the contrary. (Ex. 9).  On July 23, 2009, NebuAd produced a privilege log and Rule 34 information.

As of August 24, 2009, NebuAd has still not responded to Plaintiffs' interrogatories, has not produced any paper documents not already in the possession of its attorneys, has not disclosed the identities of third-party ISPs that did not file protective orders, and refuses to produce any ESI—all in violation of the Court's June 24, 2009 Order requiring it to participate in discovery.

## II.   STANDARD OF DECISION

Under Federal Rule of Civil Procedure 26(b)(1), a party has the right to "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Discovery requests need only be "reasonably calculated to lead to the discovery of admissible evidence." *Id*. The permissible scope of discovery is broad, and encompasses "any matter than bears on, or that reasonably could lead to other matter that could bear on, any issue that may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).  Thus, discovery should be allowed unless it is clear that the information sought "has no conceivable bearing on the case." *Soto v. Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995).  Furthermore, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Oppenheimer*, 437 U.S. at 351.  Courts also hold that discovery relating to class claims is proper even if the class has not yet been certified. *Trevino v. ACB American, Inc*., 232 F.R.D.

612, 615 (N.D. Cal. 2006).

The party who refuses to comply with a discovery request has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections and refusals to comply with discovery requests. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

## III.  ARGUMENT

### A.  NebuAd has not responded to a single interrogatory, other than to object.

NebuAd is required to provide responses to Plaintiffs' written interrogatories. While NebuAd's counsel responded with objections to each of Plaintiffs' fourteen (14) written interrogatories, NebuAd failed to provide even a single response to any of the interrogatories.

Rule 26(b)(2)(C) allows the Court to limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

NebuAd has not asserted to Plaintiffs or to the Court that Plaintiffs' interrogatories invoke any of these discovery-limiters. Instead, NebuAd's counsel stated that NebuAd itself could not respond because it no longer had any officers or directors to participate in discovery as a result of its recently executed assignment for the benefit of creditors ("ABC"). This excuse ignores several factors. First, NebuAd filed notice of its ABC on May 18, 2009, a full month after Plaintiffs propounded their interrogatories on April 17, 2009, meaning NebuAd and its counsel had NebuAd's officers and directors and their disposal for the nearly the entire discovery response window. Accordingly, this excuse, even if it was a valid one, which it is not, does not hold up.

Second, an ABC is not a valid reason for not responding to discovery. Not only is it not a reason provided in the Federal Rules for limiting discovery, but an ABC is not the complete

1  winding down of a company, as NebuAd's counsel would have the Court believe. It is a process
2  by which a company assigns its assets to a trustee for sale. Nothing about this process prevents
3  the company's (which still exists) officers or directors from participating in discovery.
4        Finally, the appropriate recourse if NebuAd wishes to avoid responding to discovery is to
5  move the Court for a protective order, which it has not done.
6        Plaintiffs have attempted to resolve this situation without Court-intervention. Not only did
7  the parties engage in a lengthy meet-and-confer call on July 1, 2009, but Plaintiffs followed that
8  with an email on July 15, 2009 that specifically inquired about interrogatory responses. (Ex. 7).
9  Counsel for NebuAd responded that it would try, but stopped short of guaranteeing compliance.
10 (Ex. 9). Over a month later now, NebuAd has not provided so much as an update, let alone actual
11 responses.
12       NebuAd's outright refusal to provide responses to Plaintiffs' interrogatories is in direct
13 violation of the Federal Rules and wholly unsupportable. NebuAd should be ordered to comply
14 with its discovery obligations and provide immediate responses to Plaintiffs' interrogatories.

15       **B.    NebuAd has not produced any paper documents not in its counsel's**
16           **possession.**

17       NebuAd has not produced or committed to producing any paper documents not already in
18 the possession of its attorneys. NebuAd has stated that its assignee is preserving the documents,
19 but it has not made those documents or the assignee available to Plaintiffs.
20       Just as with Plaintiffs' outstanding interrogatories, NebuAd's attorneys initially responded
21 to Plaintiffs' document requests with blanket objections and the explanation that NebuAd's ABC
22 prevents the company's officers or directors from participating in discovery. And just as with the
23 interrogatories, this excuse does not suffice to relieve NebuAd of its duty to provide Plaintiffs with
24 the requested documents.
25       For clarity's sake, NebuAd has produced paper documents already in its attorneys'
26 possession. The instant motion does not concern those documents already produced. Rather, it
27 concerns only the documents not already produced and not in the possession of NebuAd's counsel.
28       Accordingly, Plaintiffs request that the Court compel NebuAd to produce responsive paper

PLAINTIFFS' MOTION TO COMPEL       4      Case No. 3:08-cv-05113-TEH

documents not already produced and not in the possession of its attorneys.

### C. NebuAd is defying the Court's Order to produce the identities of any third-party ISPs.

NebuAd stipulated to produce all confidential records concerning non-party and third-party ISPs on or after July 22, 2009. (Dkt. 146). The Court entered the stipulation on July 7, 2009. (Dkt. 147). To date, NebuAd has not produced any such records. Accordingly, Plaintiffs request that the Court issue an order compelling NebuAd to produce these records in accordance with the stipulated order already entered.

### D. NebuAd refuses to produce any ESI at this time.

Though the Court's June 24, 2009 Order clearly articulates NebuAd's responsibilities concerning discovery, NebuAd refuses to produce any electronic documents until after the pending ISP motions to dismiss are resolved. (Ex. 9, p. 3). The Order states:

> While the Court is deliberating on the pending motions, the Court orders that discovery proceed in this matter. The Court will entertain any motions of Plaintiffs to compel response to propounded discovery requests, and will likewise entertain any motion of Plaintiffs to join the officers and directors of NebuAd in their individual capacity, so as to facilitate discovery.

(Dkt. 141).

In addition to NebuAd's belief that production of ESI should wait until after the defendant ISPs' motions to dismiss are resolved, NebuAd further "demands that plaintiffs either limit the scope of the data searched for ESI discovery and/or agree to share the costs of that discovery." NebuAd has not offered any legitimate reason for requesting that Plaintiffs limit the scope of discovery. Its primary reason is cost, but Plaintiffs contend that NebuAd's cost estimates are wildly overblown. Furthermore, NebuAd has not made the requisite showing that the cost outweighs the likely benefit, as described in Rule 26(b)(2)(C)(iii). This rule states that the factors to consider include "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii).

1. *NebuAd cannot make a showing that the scope of discovery should be limited.*

    a. **The needs of the case outweigh the cost of production.**

This case requires production for multiple reasons. One, it will reveal the manner in which NebuAd and its ISP partners utilized deep-packet inspection ("DPI") to monitor, intercept, and alter the internet communications of hundreds of thousands of internet users. Two, it will reveal the extent to which NebuAd and the ISPs monitored, intercepted, and altered the consumers' internet communications. It will also reveal the degree to which this activity affected individuals and business with which the affected consumers communicated. Given that this case centers on this very activity—DPI—the case desperately needs this discovery.

    b. **The amount in controversy is sufficiently high to outweigh the costs of production.**

Plaintiffs' complaint includes requests for statutory damages, as well as injunctive and equitable relief. Because the case likely involves hundreds of thousands—and perhaps millions—of violations subject to statutory damages, the amount in controversy could well be in the range of hundreds of millions of dollars, and perhaps more. This is surely enough to justify production of electronic documents.

    c. **NebuAd should have enough money from the venture capital it raised or from its ABC to afford production.**

It's true that NebuAd is in the process of winding down its business, but that alone should not suffice to allow it to escape discovery. Additionally, on information and belief, NebuAd generated millions of dollars in venture capital in its short existence and stands to generate further income through its ABC.

    d. **The issues at stake in this action affect hundreds of thousands, if not millions, of internet users throughout the country.**

The primary issue in this case concerns whether ISPs and other internet entities have the right to monitor, intercept, and alter the internet communications of any and all internet users in order to use the information gathered for advertising. In other words, this case is about whether

internet users have any right of privacy when using the internet. This is surely a case of sufficiently important issues to justify the production of a small company's electronic files.

### e. This discovery is critical in resolving the case.

Without this discovery, Plaintiffs will have a hard time prosecuting this case. Much, if not most, of the evidence necessary to continue is contained in NebuAd's electronic files. Without this discovery, Plaintiffs will not likely be able to continue prosecuting the case against NebuAd, the named ISPs, or the as-yet unnamed ISPs.

### 2. *NebuAd has not demonstrated that cost-sharing is appropriate.*

NebuAd is not entitled to cost-sharing in producing ESI. "Ordinarily, the producing party bears the costs of reviewing and gathering documents while the requesting party pays for the costs of the copies only." *Tierno v. Rite-Aid Corp.*, No. 05-cv-2520 TEH, 2008 WL 3876131, *1 (N.D. Cal. Aug. 19, 2008) (J. Henderson) (citing 7 *Moore's Federal Practice* § 34.13[5] at 34-92 (2008) and Schwarzer *et al., Federal Civil Procedure Before Trial* § 11:1932.).

Plaintiff does not request that NebuAd provide written copies of the data requested, so NebuAd should be required to bear the cost of reviewing and gathering the information sought.

Accordingly, per the Court's Order compelling NebuAd to participate in discovery, Plaintiffs hereby move to compel NebuAd to produce ESI.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully ask that the Court: 1) compel NebuAd to respond to Plaintiffs' interrogatories; 2) compel NebuAd to produce any non-electronic documents or items not already produced and not in the possession of its attorneys; 3) compel NebuAd to produce all documents and items regarding third-party and non-party ISPs that are subject to any protective orders; 4) compel NebuAd to produce all responsive electronically stored information; and, 5) grant such further relief the Court deems reasonable and just.

Dated: August 24, 2009					Michael J. Aschenbrener
							KAMBEREDELSON, LLC

							By: s/ Michael J. Aschenbrener
							     Attorney for Plaintiffs

## **PROOF OF SERVICE**

The undersigned certifies that, on August 24, 2009, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party, listed below:

Joseph Malley
Scott Kamber
Alan Himmelfarb
Michael J. Aschenbrener
Daniel J. Bergeson
David T. Biderman
Thomas R. Burke
Adam S. Caldwell
Elizabeth A. Drogula
Simon J. Frankel
David Handzo
Matthew Hellman
Ronald G. London
Melinda Mae Morton
E. Daniel Robinson
Troy Sauro
John D. Seiver
Carl Brandon Wisoff
Douglas R. Young

                                                                        s/ Michael J. Aschenbrener
                                                                          Michael J. Aschenbrener

Alan Himmelfarb- SBN 90480
Michael J. Aschenbrener (*admitted pro hac vice*)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

Joseph H. Malley (*admitted pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Ph.  (214) 943-6100
Fax (214) 943-6170

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAN VALENTINE, *et al*., individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBUAD, INC., a Delaware Corporation; *et al*.,<br><br>Defendants. | Case No.: 3:08-cv-05113-TEH<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Date:    October 5, 2009<br>Time:    10:00 a.m.<br>Judge:   The Hon. Thelton E. Henderson |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Case No. 3:08-cv-05113-TEH

1 On November 10, 2008, Plaintiffs filed the present class action complaint alleging violations of the federal Electronic Communications Privacy Act ("ECPA") and Computer Fraud and Abuse Act ("CFAA"), as well as state law claims under the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), among other claims against NebuAd, Inc. ("NebuAd") and various internet service providers ("ISPs").

The Court hereby compels NebuAd to 1) respond to Plaintiffs' interrogatories; 2) produce any non-electronic documents or items not already produced and not in the possession of its attorneys; 3) produce all documents and items regarding third-party and non-party ISPs that are subject to any protective orders; and, 4) produce all responsive electronically stored information

Plaintiff's motion to compel discovery is hereby granted.

DATED: _____    By: _____
　　　　　　　　　　　　　　　　　　　　　Hon. Thelton E. Henderson
　　　　　　　　　　　　　　　　　　　　　United States District Court