Alan Himmelfarb- SBN 90480
Michael J. Aschenbrener (*admitted pro hac vice*)
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
t: 323.585.8696
f: 323.585.6195
ahimmelfarb@kamberedelson.com

Joseph H. Malley (*admitted pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY
1045 North Zang Boulevard
Dallas, Texas 75208
Ph. (214) 943-6100
Fax (214) 943-6170

ATTORNEYS FOR PLAINTIFFS

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# AT SAN FRANCISCO

| | |
|---|---|
| DAN VALENTINE, *et al*., individuals, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>NEBUAD, INC., a Delaware Corporation; *et al*.,<br><br>Defendants. | CASE NO. 3:08-cv-05113-TEH<br><br>**DECLARATION OF MICHAEL J. ASCHENBRENER IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY**<br><br>Date:     October 5, 2009<br>Time:     10:00 a.m.<br>Judge:   The Hon. Thelton E. Henderson |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>DECLARATION OF ATTORNEY MICHAEL J. ASCHENBRENER</u>

I, Michael J. Aschenbrener, hereby declare as follows:

      1.     I am an attorney of the law firm of KamberEdelson, LLC, attorneys for Plaintiffs in this action.

      2.     I am over the age of 18 and could competently testify if called to do so.

      3.     I submit this declaration in support of Plaintiffs' Motion to Compel discovery of defendant NebuAd, Inc ("NebuAd").

      4.     Attached as <u>Exhibit 1</u> is a true and correct copy of Plaintiffs' First Set of Interrogatories directed to NebuAd.

      5.     Attached as <u>Exhibit 2</u> is a true and correct copy of Plaintiffs' First Set of Document Requests directed to NebuAd.

      6.     A true and correct copy of NebuAd's Objections to Plaintiffs' First Set of Interrogatories is *not* attached because NebuAd marked it "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY."

      7.     Attached as <u>Exhibit 3</u> is a true and correct copy of NebuAd's Objections to Plaintiffs' First Set of Document Requests.

      8.     Attached as <u>Exhibit 4</u> is a true and correct copy of a letter from NebuAd's counsel to Plaintiffs' counsel dated June 29, 2009 regarding discovery.

      9.     Attached as <u>Exhibit 5</u> is an email from Plaintiffs' counsel to NebuAd's counsel regarding the timing of a meet-and-confer teleconference dated June 30, 2009.

      10.     Attached as <u>Exhibit 6</u> is a true and correct copy of a letter from Plaintiffs' counsel to NebuAd's counsel regarding ESI dated July 2, 2009.

      11.     Attached as <u>Exhibit 7</u> is a true and correct copy of an email from Plaintiffs' counsel to NebuAd's counsel regarding responses to interrogatories dated July 15, 2009.

      12.     Attached as <u>Exhibit 8</u> is a true and correct copy of an email response from NebuAd's counsel to Plaintiffs' counsel concerning interrogatories dated July 15, 2009.

1    13.    Attached as Exhibit 9 is a true and correct copy of a letter from NebuAd's counsel

2    to Plaintiffs' counsel dated July 16, 2009 regarding ESI.

3    14.    NebuAd's Objections to Plaintiffs' First Set of Interrogatories is marked "HIGHLY

4    CONFIDENTIAL-ATTORNEYS' ONLY" despite the fact that the document contains only

5    objections with not a single response and is signed only by NebuAd's counsel.

6    15.    On June 26, 2009, NebuAd produced some paper documents responsive to

7    Plaintiffs' April 17 document request.

8    16.    On July 1, 2009, counsel for Plaintiffs, NebuAd, and Bresnan Communications,

9    along with technology experts for Plaintiffs and NebuAd, participated in a meet-and-confer

10   teleconference. During the call, NebuAd agreed to produce all non-privileged paper documents in

11   its counsel's possession by July 15, 2009.  NebuAd further agreed to produce a privilege log and

12   information required by Fed. R. Civ. P. 34 by July 22, 2009.  The parties also discussed

13   electronically stored information ("ESI"), but did not reach resolution on the matter.

14   17.    On July 13, 2009, NebuAd produced additional non-ESI documents.

15   18.    Later on July 15, NebuAd produced additional non-ESI documents; it completed

16   production of non-ESI documents in its possession on July 16, 2009.

17   19.    On July 23, 2009, NebuAd produced a privilege log and Rule 34 information.

18   20.    As of August 24, 2009, NebuAd has still not responded to Plaintiffs'

19   interrogatories, has not produced any paper documents not already in the possession of its

20   attorneys, has not disclosed the identities of third-party ISPs that did not file protective orders, and

21   refuses to produce any ESI.

22   I declare under penalty of perjury that the foregoing is true and correct.  28 U.S.C. § 1746.

23

24   Dated this the 24th day of August, 2009.                    s/ Michael J. Aschenbrener
                                                                Michael J. Aschenbrener

25

26

27

28

# EXHIBIT 1

Alan Himmelfarb - SBN 90480
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Vernon, California 90058
Telephone: (323) 585-8696

Scott A. Kamber (pro hac vice)
Michael Aschenbrener (pro hac vice)
KAMBEREDELSON, LLC
350 N. LaSalle St., Ste. 1300
Chicago, IL 60654
(312) 589-6379 (phone)
(312) 589-6378 (facsimile)
maschenbrener@kamberedelson.com

ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, DALE MORTENSEN, MELISSA BECKER, SAMUEL GREEN, SHERRON RIMPSEY, CHARLOTTE MIRANDA, FRANK MIRANDA, SAUL DERMER, WAYNE COPELAND, CRYSTAL REID, ANDREW PAUL MANARD, KATHLEEN KIRCH, TERRY KIRCH NEIL DEERING, PAUL DRISCOLL, individuals, on behalf of themselves and all others similarly situated, | Case No.: 3:08-cv-05113-TEH (EMC) |
| | **PLAINTIFF DAN VALENTINE'S FIRST INTERROGATORIES TO DEFENDANT NEBUAD, INC.** |
| Plaintiffs, | |
| v. | |
| NEBUAD, INC., a Delaware Corporation; BRESNAN COMMUNICATIONS, a New York Corporation; CABLE ONE, a Delaware Corporation; EMBARQ, a Delaware Corporation; KNOLOGY, a Delaware Corporation; WOW!, a Delaware Corporation; and JOHN DOES 1-20, corporations, | |
| Defendants. | |

1   **TO:    NebuAd, Inc. and its Counsel Of Record**

2           Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, Plaintiff Dan Valentine

3   hereby serves **Plaintiff Dan Valentine's First Interrogatories To Defendant NebuAd, Inc.**  The

4   documents are to be produced by NebuAd, Inc. within 30 days.

5                                           **DEFINITIONS**

6           In this Plaintiff Dan Valentine's First Request For The Production Of Documents To

7   Defendant Nebuad, Inc**.:**

8       1.      "**Document**" includes any communication, data, information, or expression which

9               can be perceived, reproduced, or otherwise communicated, either directly or with the

10              aid of a machine or device, from any tangible medium now known or later developed;

11      2.      "**And, Or, And/Or "/""**  The terms "and," "or," and "and/or," or when the slash

12              symbol "/" is used, shall be construed either disjunctively or conjunctively, as

13              necessary, to bring within the scope of the discovery request all documents that might

14              otherwise be construed to be outside of its scope;

15      3.      "**Communication(s)**"  The term "Communication(s)" means any transmittal of

16              information in the form of facts, ideas, opinions, perceptions, inquiries or otherwise and

17              includes, without limitation, all original and any non-identical copies of all Documents as

18              defined herein, and all inter-office and intra-office memoranda, which were created,

19              reviewed, transmitted, or received by You;

20      4.      "**Concern, Discuss, Evidence, or Reflect**"  The terms "concern," "discuss,"

21              "evidence," and "reflect," mean and include all Documents that comprise, explicitly

22              or implicitly refer to, were reviewed in conjunction with, or were created, generated

23              or maintained as a result of the subject matter of the request, including, but not

24              limited to, all documents that reflect, record, memorialize, embody, discuss, evaluate,

25              consider, review or receipt on the subject matter of the request;

26      5.       "**Internet Subscriber Communications**" means any and all Communications of

27

28   PLAINTIFF DAN VALENTINE'S FIRST              1              Case No. 3:08-cv-05113-TEH (EMC)
     INTERROGATORIES TO DEFENDANT NEBUAD,
     INC.

Subscribers of internet services (either sent from a Subscriber's computer, or from any other computer system connected to the internet to a Subscriber's computer), which were Monitored, intercepted, captured, recorded, transmitted, copied, Altered, and/or in any way diverted by or though any of NebuAd's Devices which NebuAd provided to any ISP or provider of internet services, whether for testing purposes or otherwise.

6. "**Monitor**" means and includes, without limitation, any and/or all of the following: interception; copying; capturing; processing; transmission; storage; Alteration; viewing; overseeing; gathering; encoding; correlating; redirecting; analyzing; or any other means by which an Internet Subscriber Communication, incoming or outgoing, was affected in any way by NebuAd's hardware or software or both, whether for testing purposes, or for any other purpose whatsoever.

7. "**Subscriber**" means any end-user of internet services provided by an internet service provider or any other provider of internet services.

8. "**Nebuad Device**" means any NebuAd appliance which includes either hardware or software or both, which was capable of Monitoring Internet Subscriber Communications.

9. "**Alter**" or "**Alteration**" means any change of any kind to the Internet Subscriber Communication, including but not limited to: the insertion of any advertising in the webpage presented to the Subscriber; or the addition, subtraction or modification in any of the coding or data transmission either to or from the Subscriber.

## INTERROGATORIES

1. Identify each person that participated in the preparation of the answers to these interrogatories. For each person so identified, specify each interrogatory that such person assisted in answering.

PLAINTIFF DAN VALENTINE'S FIRST
INTERROGATORIES TO DEFENDANT NEBUAD,
INC.

2

Case No. 3:08-cv-05113-TEH

1      2.     Identify each person who has knowledge of or provided information contained in

2  your answers to these interrogatories and your responses to Plaintiffs' request for the production

3  of documents.  For each person so identified, state the scope and substance of their knowledge.

4      3.     Identify each person who has knowledge of, or who has been a witness to, any of

5  the facts or matters alleged in the Complaint and your Motion to Dismiss.  For each person so

6  identified, state the scope and substance of their knowledge and the event(s) they witnessed.

7      4.     Provide, in graphic form, the organizational structure of NebuAd during the period

8  of January 2006 through and including the present, specifically Identifying the reporting

9  relationships among all job positions at NebuAd.

10      5.     Identify the names and last known addresses, telephone numbers, and email

11  addresses of all current and former NebuAd employees.

12      6.     Identify the job titles and functions of each current and former NebuAd employee.

13      7.     Identify the names of each entity with which NebuAd contracted for Deep-Packet

14  Inspection and/or Online Behavioral Advertising.

15      8.     Identify all ISPs, Communications providers, businesses, or entities that, at any

16  time, utilized a NebuAd Device to Monitor Internet Subscriber Communications.

17                Where YOU are asked to Identify an Entity that Utilized a NebuAd device, YOU

18                are required to state:

19                     a) The full name of the entity;

20                     b) The dates the entity utilized the NebuAd Device;

21                     c) The geographic regions in which it was utilized.

22      9.     For each ISP, Communications provider, business, or entity you identified in your

23  response to the immediately preceding interrogatory, state the total number of Subscribers whose

24  Internet Communications were Monitored by one or more NebuAd Devices.

25      10.    Identify each NebuAd Device that, for any period of time, was used for Monitoring

26  Internet Subscriber Communications.

27

28   PLAINTIFF DAN VALENTINE'S FIRST          3            Case No. 3:08-cv-05113-TEH
      INTERROGATORIES TO DEFENDANT NEBUAD,
      INC.

1    Where YOU are asked to Identify a NebuAd Device, YOU are required to

2    state:

3        a)  a unique identifying characteristic of the particular device, such as a

4    unique serial number;

5        b)  the specific dates it was used for Monitoring Internet Subscriber

6    Communications; and

7        c)  the present location of the NebuAd Device.

8    11.    For each NebuAd Device that you identified in your response to the immediately

9    preceding interrogatory, Identify its use for Monitoring Internet Subscriber Communications.

10    Where YOU are asked to Identify a NebuAd Device's use for Monitoring Internet

11    Subscriber Communications, YOU are required to state:

12        a)  The full name of the entity that utilized the device;

13        b)  The dates the entity utilized the NebuAd Device;

14        c)  The geographic regions in which it was utilized;

15        d)  The total number of Subscribers that were Monitored by the device.

16    12.    For each NebuAd Device that you identified in your response to the immediately

17    preceding interrogatory, Identify what data each appliance actually captured, where that data was

18    sent, and where that data is today.

19    13.    Identify the total number of Subscribers whose data was accessed, stored, modified,

20    and/or shared with third-parties per ISP or other entity.

21    14.    Identify when each consumers' data was accessed, stored, modified, and/or shared

22    with third-parties per ISP.

23

24

25

26

27

28    PLAINTIFF DAN VALENTINE'S FIRST            4            Case No. 3:08-cv-05113-TEH
     INTERROGATORIES TO DEFENDANT NEBUAD,
     INC.

1           15.    Identify where the servers that processed the captured data are currently located.

2

3

4    Dated: April 17, 2009                    Michael J. Aschenbrener
                                      KAMBEREDELSON, LLC

5                                   By:    s/ Michael J. Aschenbrener

6                                        Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PROOF OF SERVICE**

2

(VALENTINE, *et al.*, v. NEBUAD, INC., *et al.*, No. 08-CV-5113)

3

    I am a resident of the State of Illinois, and over the age of 18, and not a party to within action;

4

my business address is 350 N. LaSalle St., Suite 1300, Chicago, IL 60654.

5

    On April 17, 2009, I served the within document(s):

6

    **PLAINTIFF DAN VALENTINE'S FIRST REQUEST FOR THE**

7

    **PRODUCTION OF DOCUMENTS TO DEFENDANT NEBUAD, INC.**

8

9

| ☒ | By email and U.S. Mail, as indicated: |
|---|---|

10

11

12

| Addressee | Represent | Service |
|-----------|-----------|---------|

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF DAN VALENTINE'S FIRST INTERROGATORIES TO DEFENDANT NEBUAD, INC.

     6

| | | |
|---|---|---|
| Thomas E. Gilbertsen<br>KELLEY DRYE & WARREN LLP<br>3050 K Street N.W.<br>Washington, D.C.  20007<br>Email: tgilbertsen@kelleydrye.com | NebuAd | Email and U.S. Mail |
| Daniel J. Bergeson<br>Bergeson, LLP<br>303 Almaden Blvd, Ste 500<br>San Jose, CA 95110-2712<br>dbergeson@be-law.com | NebuAd | Email and U.S. Mail |
| David T. Biderman<br>Perkins Coie LLP<br>Four Embarcadero Ctr, Ste 2400<br>San Francisco, CA 94111<br>dbiderman@perkinscoie.com | Knology & WOW! | Email and U.S. Mail |
| Thomas R. Burke<br>Davis Wright Tremaine LLP<br>505 Montgomery St, Ste 800<br>San Francisco, CA 94111-6533<br>thomasburke@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Adam S. Caldwell<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave, NW, Ste 200<br>Washington, D.C. 20006-1272<br>adamcaldwell@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Elizabeth A. Drogula<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006-1272<br>ldrogula@crblaw.com | Bresnan<br>Communications | Email and U.S. Mail |
| Simon J. Frankel<br>Covington & Burling LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>sfrankel@cov.com | Cable One | Email and U.S. Mail |
| David Handzo<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>Washington, D.C. 20001 | CenturyTel &<br>Embarq | U.S. Mail |
| Brian Hauck<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>Washington, D.C. 20001 | CenturyTel &<br>Embarq | U.S. Mail |
| Matthew Hellman<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>mhellman@jenner.com | CenturyTel &<br>Embarq | Email & U.S. Mail |
| Alan Himmelfarb<br>KamberEdelson, LLC<br>ahimmelfarb@kamberedelson.com | Plaintiffs | Email |
| Scott A. Kamber<br>KamberEdelson, LLC<br>skamber@kamberedelson.com | Plaintiffs | Email |

PLAINTIFF DAN VALENTINE'S FIRST                7                Case No. 3:08-cv-05113-TEH
INTERROGATORIES TO DEFENDANT NEBUAD,
INC.

| | | |
|---|---|---|
| Joe Malley<br>Law Office of Joseph H. Malley<br>malleylaw@gmail.com | Plaintiffs | Email |
| Ronald G. London<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006<br>ronnielondon@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Melinda Mae Morton<br>Bergeson, LLP<br>303 Almaden Blvd, Ste 500<br>San Jose, CA 95110-2712<br>mmorton@be-law.com | NebuAd, Inc. | Email and U.S. Mail |
| E. Daniel Robinson<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>drobinson@cov.com | Cable One | Email and U.S. Mail |
| Troy Sauro<br>Perkins Coie LLP<br>4 Embarcadero Center, 24th Floor<br>San Francisco, CA  94111<br>tsauro@perkinscoie.com | Knology & WOW! | Email and U.S. Mail |
| John D. Seiver<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006<br>johnseiver@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Carl Brandon Wisoff<br>Farella Braun & Martel LLP<br>235 Montgomery St<br>17th Floor<br>San Francisco, CA 94104<br>bwisoff@fbm.com | CenturyTel &<br>Embarq | Email and U.S. Mail |
| Douglas R. Young<br>Farella Braun & Martel LLP<br>235 Montgomery St<br>17th Floor<br>San Francisco, CA 94104<br>dyoung@fbm.com | CenturyTel/Embarq | Email & U.S. Mail |

Executed on April 17, 2009 at Chicago, Illinois.


s/ Michael J. Aschenbrener

Michael J. Aschenbrener

PLAINTIFF DAN VALENTINE'S FIRST
INTERROGATORIES TO DEFENDANT NEBUAD,
INC.

8

Case No. 3:08-cv-05113-TEH

# EXHIBIT 2

1   Alan Himmelfarb - SBN 90480
    KAMBEREDELSON, LLC
2   2757 Leonis Boulevard
    Vernon, California 90058
3   Telephone: (323) 585-8696

4   Scott A. Kamber (pro hac vice)
    Michael Aschenbrener (pro hac vice)
5   KAMBEREDELSON, LLC
    350 N. LaSalle St., Ste. 1300
6   Chicago, IL 60654
    (312) 589-6379 (phone)
7   (312) 589-6378 (facsimile)
    maschenbrener@kamberedelson.com
8

9   ATTORNEYS FOR PLAINTIFFS

10

11              UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13  DAN VALENTINE, DALE MORTENSEN,
    MELISSA BECKER, SAMUEL GREEN,
14  SHERRON RIMPSEY, CHARLOTTE          Case No.: 3:08-cv-05113-TEH (EMC)
    MIRANDA, FRANK MIRANDA, SAUL
15  DERMER, WAYNE COPELAND, CRYSTAL
    REID, ANDREW PAUL MANARD,           PLAINTIFF DAN VALENTINE'S FIRST
16  KATHLEEN KIRCH, TERRY KIRCH NEIL    REQUEST FOR THE PRODUCTION OF
    DEERING, PAUL DRISCOLL, individuals, on  DOCUMENTS TO DEFENDANT
17  behalf of themselves and all others similarly  NEBUAD, INC.
    situated,
18

19  Plaintiffs,

20  v.

21  NEBUAD, INC., a Delaware Corporation;
    BRESNAN Communications, a New York
22  Corporation; CABLE ONE, a Delaware
    Corporation; EMBARQ, a Delaware
23  Corporation; KNOLOGY, a Delaware
    Corporation; WOW!, a Delaware Corporation;
24  and JOHN DOES 1-20, corporations,

25  Defendants.

26

27

28  PLAINTIFF DAN VALENTINE'S FIRST REQUEST        Case No. 3:08-cv-05113-TEH (EMC)
    FOR THE PRODUCTION OF DOCUMENTS TO
    DEFENDANT NEBUAD, INC.

1   **TO:    NebuAd, Inc. and its Counsel Of Record**

2         Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, Plaintiff Dan Valentine

3   hereby serves his **Plaintiff Dan Valentine's First Request for the Production of Documents To**

4   **Defendant NebuAd, Inc.** The documents are to be produced by NebuAd, Inc. within 30 days.

5                                   **<u>DEFINITIONS</u>**

6         In this Plaintiff Dan Valentine's First Request For The Production Of Documents To

7   Defendant Nebuad, Inc.**:**

8     1.    **"Document"** includes any communication, data, information, or expression which

9            can be perceived, reproduced, or otherwise communicated, either directly or with the

10          aid of a machine or device, from any tangible medium now known or later developed;

11    2.    **"And, Or, And/Or "/""** The terms "and," "or," and "and/or," or when the slash

12          symbol "/" is used, shall be construed either disjunctively or conjunctively, as

13          necessary, to bring within the scope of the discovery request all documents that might

14          otherwise be construed to be outside of its scope;

15    3.    **"Communication(s)"** The term "Communication(s)" means any transmittal of

16          information in the form of facts, ideas, opinions, perceptions, inquiries or otherwise and

17          includes, without limitation, all original and any non-identical copies of all Documents as

18          defined herein, and all inter-office and intra-office memoranda, which were created,

19          reviewed, transmitted, or received by You;

20    4.    **"Concern, Discuss, Evidence, or Reflect"** The terms "concern," "discuss,"

21          "evidence," and "reflect," mean and include all Documents that comprise, explicitly

22          or implicitly refer to, were reviewed in conjunction with, or were created, generated

23          or maintained as a result of the subject matter of the request, including, but not

24          limited to, all documents that reflect, record, memorialize, embody, discuss, evaluate,

25          consider, review or receipt on the subject matter of the request;

26    5.    **"Internet Subscriber Communications"** means any and all Communications of

27

28

Subscribers of internet services (either sent from a Subscriber's computer, or from any other computer system connected to the internet to a Subscriber's computer), which were Monitored, intercepted, captured, recorded, transmitted, copied, Altered, and/or in any way diverted by or though any of NebuAd's Devices which NebuAd provided to any ISP or provider of internet services, whether for testing purposes or otherwise.

6. **"Monitor"** means and includes, without limitation, any and/or all of the following: interception; copying; capturing; processing; transmission; storage; Alteration; viewing; overseeing; gathering; encoding; correlating; redirecting; analyzing; or any other means by which an Internet Subscriber Communication, incoming or outgoing, was affected in any way by NebuAd's hardware or software or both, whether for testing purposes, or for any other purpose whatsoever.

7. **"Subscriber"** means any end-user of internet services provided by an internet service provider or any other provider of internet services.

8. **"Nebuad Device"** means any NebuAd appliance which includes either hardware or software or both, which was capable of Monitoring Internet Subscriber Communications.

9. **"Alter"** or **"Alteration"** means any change of any kind to the Internet Subscriber Communication, including but not limited to: the insertion of any advertising in the webpage presented to the Subscriber; or the addition, subtraction or modification in any of the coding or data transmission either to or from the Subscriber.

## **DOCUMENT REQUESTS**

1. All written and electronic Communications with NebuAd's insurance carriers regarding the instant lawsuit.

2. All insurance policies related to NebuAd's defense of the instant lawsuit.

PLAINTIFF DAN VALENTINE'S FIRST REQUEST
FOR THE PRODUCTION OF DOCUMENTS TO
DEFENDANT NEBUAD, INC.

1

Case No. 3:08-cv-05113-TEH

1      3.     All written and electronic Communications, including without limitation all

2 Documents, supporting materials, and correspondence provided to and/or received from the

3 Federal Trade Commission ("FTC").

4      4.     All documents that identify any and all ISPs, communications providers,

5 businesses, or entities that, at any time, utilized a NebuAd Device to Monitor Internet Subscriber

6 Communications for any period of time, for any purpose, whether for testing or otherwise.

7      5.     All contracts, including, without limitation, any amendments, addendums,

8 modifications and/or Communications concerning said contracts, between NebuAd and the

9 following DOE defendants in *Valentine v. NebuAd*:

10      a.   Blackfoot TeleCommunications Group, Inc.

11      b.   Broadstripe (formerly Millennium Digital Media)

12      c.   Charter Communications

13      d.   Decaturnet Internet Services

14      e.   Eastern Oregon Net, Inc.

15      f.   High Speed Networks -E50 ("HSNe50")

16      g.   Metro Provider

17      h.   OnlyInternet.Net

18      i.   Progressive Internet Services (Jayco.Net)

19      j.   RTC on Line (Rochester Telephone Company, Indiana)

20      k.   Softcom Internet Communications, Inc.

21      l.   20/20 Communications (2020comm.net)

22      6.     All contracts, including, without limitation, any amendments, addendums,

23 modifications and/or Communications concerning said contracts, between NebuAd and any ISP,

24 Communications provider, business, or entity that, at any time, utilized a NebuAd Device to

25 Monitor Internet Subscriber Communications.

26

27

7.    All Documents and/or Communications between NebuAd and the entities identified in Request for Production Nos. 4, 5, and 6 that Concern, Evidence, Discuss, or Reflect  any of the following topics:

- Contracts or agreements between NebuAd and the ISP;
- Negotiations concerning contracts or agreements between NebuAd and the ISP;
- Implementation of contracts or agreements between NebuAd and the ISP;
- Payment of any monies between the parties as a result of any contracts or agreements between NebuAd and the ISP;
- The NebuAd Device;
- The Monitoring of any Internet Subscriber Communications;
- Data derived from the Monitoring of any Internet Subscriber Communications;
- Revenue (either prospective or actual) derived from the Monitoring of any Internet Subscriber Communications;
- Privacy of Internet Subscriber Communications.

8.    All Documents and records, notes, and/or transcripts (of oral Communications) concerning site visits or other due diligence related to NebuAd's relationships with any of the entities identified in Request for Production Nos. 4, 5, and 6.

9.    All documents which Concern, Evidence, Discuss, or Reflect contracts and/or agreements between NebuAd and any third party that installed or permitted to be installed the NebuAd Device at any point in the connection between a Subscriber and the internet.

10.    All documents which Concern, Discuss, Evidence, or Reflect NebuAd's interception of Internet Subscriber Communications.

11.    All documents which Concern, Discuss, Evidence, or Reflect NebuAd's copying of Internet Subscriber Communications.

12.    All documents which Concern, Discuss, Evidence, or Reflect NebuAd's transmission of Internet Subscriber Communications.

13.     All documents which Concern, Evidence, Discuss, or Reflect NebuAd's storage of Internet Subscriber Communications.

14.     All documents which Concern, Evidence, Discuss, or Reflect NebuAd's Alteration of Internet Subscriber Communications.

15.     All documents which Concern, Evidence, Discuss, or Reflect NebuAd's analysis of Internet Subscriber Communications.

16.     All documents which Concern, Evidence, Discuss, or Reflect any analysis, presentations, compilations, summaries, and/or reports by NebuAd or any third parties regarding Internet Subscriber Communications.

17.     All documents which Concern, Evidence, Discuss, or Reflect NebuAd's sharing of Internet Subscriber Communications with the ISP from which the Internet Subscriber Communications were obtained.

18.     All documents which Concern, Evidence, Discuss, or Reflect NebuAd's sharing of Internet Subscriber Communications with any persons or parties (other than NebuAd).

19.     All documents which Concern, Evidence, Discuss, or Reflect all actions by NebuAd, or any third parties, to protect the privacy and/or security of the data captured by the NebuAd Device.

20.     All documents which Concern, Evidence, Discuss, or Reflect actions by NebuAd, or any third parties to obtain consent from Subscribers regarding Internet Subscriber Communications.

21.     All documents which Concern, Evidence, Discuss, or Reflect numbers of Subscribers whose data, information, and/or activities on the internet were subject to Monitoring by the NebuAd Device.   This RFP includes but is not limited to any documents that reflect numbers of Subscribers in whatever context it appears, including by way of example only:  total numbers of Subscribers, numbers of Subscribers per ISP (or other entity), numbers of Subscribers per NebuAd Device, and/or numbers of Subscribers broken down by any period of time (i.e.

1  monthly) and/or geographic region, and/or numbers of Subscribers for purposes of calculating

2  royalties or payments.

3      22.     All documents which Concern, Evidence, Discuss, or Reflect activities of

4  Subscribers whose data, information, and/or activities on the internet were subject to Monitoring

5  by the NebuAd Device.

6      23.     All documents which Concern, Evidence, Discuss, or Reflect training of ISP

7  personnel in the management, repair, and/or maintenance of the NebuAd Device.

8      24.     All documents which Concern, Evidence, Discuss, or Reflect remediation actions

9  taken and planned by NebuAd to prevent access, storage, modification, and/or sharing of

10 consumers' personal information with third-parties.

11     25.     All documents which Concern, Evidence, Discuss, or Reflect any inventories of

12 any NebuAd Devices.

13     26.     All documents that identify the current location and possible future locations of the

14 NebuAd Devices.

15     27.     All documents that Concern, Evidence, Discuss, or Reflect whether the NebuAd

16 Devices may still be used to access, store, modify, and/or share with third-parties the personal

17 information of consumers.

18     28.     All documents that Concern, Evidence, Discuss, or Reflect whether the NebuAd

19 Devices are still being used to Monitor Internet Subscriber Communications.

20     29.     All documents that Concern, Evidence, Discuss, or Reflect the identification of

21 Subscribers whose Internet Subscriber Communications were Monitored by the NebuAd Device

22 and/or systems.

23     30.     All documents that Concern, Evidence, Discuss, or Reflect the identification of

24 Subscribers whose Internet Subscriber Communications may have been Monitored by the NebuAd

25 Device and/or systems.

26

27

28 PLAINTIFF DAN VALENTINE'S FIRST REQUEST        5        Case No. 3:08-cv-05113-TEH
   FOR THE PRODUCTION OF DOCUMENTS TO
   DEFENDANT NEBUAD, INC.

1    31.    All documents that Concern, Evidence, Discuss, or Reflect the identification of

2  Subscribers whose Internet Subscriber Communications have not been reasonably excluded as

3  having been Monitored by the NebuAd Device and/or systems.

4    32.    All logs of consumer incidents and complaints attributable to Monitoring of

5  Internet Subscriber Communications.

6    33.    All documents that Concern, Evidence, Discuss, or Reflect the inventory of Internet

7  Subscriber Communications and/or portions thereof retained by NebuAd, or the retention of which

8  has been facilitated by NebuAd.

9    34.    All documents that describe, list, and/or itemize any and all data and/or information

10 of or pertaining to ISP Subscribers that NebuAd either shared with third-parties or permitted to be

11 acquired by third-parties.

12   35.    All documents that Concern, Evidence, Discuss, or Reflect the functionality of the

13 NebuAd Device.  Included within the scope of this request for production (but not limited to) are

14 all documents in which the operation and/or functionality of the NebuAd Device is discussed,

15 presented, explained, or described, in, for example, presentations, PowerPoints, flow charts,

16 diagrams and/or technical specifications.

17   36.    All documents that Concern, Evidence, Discuss, or Reflect the installation of the

18 NebuAd Device.   Included within the scope of this request for production (but not limited to) are

19 all documents in which the installation of the NebuAd Device is discussed, presented, explained,

20 or described, in, for example, presentations, PowerPoints, flow charts, diagrams and/or technical

21 specifications.

22   37.    All Communications between NebuAd and any third party that installed or

23 permitted to be installed the NebuAd Device with respect to Monitoring Internet Subscriber

24 Communications.

25   38.    All documents that Concern, Evidence, Discuss, or Reflect the maintenance and/or

26 repair of the NebuAd Device.   Included within the scope of this request for production (but not

27 limited to) are all documents in which the maintenance and/or repair of the NebuAd Device is

28 PLAINTIFF DAN VALENTINE'S FIRST REQUEST     6          Case No. 3:08-cv-05113-TEH
   FOR THE PRODUCTION OF DOCUMENTS TO
   DEFENDANT NEBUAD, INC.

1  discussed, presented, explained, or described, in, for example, presentations, PowerPoint's, flow

2  charts, diagrams and/or technical specifications.

3

4  Dated: April 17, 2009                        Michael J. Aschenbrener
                                                KAMBEREDELSON, LLC

5
                                                By:     s/ Michael J. Aschenbrener
6                                                       Attorney for Plaintiffs

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  PLAINTIFF DAN VALENTINE'S FIRST REQUEST        7          Case No. 3:08-cv-05113-TEH
    FOR THE PRODUCTION OF DOCUMENTS TO
    DEFENDANT NEBUAD, INC.

1

**PROOF OF SERVICE**

2

(VALENTINE, *et al.*, v. NEBUAD, INC., *et al.*, No. 08-CV-5113)

3

I am a resident of the State of Illinois, and over the age of 18, and not a party to within action;

4

my business address is 350 N. LaSalle St., Suite 1300, Chicago, IL 60654.

5

On April 17, 2009, I served the within document(s):

6

**PLAINTIFF DAN VALENTINE'S FIRST REQUEST FOR THE**

7

**PRODUCTION OF DOCUMENTS TO DEFENDANT NEBUAD, INC.**

8

9

| ☒ | By email and U.S. Mail, as indicated: |
|---|---|

10

11

12

| Addressee | Represent | Service |
|---|---|---|

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| | | |
|---|---|---|
| Thomas E. Gilbertsen<br>KELLEY DRYE & WARREN LLP<br>3050 K Street N.W.<br>Washington, D.C. 20007<br>Email: tgilbertsen@kelleydrye.com | NebuAd | Email and U.S. Mail |
| Daniel J. Bergeson<br>Bergeson, LLP<br>303 Almaden Blvd, Ste 500<br>San Jose, CA 95110-2712<br>dbergeson@be-law.com | NebuAd | Email and U.S. Mail |
| David T. Biderman<br>Perkins Coie LLP<br>Four Embarcadero Ctr, Ste 2400<br>San Francisco, CA 94111<br>dbiderman@perkinscoie.com | Knology & WOW! | Email and U.S. Mail |
| Thomas R. Burke<br>Davis Wright Tremaine LLP<br>505 Montgomery St, Ste 800<br>San Francisco, CA 94111-6533<br>thomasburke@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Adam S. Caldwell<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave, NW, Ste 200<br>Washington, D.C. 20006-1272<br>adamcaldwell@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Elizabeth A. Drogula<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006-1272<br>ldrogula@crblaw.com | Bresnan<br>Communications | Email and U.S. Mail |
| Simon J. Frankel<br>Covington & Burling LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111<br>sfrankel@cov.com | Cable One | Email and U.S. Mail |
| David Handzo<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>Washington, D.C. 20001 | CenturyTel &<br>Embarq | U.S. Mail |
| Brian Hauck<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>Washington, D.C. 20001 | CenturyTel &<br>Embarq | U.S. Mail |
| Matthew Hellman<br>Jenner & Block LLP<br>1099 New York Ave NW, Ste 900<br>mhellman@jenner.com | CenturyTel &<br>Embarq | Email & U.S. Mail |
| Alan Himmelfarb<br>KamberEdelson, LLC<br>ahimmelfarb@kamberedelson.com | Plaintiffs | Email |
| Scott A. Kamber<br>KamberEdelson, LLC<br>skamber@kamberedelson.com | Plaintiffs | Email |

| | | |
|---|---|---|
| Joe Malley<br>Law Office of Joseph H. Malley<br>malleylaw@gmail.com | Plaintiffs | Email |
| Ronald G. London<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006<br>ronnielondon@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Melinda Mae Morton<br>Bergeson, LLP<br>303 Almaden Blvd, Ste 500<br>San Jose, CA 95110-2712<br>mmorton@be-law.com | NebuAd, Inc. | Email and U.S. Mail |
| E. Daniel Robinson<br>Covington & Burling LLP<br>One Front Street<br>San Francisco, CA 94111<br>drobinson@cov.com | Cable One | Email and U.S. Mail |
| Troy Sauro<br>Perkins Coie LLP<br>4 Embarcadero Center, 24th Floor<br>San Francisco, CA  94111<br>tsauro@perkinscoie.com | Knology & WOW! | Email and U.S. Mail |
| John D. Seiver<br>Davis Wright Tremaine LLP<br>1919 Pennsylvania Ave NW, Ste 200<br>Washington, D.C. 20006<br>johnseiver@dwt.com | Bresnan<br>Communications | Email and U.S. Mail |
| Carl Brandon Wisoff<br>Farella Braun & Martel LLP<br>235 Montgomery St<br>17th Floor<br>San Francisco, CA 94104<br>bwisoff@fbm.com | CenturyTel &<br>Embarq | Email and U.S. Mail |
| Douglas R. Young<br>Farella Braun & Martel LLP<br>235 Montgomery St<br>17th Floor<br>San Francisco, CA 94104<br>dyoung@fbm.com | CenturyTel/Embarq | Email & U.S. Mail |

Executed on April 17, 2009 at Chicago, Illinois.

s/ Michael J. Aschenbrener

Michael J. Aschenbrener

# EXHIBIT 3

1  DANIEL J. BERGESON, ESQ., Bar No. 105439
   dbergeson@be-law.com
2  MELINDA M. MORTON, Bar No. 209373
   mmorton@be-law.com
3  BERGESON, LLP
   303 Almaden Blvd., Suite 500
4  San Jose, CA  95110
   Phone:  (408) 291-6200
5  Fax:  (408) 297-6000

6  THOMAS E. GILBERTSEN (Admitted *Pro Hac Vice*)
   tgilbertsen@kelleydrye.com
7  KELLEY DRYE & WARREN LLP
   Washington Harbour, Suite 400
8  3050 K Street, NW
   Washington, DC  20007-5108
9  Phone:  (202) 342-8400
   Fax:  (202) 342-8451
10
   Attorneys for Defendant,
11 NebuAd, Inc.

12              IN THE UNITED STATES DISTRICT COURT
13            FOR THE NORTHERN DISTRICT OF CALIFORNIA
                      SAN FRANCISCO DIVISION
14

15 DAN VALENTINE, DALE MORTENSEN,           CASE NO. 3:08-cv-05113 (TEH)(EMC)
   MELISSA BECKER, SAMUEL GREEN,
16 SHERRON RIMPSEY, CHARLOTTE              DEFENDANT NEBUAD, INC.'S OBJECTIONS
   MIRANDA, FRANK MIRANDA, SAUL            TO PLAINTIFF DAN VALENTINE'S FIRST
17 DERMER, WAYNE COPELAND, CRYSTAL         REQUEST FOR THE PRODUCTION OF
   REID, ANDREW PAUL MANARD,               DOCUMENTS TO NEBUAD, INC.
18 KATHLEEN KIRCH, TERRY KIRCH, NEIL
   DEERING, PAUL DRISCOLL, individuals, on
19 behalf of themselves and all others similarly
   situated,
20
                  Plaintiffs,
21
          v.
22
   NEBUAD, INC., a Delaware Corporation,
23 BRESNAN COMMUNICATIONS, a New
   York Corporation, CABLE ONE, a Delaware
24 Corporation, CENTURYTEL, a Texas
   Corporation, EMBARQ, a Delaware
25 Corporation, KNOLOGY, a Delaware
   Corporation, WOW!, a Delaware Corporation,
26 AND JOHN DOES 1-20, Corporations,

27                Defendants.

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

Defendant NebuAd, Inc. ("NebuAd") has executed an assignment for the benefit of creditors (hereinafter, "ABC") pursuant to California law.  Under the terms of the ABC, NebuAd has assigned all of its assets and documents to NebuAd (assignment for the benefit of creditors), LLC.  As a result of the ABC, NebuAd has no officers or employees to assist in responding to these requests, and has essentially ceased to exist.  These objections to plaintiff Dan Valentine's First Request for the Production of Documents to Defendant NebuAd (hereinafter, "Document Requests") are being asserted by the undersigned counsel, who has also moved to withdraw as NebuAd's counsel and for a stay of further proceedings against NebuAd.  These objections are being asserted solely to preserve them for the benefit of NebuAd, its legal representative, and/or successors-in-interest, if any.  NebuAd reserves the right to supplement these objections.

## GENERAL OBJECTIONS

These General Objections are incorporated by reference into each of NebuAd's objections to individual discovery requests.

1.    NebuAd objects to each request to the extent it seeks production of materials protected from disclosure by the attorney-client communication privilege, the work product doctrine, the common interest privilege, the joint defense privilege, or any other applicable privilege.  For any such item protected from disclosure by the attorney-client communication privilege, the work product doctrine, the common interest privilege, the joint defense privilege or any other applicable privilege that was generated or occurred after the filing of the Complaint in this action, NebuAd objects to listing such item on a privilege log, *inter alia*, because to do so would be unduly burdensome.

2.    NebuAd objects to each request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.  NebuAd further objects to the extent the discovery requests seek documents or information already in the custody

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 2 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1    of plaintiffs or information available from public sources or in the public domain or otherwise

2    accessible to plaintiffs.

3         3.    NebuAd objects to each request to the extent it seeks documents subject to a non-

4    disclosure agreement with a third party that has not consented to its production herein.

5         4.    NebuAd objects to each request to the extent that it attempts to state legal or

6    factual conclusions, or to obtain admissions as to any fact in dispute.

7

8         5.    NebuAd objects to each request to the extent that it seeks an admission of

9    relevancy or materiality of any discovery request or the subjects and issues to which they refer.

10        6.    NebuAd objects to each request to the extent it does not define a relevant time

11   period for which documents are requested.

12

13        7.    NebuAd objects to the overly broad, unreasonably cumulative and duplicative

14   scope of plaintiffs' Document Requests, many of which seek "all" documents about broad subject

15   matters.

16        8.    NebuAd reserves all objections to admissibility, relevance, competence, or

17   materiality, at any hearing or trial.

18        9.    NebuAd objects to each request as unduly burdensome to the extent it would

19   require NebuAd to incur substantial costs, through the identification, collection, restoration and/or

20   processing of electronic records or otherwise, that are likely to be disproportionate relative to the

21   likely probative value, if any, of the documents sought to the claims or defenses asserted in this

22

23   case; NebuAd further reserves the right to have the cost of, *inter alia*, identifying, collecting,

24   restoring, processing and/or producing any ESI or other records or things shifted to plaintiffs.

25        10.   NebuAd objects to producing electronically stored information ("ESI") or other

26   records or things in response to each document request other than in a format to which NebuAd

27   agrees and which is reasonable in light of the cost and burdens of the particular format weighed

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 3 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   against the needs of the case, the amount in controversy, the parties' resources, the importance of

2   the issues at stake in the action and the importance of the discovery in resolving the issues;

3   NebuAd further reserves the right to have the cost of producing any ESI or other records or items

4   iin a particular format shifted to plaintiffs.

5

6

7   ## SPECIFIC OBJECTIONS TO DEFINITIONS

8       1.      NebuAd objects to the phrase "receipt on the subject matter of the request" in

9   plaintiffs' definition of "Concern, Discuss, Evidence or Reflect" as vague, ambiguous, and

10  incomprehensible.

11      2.      NebuAd objects to the phrase "monitored, intercepted, captured, recorded,

12  transmitted, copied, Altered, and/or in any way diverted" in plaintiffs' definition of "Internet

13  Subscriber Communications" as calling for a legal conclusion.   NebuAd objects further to

14  plaintiffs' definition of "Internet Subscriber Communications" as vague, ambiguous, overly

15
16  broad, and not reasonably calculated to lead to the discovery of admissible evidence.

17      3.      NebuAd objects to plaintiffs' definition of "Monitor" as calling for a legal

18  conclusion.  NebuAd objects further to plaintiffs' definition of "Monitor" as vague, ambiguous,

19  overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

20  admissible evidence.

21      4.      NebuAd objects to plaintiffs' definition of "NebuAd Device" as calling for a legal

22  conclusion.   NebuAd objects further to the phrases "Monitoring Internet Subscriber

23  Communications" and "whether for testing purposes, or for any other purpose whatsoever" in

24
25  plaintiffs' definition of "NebuAd Device" as vague, ambiguous, unduly burdensome, overly

26  broad, and not reasonably calculated to lead to the discovery of admissible evidence.

27      5.      NebuAd objects to plaintiffs' definition of "Alter" or "Alteration" as calling for a

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 4 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

legal conclusion.  NebuAd further objects to the term "change" and the phrase "the insertion of any advertising in the webpage presented to the Subscriber; or the addition, subtraction or modification in any of the coding or data transmission" in the definition of "Alter" or "Alteration" as vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

**SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS**

**Request for Production No. 1**:

All written and electronic Communications with NebuAd's insurance carriers regarding the instant lawsuit.

**Objections**:  NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.

**Request for Production No. 2**:

All insurance policies related to NebuAd's defense of the instant lawsuit.

**Objections**:  NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.  NebuAd further objects to

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 5 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   this request to the extent that its scope is inconsistent with the scope of Fed. R. Civ. P.

2   26(a)(1)(iv).

3   **Request for Production No. 3**:

4   All written and electronic Communications, including without limitation all Documents,

5   supporting materials, and correspondence provided to and/or received from the Federal Trade

6   Commission ("FTC").

7   **Objections**:  NebuAd incorporates the foregoing general objections and specific

8   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to the

9   phrase "supporting materials" as vague and ambiguous.  NebuAd objects to this request as overly

10  broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

11  evidence to the extent it seeks documents and/or communications provided to or received from

12  the FTC that do not relate to the conduct alleged in plaintiffs' complaint.  NebuAd objects to this

13  request to the extent it seeks documents or information in the custody of third parties over whom

14  NebuAd does not exercise control.  NebuAd further objects to the time period covered by this

15  request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

16  discovery of admissible evidence.

17  **Request for Production No. 4**:

18  All documents that identify any and all ISPs, communications providers, businesses, or

19  entities that, at any time, utilized a NebuAd Device to Monitor Internet Subscriber

20  Communications for any period of time, for any purpose, whether for testing or otherwise.

21  **Objections**:  NebuAd incorporates the foregoing general objections and specific

22  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

23  request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

24  discovery of admissible evidence to the extent it seeks the production of "all documents" rather

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   than just documents sufficient to identify the purported utilization by ISPs, etc. of the items set

2   forth in this request.  NebuAd further objects to this request as overly broad and not reasonably

3   calculated to lead to the discovery of admissible evidence to the extent it seeks production of

4   documents identifying entities that were not ISPs and that did not deploy the UTA on their

5   network and/or for ISPs that only internally tested the UTA without deploying it on their network.

6   NebuAd further objects to this request as overly broad, unduly burdensome, and not reasonably

7   calculated to lead to the discovery of admissible evidence to the extent it seeks the production of

8   "all documents" that identify any and all ISPs, communications providers, businesses, or entities

9   that "utilized" a NebuAd Device to Monitor Internet Subscriber Communications.  NebuAd

10   objects to the term "NebuAd Device" and the phrase "Monitor Internet Subscriber

11   Communications" as calling for a legal conclusion, vague, ambiguous, unduly burdensome,

12   overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

13   NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure

14   agreement with a third party that has not consented to its production herein.  NebuAd objects to

15   this request to the extent it seeks production of documents protected by the attorney-client

16   privilege, work product doctrine, common interest privilege, and/or joint defense privilege.

17   **Request for Production No. 5**:

18       All contracts, including, without limitation, any amendments, addendums, modifications

19   and/or Communications concerning said contracts, between NebuAd and the following DOE

20   defendants in *Valentine v. NebuAd*:

21       a.  Blackfoot TeleCommunications Group, Inc.,

22       b.  Broadstripe (formerly Millennium Digital Media)

23       c.  Charter Communications

24       d.  Decaturnet Internet Services

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 7 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

e.  Eastern Oregon Net, Inc.

f.  High Speed Networks -E50 ("HSNe50")

g.  Metro Provider

h.  OnlyInternet.net

i.  Progressive Internet Services (Jayco.Net)

j.  RTC on Line (Rochester Telephone Company, Indiana)

k.  Softcom Internet Communications, Inc.

l.  20/20 Communications (2020comm.net)

**Objections:**    NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd objects to the term "DOE defendants" as vague and undefined.  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks contracts and communications concerning the same unrelated to NebuAd's products or services at issue in this case.  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of contracts and communications concerning same between NebuAd and ISPs that did not deploy the UTA on their network and/or for ISPs that only internally tested the UTA without deploying it on their network.  NebuAd objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "all" communications between NebuAd and the listed entities concerning contracts with those entities.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.   NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure agreement with a third party that has not consented to its production herein.  NebuAd objects to this request to the extent it seeks production of documents

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 8 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1    protected by the attorney-client privilege, work product doctrine, common interest privilege,

2    and/or joint defense privilege.  NebuAd further objects to the time period covered by this request

3    as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

4    admissible evidence.

5

6    **Request for Production No. 6**:

7        All contracts, including, without limitation, any amendments, addendums, modifications

8    and/or Communications concerning said contracts, between NebuAd and any ISP,

9    Communications provider, business, or entity that, at any time, utilized a NebuAd Device to

10   Monitor Internet Subscriber Communications.

11       **Objections**:   NebuAd incorporates the foregoing general objections and specific

12   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

13   request as overly broad and not reasonably calculated to lead to the discovery of admissible

14

15   evidence to the extent it seeks contracts and communications concerning the same unrelated to

16   NebuAd's products or services at issue in this case.  NebuAd further objects to this request as

17   overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the

18   extent it seeks production of contracts and communications concerning same between NebuAd

19   and ISPs that did not deploy the UTA on their network and/or for ISPs that only internally tested

20   the UTA without deploying it on their network.  NebuAd further objects to this request as overly

21   broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent

22   it seeks "all" communications between NebuAd and "any ISP, Communications provider,

23

24   business, or entity that, at any time, utilized a NebuAd Device to Monitor Internet Subscriber

25   Communications."  NebuAd objects to the terms "NebuAd Device" and "utilized" as well as the

26   phrase "Monitor Internet Subscriber Communications" as calling for a legal conclusion, vague,

27   ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 9 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

discovery of admissible evidence.   NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.   NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure agreement with a third party that has not consented to its production herein.   NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 7**:

All Documents and/or Communications between NebuAd and the entities identified in Request for Production Nos. 4, 5 and 6 that Concern, Evidence, Discuss, or Reflect any of the following topics:

- Contracts or agreements between NebuAd and the ISP;
- Negotiations concerning contracts or agreements between NebuAd and the ISP;
- Implementation of contracts or agreements between NebuAd and the ISP;
- Payment of any monies between the parties as a result of any contracts or agreements between NebuAd and the ISP;
- The NebuAd Device;
- The Monitoring of any Internet Subscriber Communications;
- Data derived from the Monitoring of any Internet Subscriber Communications;
- Revenue (either prospective or actual) derived from the Monitoring of any Internet Subscriber Communications; and

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 10 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1      ▪ Privacy of Internet Subscriber Communications.

2      **Objections**:   NebuAd incorporates the foregoing general objections and specific

3      objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

4      request as overly broad and not reasonably calculated to lead to the discovery of admissible

5      evidence to the extent it seeks contracts and communications concerning the same unrelated to

6      NebuAd's products or services at issue in this case.  NebuAd further objects to this request as

7      overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the

8      extent it seeks production of documents relating to ISPs that did not deploy the UTA on their

9      network and/or for ISPs that only internally tested the UTA without deploying it on their network.

10      NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

11      discovery of admissible evidence to the extent it seeks production of "All Documents and/or

12      Communications."  NebuAd objects to the terms "NebuAd Device" and "Internet Subscriber

13      Communications," as well as the phrases "Monitoring of any Internet Subscriber

14      Communications" and "Privacy of Internet Subscriber Communications" as calling for a legal

15      conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated

16      to lead to the discovery of admissible evidence.  NebuAd further objects to the terms "Data

17      derived from" and "revenue … derived from" as being vague and ambiguous.  NebuAd further

18      objects to this request as irrelevant, overly broad and not reasonably calculated to lead to the

19      discovery of admissible evidence to the extent it seeks documents and communications

20      concerning NebuAd's prospective revenue "derived from the Monitoring of any Internet

21      Subscriber Communications." NebuAd further objects to this request as unreasonably duplicative

22      of other requests, including requests 4, 5 and 6.  NebuAd objects to this request to the extent it

23      seeks documents or information in the custody of third parties over whom NebuAd does not

24      exercise control.  NebuAd objects to this request to the extent it seeks documents subject to a

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 11 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   non-disclosure agreement with a third party that has not consented to its production herein.

2   NebuAd objects to this request to the extent it seeks production of documents protected by the

3   attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

4   privilege.  NebuAd further objects to the time period covered by this request as overly broad,

5

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   evidence.

8   **Request for Production No. 8:**

9        All Documents and records, notes, and/or transcripts (of oral Communications)

10  concerning site visits or other due diligence related to NebuAd's relationships with any of the

11  entities identified in Request for Production Nos. 4, 5, and 6.

12       **Objections:**   NebuAd incorporates the foregoing general objections and specific

13  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

14  request as overly broad and not reasonably calculated to lead to the discovery of admissible

15  evidence to the extent it seeks information between NebuAd and other entities unrelated to

16  NebuAd's products or services at issue in this case. NebuAd further objects to this request as

17  overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the

18  extent it seeks production of documents relating to ISPs that did not deploy the UTA on their

19  network and/or for ISPs that only internally tested the UTA without deploying it on their network.

20  NebuAd objects to the phrase "due diligence" as calling for a legal conclusion, vague and

21  ambiguous.  NebuAd objects to this request as unduly burdensome, overly broad and not

22  reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the

23  production of "All documents."  NebuAd further objects to this request as unreasonably

24  duplicative of other requests, including requests 4, 5, 6, and 7.  NebuAd objects to this request to

25  the extent it seeks documents or information in the custody of third parties over whom NebuAd

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 12 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   does not exercise control.  NebuAd objects to this request to the extent it seeks documents subject

2   to a non-disclosure agreement with a third party that has not consented to its production herein.

3   NebuAd objects to this request to the extent it seeks production of documents protected by the

4   attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

5   privilege.  NebuAd further objects to the time period covered by this request as overly broad,

6   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

7   
8   evidence.

9   **Request for Production No. 9**:

10      All Documents which Concern, Evidence, Discuss, or Reflect contracts and/or agreements

11   between NebuAd and any third party that installed or permitted to be installed the NebuAd

12   Device at any point in the connection between a Subscriber and the internet.

13
14      **Objections**:    NebuAd incorporates the foregoing general objections and specific

15   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

16   request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

17   discovery of admissible evidence to the extent it seeks the production of "All documents."

18   NebuAd further objects to the term "NebuAd Device" as calling for a legal conclusion, vague,

19   ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the

20   discovery of admissible evidence.   NebuAd further objects to this request as unreasonably

21   duplicative of other requests, including requests 4, 5, 6, 7, and 8.  NebuAd further objects to this

22   request as overly broad and not reasonably calculated to lead to the discovery of admissible

23   evidence to the extent it seeks production of documents concerning, etc. contracts or agreements

24   between NebuAd and entities that were not ISPs and that did not deploy the UTA on their

25   network and/or for ISPs that only internally tested the UTA without deploying it on their network.

26   NebuAd objects to this request to the extent it seeks documents or information in the custody of

27
28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 13 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the

2   extent it seeks documents subject to a non-disclosure agreement with a third party that has not

3   consented to its production herein.   NebuAd objects to this request to the extent it seeks

4   production of documents protected by the attorney-client privilege, work product doctrine,

5   common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time

6   period covered by this request as overly broad, unduly burdensome, and not reasonably calculated

7   to lead to the discovery of admissible evidence.

8

9   **Request for Production No. 10**:

10          All documents which Concern, Discuss, Evidence, or Reflect NebuAd's interception of

11  Internet Subscriber Communications.

12          **Objections**:   NebuAd incorporates the foregoing general objections and specific

13  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

14  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

15  discovery of admissible evidence to the extent it seeks the production of "All documents."

16  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

17  discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

18  communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

19  that only internally tested the UTA without deploying it on their network.  NebuAd objects to the

20  terms "interception" and "Internet Subscriber Communications" as calling for a legal conclusion,

21  vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of

22  admissible evidence.   NebuAd objects to this request to the extent it seeks documents or

23  information in the custody of third parties over whom NebuAd does not exercise control.

24  NebuAd objects to this request to the extent it seeks production of documents protected by the

25  attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 14 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   privilege.  NebuAd further objects to the time period covered by this request as overly broad,

2   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

3   evidence.

4   **Request for Production No. 11**:

5

6       All documents which Concern, Discuss, Evidence, or Reflect NebuAd's copying of

7   Internet Subscriber Communications.

8       **Objections**:   NebuAd incorporates the foregoing general objections and specific

9   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

10  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

11  discovery of admissible evidence to the extent it seeks the production of "All documents."

12  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

13  discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

14

15  communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

16  that only internally tested the UTA without deploying it on their network.  NebuAd objects to the

17  terms "copying" and "Internet Subscriber Communications" as calling for a legal conclusion,

18  vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of

19  admissible evidence.   NebuAd objects to this request to the extent it seeks documents or

20  information in the custody of third parties over whom NebuAd does not exercise control.

21  NebuAd objects to this request to the extent it seeks production of documents protected by the

22  attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

23  privilege.  NebuAd further objects to the time period covered by this request as overly broad,

24  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

25  evidence.

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 15 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

**Request for Production No. 12**:

All documents which Concern, Discuss, Evidence, or Reflect NebuAd's transmission of Internet Subscriber Communications.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network. NebuAd objects to the terms "transmission" and "Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 13**:

All documents which Concern, Evidence, Discuss, or Reflect NebuAd's storage of Internet Subscriber Communications.

**Objections**: NebuAd incorporates the foregoing general objections and specific

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 16 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

2   request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

3   discovery of admissible evidence to the extent it seeks the production of "All documents."

4   NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

5   discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

6   communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

7   that only internally tested the UTA without deploying it on their network.  NebuAd objects to the

8   terms "storage" and "Internet Subscriber Communications" as calling for a legal conclusion,

9   vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of

10  admissible evidence.  NebuAd objects to this request to the extent it seeks documents or

11  information in the custody of third parties over whom NebuAd does not exercise control.

12  NebuAd objects to this request to the extent it seeks production of documents protected by the

13  attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

14  privilege.  NebuAd further objects to the time period covered by this request as overly broad,

15  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

16  evidence.

17  **Request for Production No. 14**:

18      All documents which Concern, Evidence, Discuss, or Reflect NebuAd's Alteration of

19  Internet Subscriber Communications.

20      **Objections**:   NebuAd incorporates the foregoing general objections and specific

21  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

22  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

23  discovery of admissible evidence to the extent it seeks the production of "All documents."

24  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 17 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

2   communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

3   that only internally tested the UTA without deploying it on their network.  NebuAd objects to the

4   terms "Alteration" and "Internet Subscriber Communications" as calling for a legal conclusion,

5   vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of

6   admissible evidence.   NebuAd objects to this request to the extent it seeks documents or

7   information in the custody of third parties over whom NebuAd does not exercise control.

8   NebuAd objects to this request to the extent it seeks production of documents protected by the

9   attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

10  privilege.  NebuAd further objects to the time period covered by this request as overly broad,

11  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

12  evidence.

13

14  **Request for Production No. 15**:

15      All documents which Concern, Evidence, Discuss, or Reflect NebuAd's analysis of

16  Internet Subscriber Communications.

17      **Objections**:   NebuAd incorporates the foregoing general objections and specific

18  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

19  request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence,

20  and unduly burdensome to the extent it seeks the production of "All documents." NebuAd further

21  objects to this request as overly broad and not reasonably calculated to lead to the discovery of

22  admissible evidence to the extent it seeks production of documents concerning, etc.

23  communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

24  that only internally tested the UTA without deploying it on their network. NebuAd objects to the

25  term "Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous,

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 18 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to the term "analysis" as vague and ambiguous. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 16**:

All documents which Concern, Evidence, Discuss, or Reflect any analysis, presentations, compilations, summaries, and/or reports by NebuAd or any third parties regarding Internet Subscriber Communications.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as overly broad, not reasonably calculated to lead to the discovery of admissible evidence, and unduly burdensome to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network. NebuAd objects to the term "Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 19 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1  extent it seeks production of documents protected by the attorney-client privilege, work product

2  doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the

3  time period covered by this request as overly broad, unduly burdensome, and not reasonably

4  calculated to lead to the discovery of admissible evidence.

5

6  **Request for Production No. 17**:

7  All documents which Concern, Evidence, Discuss, or Reflect NebuAd's sharing of

8  Internet Subscriber Communications with the ISP from which the Internet Subscriber

9  Communications were obtained.

10  **Objections**:   NebuAd incorporates the foregoing general objections and specific

11  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

12  request as overly broad and not reasonably calculated to lead to the discovery of admissible

13  evidence to the extent it seeks production of documents concerning, etc. communications by

14  subscribers to ISPs that did not deploy the UTA on their network and/or ISPs that only internally

15  tested the UTA without deploying it on their network.  NebuAd further objects to this request as

16  unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of

17

18  admissible evidence to the extent it seeks the production of "All documents."  NebuAd objects to

19  the term "Internet Subscriber Communications" as calling for a legal conclusion, vague,

20  ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible

21  evidence.  NebuAd objects to this request to the extent it seeks documents or information in the

22  custody of third parties over whom NebuAd does not exercise control.  NebuAd objects to this

23  request to the extent it seeks documents subject to a non-disclosure agreement with a third party

24  that has not consented to its production herein.  NebuAd objects to this request to the extent it

25  seeks production of documents protected by the attorney-client privilege, work product doctrine,

26  common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 20 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   period covered by this request as overly broad, unduly burdensome, and not reasonably calculated

2   to lead to the discovery of admissible evidence.

3   **Request for Production No. 18**:

4       All documents which Concern, Evidence, Discuss, or Reflect NebuAd's sharing of

5   Internet Subscriber Communications with any persons or parties (other than NebuAd).

6   

7       **Objections**:   NebuAd incorporates the foregoing general objections and specific

8   objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

9   request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

10   discovery of admissible evidence to the extent it seeks the production of "All documents."

11   NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

12   discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

13   communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs

14   that only internally tested the UTA without deploying it on their network.  NebuAd objects to the

15   term "Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous,

16   overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

17   NebuAd objects to this request to the extent it seeks documents or information in the custody of

18   third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the

19   extent it seeks documents subject to a non-disclosure agreement with a third party that has not

20   consented to its production herein.   NebuAd objects to this request to the extent it seeks

21   production of documents protected by the attorney-client privilege, work product doctrine,

22   common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time

23   period covered by this request as overly broad, unduly burdensome, and not reasonably calculated

24   to lead to the discovery of admissible evidence.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 21 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

**Request for Production No. 19**:

All documents which Concern, Evidence, Discuss, or Reflect all actions by NebuAd, or any third parties, to protect the privacy and/or security of the data captured by the NebuAd Device.

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to the terms "protect," "privacy," "security," "captured" and "the NebuAd Device" as calling for a legal conclusion, vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd further objects to the term "NebuAd Device" as unduly burdensome.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.    NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 20**:

All documents which Concern, Evidence, Discuss, or Reflect actions by NebuAd, or any third parties to obtain consent from Subscribers regarding Internet Subscriber Communications.

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 22 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers to ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network. NebuAd further objects to the terms "obtain," "consent" and "Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure agreement with a third party that has not consented to its production herein. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 21:**

All documents which Concern, Evidence, Discuss, or Reflect numbers of Subscribers whose data, information, and/or activities on the internet were subject to Monitoring by the NebuAd Device. This Request includes but it not limited to any documents that reflect numbers of Subscribers in whatever context it appears, including by way of example only: total numbers of Subscribers, numbers of Subscribers per ISP (or other entity), numbers of Subscribers per NebuAd Device, and/or numbers of Subscribers broken down by any period of time (i.e., monthly) and/or geographic region, and/or numbers of Subscribers for purposes of calculating royalties or payments.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 23 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to the terms "Monitoring" and "NebuAd Device" as calling for a legal conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure agreement with a third party that has not consented to its production herein. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 22**:

All documents which Concern, Evidence, Discuss, or Reflect activities of Subscribers whose data, information, and/or activities on the internet were subject to Monitoring by the NebuAd Device.

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to the terms "Monitoring" and "NebuAd Device" as calling for a legal

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 24 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated

2   to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it

3   seeks documents or information in the custody of third parties over whom NebuAd does not

4   exercise control.  NebuAd objects to this request to the extent it seeks production of documents

5   protected by the attorney-client privilege, work product doctrine, common interest privilege,

6   and/or joint defense privilege.  NebuAd further objects to the time period covered by this request

7   as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

8   admissible evidence.

9

10  **Request for Production No. 23**:

11        All documents which Concern, Evidence, Discuss, or Reflect training of ISP personnel in

12  the management, repair, and/or maintenance of the NebuAd Device.

13        **Objections**:   NebuAd incorporates the foregoing general objections and specific

14  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

15  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

16  discovery of admissible evidence to the extent it seeks the production of "All documents."

17  NebuAd further objects to the term "NebuAd Device" as calling for a legal conclusion, vague,

18  ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the

19  discovery of admissible evidence.   NebuAd objects to this request to the extent it seeks

20  documents or information in the custody of third parties over whom NebuAd does not exercise

21  control.  NebuAd objects to this request to the extent it seeks documents subject to a non-

22  disclosure agreement with a third party that has not consented to its production herein.  NebuAd

23  objects to this request to the extent it seeks production of documents protected by the attorney-

24  client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.

25  NebuAd further objects to the time period covered by this request as overly broad, unduly

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 25 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

2  **Request for Production No. 24**:

3      All documents which Concern, Evidence, Discuss, or Reflect remediation actions taken

4  and planned by NebuAd to prevent access, storage, modification, and/or sharing of consumers'

5  personal information with third-parties.

6

7      **Objections**:   NebuAd incorporates the foregoing general objections and specific

8  objections to plaintiffs' definitions as if fully set forth herein.   NebuAd further objects to this

9  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

10  discovery of admissible evidence to the extent it seeks the production of "All documents."

11  NebuAd further objects to the terms "remediation," "access," "storage," "modification,"

12  "sharing," and "personal information" as calling for a legal conclusion, vague, and ambiguous.

13  NebuAd further objects to the term "remediation" as incomprehensible.   NebuAd objects to this

14  request to the extent it seeks documents or information in the custody of third parties over whom

15  NebuAd does not exercise control.   NebuAd objects to this request to the extent it seeks

16  production of documents protected by the attorney-client privilege, work product doctrine,

17  common interest privilege, and/or joint defense privilege.   NebuAd further objects to the time

18  period covered by this request as overly broad, unduly burdensome, and not reasonably calculated

19  to lead to the discovery of admissible evidence.

20

21  **Request for Production No. 25**:

22      All documents which Concern, Evidence, Discuss, or Reflect any inventories of any

23  NebuAd Devices.

24

25      **Objections**:   NebuAd incorporates the foregoing general objections and specific

26  objections to plaintiffs' definitions as if fully set forth herein.   NebuAd further objects to this

27  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   discovery of admissible evidence to the extent it seeks the production of "All documents."

2   NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably

3   calculated to lead to the discovery of admissible evidence because the requested inventories, if

4   any exist or have existed, are irrelevant to the claims and defenses in this case.  NebuAd further

5   objects to the term "NebuAd Devices" as calling for a legal conclusion, vague, ambiguous,

6   unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of

7   admissible evidence.  NebuAd objects to this request to the extent it seeks documents or

8   information in the custody of third parties over whom NebuAd does not exercise control.

9   NebuAd objects to this request to the extent it seeks production of documents protected by the

10  attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

11  privilege.  NebuAd further objects to the time period covered by this request as overly broad,

12  unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

13  evidence.

14

15

16  **Request for Production No. 26**

17      All documents that identify the current location and possible future locations of the

18  NebuAd Devices.

19      **Objections**:   NebuAd incorporates the foregoing general objections and specific

20  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

21  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

22  discovery of admissible evidence to the extent it seeks the production of "All documents."

23  NebuAd further objects to this request NebuAd further objects to this request as overly broad and

24  not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks

25  documents identifying "possible future locations of the NebuAd Devices."  NebuAd objects to the

26  term "NebuAd Devices" as calling for a legal conclusion, vague, ambiguous, unduly burdensome,

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 27 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1  overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.

2  NebuAd objects to this request to the extent it seeks documents or information in the custody of

3  third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the

4  extent it seeks documents subject to a non-disclosure agreement with a third party that has not

5  consented to its production herein.   NebuAd objects to this request to the extent it seeks

6  production of documents protected by the attorney-client privilege, work product doctrine,

7  common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time

8  

9  period covered by this request as overly broad, unduly burdensome, and not reasonably calculated

10  to lead to the discovery of admissible evidence.

11  **Request for Production No. 27**:

12  

13      All documents that Concern, Evidence, Discuss, or Reflect whether the NebuAd Devices

14  may still be used to access, store, modify, and/or share with third-parties the personal information

15  of consumers.

16      **Objections**:   NebuAd incorporates the foregoing general objections and specific

17  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

18  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

19  discovery of admissible evidence to the extent it seeks the production of "All documents."

20  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably

21  calculated to lead to the discovery of admissible evidence because whether the "NebuAd

22  Devices" can still be used to access, etc. the personal information of consumers is irrelevant to the

23  

24  claims and defenses in this case.  NebuAd further objects to the terms "NebuAd Devices,"

25  "access," "store," "modify," "share," and "personal information" as calling for a legal conclusion,

26  vague, and ambiguous.  NebuAd further objects to the term "NebuAd Devices" as unduly

27  

28  burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 28 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

evidence. NebuAd objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents relating to whether NebuAd Devices "may still be used." NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 28**:

All documents that Concern, Evidence, Discuss, or Reflect whether the NebuAd Devices are still being used to Monitor Internet Subscriber Communications.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network. NebuAd further objects to the term "NebuAd Devices" and the phrase "Monitor Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to this request to the extent it seeks documents or information in the custody of

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 29 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 29**:

All documents that Concern, Evidence, Discuss, or Reflect the identification of Subscribers whose Internet Subscriber Communications were Monitored by the NebuAd Device and/or systems.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network. NebuAd further objects to the terms "identification," "Internet Subscriber Communications," "Monitored," and "NebuAd Device and/or systems" as calling for a legal conclusion, vague, and ambiguous. NebuAd further objects to the terms "Internet Subscriber Communications," "Monitored," and "NebuAd Device and/or systems" as overly broad and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to the terms "Monitored" and "NebuAd Device" as unduly burdensome. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 30 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   NebuAd objects to this request to the extent it seeks production of documents protected by the

2   attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense

3   privilege.  NebuAd further objects to the time period covered by this request as overly broad,

4   unduly burdensome, and not reasonably calculated to lead to the discovery of admissible

5   evidence.

6

7   **Request for Production No. 30**:

8        All documents that Concern, Evidence, Discuss, or Reflect the identification of

9   Subscribers whose Internet Subscriber Communications may have been Monitored by the

10  NebuAd Device and/or systems.

11       **Objections**:   NebuAd incorporates the foregoing general objections and specific

12  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

13  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

14  discovery of admissible evidence to the extent it seeks the production of "All documents."

15  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

16  discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

17  communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs

18  that only internally tested the UTA without deploying it on their network.  NebuAd further

19  objects to the terms "identification," "Internet Subscriber Communications," "Monitored," and

20  "NebuAd Device and/or systems" as calling for a legal conclusion, vague, and ambiguous.

21  NebuAd further objects to the terms "Internet Subscriber Communications," "Monitored," and

22  "NebuAd Device and/or systems" as overly broad and not reasonably calculated to lead to the

23  discovery of admissible evidence.   NebuAd objects to the terms "Internet Subscriber

24  Communications" and "Monitored" as unduly burdensome.  NebuAd objects to this request to the

25  extent it seeks documents or information in the custody of third parties over whom NebuAd does

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 31 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1  not exercise control.  NebuAd objects to this request to the extent it seeks production of

2  documents protected by the attorney-client privilege, work product doctrine, common interest

3  privilege, and/or joint defense privilege.  NebuAd further objects to the time period covered by

4  this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the

5

6  discovery of admissible evidence.

7  **Request for Production No. 31**:

8  All documents that Concern, Evidence, Discuss, or Reflect the identification of

9  Subscribers whose Internet Subscriber Communications have not been reasonably excluded as

10  having been Monitored by the NebuAd Device and/or systems.

11  **Objections**:  NebuAd incorporates the foregoing general objections and specific

12  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

13  request because it is incomprehensible and, therefore, does not specify with reasonable

14  particularlity the kinds or categories of documents that are being.  NebuAd further objects to this

15  request as overly broad and not reasonably calculated to lead to the discovery of admissible

16  evidence to the extent it seeks production of documents concerning, etc. communications by

17  subscribers of ISPs that did not deploy the UTA on their network and/or ISPs that only internally

18  tested the UTA without deploying it on their network.  NebuAd further objects to this request as

19  unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of

20  admissible evidence to the extent it seeks the production of "All documents."  NebuAd further

21  objects to the terms "identification," "Internet Subscriber Communications," "reasonably

22  excluded," "Monitored," and "NebuAd Device and/or systems" as calling for a legal conclusion,

23  vague, and ambiguous.  NebuAd further objects to the terms "Internet Subscriber

24  Communications," "Monitored," and "NebuAd Device and/or systems" as overly broad and not

25  reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

terms "Internet Subscriber Communications" and "Monitored" as unduly burdensome.  NebuAd further objects to this request as vague, ambiguous, and incomprehensible.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 32**:

All logs of consumer incidents and complaints attributable to Monitoring of Internet Subscriber Communications.

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs that only internally tested the UTA without deploying it on their network.  NebuAd further objects to the term "consumer incidents" and the phrase "Monitoring of Internet Subscriber Communications" as vague and ambiguous.  NebuAd further objects to the phrase "Monitoring of Internet Subscriber Communications" as calling for a legal conclusion, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it seeks documents or information in the custody of

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 33 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1   third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the

2   extent it seeks production of documents protected by the attorney-client privilege, work product

3   doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the

4   time period covered by this request as overly broad, unduly burdensome, and not reasonably

5   calculated to lead to the discovery of admissible evidence.

6

7   **Request for Production No. 33**:

8       All documents that Concern, Evidence, Discuss, or Reflect the inventory of Internet

9   Subscriber Communications and/or portions thereof retained by NebuAd, or the retention of

10  which has been facilitated by NebuAd.

11      **Objections**:    NebuAd incorporates the foregoing general objections and specific

12  objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

13  request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

14  discovery of admissible evidence to the extent it seeks the production of "All documents."

15  NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the

16  discovery of admissible evidence to the extent it seeks production of documents concerning, etc.

17  communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs

18  that only internally tested the UTA without deploying it on their network.  NebuAd further

19  objects to the terms "inventory," "Internet Subscriber Communications," "retained," "facilitated,"

20  and "retention" as calling for a legal conclusion, vague, and ambiguous.  NebuAd further objects

21  to the term "Internet Subscriber Communications" as unduly burdensome, overly broad, and not

22  reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this

23  request to the extent it seeks documents or information in the custody of third parties over whom

24  NebuAd does not exercise control.

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 34 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

**Request for Production No. 34**:

All documents that describe, list, and/or itemize any and all data and/or information of or pertaining to ISP Subscribers that NebuAd shared with third-parties or permitted to be acquired by third-parties. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to the term "of or pertaining to," "shared," and "permitted to be acquired" as calling for a legal conclusion, vague, and ambiguous. NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 35**:

All documents that Concern, Evidence, Discuss, or Reflect the functionality of the NebuAd Device. Included within the scope of this request for production (but not limited to) are all documents in which the operation and/or functionality of the NebuAd Device is discussed,

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 35 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1    presented, explained, or described, in, for example, presentations, PowerPoints, flow charts,

2    diagrams and/or technical specifications.

3        **Objections**:    NebuAd incorporates the foregoing general objections and specific

4    objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this

5    request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

6    discovery of admissible evidence to the extent it seeks the production of "All documents."

7    NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably

8    calculated to lead to the discovery of admissible evidence to the extent it seeks the production of

9    "All documents."   NebuAd objects to the term "NebuAd Device" as calling for a legal

10   conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated

11   to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it

12   seeks documents or information in the custody of third parties over whom NebuAd does not

13   exercise control.  NebuAd objects to this request to the extent it seeks production of documents

14   protected by the attorney-client privilege, work product doctrine, common interest privilege,

15   and/or joint defense privilege.  NebuAd further objects to the time period covered by this request

16   as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

17   admissible evidence.

**Request for Production No. 36**:

        All documents that Concern, Evidence, Discuss, or Reflect the installation of the NebuAd

Device.  Included within the scope of this request for production (but not limited to) are all

documents in which the installation of the NebuAd Device is discussed, presented, explained, or

described, in, for example, presentations, PowerPoints, flow charts, diagrams and/or technical

specifications.

        **Objections**:    NebuAd incorporates the foregoing general objections and specific

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 36 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents."   NebuAd objects to the term "NebuAd Device" as calling for a legal conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence.  NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control.  NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 37**:

All Communications between NebuAd and any third party that installed or permitted to be installed the NebuAd Device with respect to Monitoring Internet Subscriber Communications.

**Objections**:   NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein.  NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "All documents." NebuAd further objects to this request as overly broad and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks production of documents concerning, etc. communications by subscribers of ISPs that did not deploy the UTA on their network and/or ISPs

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 37 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

that only internally tested the UTA without deploying it on their network. NebuAd further objects to the term "NebuAd Device" and the phrase "Monitoring Internet Subscriber Communications" as calling for a legal conclusion, vague, ambiguous, unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence. NebuAd objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks the production of "all communications between any third party that installed or permitted to be installed the NebuAd Device." NebuAd objects to this request to the extent it seeks documents or information in the custody of third parties over whom NebuAd does not exercise control. NebuAd objects to this request to the extent it seeks documents subject to a non-disclosure agreement with a third party that has not consented to its production herein. NebuAd objects to this request to the extent it seeks production of documents protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. NebuAd further objects to the time period covered by this request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

**Request for Production No. 38**:

All documents that Concern, Evidence, Discuss, or Reflect the maintenance and/or repair of the NebuAd Device. Included within the scope of this request for production (but not limited to) are all documents in which the maintenance and/or repair of the NebuAd Device is discussed, presented, explained, or described, in, for example, presentations, PowerPoints, flow charts, diagrams and/or technical specifications.

**Objections**: NebuAd incorporates the foregoing general objections and specific objections to plaintiffs' definitions as if fully set forth herein. NebuAd further objects to this request as unduly burdensome, overly broad, and not reasonably calculated to lead to the

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 38 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1    discovery of admissible evidence to the extent it seeks the production of "All documents."

2    NebuAd further objects to the term "NebuAd Device" as calling for a legal conclusion, vague,

3    ambiguous, unduly burdensome, overly broad and not reasonably calculated to lead to the

4    discovery of admissible evidence.  NebuAd objects to this request as unduly burdensome, overly

5    broad, and not reasonably calculated to lead to the discovery of admissible evidence to the extent

6    it seeks production of "all documents" that refer or relate to the repair or maintenance of the

7    NebuAd Device.  NebuAd objects to this request to the extent it seeks documents or information

8    in the custody of third parties over whom NebuAd does not exercise control.  NebuAd objects to

9    this request to the extent it seeks documents subject to a non-disclosure agreement with a third

10   party that has not consented to its production herein.  .  NebuAd objects to this request to the

11   extent it seeks production of documents protected by the attorney-client privilege, work product

12   doctrine, common interest privilege, and/or joint defense privilege.  NebuAd further objects to the

13   time period covered by this request as overly broad, unduly burdensome, and not reasonably

14   calculated to lead to the discovery of admissible evidence.

15

16

17                                              Respectfully submitted,
     Dated:  May 20, 2009
18
                                            AS TO OBJECTIONS:
19

20                                          KELLEY DRYE & WARREN LLP

21

22                                          By: _____
                                               THOMAS E. GILBERTSEN
23                                             Attorney for Defendant, NebuAd, Inc.

24

25

26

27

28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007                       - 39 -                NEBUAD, INC.'S OBJECTIONS TO
                                                          PLAINTIFFS' FIRST DOCUMENT REQUESTS
                                                                3:08-CV-05113 (TEH)(EMC)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I, Stephen R. Freeland, am a citizen of the United States.  My business address is Kelley

Drye & Warren, LLP, 3050 K Street, N.W., Washington, D.C. 20007.  I am employed in

Washington, D.C.  I am over the age of 18 years, and not a party to this action.  On the date set

forth below, I caused the foregoing **DEFENDANT NEBUAD, INC.'S OBJECTIONS TO**

**PLAINTIFF DAN VALENTINE'S FIRST REQUEST FOR THE PRODUCTION OF**

**DOCUMENTS TO NEBUAD, INC.** to be served on the following counsel of record for the

parties by U.S. Overnight Mail, postage prepaid, and via e-mail to the e-mail addresses indicated:

> Scott A. Kamber (via e-mail and U.S. Overnight Mail, postage prepaid)
> KAMBEREDELSON, LLC
> 11 Broadway, 22nd Floor
> New York, NY 10004
> Telephone:  (212) 920-3072
> Facsimile:  (212) 202-6364
> E-mail:  skamber@kamberedelson.com
>
> Joseph H. Malley (via e-mail and U.S. overnight Mail, postage prepaid)
> Law Office of Joseph H. Malley, PC
> 1045 North Zang Boulevard
> Dallas, TX 75208
> Telephone: (214) 943-6100
> E-mail: malleylaw@gmail.com
>
> *Attorneys for Plaintiffs*
>
> John D. Siever (via e-mail and U.S. Overnight Mail, postage prepaid)
> DAVIS WRIGHT TREMAINE LLP
> 1919 Pennsylvania Ave., N.W., Suite 200
> Washington, D.C. 20006-1272
> Phone: (202) 973-4200
> Fax: (202) 973-4499
> E-mail: johnseiver@dwt.com
>
> *Attorneys for Defendant Bresnan Communications*

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 40 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

1    Simon J. Frankel (via e-mail and U.S. Overnight Mail, postage prepaid)
2    COVINGTON & BURLING LLP
     One Front Street, 35th Floor
3    San Francisco, CA 94111
     Phone: (415) 591-6000
4    Fax: (415) 591-6091
     E-mail: sfrankel@cov.com
5
     *Attorneys for Defendant Cable One*
6

7    David Handzo (via e-mail and U.S. Overnight Mail, postage prepaid)
     JENNER & BLOCK LLP
8    1099 New York Avenue, N.W.
     Suite 900
9    Washington, D.C. 20001
     Phone: (202)639-6000
10   Fax: (202)649-6066
     E-mail: dhandzo@jenner.com
11

12   Cal Brandon Wisoff (via e-mail)
     FARELLA BRAUN & MARTEL LLP
13   235 Montgomery Street
     17th Floor
14   San Francisco, CA 94104
     Phone: (415) 954-4410
15   Fax: (415) 954-4480
     E-mail: bwisoff@fbm.com
16

17   *Attorneys for Defendants CenturyTel and Embarq*

18   Troy Philip Sauro (via e-mail and U.S. Overnight Mail, postage prepaid)
19   PERKINS COIE LLP
     Four Embarcadero Center, Suite 2400
20   San Francisco, CA 94111
     Phone: (415) 344-7000
21   Fax: (415) 344-7050
     E-mail: tsauro@perkinscoie.com
22

23   *Attorneys for Defendants Knology and WOW!*

24

25   I declare under penalty of perjury that the above is true and correct.  Executed on May 20,

26   2009.

27
     _____
28   DATED:  May 20, 2009
                                          Stephen R. Freeland

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

- 41 -

NEBUAD, INC.'S OBJECTIONS TO
PLAINTIFFS' FIRST DOCUMENT REQUESTS
3:08-CV-05113 (TEH)(EMC)

# EXHIBIT 4

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**3050 K. STREET, N.W.**

NEW YORK, NY

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES

MUMBAI, INDIA

**SUITE 400**

**WASHINGTON, D.C. 20007**

———

(202) 342-8400

FACSIMILE

(202) 342-8451

www.kelleydrye.com

DIRECT LINE: (202) 342-8505

EMAIL: tgilbertsen@kelleydrye.com

June 29, 2009

**VIA E-MAIL AND REGULAR US FIRST CLASS MAIL**

Alan Himmelfarb, Esq.
KamberEdelson, LLC
2757 Leonis Blvd.
Los Angeles, CA 90058

     Re:    *Valentine, et al. v. NebuAd, Inc., et al.*, **No. C 08-cv-05113 (TEH) (EMC)**

Dear Alan:

       Thank you for recent correspondence about discovery in the referenced matter. As you are aware, on June 24, 2009 Judge Henderson directed discovery to proceed while the court considers Kelley Drye & Warren, LLP and Bergeson, LLP's (hereinafter, collectively, "Counsel") motions to withdraw and for a stay of proceedings as to NebuAd, Inc. (hereinafter, "NebuAd"). *See* June 24, 2009 Order (Document 141). Specifically, the Order provides that "[w]hile the Court is deliberating on the pending motions, the Court orders that discovery proceed in this matter" and that "[t]he Court will entertain any motions of Plaintiffs to compel response to propounded discovery requests, and will likewise entertain any motion of Plaintiffs to join the officers and directors of NebuAd in their individual capacity, so as to facilitate discovery." *See* June 24, 2009 Order (Document 141).

       Now that the court has directed Counsel to proceed with discovery, and as we have not previously met and conferred, I write to propose a meet and confer session to discuss the mechanics and scope of discovery moving forward. We should discuss all outstanding discovery issues including plaintiffs' discovery requests and NebuAd's corresponding objections, Counsel's continuing production of responsive documents, and issues surrounding discovery of electronic documents and data. To facilitate the conference, this letter summarizes the current state of Nebuad's production.

       Prior to NebuAd's execution of an assignment for benefit of creditors (hereinafter, "ABC"), Counsel produced documents responsive to both plaintiffs' informal and formal

KELLEY DRYE & WARREN LLP

Alan Himmelfarb, Esq.
June 29, 2009
Page Two

discovery requests.  In accordance with Judge Henderson's June 24, 2009 Order, Counsel also produced additional responsive documents this past Friday, June 26, 2009 and anticipates further productions the week of June 29, 2009.  As we previously advised both you and the court, Counsel and an independent forensic data imaging company, IKON, have certain electronic data responsive to plaintiffs' formal discovery requests.  Counsel has electronic documents and data consisting largely of e-mails, Microsoft Word documents, PDF files, and Microsoft Excel spreadsheets that Counsel collected during a visit to NebuAd's Foster City facility prior to the execution of the ABC.  This collection alone comprises approximately 7.1 gigabytes of data. IKON has also collected electronic data from servers and laptops at NebuAd's Foster City, California location.  This collection comprises a massive amount of data – approximately 600 gigabytes of compressed data – and it is likely that this number will increase once the data is uncompressed.  And as you will understand, these images have captured both responsive and non-responsive materials as well as privileged attorney-client communications and attorney work product.

Due to associated costs, the electronic data collected has not been processed for keyword searching.  IKON estimates that it will cost over $11,000.00 to prepare all of the compressed data collected for keyword searching.  This estimate is exclusive of the potential cost for licensing rights to access and utilize third-party software used by NebuAd during the ordinary course of business.  After the compressed data has been processed, IKON estimates that it will cost approximately $160.00 per gigabyte of data to conduct a keyword search.  Therefore, assuming that the amount of uncompressed data comprises 675 gigabytes (a conservative assumption), a keyword search conducted across all electronic data collected is estimated to cost over one hundred thousand dollars ($108,000.00).  IKON estimates that, depending on the volume of data produced by the keyword search, it will cost between $900.00 and $1,200.00 per gigabyte to process the data produced from the keyword search for attorney review.

In summary, the estimated cost to conduct a keyword search of all electronic data collected is approximately $120,000.00.  This estimate excludes the cost of obtaining licenses to third-party software, the $900.00 to $1,200.00 per gigabyte fee to process documents for attorney review, as well as the attorney fees incurred in reviewing documents produced by the keyword search.  Given the extraordinary and unduly burdensome cost to process and review the collected electronic data, Counsel believes it is necessary to carefully limit the scope of the electronic data that is processed/searched and/or agree to share the cost of electronic discovery.  Counsel is prepared to discuss these issues during the meet and confer we are requesting by this letter.

In addition, in order to proceed with electronic discovery, the parties must first come to agreement on keyword search terms to run against NebuAd's electronic data.  While Counsel is willing to review and discuss any search terms proposed by plaintiffs' counsel, it seems inefficient to proceed with keyword searches of electronic data at this time.  The defendant

**KELLEY DRYE & WARREN** LLP

Alan Himmelfarb, Esq.
June 29, 2009
Page Three

Internet Service Providers ("ISPs") have all moved to dismiss plaintiffs' complaint on various grounds, including lack of personal jurisdiction. If their motions are denied, defendant ISPs will want to participate in the selection of search terms to run against NebuAd's electronic data, especially in light of plaintiffs' allegations of joint and several liability. It therefore seems reasonable and prudent for the parties to await the court's ruling on the defendant ISPs' motions to dismiss before coming to agreement on search terms to run against NebuAd's electronic data. Such a course avoids the undue cost and burden of conducting multiple keyword searches and reviews of NebuAd's electronic data.

As you know, Judge Henderson's June 24, 2009 Order also provides that the court will entertain a motion from plaintiffs to join a former NebuAd officer solely for the purpose of facilitating discovery. We are currently researching under the Federal Rules the feasibility of having a former NebuAd officer participate in the case for the limited purpose of facilitating discovery. We welcome your thoughts on what limited discovery role a former NebuAd officer could have in this case.

We are generally available this week for a meet and confer session. Please advise.

Very truly yours,

Thomas E. Gilbertsen / SR J.

Thomas E. Gilbertsen

cc: All Defense Counsel (via e-mail only)
    Mindy Morton (via e-mail only)

# EXHIBIT 5

From: "Michael J. Aschenbrener, Esq." <maschenbrener@kamberedelson.com>
Subject: Re: Valentine, et al. v. NebuAd, Inc., et al.
Date: June 30, 2009 8:49:10 AM CDT
To: Stephen Freeland <SFreeland@KelleyDrye.com>
Cc: "Scott A. Kamber, Esq." <skamber@kamberedelson.com>, "Thomas E. Gilbertsen" <TGilbertsen@KelleyDrye.com>,
"Joanna E. Baden-Mayer" <JBaden-Mayer@KelleyDrye.com>, Mindy Morton <mmorton@be-law.com>, Daniel Bergeson
<dbergeson@be-law.com>, Simon Frankel <sfrankel@cov.com>, tsauro@perkinscoie.com, dhandzo@jenner.com,
AdamCaldwell@dwt.com, thomasburke@dwt.com, lizdrogula@dwt.com, John Seiver <JohnSeiver@dwt.com>,
ronnielondon@dwt.com, drobinson@cov.com, dyoung@fbm.com, bwisoff@fbm.com, mhellman@jenner.com, bhauck@jenner.com,
ahimmelfarb@kamberedelson.com, Steve Teppler <steppler@kamberedelson.com>
Reply-To: "Michael J. Aschenbrener, Esq." <maschenbrener@kamberedelson.com>

Stephen-

Can you be available at 2 p.m. CDT today for a meet-and-confer phone call so that we may discuss the issues
before us?  We will have our technology expert on the line; we expect that you will as well.  This will allow us to
work through the discovery issues you present in your June 29, 2009 correspondence, as well as any additional
discovery-related issues that may arise.  If you are not able to get your expert on the line, we will still have ours.

Please advise as to whether this time works for you.  If not, please propose an alternate time.

Regards,

MJA

Michael J. Aschenbrener | KamberEdelson LLC
350 North LaSalle Street, Suite 1300
Chicago, IL 60654
1.312.589.6379 (direct) | 1.312.589.6370 (firm) | 1 312 589 6378 (fax)
maschenbrener@kamberedelson.com | www.kamberedelson.com


----- Original Message -----
From: "Stephen Freeland" <SFreeland@KelleyDrye.com>
To: ahimmelfarb@kamberedelson.com
Cc: "Scott A. Kamber, Esq." <skamber@kamberedelson.com>, maschenbrener@kamberedelson.com, "Thomas E.
Gilbertsen" <TGilbertsen@KelleyDrye.com>, "Joanna E. Baden-Mayer" <JBaden-Mayer@KelleyDrye.com>, "Mindy
Morton" <mmorton@be-law.com>, "Daniel Bergeson" <dbergeson@be-law.com>, "Simon Frankel"
<sfrankel@cov.com>, tsauro@perkinscoie.com, dhandzo@jenner.com, AdamCaldwell@dwt.com,
thomasburke@dwt.com, lizdrogula@dwt.com, "John Seiver" <JohnSeiver@dwt.com>, ronnielondon@dwt.com,
drobinson@cov.com, dyoung@fbm.com, bwisoff@fbm.com, mhellman@jenner.com, bhauck@jenner.com
Sent: Monday, June 29, 2009 4:45:17 PM GMT -06:00 US/Canada Central
Subject: Valentine, et al. v. NebuAd, Inc., et al.

Counsel:

Please see the attached correspondence.

Very truly yours,

Stephen R. Freeland
Associate
Kelley Drye & Warren, LLP
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007
Direct Dial  (202)342-8635
Fax: (202)342-8451

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unl
ess otherwise
stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected

 from disclosure;
please be aware that any other use, printing, copying, disclosure or dissemination of this communi
cation may be
subject to legal restriction or sanction. If you think that you have received this E-mail message in
error, please reply to the sender.


This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or
other defect that might affect any computer system into which it is received and opened. However, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley
Drye & Warren LLP for any loss or damage arising in any way from its use.

# EXHIBIT 6

**KamberEdelson, LLC**

350 North LaSalle, Suite 1300, Chicago, IL 60654
t 312.589.6370  f 312.589.6378

www.kamberedelson.com

July 2, 2009

*VIA EMAIL*

Thomas Gilbertsen
Stephen Freeland
KELLEY DRYE & WARREN LLP
3050 K Street N.W.
Suite 400
Washington, D.C.  20007

　　　　　Re:　　*Valentine v. NebuAd*: **Electronically Stored Information**

Tom:

　　　　　This letter is in response to our meet-and-confer discovery teleconference conducted yesterday, July 1, 2009, and attended by counsel for Plaintiffs, NebuAd, and Bresnan Communications, and technology experts for Plaintiffs and NebuAd.  During this call, we promised to send a letter discussing certain needed items relating to Electronically Stored Information ("ESI").  We also discussed non-ESI discovery separately during the call, which will not be addressed in this letter.

　　　　　As discussed during the call, we need more detailed information in order to evaluate your position on several items that conflict with our current understanding relating to ESI:

1. **Production Cost Estimates**

　　　　　IKON has estimated three layers of cost—preparation, search and processing. These costs range from $20/GB to $1,200/GB, and would set the total cost of IKON's work at over $700,000.  During our call today, Mr. Freeland referenced 8-9 data sources: 4-5 laptops and 4 servers.  Based on advice from our technology expert, Mr. Serge Jorgensen, CTO of Sylint, we estimate the cost to perform preparation, keyword searching, and processing on a dataset this small to be between $26,000 and $65,000.  To assist in resolving the obvious discrepancy please provide us the following information for each data source, by data source:

　　　　　a.　Total number and size of Word, Excel and similar documents
　　　　　b.　Types and sizes of databases (e.g., SQL, Oracle, MDB)
　　　　　c.　Number of size of mail repositories (e.g., Exchange, Lotus Notes, GroupWise)
　　　　　d.　Details of data refinement tools and techniques
　　　　　e.　Inclusion of free-space and deleted files

KamberEdelson, LLC

Additionally, a per-gigabyte charge makes little or no sense when a gigabyte of information can alternately contain:

- a single movie
- 1/20th of a small company's email
- 125 pictures
- 100,000 pages of text

Please advise of Ikon's basis for charging "per gigabyte" and whether you can specify the type of information to be processed.

## 2. **Network, Communication, Storage Structure, and Preserved Materials**

Little is apparently known about the structures used in the NebuAd Information System. In order to ensure that relevant data is preserved for discovery, it is critical that parties with knowledge of the Information System, Storage Structure (e.g., NAS, SAN), and Communication Practices (i.e., email or similar services utilized) be included in the preservation and discovery process. This may specifically include both technical and non-technical parties, especially in the area of communication practices. This process may also reveal other areas where preservation is needed to maintain or protect discoverable data. Based on the possible disbursement of knowledgeable parties, we believe it is appropriate that a current or former NebuAd employee provide some form of certification regarding the preservation and production of data. Please confirm whether this can be accomplished.

## 3. **Database Structure and Schema**

Data contained in databases is often produced in canned reports and flat-files that require licenses to software, understanding of software usage, and special skills to create custom reports. Depending on the databases, purpose, and format, it is frequently possible to obtain more useful data by directly referencing the associated data store. Understanding the relationships between fields and determining the most effective way of producing meaningful data from the relevant databases requires input from knowledgeable parties. Accordingly, please provide all information possible concerning NebuAd's database structure and schema, as well as any other information relevant to the structure and schema.

## 4. **Other Data Sources**

Our understanding is that NebuAd had as many as 60 employees. Each of those employees would have been working with at least one computer workstation. We need to know what has become of the workstations, laptops, or other possible sources of electronic data associated with these employees given that you've indicated there are only 4-5 laptops and 4 servers recovered. Please explain the discrepancy between the number of data sources recovered and the number of data sources that once likely existed. Please identify:

- Where the workstations are presently located
- Who has possession of them

KamberEdelson, LLC

-   Whether they are being preserved pursuant to Judge Henderson's preservation order

We appreciate your attention to this matter and look forward to speaking to you in depth about these and any other ESI issues that may arise throughout production.  Please do not hesitate to contact me with any questions; I look forward to your response regarding these issues.

Sincerely,


s/ Michael J. Aschenbrener
Michael J. Aschenbrener

cc:    Scott Kamber; Alan Himmelfarb; Steven Teppler; and John Seiver

# EXHIBIT 7

From: Michael Aschenbrener <maschenbrener@kamberedelson.com>
Subject: **Valentine v. NebuAd: NebuAd's Responses to Interrogatories**
Date: July 15, 2009 12:05:02 PM CDT
To: "Thomas E. Gilbertsen" <TGilbertsen@KelleyDrye.com>
Cc: Stephen Freeland <SFreeland@KelleyDrye.com>, Scott Kamber <skamber@kamberedelson.com>, Alan Himmelfarb <ahimmelfarb@kamberedelson.com>

Tom-

Please consider this a meet-and-confer email. I'm writing in regard to NebuAd's Responses to Plaintiffs' Interrogatories. Namely, I'm wondering whether you plan to supplement your existing responses -- which contained only objections and no actual responses -- with actual responses. Please advise. If not, we'll have to move to compel.

Thanks,

MJA

Michael J. Aschenbrener | KamberEdelson LLC
350 N. LaSalle St., Suite 1300
Chicago, IL 60654
1.312.589.6379 (direct) | 1.312.589.6370 (firm) | 1 1.312.589.6378 (fax)
maschenbrener@kamberedelson.com | www.kamberedelson.com

↯ Please consider the environment before printing this e-mail

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of KamberEdelson, LLC. It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s). Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited. If you have received this communication in error, please notify KamberEdelson, LLC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

# EXHIBIT 8

From:   "Freeland, Stephen" <SFreeland@KelleyDrye.com>
Subject: **RE: Valentine v. NebuAd: NebuAd's Responses to Interrogatories**
Date:   July 15, 2009 12:26:18 PM CDT
To:     "Michael Aschenbrener" <maschenbrener@kamberedelson.com>, "Gilbertsen, Thomas E." <TGilbertsen@KelleyDrye.com>
Cc:     "Scott Kamber" <skamber@kamberedelson.com>, "Alan Himmelfarb" <ahimmelfarb@kamberedelson.com>

Michael:

Thanks for your e-mail.  I think we will be able to provide responses to the interrogatories.  There has been a proposal to provide the services of a former NebuAd officer to work with us and provide verification to interrogatory answers.  We are currently researching the feasibility of this but, at the very least, we will endeavor to provide the type of Rule 33(d) responses that plaintiffs lead counsel indicated he was looking for during the May 20, 2009 hearing.

Very truly yours,

Stephen R. Freeland
Associate
Kelley Drye & Warren, LLP
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007
Direct Dial: (202)342-8635
Fax: (202)342-8451

        -----Original Message-----
        **From:** Michael Aschenbrener [mailto:maschenbrener@kamberedelson.com]
        **Sent:** Wednesday, July 15, 2009 1:05 PM
        **To:** Gilbertsen, Thomas E.
        **Cc:** Freeland, Stephen; Scott Kamber; Alan Himmelfarb
        **Subject:** Valentine v. NebuAd: NebuAd's Responses to Interrogatories

        Tom-

        Please consider this a meet-and-confer email.  I'm writing in regard to NebuAd's Responses to Plaintiffs' Interrogatories.  Namely, I'm wondering whether you plan to supplement your existing responses -- which contained only objections and no actual responses -- with actual responses.  Please advise.  If not, we'll have to move to compel.

        Thanks,

        MJA

        Michael J. Aschenbrener | KamberEdelson LLC
        350 N. LaSalle St., Suite 1300
        Chicago, IL  60654
        1.312.589.6379 (direct) | 1.312.589.6370 (firm) | 1.312.589.6378 (fax)
        maschenbrener@kamberedelson.com | www.kamberedelson.com

        ✂ Please consider the environment before printing this e-mail

CONFIDENTIALITY AND LIABILITY FOR MISUSE.
The information contained in this communication is the property of KamberEdelson, LLC.  It is confidential, may be attorney work product, attorney-client privileged or otherwise exempt from disclosure under applicable law, and is intended only for the use of the addressee(s).  Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited.  If you have received this communication in error, please notify KamberEdelson, LLC immediately by return e-mail and destroy this communication and all copies thereof, including all attachments.
Pursuant to requirements related to practice before the U.S. Internal Revenue Service, any tax advice contained in this communication (including any attachments) is not intended to be used, and cannot be used, for purposes of (i) avoiding penalties imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another person any tax-related matter.

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this communication, unless otherwise stated, is not intended and cannot be used for the purpose of avoiding tax-related penalties.

The information contained in this E-mail message is privileged, confidential, and may be protected from disclosu
re;
please be aware that any other use, printing, copying, disclosure or dissemination of this communication may be
subject to legal restriction or sanction. If you think that you have received this E-mail message in
error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus o
r
other defect that might affect any computer system into which it is received and opened. However, it is the
responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Kelley
Drye & Warren LLP for any loss or damage arising in any way from its use.

# EXHIBIT 9

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**3050 K. STREET, N.W.**

**SUITE 400**

**WASHINGTON, D.C. 20007**

———

**(202) 342-8400**

NEW YORK, NY

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES

MUMBAI, INDIA

FACSIMILE

(202) 342-8451

www.kelleydrye.com

DIRECT LINE: (202) 342-8635

EMAIL: sfreeland@kelleydrye.com

July 16, 2009

<u>VIA E-MAIL AND REGULAR US FIRST CLASS MAIL</u>

Michael J. Aschenbrener, Esq.
KamberEdelson, LLC
350 North LaSalle, Suite 1300
Chicago, IL  60654

**Re:** *Valentine, et al. v. NebuAd, Inc., et al.*, No. C 08-cv-05113 (TEH) (EMC)

Dear Michael:

This letter responds to your letter of July 2, 2009 regarding NebuAd electronically stored information ("ESI") in the possession of counsel and IKON. We respectfully disagree with plaintiffs' conjecture on the estimated costs to complete electronic discovery. The estimates of your purported "experts" fail to consider all of the facts previously provided by counsel in our letter of June 29, 2009. Given the inordinate amount of ESI, counsel for NebuAd will continue to demand that plaintiffs either limit the scope of the data searched for ESI discovery and/or agree to share in the costs of that discovery. Absent such an agreement, counsel will move for an order shifting the cost of ESI discovery to plaintiffs prior to engaging in ESI discovery.

Your letter requests the "[t]otal number and size of Word, Excel and similar documents," "[t]ypes and sizes of databases (e.g., SQL, Oracle, MDB)," "[n]umber of size of mail repositories (e.g., Exchange, Lotus Notes, GroupWise)," "[d]etails of data refinement tools and techniques," and "[i]nclusion of free-space and deleted files." As we previously advised, it is impossible to determine this information for the ESI in the possession of IKON without first incurring the $11,000 fee to decompress the ESI. Counsel will not incur these costs absent an agreement from plaintiffs to limit the scope of ESI discovery and/or share in the costs of such discovery. With respect to the 7.1 gigabytes of data in counsel's possession, counsel has the following information regarding the type and number of files: 7z (1), bmp (1), DAT (2), doc (771), docx (158), eps (2), exe (5), gif (7), htm (8926), html (72), JPG (46), js (1), mpp (3), msg (100), odt (1), p7m (2), pdf (894), png (22), pps (23), ppt (132), pptx (151), rdf (1), rtf (6), tif (57), TXT

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
July 16, 2009
Page Two

(52), url (1), vcf (12), vsd (34), xls (160), xlsm (1), XLSX (97), and XLM (17).  We are currently investigating file sizes and will supplement our response shortly.

In addition, your letter speculates that the per-gigabyte charge used by IKON "makes little or no sense" since a gigabyte of information "can alternatively contain a single movie, $1/20^{th}$ of a small company's email, 125 pictures, and 100,000 pages of text."  The per-gigabyte charge used by IKON is routine in the e-discovery industry, and it is disingenuous for plaintiffs to criticize this routine practice based on speculation.  Counsel encloses herewith the written cost estimate from IKON, which confirms the estimated costs set out in our letter of June 29, 2009.  You understand, however, that this is an estimate based on compressed data, and that the actual cost will likely be substantially higher after the data is decompressed.

With respect to the laptops and servers that were imaged by IKON, the following information is currently available.  The four servers are (1) Great Plains Server (816 GB), (2) File Server (1.37TB), (3) Exchange Server (270.8 GB), and (4) Intranet Server (827 GB).  The Great Plains Server runs on a Windows 2003 Server R2 SP2 with the following software: (1) FRx – Reporting Tools, (2) Liaison Software, (3) Mekorma – MICR, (4) Microsoft Dynamic – GP 10.0, eConnect 10, and Integration Manager 10, (5) Microsoft SQL 2005, (6) Microsoft Visual Studio 2005, and (7) Microsoft Office 2007.  The database back-end for the Great Plains Server is an SQL server.  The File Server runs on a Windows 2003 Server R2 SP2.  The Exchange Server also runs on a Windows 2003 Server R2 SP2 and has the following software: (1) Microsoft Exchange 2003, and (2) Belarc Advisor 7.2.  The Intranet Server runs on a CentOS Rel 5 Linux OS with the following software: (1) Source code control software (SVN), and (2) Bugzilla.

Data from the laptop hard drives for the following former NebuAd officers/directors were imaged by IKON: (1) Kira Makagon (80 GB), (2) Dimitri Vaynblat (160 GB), (3) Dan Miller (80 GB), and (4) Janet McGraw (60 GB).  You also asked about NebuAd's database "structure and schema, as well as any other information relevant to the structure and schema."  Counsel has requested whether IKON has any such information and it does not.  Your letter further asks us to provide information about "computer workstations" of all former NebuAd employees including, "[w]here the workstations are presently located, [w]ho has possession of them, and [w]hether they are being preserved pursuant to Judge Henderson's preservation order."  This request seeks to impose duties beyond those set forth in the Federal Rules of Civil Procedure and also rehashes issues that you already raised before Judge Chen in May.  We are advised that the assignee is maintaining all documents and data in keeping with Judge Henderson's preservation order.

KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
July 16, 2009
Page Three


     We continue to believe that ESI discovery should include all defendants in the litigation and must await the outcome of the pending ISP motions to dismiss.  Please feel free to contact me with any questions or concerns.

                         Very truly yours,

                         Stephen R. Freeland

cc:  All Defense Counsel