1   DANIEL J. BERGESON, ESQ., Bar No. 105439
    dbergeson@be-law.com
2   MELINDA M. MORTON, Bar No. 209373
    mmorton@be-law.com
3   BERGESON, LLP
    303 Almaden Blvd., Suite 500
4   San Jose, CA  95110
    Phone:  (408) 291-6200
5   Fax:  (408) 297-6000

6   THOMAS E. GILBERTSEN (Admitted *Pro Hac Vice*)
    tgilbertsen@kelleydrye.com
7   KELLEY DRYE & WARREN LLP
    Washington Harbour, Suite 400
8   3050 K Street, NW
    Washington, DC  20007-5108
9   Phone:  (202) 342-8400
    Fax:  (202) 342-8451

10

11  Attorneys for Defendant,
    NebuAd, Inc.

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA
                    SAN FRANCISCO DIVISION

14

15  DAN VALENTINE, DALE MORTENSEN,          CASE NO. 3:08-cv-05113 (TEH)(EMC)
    MELISSA BECKER, SAMUEL GREEN,
16  SHERRON RIMPSEY, CHARLOTTE              **DECLARATION OF THOMAS E.**
    MIRANDA, FRANK MIRANDA, SAUL            **GILBERTSEN IN SUPPORT OF KELLEY**
17  DERMER, WAYNE COPELAND, CRYSTAL         **DRYE & WARREN, LLP AND BERGESON,**
    REID, ANDREW PAUL MANARD,               **LLP'S OPPOSITION TO PLAINTIFFS'**
18  KATHLEEN KIRCH, TERRY KIRCH, NEIL       **MOTION TO COMPEL**
    DEERING, PAUL DRISCOLL, individuals, on
19  behalf of themselves and all others similarly
    situated,
20                                           Hearing Date:  October 7, 2009
                  Plaintiffs,                Time:  10:30 a.m.
21                                           Place:  Courtroom C, 15th Floor
           v.                                Judge:  The Honorable Edward M. Chen
22
                                             Complaint Filed:  November 10, 2008
23  NEBUAD, INC., a Delaware Corporation,    Trial Date:  None Set
    BRESNAN COMMUNICATIONS, a New
24  York Corporation, CABLE ONE, a Delaware
    Corporation, CENTURYTEL, a Texas
25  Corporation, EMBARQ, a Delaware
    Corporation, KNOLOGY, a Delaware
26  Corporation, WOW!, a Delaware Corporation,
    AND JOHN DOES 1-20, Corporations,
27
                  Defendants.
28

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

DECLARATION OF THOMAS E. GILBERTSEN IN
SUPPORT OF KELLEY DRYE & WARREN, LLP &
BERGESON LLP'S OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL

3:08-CV-05113 (TEH)(EMC)

I, Thomas E. Gilbertsen, hereby declare as follows:

1.     I am an attorney of the law firm of Kelley Drye & Warren, LLP ("Kelley Drye"), attorneys for defendant NebuAd, Inc. in this action.  I submit this Declaration in support of Kelley Drye & Warren, LLP and Bergeson, LLP's opposition to plaintiffs' motion to compel.

2.     Plaintiffs' counsel have never met and conferred to discuss NebuAd, Inc.'s objections to plaintiff Dan Valentine's First Set of Interrogatories to Defendant NebuAd, Inc.

3.     Attached hereto as Exhibit "A" is a true and correct copy of the General Assignment ("ABC") between NebuAd, Inc. and NebuAd (assignment for the benefit of creditors), LLC ("Assignee").  I was provided a copy of this General Assignment and informed of its closing on Friday, May 15, 2009.  I was also apprised on May 15, 2009 that NebuAd no longer had any officers, directors or employees to assist or direct the defense of this litigation.

4.     The Assignee of NebuAd's assets has informed me that it will maintain NebuAd's documents for seven (7) years after receipt of same.

5.     I provided plaintiffs' counsel with the contact information for the Assignee's counsel on or about May 20, 2009.

6.     Plaintiffs' counsel have never requested to inspect documents in the possession of the Assignee, nor requested a meet and confer on this issue.

7.     Attached hereto as Exhibit "B" is a true and correct copy of an April 17, 2009 E-mail from Michael Aschenbrener to Thomas E. Gilbertsen, et al.

8.     Even before receiving plaintiffs' formal discovery requests on or about April 17, 2009, Counsel began working with the remaining personnel at NebuAd to collect potentially responsive information, including hard copy and electronically stored documents.  After receipt of plaintiffs' formal discovery requests, Counsel continued working with NebuAd to collect potentially responsive information.  Prior to learning about the assignment's execution, Counsel had also retained the independent data collection firm IKON to forensically image certain NebuAd data.  While Counsel was engaging in this process, NebuAd executed the ABC.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
Suite 400
3050 K STREET, NW
WASHINGTON, DC 20007

DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT
OF KELLEY DRYE & WARREN, LLP & BERGESON LLP'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

- 2 -

3:08-CV-05113 (TEH)(EMC)

9.      IKON imaged, and is currently preserving, approximately 600 gigabytes of compressed electronic data it collected from NebuAd laptops and servers.

10.     IKON has informed Kelley Drye that a substantial portion of the data collected cannot be accessed without the involvement of specialized third party experts and the incurrence of substantial additional costs.   IKON informed Kelley Drye that in order to access and comprehend the data in NebuAd's Great Plains accounting server that it imaged, a forensic accounting firm or an expert on Great Plains databases must be retained to restore the compressed data to usable form.   IKON informed Kelley Drye further that once the data is restored to usable form, the third party expert would then be required to manually review the data to determine what information, if any, is responsive.   IKON informed Kelley Drye that a manual review is necessary because it is not possible to run search terms across the data on the Great Plains accounting server.

11.     Attached hereto as Exhibit "C" is a true and correct copy of select pages from the transcript of the May 20, 2009 hearing in this matter before the Honorable Magistrate Judge Chen.

12.     On May 20, 2009, I caused to be timely served on plaintiffs' counsel and defense counsel Defendant NebuAd, Inc.'s Objections to Plaintiffs Dan Valentine First Interrogatories to Defendant NebuAd, Inc. and Defendant NebuAd, Inc.'s Objections to Plaintiffs Dan Valentine First Request for the Production of Documents to Defendant NebuAd, Inc.

13.     I have provided this Court's oral May 20, 2009 and written June 24, 2009 preservation Orders to IKON and the Assignee.   IKON assured Kelley Drye that it is continuing to comply with those orders and preserve the NebuAd data it collected.

14.     Kelley Drye has produced all responsive, non-privileged NebuAd documents in its possession, including all documents identifying third parties that have not moved for a protective order, subject to the written objections served in response to plaintiffs' discovery.

15.     Attached hereto as Exhibit "D" is a true and correct copy of a July 22, 2009 Letter from Stephen R. Freeland to Michael J. Aschenbrenner, Esq.

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT
OF KELLEY DRYE & WARREN, LLP & BERGESON LLP'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

- 3 -

3:08-CV-05113 (TEH)(EMC)

16.    Attached hereto as Exhibit "E" is a true and correct copy of a September 4, 2009 Letter from Stephen R. Freeland to Michael J. Aschenbrenner, Esq.

17.    Kelley Drye has provided an initial and supplemental privilege log to plaintiffs' counsel and defense counsel.  Plaintiffs' counsel have raised no issues of concern about the privilege log.

18.    I have made repeated but unsuccessful attempts to secure the designation of a former NebuAd officer to verify responses to plaintiff Dan Valentine's First Set of Interrogatories to Defendant NebuAd, Inc.

19.    Plaintiffs' counsel have never requested to inspect documents in the possession of the Assignee, nor requested a meet and confer on this issue.  As a matter of courtesy, I nonetheless asked Assignee counsel whether the Assignee would make non-privileged responsive NebuAd documents in its possession available for inspection by plaintiffs' counsel, and the Assignee has agreed to do so.  Plaintiffs' counsel has been advised to coordinate with Assignee counsel to arrange an inspection of NebuAd documents.

20.    Plaintiffs have not held a Fed. R. Civ. P. 26(f) conference, have not proposed search terms for ESI discovery (despite my request that it do so), and have refused to limit the scope of ESI discovery.

21.    NebuAd and its insurance carriers have failed to make payment as agreed for services rendered and costs incurred.  NebuAd's unpaid balance to my firm currently exceeds $500,000.00, excluding costs and fees generated in the month of September 2009.  NebuAd currently owes Counsel over $10,000.00 in costs.

22.    Attached hereto as Exhibit "F" is a true and correct copy of June 26, 2009 e-mail correspondence between Alan Himmelfarb and Thomas E. Gilbertsen, which includes a June 26, 2009 Letter from Alan Himmelfarb to Daniel Bergeson, et al.

KELLEY DRYE & WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT
OF KELLEY DRYE & WARREN, LLP & BERGESON LLP'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

- 4 -

3:08-CV-05113 (TEH)(EMC)

1    23.    Attached hereto as Exhibit "G" is a true and correct copy of a September 16, 2009

2  Letter from Thomas E. Gilbertsen to The Honorable Thelton E. Henderson, Esq., Senior United

3  States District Judge.

4    I declare under penalty of perjury under the laws of the United States of America that the

5  foregoing is true and correct and that this declaration was executed on September 16, 2009.

Thomas E. Gilbertsen

KELLEY DRYE &
WARREN LLP
WASHINGTON HARBOUR,
SUITE 400
3050 K STREET, NW
WASHINGTON, DC 20007

DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT
OF KELLEY DRYE & WARREN, LLP & BERGESON LLP'S
OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL          - 5 -          3:08-CV-05113 (TEH)(EMC)

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

**EXHIBIT "A" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

## GENERAL ASSIGNMENT

This Assignment is made as of the 12 th day of May, 2009, by NebuAd, Inc., a Delaware corporation, with offices at 1163 Triton Drive, Foster City, CA, 94404 hereinafter referred to as "Assignor", to Nebuad (assignment for the benefit of creditors), LLC, a California limited liability company, hereinafter referred to, along with any successors and assigns, as "Assignee".

### RECITALS

WHEREAS, Assignor has determined that, based upon its business prospects, entering into this Assignment is in the best interests of the Assignor's creditors; and

WHEREAS, Assignor believes that Assignee is well qualified to efficiently administer the Assignment for the benefit of the Assignor's creditors;

NOW, THEREFORE, for valuable consideration, the receipt of which is duly acknowledged, the parties agree as follows:

### AGREEMENT

1.    <u>Assignment of Assets</u>.

(a)    Assignor, for and in consideration of the covenants and agreements to be performed by Assignee, as hereinafter contained, and for good and valuable consideration, receipt whereof is hereby acknowledged, does hereby grant, bargain, sell, assign, convey and transfer to Assignee, its successors and assigns, in trust, for the benefit of Assignor's creditors generally, all of the property of Assignor of every kind and nature and wheresoever situated, both real (but not facility lease arrangements) and personal, and any interest or equity therein not exempt from execution, including, but not limited to, all that certain stock of merchandise, equipment, furniture, fixtures, accounts, books, cash on hand, cash in bank, deposits, patents, copyrights, trademarks and trade names and all associated goodwill, source codes, software, and related documentation, insurance policies, and choses in action that are legally assignable, together with the proceeds of any existing non-assignable choses in action that may hereafter be recovered or received by Assignor.  Assignor agrees to execute such additional documents as shall be necessary to accomplish the purposes of this Assignment.

(b)    This Assignment specifically includes and covers all claims for refund or abatement of all excess taxes heretofore or hereafter assessed against or collected from Assignor by the U.S. Treasury Department or any other taxing agency, and Assignor agrees to sign and execute power of attorney or such other documents as required to enable Assignee to file and prosecute, compromise and/or settle, all such claims before the Internal Revenue Service, U.S. Treasury Department or any other taxing or other Governmental agency.

1

(c)    Assignee is to receive said property, conduct said business, should it deem it proper, and is hereby authorized at any time after the signing hereof by Assignor to sell and dispose of said property upon such time and terms as it may see fit, and is to pay to creditors of Assignor pro rata, the net proceeds arising from the conducting of said business and sale and disposal of said property, after deducting all moneys which Assignee may at its option pay for the discharge of any lien on any of said property and any indebtedness which under the law is entitled to priority of payment, and all expenses, including a reasonable fee to Assignee and its attorneys.

2.    <u>Payment of Fees</u>.  Assignee shall be entitled to be paid the fees and recover the costs set forth in the Compensation and Expense Reimbursement Agreement dated as of the date hereof between the Assignor and the Assignee (the "Fee Letter").

3.    <u>Appointment of Agents</u>.  Assignee is authorized and empowered to appoint and compensate such agents, field representatives and/or attorneys and/or accountants as it may deem necessary, and such agents and/or field representatives shall have full power and authority to open bank accounts in the name of Assignee or its nominees or agents and to deposit assigned assets or the proceeds thereof in such bank accounts and to draw checks thereon and with the further power and authority to do such other acts and to execute such papers and documents in connection with this Assignment as Assignee may consider necessary or advisable.

4.    <u>Certain Acknowledgments Regarding Transfer</u>.  Assignor acknowledges that certain of the assets being assigned under this General Assignment may be subject to restrictions on the use or transfer of such assets, the unauthorized use or transfer of which may result in further damages or claims.  Such assets may include, without limitation, intellectual property rights of the Assignor (e.g., trade names, service names, registered and unregistered trademarks and service marks and logos; internet domain names; patents, patent rights and applications therefor, copyrights and registrations and applications therefor; software and source code (and software licenses with respect thereto); customer lists and customer information; know-how, trade secrets, inventions, discoveries, concepts, ideas, methods, processes, designs, formulae, technical data, drawings, specifications, data bases and other proprietary assets (collectively, "Intellectual Property")).  Assignor represents and warrants that its officers, directors, shareholders, employees, agents, customers and other third parties have been advised not to use, remove or cause a transfer (other than pursuant to this General Assignment) of any of the assets of Assignor, including without limitation the Intellectual Property, either prior or subsequent to this General Assignment, except as expressly authorized in writing in advance, which written authorization is not inconsistent with or otherwise may constitute a breach of any other written agreement.  Except as authorized in writing, which has been disclosed in writing to Assignee, Assignor further represents and warrants that no asset (including, without limitation, the Intellectual Property) has been transferred, used, or removed, in whole or in part, in a manner that interferes with the rights and interests of a third party(ies) in such asset or otherwise may constitute a breach of any contract with such third party(ies).

General Assignment

5.    <u>Representations and Warranties of the Assignor</u>.  Assignor represents and warrants to Assignee that as of the date hereof:

(a)    Assignor has all requisite power and authority to execute, deliver and perform its obligations under this Assignment, including, without limitation, to transfer the property transferred to the Assignee hereby;

(b)    the execution, delivery and performance by the Assignor of this Assignment has been duly authorized by all necessary corporate and other action and does not and will not require any registration with, consent or approval of, or notice to or action by, any person (including any governmental authority) in order to be effective and enforceable;

(c)    this Assignment constitutes the legal, valid and binding obligation of the Assignor, enforceable against it in accordance with their respective terms; and

(d)    all claims for wages, expense reimbursements, benefits and other compensation with priority over the Assignor's other creditors pursuant to California Code of Civil Procedure § 1204 accrued or otherwise arising prior to the date hereof have been satisfied in full.

6.    <u>Resignation and Replacement of Assignee</u>.  The Assignee may resign and be discharged from its duties hereunder at any time; <u>provided</u> that such resignation shall not become effective until a successor Assignee has been appointed by the resigning Assignee and such successor has accepted its appointment in writing delivered to the resigning Assignee.  Any successor Assignee appointed hereunder shall execute an instrument accepting such appointment hereunder and shall deliver one counterpart thereof to the resigning Assignee.  Thereupon such successor Assignee shall, without any further act, become vested with all the estate, properties, rights, powers, trusts, and duties of his predecessor in connection with the Assignment with like effect as if originally named therein, but the resigning Assignee shall nevertheless, when requested in writing by the successor Assignee, execute and deliver an instrument or instruments conveying and transferring to such successor Assignee all of the estates, properties, rights, powers and trusts of such resigning Assignor in connection with the Assignment, and shall duly assign, transfer, and deliver to such successor Assignee all property and money held by it hereunder.

7.    <u>Limitation of Liability</u>.  Assignor acknowledges that Assignee is acting solely as Assignee in connection with this Assignment and not in its personal capacity. As a result, Assignor expressly agrees that Assignee, its members, officers and agents shall not be subject to any personal liability whatsoever to any person in connection with the affairs of this Assignment, except for its own misconduct knowingly and intentionally committed in bad faith.  No provision of this Agreement shall be construed to relieve the Assignee from liability for its own misconduct knowingly and intentionally committed in bad faith, except that:

General Assignment

(a)     The Assignee shall not be required to perform any duties or obligations except for the performance of such duties and obligations as are specifically set forth in this Assignment, and no implied covenants or obligations shall be read into this Assignment against the Assignee.

(b)     In the absence of bad faith on the part of the Assignee, the Assignee may conclusively rely, as to the truth, accuracy and completeness thereof, on the statements and certificates or opinions furnished to the Assignee by the Assignor and conforming to the requirements of this Assignment.

(c)     The Assignee shall not be liable for any error of judgment made in good faith.

(d)     The Assignee shall not be liable with respect to any action taken or omitted to be taken by it in accordance with a written opinion of legal counsel addressed to the Assignee.

8.     Reliance.

(a)     The Assignee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by it to be genuine and to have been signed or presented by the proper party or parties.

(b)     The Assignee may consult with legal counsel to be selected by it, and the Assignee shall not be liable for any action taken or suffered by it in accordance with the advice of such counsel.

(c)     Persons dealing with the Assignee shall look only to the assignment estate to satisfy any liability incurred by the Assignee in good faith to any such person in carrying out the terms of this Assignment, and the Assignee shall have no personal or individual obligation to satisfy any such liability.

9.     Headings.  The headings used in this Assignment are for convenience only and shall be disregarded in interpreting the substantive provisions of this Assignment.

10.     Forwarding of Mail.  Assignor authorizes the forwarding of its mail by the U.S. Postal Service as directed by Assignee.

11.     Counterparts.  This Assignment agreement may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same document.

12.     Attorneys fees and costs.  Except as set forth in the Fee Letter, the parties agree that each of them shall bear its own legal costs and expenses in connection with the negotiation, drafting, execution or enforcement of this Assignment.

4     General Assignment

13.   <u>Entire Agreement</u>.  This Assignment and the Fee Letter contain the entire agreement of the parties hereto with respect to the matters covered and the transactions contemplated hereby, and no other agreement, statement, representation, warranty or promise made prior hereto or contemporaneously herewith by any party hereto, or any employee, officer, agent, or attorney of any party hereto shall be valid or binding or relied upon by any party as an inducement to enter into, or as consideration for, this Assignment.

IN WITNESS WHEREOF the parties hereunder set their hands the day and year first above written.

Assignor's Federal Tax I.D. Number:

Federal #

**REDACTED**

NEBUAD, INC., a Delaware Corporation, Assignor

By:   Dimitri Vaynblat
Its:   Secretary

**Nebuad (assignment for the benefit of creditors), LLC, a California limited liability company, Assignee**

By:
Its:   MANAGER

General Assignment

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-cv-05113 (THE)(EMC)


**EXHIBIT "B" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

## Gilbertsen, Thomas E.

| | |
|---|---|
| **From:** | Michael Aschenbrener [maschenbrener@kamberedelson.com] |
| **Sent:** | Friday, April 17, 2009 7:30 PM |
| **To:** | Michael Aschenbrener; dbergeson@be-law.com; dbiderman@perkinscoie.com; thomasburke@dwt.com; adamcaldwell@dwt.com; ldrogula@crblaw.com; sfrankel@cov.com; Gilbertsen, Thomas E.; mhellman@jenner.com; Alan Himmelfarb; Scott Kamber; ronnielondon@dwt.com; Joseph Malley; Mindy Morton; drobinson@cov.com; tsauro@perkinscoie.com; John Seiver; bwisoff@fbm.com; dyoung@fbm.com |
| **Subject:** | Valentine v. NebuAd: Plaintiffs' first formal discovery requests to NebuAd |

Counsel-

Attached are two documents: 1) Plaintiffs' First Request for the Production of Documents to NebuAd; and, 2) Plaintiffs' First Set of Interrogatories to NebuAd.  Paper copies are being sent via U.S. Mail today.  Please do not hesitate to contact me with any questions or concerns.

Sincerely,

Michael

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

**EXHIBIT "C" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

Pages 1 - 28

United States District Court

Northern District of California

Before The Honorable Edward M. Chen

Dan Valentine, et al.,          )
                                )
          Plaintiff,            )
                                )
    vs.                         )          No. C08-05113 EMC
                                )
NebuAd, Incorporated,           )
                                )
          Defendant.            )
_____)

San Francisco, California
Wednesday, May 20, 2009

**Reporter's Transcript Of Proceedings**

**Appearances**:


For Plaintiff:          Kamberedelson, LLP
                        2757 Leonis Boulevard
                        Vernon, California  90058
                   By:  **Alan Himmelfarb, Esquire**
                        **Scott Kamber, Esquire**


For Defendant:          Kelley Drye & Warren, LLP
                        3050 K Street, N.W., Suite 400
                        Washington, DC  20007
                   By:  **Thomas E. Gilbertsen, Esquire**


(Appearances continued on next page.)


*Reported By:*          *Sahar McVickar, RPR, CSR No. 12963*
                        *Official Reporter, U.S. District Court*
                        *For the Northern District of California*

(Computerized Transcription By Eclipse)

```
 1   Appearances, continued:

 2   For Defendants:         Bergeson, LLP
                             303 Almaden Boulevard, Suite 500
 3                           San Jose, California  95110
                       By:  Melinda Mae Morton, Esquire
 4
                             Davis Wright Tremaine, LLP
 5                           1919 Pennsylvania Avenue, N.W.,
                             Suite 200
 6                           Washington, DC  20006
                       By:  John D. Seiver, Esquire
 7
                             Perkins Coie, LLP
 8                           Four Embarcadero Center, Suite 2400
                             San Francisco, California  94111
 9                     By:  Troy Philip Sauro, Esquire

10                           Jenner & Block, LLP
                             1099 New York Avenue, N.W.
11                           Washington, DC  20001
                       By:  Matthew Samuel Hellman, Esquire
12

13

14                          ---o0o---

15

16

17

18

19

20

21

22

23

24

25
```

| | |
|---|---|
| 1 | Wednesday, May 20, 2009                    10:30 a.m. |
| 2 | P R O C E E D I N G S |
| 3 | THE CLERK:  Calling case C08-5113, Dan Valentine |
| 4 | versus NebuAd. |
| 5 | Counsel, please state your appearances for the |
| 6 | record.  And also, please state your name before you speak |
| 7 | because we have a court reporter here. |
| 8 | THE COURT:  Counsel, make your appearances, please. |
| 9 | This is Judge Chen. |
| 10 | MR. HIMMELFARB:  Alan Himmelfarb on behalf of the |
| 11 | plaintiffs. |
| 12 | THE COURT:  Okay. |
| 13 | MR. KAMBER:  Scott Kamber, Kamberedelson, on behalf |
| 14 | of plaintiffs. |
| 15 | THE COURT:  All right. |
| 16 | MR. GILBERTSEN:  Good morning, Your Honor, Tom |
| 17 | Gilbertsen on behalf of NebuAd. |
| 18 | THE COURT:  Okay. |
| 19 | MS. MORTON:  Melissa Morton, also on behalf of |
| 20 | NebuAd. |
| 21 | THE COURT:  All right. |
| 22 | MR. SEIVER:  Good morning, Your Honor. |
| 23 | It's John Seiver, Davis Wright Tremaine, on behalf |
| 24 | of defendant, Bresnan. |
| 25 | THE COURT:  Okay. |

1   litigation, we were told that ultimately there would be an

2   assignment.  The first time that we were told specifically that

3   the documents would be moved from their existing location,

4   which was a business address of defendants, was two weeks ago,

5   which is what precipitated this motion.

6            Our concern is not only for the document request

7   that's pending, but for the duration of the litigation that

8   once these documents are moved from their existing location

9   there will be no way to ever view these documents in their --

10  in how they are kept in the ordinary course of business, which

11  we believe is required here.

12           Not just any document requests, because there are no

13  more employees of the company, we expect that the

14  interrogatories are likely to have to be answered by producing

15  documents pursuant to Rule of Civil Procedure 33(D).  And that

16  would also give us the right to look at them as they are kept

17  in the ordinary course of business.

18           And that is where our concern is, Your Honor, is

19  that these documents are going to be put into boxes and shipped

20  to a warehouse -- and it's not just six boxes, there may only

21  be six boxes responsive to this request, which would be a

22  volume that would very much surprise me on the low side, but

23  there are, as we understand it, hundreds of boxes that are at

24  this current business location.  In fact, all of the relevant

25  documents are in this business location.

1   documents that they might gain some leverage or advantage in

2   that proceeding that other unsecured creditors do not have.

3       **THE COURT:**  Well, let me ask you this:  You say that

4   responsive documents to requests so far number about six

5   banker's boxes, and your response is due shortly.

6       **MR. GILBERTSEN:**  I believe it's less than six.

7       That is another topic I want to raise with Your

8   Honor.

9       **THE COURT:**  All right.

10      So my question is, in your response today are you

11  prepared -- have you culled those boxes and prepared to produce

12  those documents that are not privileged and that fall within

13  the scope of the request?

14      **MR. GILBERTSEN:**  Well, in connection with the -- I'm

15  sorry, Your Honor, in connection with the motion to withdraw

16  that I have made, I am eager to seek the Court's guidance on

17  what should be done.  I'm prepared to serve written objections

18  to the discovery, but under the circumstances, it would -- and

19  primarily with the assignment for the benefit of creditors that

20  have now been executed, I'm not in a position to execute

21  discovery responses consistent with Rule 26(g), and I am now in

22  possession of a number of hard-copy documents and electronic

23  data by virtue of the work that I was doing to prepare to

24  respond.

25      I understand that while my motion to withdraw is

1   pending I need to continue to operate as counsel in this

2   matter, and so I am certainly willing to do whatever I'm

3   directed to do.

4          *THE COURT:*  All right, so what I'm hearing is that

5   you are not prepared to respond and actually produce documents

6   by tomorrow.

7          *MR. GILBERTSEN:*  I've been producing documents, Your

8   Honor, and I'm prepared to continue producing the documents

9   that we have.  What I'm not prepared to do is find written

10  responses that under Rule 26(g) provide those kinds of

11  assurances and representation because I no longer have a

12  client.

13         *MR. KAMBER:*  Your Honor, this is Scott Kamber,

14  Kamberedelson.

15         *THE COURT:*  Yes?

16         *MR. KAMBER:*  The documents -- it is my understanding

17  that documents under this document request have not been

18  produced.  The documents produced were as part of the process

19  for the jurisdictional motions.

20         I mean, I'm sort of more taken aback that this

21  assignment occurred very, very, very recently, that these

22  document requests have been out there -- and we were expecting,

23  I guess I could say, a good deal better communication in the

24  wake of the proceeding that we had in front of you last month.

25         I think that what I'm hearing, it is my concern that

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

**EXHIBIT "D" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

3050 K. STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20007

——

(202) 342-8400

NEW YORK, NY

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

——

BRUSSELS, BELGIUM

——

AFFILIATE OFFICES

MUMBAI, INDIA

FACSIMILE

(202) 342-8451

www.kelleydrye.com

DIRECT LINE: (202) 342-8635

EMAIL: sfreeland@kelleydrye.com

July 22, 2009

VIA E-MAIL

Michael J. Aschenbrener, Esq.
KamberEdelson, LLC
350 North LaSalle, Suite 1300
Chicago, IL  60654

**Re:** ***Valentine, et al. v. NebuAd, Inc., et al.***, No. C 08-cv-05113 (TEH) (EMC)

Dear Michael:

Subject to and without waiving any objections, and as stated during the teleconference conducted on July 1, we are providing you with further Fed. R. Civ. P. 34(b)(2)(E) information relating to the documents produced on behalf of defendant NebuAd, Inc. (hereinafter, "NebuAd") to date.  These documents were produced as they were kept in the ordinary course of business.

| Category | Bates Numbers |
|---|---|
| Documents related to contracts between NebuAd and the named defendant Internet Service Providers (Document Request Nos. 4, 6, 7, 8, 9, 21, 22, 32) | NEBUAD-000050-55<br>NEBUAD-000056-64<br>NEBUAD-000065-69<br>NEBUAD-000070-74<br>NEBUAD-000075-95<br>NEBUAD-000096-110<br>NEBUAD-000111-116<br>NEBUAD-000117-118<br>NEBUAD-000119-123<br>NEBUAD-000124-125<br>NEBUAD-000150-158<br>NEBUAD-000163-164<br>NEBUAD-000165-179 |

## KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Two

|  | |
|---|---|
|  | NEBUAD-000180-184 |
|  | NEBUAD-000185-205 |
|  | NEBUAD-000206 |
|  | NEBUAD-000513-517 |
|  | NEBUAD-000546-551 |
|  | NEBUAD-000559 |
|  | NEBUAD-000560-565 |
|  | NEBUAD-000566-567 |
|  | NEBUAD-000568 |
|  | NEBUAD-000569 |
|  | NEBUAD-000570 |
|  | NEBUAD-000575 |
|  | NEBUAD-000576 |
|  | NEBUAD-000577 |
|  | NEBUAD-000578-586 |
|  | NEBUAD-000612-620 |
|  | NEBUAD-000621-629 |
|  | NEBUAD-000630-638 |
|  | NEBUAD-000639-647 |
|  | NEBUAD-000648-656 |
|  | NEBUAD-000667-665 |
|  | NEBUAD-000666-674 |
|  | NEBUAD-000675 |
|  | NEBUAD-000676-677 |
|  | NEBUAD-000683 |
|  | NEBUAD-000684 |
|  | NEBUAD-000699 |
|  | NEBUAD-000700 |
|  | NEBUAD-000701 |
|  | NEBUAD-000702-703 |
|  | NEBUAD-000704-706 |
|  | NEBUAD-000707-708 |
|  | NEBUAD-000709-712 |
|  | NEBUAD-000739-748 |
|  | NEBUAD-000749-750 |
|  | NEBUAD-000751-753 |
|  | NEBUAD-000754 |
|  | NEBUAD-000755 |
|  | NEBUAD-000797-800 |
|  | NEBUAD-000838-841 |

KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Three

|  | NEBUAD-000878 |
|---|---|
|  | NEBUAD-000879 |
|  | NEBUAD-000880-881 |
|  | NEBUAD-000882 |
|  | NEBUAD-000883-884 |
|  | NEBUAD-000886 |
|  | NEBUAD-000887 |
|  | NEBUAD-000888 |
|  | NEBUAD-000889 |
|  | NEBUAD-000890-892 |
|  | NEBUAD-000893-894 |
|  | NEBUAD-000895 |
|  | NEBUAD-000896-898 |
|  | NEBUAD-000899 |
|  | NEBUAD-000900-902 |
|  | NEBUAD-000903 |
|  | NEBUAD-000904-908 |
|  | NEBUAD-000909 |
|  | NEBUAD-000970-987 |
|  | NEBUAD-001031-1034 |
|  | NEBUAD-001037-1039 |
|  | NEBUAD-0001040 |
|  | NEBUAD-0001041-1042 |
|  | NEBUAD-0001043-1045 |
|  | NEBUAD-0001046-1048 |
|  | NEBUAD-0001049-1053 |
|  | NEBUAD-0001054-1058 |
|  | NEBUAD-0001089-1094 |
|  | NEBUAD-0001095-1103 |
|  | NEBUAD-0001104-1108 |
|  | NEBUAD-0001109-1129 |
|  | NEBUAD-0001201-1207 |
|  | NEBUAD-0001208 |
|  | NEBUAD-0001229-1232 |
|  | NEBUAD-0001427-1430 |
|  | NEBUAD-0001431 |
|  | NEBUAD-001461-1488 |
|  | NEBUAD-001489-1493 |
|  | NEBUAD-001494-1518 |
|  | NEBUAD-001519-1533 |

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Four

| Documents relating to communications between NebuAd and the named defendant Internet Service Providers (Document Request Nos. 4, 6, 7, 8, 9, 37) | NEBUAD-000552-553<br>NEBUAD-000554-556<br>NEBUAD-000557<br>NEBUAD-000558<br>NEBUAD-000571-572<br>NEBUAD-000573-574<br>NEBUAD-000684<br>NEBUAD-000699<br>NEBUAD-000700<br>NEBUAD-000701<br>NEBUAD-000702-703<br>NEBUAD-000704-706<br>NEBUAD-000707-708<br>NEBUAD-000709-712<br>NEBUAD-000713<br>NEBUAD-000749-750<br>NEBUAD-000751-753<br>NEBUAD-000876-877<br>NEBUAD-000890-892 |
|---|---|
| Documents relating to the functionality of the NebuAd device/system (Document Request Nos. 19, 20, 23, 35, 36, 38) | NEBUAD-000126-149<br>NEBUAD-000159-162<br>NEBUAD-000207-218<br>NEBUAD-000219-251<br>NEBUAD-000252-269<br>NEBUAD-000270-293<br>NEBUAD-000294-322<br>NEBUAD-000323-339<br>NEBUAD-000344-350<br>NEBUAD-000352-357<br>NEBUAD-000358-365<br>NEBUAD-000366-367<br>NEBUAD-000368-369<br>NEBUAD-000370-371<br>NEBUAD-000372<br>NEBUAD-000373-380<br>NEBUAD-000381-389<br>NEBUAD-000390<br>NEBUAD-000391-398<br>NEBUAD-000399-405 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Five

| | |
|---|---|
| | NEBUAD-000406-408 |
| | NEBUAD-000409-410 |
| | NEBUAD-000411-415 |
| | NEBUAD-000467-470 |
| | NEBUAD-000471-475 |
| | NEBUAD-000476-482 |
| | NEBUAD-000507-508 |
| | NEBUAD-000509-510 |
| | NEBUAD-000511-512 |
| | NEBUAD-000528-543 |
| | NEBUAD-000587-611 |
| | NEBUAD-000714-738 |
| | NEBUAD-000756-796 |
| | NEBUAD-000801-804 |
| | NEBUAD-000805-809 |
| | NEBUAD-000810-830 |
| | NEBUAD-000831-837 |
| | NEBUAD-000838-841 |
| | NEBUAD-000842-848 |
| | NEBUAD-000849-873 |
| | NEBUAD-000874-875 |
| | NEBUAD-000885 |
| | NEBUAD-000994-1008 |
| | NEBUAD-001009-1030 |
| | NEBUAD-001059-1070 |
| | NEBUAD-001071-1088 |
| | NEBUAD-001130-1135 |
| | NEBUAD-001136-1159 |
| | NEBUAD-001160-1183 |
| | NEBUAD-001184-1200 |
| | NEBUAD-001211-1227 |
| | NEBUAD-001233-1255 |
| | NEBUAD-001256-1267 |
| | NEBUAD-001268-1293 |
| | NEBUAD-001294-1311 |
| | NEBUAD-001312-1344 |
| | NEBUAD-001345-1356 |
| | NEBUAD-001357-1380 |
| | NEBUAD-001381-1397 |
| | NEBUAD-001398-1426 |

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Six

| | NEBUAD-001432-1438 |
|---|---|
| | NEBUAD-001439-1460 |
| Documents relating to steps taken by NebuAd to protect privacy (Document Request Nos. 19, 20, 23) | NEBUAD-000126-149 |
| | NEBUAD-000159-162 |
| | NEBUAD-000207-218 |
| | NEBUAD-000219-251 |
| | NEBUAD-000252-269 |
| | NEBUAD-000270-293 |
| | NEBUAD-000294-322 |
| | NEBUAD-000323-339 |
| | NEBUAD-000344-350 |
| | NEBUAD-000352-357 |
| | NEBUAD-000358-365 |
| | NEBUAD-000366-367 |
| | NEBUAD-000368-369 |
| | NEBUAD-000370-371 |
| | NEBUAD-000372 |
| | NEBUAD-000373-380 |
| | NEBUAD-000381-389 |
| | NEBUAD-000390 |
| | NEBUAD-000391-398 |
| | NEBUAD-000399-405 |
| | NEBUAD-000406-408 |
| | NEBUAD-000409-410 |
| | NEBUAD-000411-415 |
| | NEBUAD-000467-470 |
| | NEBUAD-000471-475 |
| | NEBUAD-000476-482 |
| | NEBUAD-000507-508 |
| | NEBUAD-000509-510 |
| | NEBUAD-000511-512 |
| | NEBUAD-000528-543 |
| | NEBUAD-000587-611 |
| | NEBUAD-000714-738 |
| | NEBUAD-000756-796 |
| | NEBUAD-000801-804 |
| | NEBUAD-000805-809 |
| | NEBUAD-000810-830 |
| | NEBUAD-000831-837 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Seven

| | |
|---|---|
| | NEBUAD-000838-841 |
| | NEBUAD-000842-848 |
| | NEBUAD-000849-873 |
| | NEBUAD-000874-875 |
| | NEBUAD-000885 |
| | NEBUAD-000910-912 |
| | NEBUAD-000913-914 |
| | NEBUAD-000915 |
| | NEBUAD-000916-917 |
| | NEBUAD-000918 |
| | NEBUAD-000919-921 |
| | NEBUAD-000922-928 |
| | NEBUAD-000929 |
| | NEBUAD-000930-935 |
| | NEBUAD-000936-939 |
| | NEBUAD-000940-943 |
| | NEBUAD-000944-948 |
| | NEBUAD-000949-952 |
| | NEBUAD-000953-956 |
| | NEBUAD-000957-959 |
| | NEBUAD-000960-961 |
| | NEBUAD-000962-963 |
| | NEBUAD-000964 |
| | NEBUAD-000965 |
| | NEBUAD-000966-967 |
| | NEBUAD-000968-969 |
| | NEBUAD-000988-991 |
| | NEBUAD-000992-993 |
| | NEBUAD-000994-1008 |
| | NEBUAD-001009-1030 |
| | NEBUAD-001071-1088 |
| | NEBUAD-001130-1135 |
| | NEBUAD-001136-1159 |
| | NEBUAD-001160-1183 |
| | NEBUAD-001184-1200 |
| | NEBUAD-001211-1227 |
| | NEBUAD-001233-1255 |
| | NEBUAD-001256-1267 |
| | NEBUAD-001268-1293 |
| | NEBUAD-001294-1311 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Eight

| | |
|---|---|
| | NEBUAD-001312-1344 |
| | NEBUAD-001345-1356 |
| | NEBUAD-001357-1380 |
| | NEBUAD-001381-1397 |
| | NEBUAD-001398-1426 |
| | NEBUAD-001432-1438 |
| | NEBUAD-001439-1460 |
| Documents provided to, and communications with, the United States Federal Trade Commission (Document Request Nos. 3, 35) | NEBUAD-000207-218 |
| | NEBUAD-000219-251 |
| | NEBUAD-000252-269 |
| | NEBUAD-000270-293 |
| | NEBUAD-000294-322 |
| | NEBUAD-000323-339 |
| | NEBUAD-000340-343 |
| | NEBUAD-000344-350 |
| | NEBUAD-000351 |
| | NEBUAD-000352-357 |
| | NEBUAD-000358-365 |
| | NEBUAD-000368-369 |
| | NEBUAD-000370-371 |
| | NEBUAD-000372 |
| | NEBUAD-000373-380 |
| | NEBUAD-000381-389 |
| | NEBUAD-000390 |
| | NEBUAD-000391-398 |
| | NEBUAD-000399-405 |
| | NEBUAD-000406-408 |
| | NEBUAD-000409-410 |
| | NEBUAD-000411-415 |
| | NEBUAD-000416-465 |
| | NEBUAD-000467-470 |
| | NEBUAD-000471-475 |
| | NEBUAD-000476-482 |
| | NEBUAD-000483-506 |
| | NEBUAD-000507-508 |
| | NEBUAD-000509-510 |
| | NEBUAD-000511-512 |
| | NEBUAD-000513-517 |
| | NEBUAD-000518-527 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
July 22, 2009
Page Nine

| | NEBUAD-000528-543 |
| | NEBUAD-000544-545 |
| | NEBUAD-001209-1210 |
| | NEBUAD-001211-1227 |
| | NEBUAD-001228 |

Also, attached hereto please find NebuAd's privilege log.

Very truly yours,

Stephen R. Freeland

cc:  All Defense Counsel
     Mindy Morton
     Daniel Bergeson

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

**EXHIBIT "E" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

**KELLEY DRYE & WARREN LLP**

A LIMITED LIABILITY PARTNERSHIP

**3050 K. STREET, N.W.**

NEW YORK, NY

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

—

BRUSSELS, BELGIUM

—

AFFILIATE OFFICES

MUMBAI, INDIA

**SUITE 400**

**WASHINGTON, D.C. 20007**

—

(202) 342-8400

FACSIMILE

(202) 342-8451

www.kelleydrye.com

DIRECT LINE: (202) 342-8635

EMAIL: sfreeland@kelleydrye.com

September 4, 2009

VIA E-MAIL

Michael J. Aschenbrener, Esq.
KamberEdelson, LLC
350 North LaSalle, Suite 1300
Chicago, IL  60654

**Re:**   *Valentine, et al. v. NebuAd, Inc., et al.*, No. C 08-cv-05113 (TEH) (EMC)

Dear Michael:

As agreed during the telephonic meet and confer conducted on July 1, we are providing you with supplemental Fed. R. Civ. P. 34(b)(2)(E) information relating to the non-ESI documents produced on behalf of defendant NebuAd, Inc. (hereinafter, "NebuAd"). These documents were produced as they were kept in the ordinary course of business.

| Category | Bates Numbers |
|---|---|
| Documents referring or relating to contracts between NebuAd and Internet Service Providers (Document Request Nos. 4, 5, 6, 7, 8, 9, 21, 25, 26, 28, 30, 32)[1] | NEBUAD-000050-55<br>NEBUAD-000056-64<br>NEBUAD-000065-69<br>NEBUAD-000070-74<br>NEBUAD-000075-95<br>NEBUAD-000096-110<br>NEBUAD-000111-116<br>NEBUAD-000117-118<br>NEBUAD-000119-123 |

---

[1]     By indicating that the listed documents refer or relate to contracts or communications between NebuAd and Internet Service Providers, the undersigned counsel does not represent or imply that the Internet Service Providers referred to in the listed documents deployed a NebuAd Ultra Transparent Appliance™ on their networks for behavioral advertising purposes.

# KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Two

|  |  |
|---|---|
|  | NEBUAD-000124-125 |
|  | NEBUAD-000150-158 |
|  | NEBUAD-000163-164 |
|  | NEBUAD-000165-179 |
|  | NEBUAD-000180-184 |
|  | NEBUAD-000185-205 |
|  | NEBUAD-000206 |
|  | NEBUAD-000513-517 |
|  | NEBUAD-000546-551 |
|  | NEBUAD-000559 |
|  | NEBUAD-000560-565 |
|  | NEBUAD-000566-567 |
|  | NEBUAD-000568 |
|  | NEBUAD-000569 |
|  | NEBUAD-000570 |
|  | NEBUAD-000575 |
|  | NEBUAD-000576 |
|  | NEBUAD-000577 |
|  | NEBUAD-000578-586 |
|  | NEBUAD-000612-620 |
|  | NEBUAD-000621-629 |
|  | NEBUAD-000630-638 |
|  | NEBUAD-000639-647 |
|  | NEBUAD-000648-656 |
|  | NEBUAD-000657-665 |
|  | NEBUAD-000666-674 |
|  | NEBUAD-000675 |
|  | NEBUAD-000676-677 |
|  | NEBUAD-000683 |
|  | NEBUAD-000684 |
|  | NEBUAD-000699 |
|  | NEBUAD-000700 |
|  | NEBUAD-000701 |
|  | NEBUAD-000702-703 |
|  | NEBUAD-000704-706 |
|  | NEBUAD-000707-708 |
|  | NEBUAD-000709-712 |
|  | NEBUAD-000739-748 |
|  | NEBUAD-000749-750 |
|  | NEBUAD-000751-753 |

# KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Three

| | |
|---|---|
| | NEBUAD-000754 |
| | NEBUAD-000755 |
| | NEBUAD-000797-800 |
| | NEBUAD-000838-841 |
| | NEBUAD-000878 |
| | NEBUAD-000879 |
| | NEBUAD-000880-881 |
| | NEBUAD-000882 |
| | NEBUAD-000883-884 |
| | NEBUAD-000886 |
| | NEBUAD-000887 |
| | NEBUAD-000888 |
| | NEBUAD-000889 |
| | NEBUAD-000890-892 |
| | NEBUAD-000893-894 |
| | NEBUAD-000895 |
| | NEBUAD-000896-898 |
| | NEBUAD-000899 |
| | NEBUAD-000900-902 |
| | NEBUAD-000903 |
| | NEBUAD-000904-908 |
| | NEBUAD-000909 |
| | NEBUAD-000970-987 |
| | NEBUAD-001031-1034 |
| | NEBUAD-001035-1036 |
| | NEBUAD-001037-1039 |
| | NEBUAD-001040 |
| | NEBUAD-001041-1042 |
| | NEBUAD-001043-1045 |
| | NEBUAD-001046-1048 |
| | NEBUAD-001049-1053 |
| | NEBUAD-001054-1058 |
| | NEBUAD-001089-1094 |
| | NEBUAD-001095-1103 |
| | NEBUAD-001104-1108 |
| | NEBUAD-001109-1129 |
| | NEBUAD-001201-1207 |
| | NEBUAD-001208 |
| | NEBUAD-001229-1232 |
| | NEBUAD-001427-1430 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Four

| | |
|---|---|
| | NEBUAD-001431 |
| | NEBUAD-001461-1488 |
| | NEBUAD-001489-1493 |
| | NEBUAD-001494-1518 |
| | NEBUAD-001519-1533 |
| | NEBUAD-001534-1539 |
| | NEBUAD-001540-1545 |
| | NEBUAD-001546-1550 |
| | NEBUAD-001551-1557 |
| | NEBUAD-001558-1574 |
| | NEBUAD-001575-1579 |
| | NEBUAD-001580-1586 |
| | NEBUAD-001587-1594 |
| | NEBUAD-001595-1601 |
| | NEBUAD-001602-1604 |
| | NEBUAD-001605-1612 |
| | NEBUAD-001613-1617 |
| | NEBUAD-001618-1623 |
| | NEBUAD-001624-1627 |
| | NEBUAD-001628-1630 |
| | NEBUAD-001631-1635 |
| | NEBUAD-001636-1641 |
| | NEBUAD-001642-1648 |
| | NEBUAD-001649-1653 |
| | NEBUAD-001654-1658 |
| | NEBUAD-001659-1663 |
| | NEBUAD-001664-1669 |
| | NEBUAD-001670-1675 |
| | NEBUAD-001676 |
| | NEBUAD-001677-1681 |
| | NEBUAD-001682-1698 |
| | NEBUAD-001699-1701 |
| | NEBUAD-001702-1708 |
| | NEBUAD-001709-1713 |
| | NEBUAD-001714-1718 |
| | NEBUAD-001719-1724 |
| | NEBUAD-001725-1728 |
| | NEBUAD-001729-1736 |
| | NEBUAD-001737-1739 |
| | NEBUAD-001740-1746 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Five

| | |
|---|---|
| | NEBUAD-001747-1751 |
| | NEBUAD-001752-1758 |
| | NEBUAD-001759-1763 |
| | NEBUAD-001764-1771 |
| | NEBUAD-001772-1774 |
| | NEBUAD-001775-1776 |
| | NEBUAD-001777-1779 |
| | NEBUAD-001780 |
| | NEBUAD-001781-1783 |
| | NEBUAD-001784-1787 |
| | NEBUAD-001788-1790 |
| | NEBUAD-001791 |
| | NEBUAD-001792 |
| | NEBUAD-001796 |
| | NEBUAD-001797-1798 |
| | NEBUAD-001799-1800 |
| | NEBUAD-001801 |
| | NEBUAD-001802-1803 |
| | NEBUAD-001804-1805 |
| | NEBUAD-001806-1807 |
| | NEBUAD-001808-1810 |
| | NEBUAD-001811-1812 |
| | NEBUAD-001813-1814 |
| | NEBUAD-001815-1816 |
| | NEBUAD-001817-1818 |
| | NEBUAD-001819-1821 |
| | NEBUAD-001822-1826 |
| | NEBUAD-001827-1841 |
| | NEBUAD-001842-1870 |
| | NEBUAD-001871-1872 |
| | NEBUAD-001873-1874 |
| | NEBUAD-001875-1888 |
| | NEBUAD-001889-1893 |
| | NEBUAD-001894-1898 |
| | NEBUAD-001899-1909 |
| | NEBUAD-001910-1920 |
| | NEBUAD-001921-1935 |
| | NEBUAD-001936-1950 |
| | NEBUAD-001951-1965 |
| | NEBUAD-001966-1967 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Six

| | |
|---|---|
| | NEBUAD-001968-1970 |
| | NEBUAD-001971-1972 |
| | NEBUAD-001973-1975 |
| | NEBUAD-001976-1978 |
| | NEBUAD-001979-1980 |
| | NEBUAD-001981-1983 |
| | NEBUAD-001984-1986 |
| | NEBUAD-001987-1989 |
| | NEBUAD-001990-1992 |
| | NEBUAD-001993-1994 |
| | NEBUAD-001995-1996 |
| | NEBUAD-001997-2011 |
| | NEBUAD-002012-2013 |
| | NEBUAD-002014-2016 |
| | NEBUAD-002017-2018 |
| | NEBUAD-002019-2023 |
| | NEBUAD-002024-2028 |
| | NEBUAD-002029 |
| | NEBUAD-002030 |
| | NEBUAD-002031 |
| | NEBUAD-002032 |
| | NEBUAD-002033 |
| | NEBUAD-002034-2036 |
| | NEBUAD-002037-2039 |
| | NEBUAD-002042-2044 |
| | NEBUAD-002045-2059 |
| | NEBUAD-002060-2063 |
| | NEBUAD-002064-2067 |
| | NEBUAD-002068-2071 |
| | NEBUAD-002072-2073 |
| | NEBUAD-002074-2113 |
| | NEBUAD-002114-2130 |
| | NEBUAD-002164-2166 |
| | NEBUAD-002167-2168 |
| | NEBUAD-002169-2170 |
| | NEBUAD-002171 |
| | NEBUAD-002172 |
| | NEBUAD-002173 |
| | NEBUAD-002174-2184 |
| | NEBUAD-002185-2186 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Seven

| | |
|---|---|
| | NEBUAD-002187-2201 |
| | NEBUAD-002202-2206 |
| | NEBUAD-002207-2223 |
| | NEBUAD-002224 |
| | NEBUAD-002225 |
| | NEBUAD-002226-2240 |
| | NEBUAD-002241-2245 |
| | NEBUAD-002246-2262 |
| | NEBUAD-002263-2266 |
| | NEBUAD-002272-2273 |
| | NEBUAD-002274-2288 |
| | NEBUAD-002289-2290 |
| | NEBUAD-002291 |
| | NEBUAD-002292-2293 |
| | NEBUAD-002294 |
| | NEBUAD-002295-2297 |
| | NEBUAD-002298-2300 |
| | NEBUAD-002301-2305 |
| | NEBUAD-002308-2312 |
| | NEBUAD-002313 |
| | NEBUAD-002315-2319 |
| | NEBUAD-002320-2322 |
| | NEBUAD-002323-2324 |
| | NEBUAD-002565-2587 |
| | NEBUAD-002588-2671 |
| Documents referring or relating to communications between NebuAd and Internet Service Providers (Document Request Nos. 4, 5, 6, 7, 8, 9, 25, 26, 28, 37) | NEBUAD-000126-149 |
| | NEBUAD-000552-553 |
| | NEBUAD-000554-556 |
| | NEBUAD-000557 |
| | NEBUAD-000558 |
| | NEBUAD-000571-572 |
| | NEBUAD-000573-574 |
| | NEBUAD-000675 |
| | NEBUAD-000683 |
| | NEBUAD-000684 |
| | NEBUAD-000699 |
| | NEBUAD-000700 |
| | NEBUAD-000701 |
| | NEBUAD-000702-703 |

KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Eight

| | |
|---|---|
| | NEBUAD-000704-706 |
| | NEBUAD-000707-708 |
| | NEBUAD-000709-712 |
| | NEBUAD-000713 |
| | NEBUAD-000749-750 |
| | NEBUAD-000751-753 |
| | NEBUAD-000876-877 |
| | NEBUAD-000890-892 |
| | NEBUAD-000900-902 |
| | NEBUAD-001676 |
| | NEBUAD-001772-1774 |
| | NEBUAD-001775-1776 |
| | NEBUAD-001777-1779 |
| | NEBUAD-001780 |
| | NEBUAD-001781-1783 |
| | NEBUAD-001784-1787 |
| | NEBUAD-001788-1790 |
| | NEBUAD-001791 |
| | NEBUAD-001792 |
| | NEBUAD-001796 |
| | NEBUAD-001797-1798 |
| | NEBUAD-001799-1800 |
| | NEBUAD-001801 |
| | NEBUAD-001802-1803 |
| | NEBUAD-001804-1805 |
| | NEBUAD-001806-1807 |
| | NEBUAD-001808-1810 |
| | NEBUAD-001811-1812 |
| | NEBUAD-001813-1814 |
| | NEBUAD-001815-1816 |
| | NEBUAD-001817-1818 |
| | NEBUAD-002040-2041 |
| | NEBUAD-002074-2113 |
| | NEBUAD-002164-2166 |
| | NEBUAD-002171 |
| | NEBUAD-002172 |
| | NEBUAD-002173 |
| | NEBUAD-002185-2186 |
| | NEBUAD-002187-2201 |
| | NEBUAD-002202-2206 |

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Nine

| | |
|---|---|
| | NEBUAD-002207-2223 |
| | NEBUAD-002224 |
| | NEBUAD-002225 |
| | NEBUAD-002226-2240 |
| | NEBUAD-002241-2245 |
| | NEBUAD-002246-2262 |
| | NEBUAD-002263-2266 |
| | NEBUAD-002272-2273 |
| | NEBUAD-002274-2288 |
| | NEBUAD-002289-2290 |
| | NEBUAD-002291 |
| | NEBUAD-002292-2293 |
| | NEBUAD-002294 |
| | NEBUAD-002295-2297 |
| | NEBUAD-002298-2300 |
| | NEBUAD-002301-2305 |
| | NEBUAD-002306-2307 |
| | NEBUAD-002308-2312 |
| | NEBUAD-002313 |
| | NEBUAD-002315-2319 |
| | NEBUAD-002320-2322 |
| | NEBUAD-002323-2324 |
| | NEBUAD-002325-2326 |
| | NEBUAD-002527-2531 |
| | NEBUAD-002532-2536 |
| | NEBUAD-002537-2546 |
| | NEBUAD-002565-2587 |
| Documents referring or relating to the functionality of the NebuAd device/system (Document Request Nos. 19, 20, 22, 23, 35, 36, 38) | NEBUAD-000070-74 |
| | NEBUAD-000075-95 |
| | NEBUAD-000096-110 |
| | NEBUAD-000119-123 |
| | NEBUAD-000126-149 |
| | NEBUAD-000159-162 |
| | NEBUAD-000165-179 |
| | NEBUAD-000185-205 |
| | NEBUAD-000207-218 |
| | NEBUAD-000219-251 |
| | NEBUAD-000252-269 |
| | NEBUAD-000270-293 |

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Ten

|  | |
|---|---|
| | NEBUAD-000294-322 |
| | NEBUAD-000323-339 |
| | NEBUAD-000344-350 |
| | NEBUAD-000352-357 |
| | NEBUAD-000358-365 |
| | NEBUAD-000366-367 |
| | NEBUAD-000368-369 |
| | NEBUAD-000370-371 |
| | NEBUAD-000372 |
| | NEBUAD-000373-380 |
| | NEBUAD-000381-389 |
| | NEBUAD-000390 |
| | NEBUAD-000391-398 |
| | NEBUAD-000399-405 |
| | NEBUAD-000406-408 |
| | NEBUAD-000409-410 |
| | NEBUAD-000411-415 |
| | NEBUAD-000467-470 |
| | NEBUAD-000471-475 |
| | NEBUAD-000476-482 |
| | NEBUAD-000507-508 |
| | NEBUAD-000509-510 |
| | NEBUAD-000511-512 |
| | NEBUAD-000528-543 |
| | NEBUAD-000587-611 |
| | NEBUAD-000714-738 |
| | NEBUAD-000756-796 |
| | NEBUAD-000801-804 |
| | NEBUAD-000805-809 |
| | NEBUAD-000810-830 |
| | NEBUAD-000831-837 |
| | NEBUAD-000838-841 |
| | NEBUAD-000842-848 |
| | NEBUAD-000849-873 |
| | NEBUAD-000874-875 |
| | NEBUAD-000885 |
| | NEBUAD-000994-1008 |
| | NEBUAD-001009-1030 |
| | NEBUAD-001035-1036 |
| | NEBUAD-001059-1070 |

## KELLEY DRYE & WARREN LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Eleven

| | |
|---|---|
| | NEBUAD-001071-1088 |
| | NEBUAD-001109-1129 |
| | NEBUAD-001130-1135 |
| | NEBUAD-001136-1159 |
| | NEBUAD-001160-1183 |
| | NEBUAD-001184-1200 |
| | NEBUAD-001211-1227 |
| | NEBUAD-001233-1255 |
| | NEBUAD-001256-1267 |
| | NEBUAD-001268-1293 |
| | NEBUAD-001294-1311 |
| | NEBUAD-001312-1344 |
| | NEBUAD-001345-1356 |
| | NEBUAD-001357-1380 |
| | NEBUAD-001381-1397 |
| | NEBUAD-001398-1426 |
| | NEBUAD-001432-1438 |
| | NEBUAD-001439-1460 |
| | NEBUAD-001461-1468 |
| | NEBUAD-001489-1493 |
| | NEBUAD-001494-1518 |
| | NEBUAD-001558-1574 |
| | NEBUAD-001682-1698 |
| | NEBUAD-001842-1870 |
| | NEBUAD-002320-2322 |
| | NEBUAD-002527-2531 |
| | NEBUAD-002547-2564 |
| | NEBUAD-002588-2671 |
| Documents referring or relating to steps taken by NebuAd to protect privacy (Document Request Nos. 19, 20, 23, 35, 36) | NEBUAD-000126-149 |
| | NEBUAD-000159-162 |
| | NEBUAD-000207-218 |
| | NEBUAD-000219-251 |
| | NEBUAD-000252-269 |
| | NEBUAD-000270-293 |
| | NEBUAD-000294-322 |
| | NEBUAD-000323-339 |
| | NEBUAD-000344-350 |
| | NEBUAD-000352-357 |
| | NEBUAD-000358-365 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Twelve

| |
|---|
| NEBUAD-000366-367 |
| NEBUAD-000368-369 |
| NEBUAD-000370-371 |
| NEBUAD-000372 |
| NEBUAD-000373-380 |
| NEBUAD-000381-389 |
| NEBUAD-000390 |
| NEBUAD-000391-398 |
| NEBUAD-000399-405 |
| NEBUAD-000406-408 |
| NEBUAD-000409-410 |
| NEBUAD-000411-415 |
| NEBUAD-000467-470 |
| NEBUAD-000471-475 |
| NEBUAD-000476-482 |
| NEBUAD-000507-508 |
| NEBUAD-000509-510 |
| NEBUAD-000511-512 |
| NEBUAD-000528-543 |
| NEBUAD-000557 |
| NEBUAD-000568 |
| NEBUAD-000587-611 |
| NEBUAD-000714-738 |
| NEBUAD-000756-796 |
| NEBUAD-000801-804 |
| NEBUAD-000805-809 |
| NEBUAD-000810-830 |
| NEBUAD-000831-837 |
| NEBUAD-000838-841 |
| NEBUAD-000842-848 |
| NEBUAD-000849-873 |
| NEBUAD-000874-875 |
| NEBUAD-000885 |
| NEBUAD-000895 |
| NEBUAD-000910-912 |
| NEBUAD-000913-914 |
| NEBUAD-000915 |
| NEBUAD-000916-917 |
| NEBUAD-000918 |
| NEBUAD-000919-921 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Thirteen

|  |  |
|---|---|
|  | NEBUAD-000922-928 |
|  | NEBUAD-000929 |
|  | NEBUAD-000930-935 |
|  | NEBUAD-000936-939 |
|  | NEBUAD-000940-943 |
|  | NEBUAD-000944-948 |
|  | NEBUAD-000949-952 |
|  | NEBUAD-000953-956 |
|  | NEBUAD-000957-959 |
|  | NEBUAD-000960-961 |
|  | NEBUAD-000962-963 |
|  | NEBUAD-000964 |
|  | NEBUAD-000965 |
|  | NEBUAD-000966-967 |
|  | NEBUAD-000968-969 |
|  | NEBUAD-000988-991 |
|  | NEBUAD-000992-993 |
|  | NEBUAD-000994-1008 |
|  | NEBUAD-001009-1030 |
|  | NEBUAD-001071-1088 |
|  | NEBUAD-001130-1135 |
|  | NEBUAD-001136-1159 |
|  | NEBUAD-001160-1183 |
|  | NEBUAD-001184-1200 |
|  | NEBUAD-001211-1227 |
|  | NEBUAD-001233-1255 |
|  | NEBUAD-001256-1267 |
|  | NEBUAD-001268-1293 |
|  | NEBUAD-001294-1311 |
|  | NEBUAD-001312-1344 |
|  | NEBUAD-001345-1356 |
|  | NEBUAD-001357-1380 |
|  | NEBUAD-001381-1397 |
|  | NEBUAD-001398-1426 |
|  | NEBUAD-001432-1438 |
|  | NEBUAD-001439-1460 |
|  | NEBUAD-001772-1774 |
|  | NEBUAD-001775-1776 |
|  | NEBUAD-001777-1779 |
|  | NEBUAD-001815-1816 |

**KELLEY DRYE & WARREN LLP**

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Fourteen

|  | NEBUAD-001817-1818 |
|---|---|
|  | NEBUAD-002314 |
|  | NEBUAD-002320-2322 |
|  | NEBUAD-002327-2328 |
|  | NEBUAD-002329-2333 |
|  | NEBUAD-002334-2352 |
|  | NEBUAD-002353-2364 |
|  | NEBUAD-002365-2414 |
|  | NEBUAD-002415 |
|  | NEBUAD-002416 |
|  | NEBUAD-002417-2464 |
|  | NEBUAD-002465-2519 |
|  | NEBUAD-002520-2526 |
|  | NEBUAD-002527-2531 |
|  | NEBUAD-002547-2564 |
| Documents provided to, and communications with, the United States Federal Trade Commission (Document Request Nos. 3, 19, 20, 35) | NEBUAD-000207-218 |
|  | NEBUAD-000219-251 |
|  | NEBUAD-000252-269 |
|  | NEBUAD-000270-293 |
|  | NEBUAD-000294-322 |
|  | NEBUAD-000323-339 |
|  | NEBUAD-000340-343 |
|  | NEBUAD-000344-350 |
|  | NEBUAD-000351 |
|  | NEBUAD-000352-357 |
|  | NEBUAD-000358-365 |
|  | NEBUAD-000368-369 |
|  | NEBUAD-000370-371 |
|  | NEBUAD-000372 |
|  | NEBUAD-000373-380 |
|  | NEBUAD-000381-389 |
|  | NEBUAD-000390 |
|  | NEBUAD-000391-398 |
|  | NEBUAD-000399-405 |
|  | NEBUAD-000406-408 |
|  | NEBUAD-000409-410 |
|  | NEBUAD-000411-415 |
|  | NEBUAD-000416-465 |
|  | NEBUAD-000467-470 |

**KELLEY DRYE & WARREN** LLP

Michael J. Aschenbrener, Esq.
September 4, 2009
Page Fifteen

|  | NEBUAD-000471-475 |
|  | NEBUAD-000476-482 |
|  | NEBUAD-000483-506 |
|  | NEBUAD-000507-508 |
|  | NEBUAD-000509-510 |
|  | NEBUAD-000511-512 |
|  | NEBUAD-000513-517 |
|  | NEBUAD-000518-527 |
|  | NEBUAD-000528-543 |
|  | NEBUAD-000544-545 |
|  | NEBUAD-001209-1210 |
|  | NEBUAD-001211-1227 |
|  | NEBUAD-001228 |

In addition, enclosed herewith please find NebuAd's supplemental privilege log.

With this letter, we have completed our Fed. R. Civ. P. 26(b)(5) and 34(b)(2)(E) obligations pursuant to the agreement reached during our July 1 telephonic meet and confer.

Very truly yours,

*Stephen Freeland*

Stephen R. Freeland

cc:  All Defense Counsel
     Mindy Morton
     Daniel Bergeson

Enclosure

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

**EXHIBIT "F" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**

## Freeland, Stephen

| | |
|---|---|
| **From:** | Gilbertsen, Thomas E. |
| **Sent:** | Friday, June 26, 2009 4:20 PM |
| **To:** | 'Alan Himmelfarb Esq.'; 'dbergeson@be-law.com'; 'mmorton@be-law.com'; 'thomasburke@dwt.com'; 'adamcaldwell@dwt.com'; 'lizdrogula@dwt.com'; 'johnseiver@dwt.com'; 'ronnielondon@dwt.com'; 'drobinson@cov.com'; 'sfrankel@cov.com'; 'dyoung@fbm.com'; 'bwiscoff@fbm.com'; 'mhellman@jenner.com'; 'dhandzo@jenner.com'; 'bhauck@jennfer.com' |
| **Cc:** | 'maschenbrener@kamberedelson.com'; 'Scott A. Kamber, Esq.'; 'Rafey Balabanian, Esq.'; Freeland, Stephen |
| **Subject:** | RE: Valentine v. NebuAd, Inc.- Notice of Ex Parte Application |

Alan, I object to your proposed *ex parte* application and the relief requested on the following grounds:

1. Abuse of inapplicable and unauthorized ex prate application under Local Rule 7-10.

2. No meet and confer under Local Rule 37-1.

3. Nebuad's timely objections to the discovery at issue are valid and should be sustained.

4. Contradicts prior order of Judge Chen on same discovery matters.

5. Counsel has begun the process of producing documents in accordance with the Court's June 24 Order.

Please be advised that if filed, I will seek sanctions for costs in connection with responding to the ex prate application. I further demand that if the application is filed, a telephonic hearing be requested.

Very truly yours,


Thomas E. Gilbertsen
KELLEY DRYE & WARREN LLP
3050 K Street N.W.
Washington, D.C. 20007
202.342.8505
202.342.8451 (facsimile)
tgilbertsen@kelleydrye.com



-----Original Message-----
**From:** Alan Himmelfarb Esq. [mailto:ahimmelfarb@kamberedelson.com]
**Sent:** Friday, June 26, 2009 3:43 PM
**To:** Gilbertsen, Thomas E.; dbergeson@be-law.com; mmorton@be-law.com; Gilbertsen, Thomas E.; thomasburke@dwt.com; adamcaldwell@dwt.com; lizdrogula@dwt.com; johnseiver@dwt.com; ronnielondon@dwt.com; drobinson@cov.com; sfrankel@cov.com; dyoung@fbm.com; bwiscoff@fbm.com; mhellman@jenner.com; dhandzo@jenner.com; bhauck@jennfer.com
**Cc:** maschenbrener@kamberedelson.com; Scott A. Kamber, Esq.; Rafey Balabanian, Esq.
**Subject:** Valentine v. NebuAd, Inc.- Notice of Ex Parte Application

   Counsel,

Attached please find a Notice of Ex Parte Application.

Thank you.


Alan Himmelfarb
KAMBEREDELSON LLC
2757 Leonis Blvd.
Los Angeles, CA 90058
(323) 585-8696
ahimmelfarb@kamberedelson.com

Pursuant to Treasury Regulations, any U.S. federal tax advice contained in this stated, is not intended and cannot be used for the purpose of avoiding tax-rela

The information contained in this E-mail message is privileged, confidential, a please be aware that any other use, printing, copying, disclosure or disseminat subject to legal restriction or sanction. If you think that you have received t error, please reply to the sender.

This E-mail message and any attachments have been scanned for viruses and are b other defect that might affect any computer system into which it is received an responsibility of the recipient to ensure that it is virus free and no responsi Drye & Warren LLP for any loss or damage arising in any way from its use.

**KamberEdelson, LLP**

2757 Leonis Boulevard, Vernon, California 90058
t 323.585.8696 f 323.585.6195

www.kamberedelson.com

June 26, 2009

### *Via Electronic Mail*

Daniel J. Bergeson
Melinda Mae Morton
dbergeson@be-law.com
mmorton@be-law.com

Thomas E. Gilbertsen
tgilbertsen@kelleydrye.com

Thomas R. Burke
Adam S. Caldwell
Elizabeth A. Drogula
John D. Seiver
Ronald G. London
thomasburke@dwt.com
adamcaldwell@dwt.com
lizdrogula@dwt.com
johnseiver@dwt.com
ronnielondon@dwt.com

Simon J. Frankel
E. Daniel Robinson
drobinson@cov.com
sfrankel@cov.com

Douglas R. Young
Carl Brandon Wisoff
dyoung@fbm.com
bwiscoff@fbm.com

Matthew Samuel Hellman
David A. Handzo
Brian Hauck
mhellman@jenner.com
dhandzo@jenner.com
bhauck@jennfer.com

    **Re:**   *Dan Valentine, et al. v. NebuAd, Inc., et al.*, Case No. 3:08-cv-5113-TEH
           <u>(United States District Court for the Northern District of California, SF)</u>

Dear Counsel:

      This is a notice of *ex parte application*.  Please be advised that plaintiff Dan Valentine, by and through his attorneys, KamberEdelson LLC, will move *ex parte* in the above referenced case, as follows:

> <u>Date:</u>
> June 26, 2009
>
> <u>Location:</u>
> United States District Court for the Northern District of California, San Francisco, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Courtroom 12, 19th Floor.
>
> <u>Persons against whom relief is sought:</u>
> Defendant, NebuAd, Inc.
>
> <u>Scope of relief being sought:</u>
> *Ex parte* application for:
>> 1)  Order compelling Defendant NebuAd to answer Plaintiff's first set of interrogatories within 7 days; and
>> 2)  Order compelling Defendant NebuAd to produce documents and other tangible things in response to Plaintiff's first set of requests for the production of documents.

      Please let me know by 4:00 p.m., (P.S.T.) whether Defendants have any objection to Plaintiffs' ex parte application and the relief sought therein.

                  Very truly yours,

                    /s/ Alan Himmelfarb

                  Alan Himmelfarb

*Valentine v. NebuAd, Inc., et al.*
Case No. 3:08-ev-05113 (THE)(EMC)

EXHIBIT "G" TO THE DECLARATION OF THOMAS E. GILBERTSEN IN SUPPORT
OF KELLEY DRYE & WARREN LLP'S AND BERGESON, LLP'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL

**KELLEY DRYE & WARREN** LLP

A LIMITED LIABILITY PARTNERSHIP

**3050 K. STREET, N.W.**

NEW YORK, NY

TYSONS CORNER, VA

CHICAGO, IL

STAMFORD, CT

PARSIPPANY, NJ

———

BRUSSELS, BELGIUM

———

AFFILIATE OFFICES

MUMBAI, INDIA

**SUITE 400**

**WASHINGTON, D.C. 20007**

———

(202) 342-8400

FACSIMILE

(202) 342-8451

www.kelleydrye.com

DIRECT LINE: (202) 342-8505

EMAIL: tgilbertsen@kelleydrye.com

September 16, 2009

VIA ELECTRONIC CASE FILING

Chambers of the Honorable Thelton E. Henderson
Senior United States District Judge
United States District Court For the
 Northern District of California
450 Golden Gate Ave.
Courtroom 12, 19th Floor
San Francisco, CA 94102

> Re:    Valentine, et al. v. NebuAd, Inc., et al., Civ. No. 08-05113 (TEH) (EMC)

To the Honorable Judge Henderson:

        In connection with the referenced matter, Kelley Drye & Warren, LLP and Bergeson, LLP (collectively, "Counsel") write to respectfully request that their pending motion to conditionally withdraw as counsel for defendant NebuAd, Inc. ("NebuAd") (Document 121) be granted at the Court's next opportunity to so rule.  To the extent possible without the benefit of a client to direct our efforts, the undersigned Counsel have fully complied with Your Honor's June 24, 2009 Order directing discovery to proceed.  As Counsel previously advised the Court, NebuAd's insurance carriers have agreed to provide a defense for NebuAd in this action, and Counsel should therefore be permitted to conditionally withdraw until substitute counsel for NebuAd files an appearance.[1]

---

[1]     This letter is being submitted to Your Honor contemporaneously with Counsel's opposition to plaintiffs' motion to compel, which the Court previously referred to Magistrate Judge Chen.

**KELLEY DRYE & WARREN LLP**

The Honorable Thelton E. Henderson
September 16, 2009
Page Two

### I.      Plaintiffs' Two Reasons for Opposing Counsel's Withdraw Have Been Resolved

As set forth in Counsel's motion filed May 18, 2009, NebuAd executed an assignment for the benefit of creditors ("ABC") pursuant to California law on or about May 13, 2009.  *See* Mot. to Withdraw, at 1 (Document 121). As a result of the ABC, all of NebuAd's assets and documents were assigned in trust to a fiduciary assignee, NebuAd (assignment for the benefit of creditors), LLC ("Assignee").  *Id.* at 2.

Counsel's motion to withdraw asserts four independent grounds: (1) as a result of the ABC, NebuAd has essentially ceased to exist and has no officers or directors to direct Counsel's defense of the litigation and with no principal to direct its activities, Counsel lacks authority to continue this representation, (2) irreconcilable differences, (3) nonpayment, and (4) client consent. *See id.* at 3-5.

Plaintiffs opposed the motion on two grounds.  *See* Plaintiffs' Consolidated Opp. to Counsel's Mot. to Withdraw and for a Stay (Document 136).  Plaintiffs asserted that withdraw should not be permitted because a Kelley Drye & Warren, LLP partner, D. Reed Freeman, provided legal counsel to NebuAd and several other entities that plaintiffs contend were somehow related to NebuAd.  Plaintiffs' Consolidated Opposition to Counsel's Motion to Withdraw and for a Stay, at 1-4 (Document 136).  To the extent Mr. Freeman's presence at the movant firm was ever a valid basis for opposing Counsel's withdrawal, it is now moot because Mr. Freeman recently left Kelley Drye & Warren LLP and joined the firm of Morrison & Forester, LLP as a partner.  *See* Biography of Reed Freeman, available at http://www.mofo.com/attorneys/15157/summary.html, last accessed on September 16, 2009.

Second, plaintiffs argued that permitting Counsel to withdraw would effectively cut off plaintiffs' discovery rights.  *Id.* at 7 (Document 136) (asserting that Counsel's withdrawal will prejudice plaintiffs "because the net effect will be denial of discovery rights.").  To the extent this was ever a valid basis for opposing Counsel's withdraw, it too is now moot.  After the June 22, 2009 hearing on Counsel's motion to withdraw, the Court entered an Order stating that it was deliberating on the motion to withdraw but directing discovery to proceed in the interim.  *See* June 24, 2009 Order (Document 141).  The Court also ruled that it would entertain motions to compel responses to discovery requests as well as to join former NebuAd officers or directors to facilitate discovery.  *Id.*  The Court also entered a preservation order.  *Id.*

Counsel has fully complied with Your Honor's June 24, 2009 Order, and all responsive discovery materials in Counsel's possession have been produced to the plaintiffs' lawyers, and counsel for all other parties, pursuant to NebuAd's prior written discovery responses and objections.  Counsel further provided Fed. R. Civ. P. 34(b)(2)(E)(i) summaries to plaintiffs' counsel, which summaries categorize the NebuAd documents produced by subject matter and

**KELLEY DRYE & WARREN** LLP

The Honorable Thelton E. Henderson
September 16, 2009
Page Three

request specification.  A privilege log for responsive documents withheld from production has also been produced.  Counsel is aware of no objection or contention by plaintiffs' counsel that any of the foregoing is wanting or deficient in any respect.

Counsel has also taken steps to preserve all NebuAd electronic data collected and maintained by IKON within this judicial district.  Counsel timely transmitted both the oral May 20, 2009 and written June 24, 2009 preservation Orders to IKON and the Assignee.

With respect to plaintiffs' interrogatories, plaintiffs' counsel previously asserted in open court that responses incorporating documents pursuant to Fed. R. Civ. P. 33(d) would be satisfactory.  By providing detailed and categorized summaries of the NebuAd documents produced, Counsel has provided the functional equivalent of Rule 33(d) responses.  Beyond that, Counsel is unable to do more.  Counsel has made repeated but unsuccessful attempts to secure the designation of a former NebuAd officer to verify interrogatory responses, and is therefore unable to provide interrogatory answers in the manner dictated by the Federal Rules.

## II.   Four Months Later, the Grounds for Withdrawal Remain

The four independent grounds for withdraw cited in Counsel's motion still persist and have become even more urgent.  Counsel is being forced to continue its representation even though it has no client to direct its defense of the litigation.  As the Eastern District of California's opinion in *Vang v. Home Loan Funding, Inc.*, No. 07cv1454 (AWI) (GSA), 2008 WL 3286825, at *1 (E.D. Cal. Aug. 6, 2008) (Austin, Mag. J.)) confirms, the lack of any NebuAd director or officer to direct Counsel in the defense of this litigation and authorize Counsel to act renders "counsel's continued representation impossible" (*Vang v. Home Loan Funding, Inc.*, No. 07cv1454 (AWI) (GSA), 2008 WL 3286825, at *1 (E.D. Cal. Aug. 6, 2008) (Austin, Mag. J.)).  *See also* Counsel's Mot. to Withdraw at 3-4 (Document 121).

Moreover, compelling Counsel to continue litigating this case on behalf of a defunct client only exacerbates the irreconcilable differences upon which the pending motion is also based.  With NebuAd's demise, these differences are now incapable of resolution.  Yet the plaintiffs' counsel continue to somehow regard Counsel as NebuAd's surrogate and substitute in this litigation.  This state of affairs should desist immediately, now that all discoverable documents in the movants' possession have been produced to plaintiffs' counsel and all other parties.

Complying with the Court's June 24, 2009 Order and opposing plaintiffs' motion to compel has also generated additional and substantial attorneys' fees and costs which are not being reimbursed.  NebuAd and its insurance carriers have not met their obligations to pay all of the undersigned's fees and expenses.  NebuAd and its insurance carriers have also refused to pay

**KELLEY DRYE & WARREN LLP**

The Honorable Thelton E. Henderson
September 16, 2009
Page Four

Bergeson LLP's fees and expenses.  Counsel cannot be compelled to participate in the funding of this litigation.

As confirmed in open court at Your Honor's hearing on this motion on June 21, 2009, NebuAd's insurance carriers earlier  confirmed that they will provide a defense for NebuAd. Therefore, Counsel respectfully requests that its motion to conditionally withdraw as counsel for defendant NebuAd be granted and that the undersigned be permitted to withdraw upon the appearance of new counsel for NebuAd in the case.  No prejudice will result to any party in this case if Counsel is permitted to conditionally withdraw.  And as previously stated, pursuant to Local Rule 11-5(b), Counsel will still receive service of papers in the case for forwarding purposes until substitute counsel enters an appearance.

Respectfully submitted,

Thomas E. Gilbertsen
Melinda Morton

cc:  All Parties of Record