IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAN VALENTINE, *et al.*,

    Plaintiffs,

v.

NEBUAD, INC., *et al.*,

    Defendants.

NO. C08-05113 TEH

ORDER GRANTING MOTION TO WITHDRAW AND DENYING MOTION TO STAY

This matter came before the Court on June 22, 2009, on two motions filed by Bergeson, LLP ("Bergeson") and Kelley Drye & Warren, LLP ("Kelley Drye"), counsel for Defendant NebuAd, Inc. ("NebuAd"). Bergeson and Kelley Drye (collectively, "Counsel") move to withdraw as counsel for NebuAd, and also move to stay proceedings against NebuAd. For the reasons set forth below, Counsel's motion to withdraw is GRANTED, and their motion to stay is DENIED. NebuAd shall have until November 5, 2009 to have substitute counsel enter an appearance. If no counsel enters an appearance by that date, the Court shall strike NebuAd's answer and default judgment shall be entered against it.

**FACTUAL AND PROCEDURAL BACKGROUND**

This lawsuit arises out of a practice of tracking individuals' internet habits and harnessing that data to sell and deliver targeted advertisements based on their web browsing history. NebuAd contracted with internet service providers ("ISPs") to install devices on their networks that monitored ISP subscribers' internet activity and transmitted that data to NebuAd's California headquarters for analysis. That data was used to sell advertising

tailored to subscribers' interests, which appeared in place of more generic advertisements on web pages visited by subscribers. The advertising profits were split by NebuAd and its ISP partners.

Plaintiffs are ISP customers who allege their online activities were monitored during trials of this technology by NebuAd and the six ISPs to which they subscribed: Bresnan Communications; CenturyTel Communications, Inc.; Embarq, Inc.; Knology, Inc.; WideOpen West Finance, LLC; and Cable One (collectively, "ISP Defendants"). They claim that this practice was illegal, violating federal and state statutes governing the privacy of communications and computer usage. Plaintiffs filed a complaint on November 10, 2008 against NebuAd and the ISP Defendants, alleging against all Defendants violations of the federal Electronic Communications Privacy Act of 1986, 18 U.S.C. § 2510 *et seq.*; California's Computer Crime Law, Cal. Pen. Code § 502; the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030; and California's Invasion of Privacy Act, Cal. Pen. Code § 630 *et seq.* Plaintiffs also charge the ISP Defendants with aiding and abetting the alleged statutory violations and with civil conspiracy, and they assert an unjust enrichment claim against all Defendants.

On May 13, 2009, NebuAd's board of directors executed an assignment for the benefit of creditors ("ABC"), "a business liquidation device available to an insolvent debtor as an alternative to formal bankruptcy proceedings." *Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d 1166, 1169 (1984). The company's assets and documents have been assigned in trust to a fiduciary assignee, NebuAd (assignment for the benefit of creditors), LLC ("Assignee"), which is to maintain NebuAd's documents for seven years and liquidate its assets to pay off creditors. To share in the proceeds from the liquidation of NebuAd's property, creditors – including Plaintiffs – will be required to file notice of their claims with the Assignee between 150 and 180 days after the Assignee's written notice of the ABC to them.

Five days after executing the ABC, Counsel filed the instant motions to withdraw and to stay proceedings, after having given the other parties notice of their intent to do so.

Counsel argue that their client "essentially ceases to exist and has no employees or officers to direct Counsel's efforts," as the ABC left only "the estate of NebuAd." Mot. to Withdraw at 3. With no client to represent, Counsel assert it is "impossible for any counsel to purportedly continue on NebuAd's behalf in this litigation," and further cite irreconcilable differences, nonpayment, and NebuAd's consent as bases for their withdrawal. *Id.* Counsel also ask the Court to exercise its discretion to stay proceedings against NebuAd to allow the liquidation of its assets to proceed.

Plaintiffs vigorously oppose both motions. "NebuAd is not really going anywhere," Plaintiffs allege, but "is simply restarting with a new name" based out of the United Kingdom. Opp'n at 2. Plaintiffs point to a series of corporate incarnations that preceded NebuAd as evidence that the company changes names and corporate entities whenever "the going gets tough." *Id.* at 3. They assert that allowing Counsel's withdrawal and granting a stay would prejudice Plaintiffs, by delaying the litigation for long enough to prevent their recovery.

## LEGAL STANDARD

Civil Local Rule 11-5(a) bars counsel from withdrawing "until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Whether or not to allow the withdrawal of counsel falls within the Court's discretion. *j2 Global Commc'ns, Inc. v. Blue Jay, Inc.*, No. C08-4254 PJH, 2009 U.S. Dist. LEXIS 19027, at *3 (N.D. Cal. Feb. 24, 2009) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). In ruling on a withdrawal motion, the Court weighs four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Irwin v. Mascott*, No. C97-4737 JL, 2004 U.S. Dist. LEXIS 28264, at *4 (N.D. Cal. Dec. 1, 2004). The withdrawal of counsel is governed, like all matters of counsel's conduct in this district, "by the standards of professional conduct required of members of the State Bar of

3

California." *Schueneman v. 1st Credit of Am., LLC*, No. C05-4505 MHP, 2007 U.S. Dist. LEXIS 48981, at *23 (N.D. Cal. July 6, 2007).

The decision to stay an action is likewise within the Court's discretion as part of its inherent authority to control its docket . *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The "competing interests" the Court weighs on a motion to stay are "(1) possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Am. Honda Motor Co. v. Coast Distrib. Sys.*, No. C06-04752 JSW, 2007 U.S. Dist. LEXIS 19981, at *3 (N.D. Cal. Feb. 26, 2007) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The party seeking the stay bears the burden of demonstrating it is warranted. *Id.* at *3-4.

**DISCUSSION**

**I.    Motion to Withdraw**

On motion to withdraw, the Court must weigh the reasons why withdrawal is being sought against prejudice to other litigants, harm to the administration of justice, and possible delay in resolution of the case. Counsel offer four reasons for withdrawing. First, and most significantly, the execution of NebuAd's ABC has effectively deprived Counsel of a client to represent. Counsel also rely on irreconcilable differences with NebuAd, the nonpayment of attorney bills, and NebuAd's consent.

Counsel have repeatedly brought the Court's attention to the "awkward" position in which they have found themselves since the ABC's execution, representing a client which "essentially ceases to exist." *See, e.g.*, 5/20/09 Hearing, D.I. 137, at 5 ("I'm just in a little bit of an awkward position because . . . I've also filed a motion to withdraw[.]"); Counsel's Civil L.R. 7-13 Notice, Exh. A, D.I. 164-1, at 3 ("Counsel is being forced to continue its representation even though it has no client to direct its defense of the litigation."); Gilbertsen

4

Decl. in Support of Reply, D.I. 138-1, ¶ 5 ("[W]ithout having anyone at NebuAd with whom Counsel can consult to search for responsive documents and information, Counsel believes that they are unable to certify discovery responses in accordance with Fed. R. Civ. P. 26(g)."). The dissolution of Counsel's client is a compelling rationale for requesting to withdraw. *See, e.g.*, *Advanced Ceramics Corp. v. Saint-Gobain Advanced Ceramics Corp.*, No. 01 CV 7864 (GBD), 2005 U.S. Dist. LEXIS 1897, at *4 n.1 (S.D.N.Y. Feb. 8, 2005) (granting motion to withdraw by Plaintiff's attorney "since his client no longer exists" after its acquisition by another company); *Vang v. Home Loan Funding, Inc.*, No. 07 cv 1454 AWI GSA, 2008 WL 3286825, at *2 (E.D. Cal. Aug. 6, 2008) (granting motion to withdraw where client entered into assignment for benefit of creditors, finding "there has been a breakdown in the attorney-client relationship which renders counsel's continued representation impossible").

Furthermore, $500,000 in legal bills and costs for Kelley Drye remained unpaid by NebuAd and its insurance carriers as of September. The California Rules of Professional Conduct recognize a client's failure to pay agreed-upon fees and expenses as a basis for withdrawal. Cal. R. Prof. Conduct 3-700(C)(1)(f). Finally, NebuAd consented to nonpayment of fees as a basis for withdrawal in Counsel's retainer agreement. The above rationales provide Counsel sufficient bases for withdrawal without requiring the Court to assess their last argument, irreconcilable differences.

Plaintiffs oppose Counsel's motion by raising unsubstantiated allegations drawn from unauthenticated web sites regarding NebuAd's alleged pattern of dissolving one corporate entity and reorganizing as another. Even if those allegations were founded on admissible evidence, the Court fails to see how any such backstory regarding NebuAd's execution of an ABC can factor into the decision to permit or deny Counsel's withdrawal. Any theoretical prejudice Plaintiffs may face results not from the withdrawal of Counsel, but from the liquidation of NebuAd's assets, the propriety of which this Court is not assessing.

Other litigants should not be unduly prejudiced by Counsel's withdrawal. Counsel assert that they have complied with this Court's June 24, 2009 Order that discovery proceed,

5

having produced "all responsive discovery materials in Counsel's possession." Counsel's Civil L.R. 7-13 Notice, Exh. A, D.I. 164-1, at 2. Indeed, Plaintiffs have withdrawn the motion to compel that had been noticed for October 7, 2009 as the parties agreed that Plaintiffs could review documents in the possession of Assignee's counsel. Significantly, Counsel have assured the Court that NebuAd's insurance carriers have agreed to provide a defense in the action and would appear in this case for that purpose. Furthermore, Counsel will continue to accept service of process on behalf of NebuAd in this matter, pursuant to Civil Local Rule 11-5(b), until substitute counsel enters an appearance.

Granting Counsel's motion should not delay resolution of this case, but rather may hasten it. Allowing Counsel to withdraw when the entity they represent no longer exists, and having counsel for NebuAd's insurance carriers appear in the case, simply recognizes the new reality imposed by NebuAd's liquidation. Finally, the Court can perceive no harm in the administration of justice that would result from granting Counsel's motion.

The Court therefore GRANTS Counsel's motion to withdraw. If counsel for NebuAd's insurer does, indeed, enter an appearance, litigation may proceed accordingly. Otherwise, NebuAd will be incapable of representing itself because "a corporation may appear in the federal courts only through licensed counsel," a rule that "applies equally to all artificial entities." *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). If no new counsel files an appearance within the time set by the Court, the Court will strike the answer previously filed by NebuAd and enter default judgment against NebuAd.

## II. Motion to Stay

Having demonstrated the propriety of allowing their withdrawal, Counsel also ask the Court to stay proceedings "pending the Assignee's resolution of plaintiffs' unsecured, contingent and unliquidated putative class claims against NebuAd." Mot. to Stay at 4. The Court declines to exercise its discretion to do so. Counsel have failed to convince the Court of the necessity or even advisability of imposing such a stay.

1 Weighing the three factors governing a motion to stay, the Court finds that (1) a stay
2 may hinder Plaintiffs' ability to recover while (2) proceeding with the case imposes little
3 hardship on NebuAd, and (3) a stay will not improve the orderly course of justice. Plaintiffs
4 are concerned that a stay will allow NebuAd's assets to be liquidated to satisfy its creditors,
5 leaving "no money left to pay any potential judgment to Plaintiffs and class members."
6 Opp'n at 10. Although the Court is in no position to assess Plaintiffs' prospects for recovery
7 as creditors under NebuAd's ABC, delaying resolution certainly cannot improve their
8 chances. As to the hardship faced by NebuAd, the Court fails to see what harm an entity
9 which "essentially ceases to exist" can face from this litigation, especially given Counsel's
10 assurance that NebuAd will have representation from its insurers. Finally, the "orderly
11 course of justice" is a factor that comes into play when "there are 'independent proceedings
12 which bear upon the case.'" *Liberty Surplus Ins. Corp. v. IMR Contractors Corp.*, No. CV
13 08-5773 JSW, 2009 U.S. Dist. LEXIS 37580, at *10 (N.D. Cal. April 14, 2009) (quoting
14 *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979)). No rulings from
15 the ABC proceeding will bear on any substantive issue in this litigation. The orderly course
16 of justice will therefore be best secured by allowing this matter to follow its course.

17 NebuAd will be in no better position to defend this matter once its assets have been
18 liquidated. To the extent this matter is able to proceed on the merits, the Court will allow it
19 to do so. Counsel's motion to stay is therefore DENIED.

## CONCLUSION

22 For the reasons set forth above, Counsel's motion to withdraw is hereby GRANTED,
23 and their motion to stay is DENIED. NebuAd shall have until November 5, 2009 to have
24 substitute counsel enter an appearance in the case. If no counsel has filed an appearance on
25 behalf of NebuAd by that date, then the answer previously filed on behalf of NebuAd shall
26 //
27 //
28 //

7

be stricken and default judgment against NebuAd shall be entered. The Court shall then terminate this case administratively, as all claims against the ISP Defendants have been dismissed for lack of personal jurisdiction by order filed concurrently with this Order.

**IT IS SO ORDERED.**

Dated: 10/06/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT