SCOTT KAMBER (*pro hac vice*)
skamber@kamberedelson.com
KAMBEREDELSON, LLC
11 Broadway, 22nd Floor
New York, New York 10004
Telephone: (212) 920-3072
Facsimile: (212) 202-6364

JOSEPH H. MALLEY (*pro hac vice*)
LAW OFFICE OF JOSEPH H. MALLEY, P.C.
1045 North Zang Boulevard
Dallas, Texas 75208
Telephone: (214) 943-6100
Facsimile: (214) 943-6170

ALAN HIMMELFARB - SBN 90480
KAMBEREDELSON, LLC
2757 Leonis Boulevard
Los Angeles, California 90058
Telephone: (323) 585-8696
Facsimile:  (323) 585-6195

ROBERT A. WEIKERT (State Bar No. 121146)
rweikert@nixonpeabody.com
TALLEY E. MCINTYRE (State Bar No. 203131)
tmcintyre@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 18th Floor
San Francisco, California 94111-3600
Telephone: (415) 984-8200
Fax:  (415) 984-8300

JASON C. KRAVITZ (*pro hac vice*)
jkravitz@nixonpeabody.com
NIXON PEABODY LLP
100 Summer Street
Boston, MA  02110-2131
Telephone: (617) 345-1000
Fax:  (617) 345-1300

Attorneys for Plaintiffs,
DAN VALENTINE, DALE MORTENSEN, MELISSA BECKER, SAMUEL GREEN, SHERRON RIMPSEY, CHARLOTTE MIRANDA, FRANK MIRANDA, SAUL DERMER, WAYNE COPELAND, CHRYSTAL REID, ANDREW PAUL MANARD, KATHLEEN KIRCH, TERRY KIRCH, NEIL DEERING, PAUL DRISCOLL, individuals, on behalf of themselves and all others similarly situated.

Attorneys for Defendant,
NEBUAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, et al.,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>NEBUAD, INC., et al.,<br><br>                    Defendants. | No. C08cv-05113(TEH)(EMC)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:          November 16, 2009<br>Time:          1:30 p.m.<br>Hon. Thelton E. Henderson.<br><br>Complaint Filed: November 10, 2008<br>Trial Date:       None Set |

# JOINT REPORT OF THE PARTIES' PLANNING MEETING AND JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. P. 26(f), a discovery and case management conference was held on November 9, 2009, and was telephonically attended by:

- Scott Kamber and David Stampley of KamberEdelson on behalf of Plaintiffs;
- Jason Kravitz and Talley McIntyre on behalf of Defendant NebuAd, Inc. ("NebuAd" or "Defendant");

In accordance with this Court's standing order, and Local Rule 16-9, the parties report as follows:

**1.  Jurisdiction and Service:**

All parties named in the action have been served.

**Defendant**: NebuAd does not challenge this Court's exercise of personal jurisdiction over it, and does not dispute that this Court has subject matter jurisdiction over the claims asserted. NebuAd does not challenge the efficacy of service of the complaint.

**2.  Facts and Contentions of the Parties:**

**Plaintiffs**: Plaintiffs allege that NebuAd is a California-based online advertising company. Plaintiffs are citizens of Illinois, Montana, Alabama, Kansas, and Georgia.

The basis of Plaintiffs' complaint is that NebuAd contracted with ISPs to monitor and intercept without notice or consent the online communications of ISPs' customers using an intrusive and invidious technology known as Deep-Packet Inspection ("DPI"). By utilizing DPI, Defendants are able to examine every search term entered, every item viewed, every email sent, every credit card number entered in short, every click the users of ISPs make online. To do so, NebuAd installed devices directly in the data hubs of ISPs, and diverted all of the collected subscriber data to NebuAd's control, who utilized Deep Packet Inspection to alter impermissibly senders' communications being transmitted to Plaintiffs. Plaintiffs contend that these activities

1 violate the federal Electronic Communications Privacy Act ("ECPA") and the Computer Fraud
2 and Abuse Act ("CFAA"), and state law claims pursuant to the California Invasion of Privacy Act
3 ("CIPA") and California Computer Crime Law ("CCCL"), all prohibiting interference,
4 interception, and wiretapping of internet communications.

5     **Defendant**: This lawsuit arises out of a practice of using collected Internet interaction
6 data for the purpose of delivering targeted advertisements based on consumer activity. NebuAd
7 worked with certain Internet Service Providers ("ISPs") to install devices on the ISPs' networks,
8 which devices were capable of screening ISP subscribers' Internet activity. That data could
9 theoretically be used to sell advertising tailored to subscribers' interests, in place of more generic
10 advertisements on web pages visited by subscribers.

11     Plaintiffs claim they are ISP customers whose online activities were allegedly monitored
12 during trials of this technology by NebuAd and certain ISPs. Plaintiffs claim this practice
13 violated federal and state statutes governing the privacy of communications and computer usage.

14     Plaintiffs filed a complaint on November 10, 2008, against NebuAd and certain ISPs,
15 alleging violations of the federal Electronic Communications Privacy Act of 1986, 18 U.S.C.
16 § 2510 et seq.; California's Computer Crime Law, Cal. Pen. Code § 502; the federal Computer
17 Fraud and Abuse Act, 18 U.S.C. § 1030; and California's Invasion of Privacy Act, Cal. Pen. Code
18 § 630 et seq. Plaintiffs also charge the ISPs with aiding and abetting the alleged statutory
19 violations and with civil conspiracy, and they assert an unjust enrichment claim against all
20 defendants. NebuAd denies any and all wrongdoing and intends to put plaintiffs to their proof.

21     On October 6, 2009, the Court granted the ISP Defendants' Motions to Dismiss for lack of
22 personal jurisdiction, leaving NebuAd as the lone remaining defendant in this action.

23     NebuAd had been struggling financially since before this action was filed. On May 13,
24 2009, NebuAd's board of directors executed an assignment for the benefit of creditors ("ABC"),
25 "a business liquidation device available to an insolvent debtor as an alternative to formal
26 bankruptcy proceedings." *Credit Managers Ass'n v. Nat'l Indep. Bus. Alliance*, 162 Cal. App. 3d
27 1166, 1169 (1984). The company's assets and documents have been assigned in trust to a
28 fiduciary assignee, NebuAd, LLC (the "Assignee"), which is charged with liquidating its assets to

1  pay off creditors.  To share in the proceeds from the liquidation of NebuAd's property, creditors
2  are required to file notice of their claims with the Assignee.

3  **Principal facts in dispute**:
4  - The amount of information NebuAd allegedly gathered from ISP subscribers for ad
5    serving purposes;
6  - The nature of information NebuAd allegedly gathered from ISP subscribers for ad
7    serving purposes;
8  - The manner in which NebuAd allegedly gathered information from ISP subscribers for
9    ad serving purposes;
10 - What notice was given to ISP subscribers regarding NebuAd's alleged gathering of
11   information;
12 - What level of consent was given by the ISP subscribers.
13 - Plaintiffs' general Internet habits relating to privacy and consent, i.e., whether they
14   ever granted consent to allow their data to be used by third parties and, if so, under
15   what circumstances.
16

17 **3.    Legal Issues:**
18      The parties agree that the issue of whether or not any class may be properly certified
19 under the requirements of Rule 23(b) is one of the primary issues in this case, and that other
20 issues include:
21 - Whether the federal claims in Plaintiffs' Complaint can be applied to the Defendant
22   ISPs for the conduct complained of;
23 - Whether NebuAd owed the ISP subscribers a duty to disclose the fact and nature of
24   the DPI allegedly conducted by the NebuAd device with respect to their internet
25   communications;
26 - Whether consumers consented to DPI inspection of their internet communications;
27
28

JOINT CASE MGT. STMT.         - 4 -          NO. C08CV-05113(TEH)(EMC)

- Whether conduct complained of constitutes a violation of the federal Electronic Communications Privacy Act ("ECPA") and the Computer Fraud and Abuse Act ("CFAA"), and state law claims pursuant to the California Invasion of Privacy Act ("CIPA") and California Computer Crime Law ("CCCL"), both as to NebuAd, and separately, as to the Defendant ISPs;
- Whether Defendant has been unjustly enriched by its allegedly unlawful conduct;
- Whether Plaintiffs lack standing under the California Invasion of Privacy Act ("CIPA") because they are not California citizens.  *See* Cal. Pen. Code § 631(a); *Kearney v. Salomon Smith Barney*, 39 Cal. 4th 95, 104, 107 (2006) (disapproving of attempt to apply California's invasion of privacy law to protect non-California citizens);
- Whether Plaintiffs lack standing under the California Computer Crime Law ("CCCL") because they are not California citizens.  *See* Cal. Pen. Code § 502(a) ("The Legislature further finds and declares that protection of . . . computer data is vital to the protection of the privacy of individuals . . . and others *within this state* that lawfully utilize those computers, computer systems, and data) (emphasis added);
- Whether the federal Electronic Communications Privacy Act ("ECPA") preempts plaintiffs' CIPA and CCCL counts.  *See Bunnell v. Motion Picture Ass'n of America*, 567 F.Supp.2d 1148, 1154 (C.D. Cal. 2007) (holding the ECPA preempted plaintiff's parallel CIPA claim).  The ECPA preempts parallel state laws such as the CIPA and the CCCL, expressly and by "field preemption." *Id*.;
- The appropriate remedies if the conduct alleged in the Complaint supports liability under any of the claims in the Complaint, including the propriety of any monetary and or injunctive relief requested by Plaintiffs.

4. **Motions:**

   a. **Pending Motions** (excluding *pro hac vice* admission motions):

   12/22/08 (DKT 4) – **NebuAd's Motion to Dismiss (this motion is still pending)**

    **b.**    **Anticipated Motions:**

    **Plaintiffs**: Leave to file amended pleading if consent is not obtained; class certification; dispositive motions at the appropriate time.

    **Defendant**: NebuAd is not presently aware of any motions it specifically intends to file. However, the Court will recall that NebuAd's predecessor counsel shared with the Court their frustration over having "no client" (i.e., no human representative of NebuAd) because all of the company's officers and directors resigned their positions upon execution of the ABC in May 2009. (DKT 121). In light of this, NebuAd may need the assistance of this Court, or possibly another court, in its effort to identify a person who can serve as NebuAd's representative.

    NebuAd also anticipates the filing of one or more dispositive motions at the appropriate time.

**5.**    **Amendment of Pleadings:**

    **Plaintiffs**: Plaintiffs have informed Defendant that as a result of responsive discovery and developments in the case they will seek leave to file an amended pleading within the next 30 days. In order to avoid unnecessary motion practice, plaintiffs intend to provide advance notice of the particulars of the intended amendment to Defendant prior to seeking leave.

    **Defendant**: NebuAd does not presently anticipate amending its pleadings, but will of course respond to any amended pleadings filed by the plaintiffs.

**6.**    **Evidence Preservation:**

    **Plaintiffs**: Plaintiffs have sought preservation of all evidence and have a particular concern as a result of the status of the Defendant as well as the maintenance of electronic discovery.

    **Defendant**: Upon information and belief, a litigation hold notice was sent to NebuAd shortly after this action was commenced.

    Shortly after current counsel was retained, they learned that a company called Red Aril, Inc. ("Red Aril") apparently acquired and took possession of certain NebuAd materials, possibly

including electronic records stored on computer servers.  Current counsel immediately sent a letter to Red Aril, requesting that it preserve any information obtained from NebuAd.  Moreover, on November 3, 2009, counsel for NebuAd served a Notice of Deposition and a Subpoena to Testify at a Deposition on Red Aril.  The subpoena is intended to ensure that Red Aril preserves any NebuAd information in its possession.

NebuAd does not have any information about what efforts, if any, have been made to preserve potentially relevant information in the possession, custody or control of the plaintiffs, including without limitation ESI.

**7.     Disclosures:**

As of the date of this statement, by agreement, neither Plaintiffs nor Defendant have served initial disclosure under F.R.C.P. 26(f) due to the pending motions to dismiss.  The parties have agreed to serve their initial disclosures on or before December 18, 2009.

**8.     Discovery:**

    **a.     Discovery Taken to Date**.  On April 17, 2009, Plaintiffs served Special Interrogatories Set One and Requests For Production (Set One) on NebuAd.  On May 20, 2009, NebuAd served responses and objections to this discovery.  At the present time, Plaintiffs have received approximately 2,700 pages of hardcopy documents.  On November 3, 2009, counsel for NebuAd served a Notice of Deposition and a Subpoena to Testify at A Deposition on Red Aril.

    **b.     The Scope of Anticipated Discovery**.  The Parties anticipate depositions, interrogatories, document requests, and other fact and expert discovery available under the FRCP and Local Rules.

    **c.     Proposed Limitations or Modifications to the Discovery Rules**.  At the present time, the Parties do not anticipate limitations or modifications to the discovery rules.

    **d.     Proposed Discovery Plan Pursuant to Fed. R. Civ. P. 26(f)**.  The Parties have not yet agreed on the general parameters of a discovery plan.

**9.     Class Actions:**

**Plaintiffs**:  Plaintiffs provide the following class action information pursuant to L.R. 16-9(b):

    **a.**     This action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b)(1) (b)(2) and (b)(3).

    **b.**     The action is brought on behalf of the following Class initially defined as:

        i)     All NAISP Subscribers whose internet communications were monitored, intercepted, accessed, copied, transmitted, altered and/or used at any time by or through a NebuAd device.

    **c.**     The following facts alleged in the Complaint demonstrate that this action is maintainable as a class action under Fed. R. Civ. P. 23(a) and (b):

**Numerosity** – While the precise number of Class members is unknown to Plaintiffs at this time, Plaintiffs estimate that the Class consists of tens of thousands of members.

**Common Questions –** There are numerous common questions of fact and law.  The principal factual issues in dispute (Section 2 above) and points of law (Section 3 above) are common to all Class members, and predominate over any questions affecting Plaintiffs or other individual members of the Class.

**Typicality** – Plaintiffs' claims are typical of those of the Class.  Plaintiffs and all Class members were subscribers of ISPs at the times in which and in the locations in which the Defendant ISPs activated the NebuAd device that intercepted their internet communications.

**Adequacy** – Plaintiffs have no interests adverse or antagonistic to those of the Class and have retained competent and experienced class counsel to prosecute the action.

**Superiority** – A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this case as a class action.

Additionally, the Class may be certified because:

- the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual Class members which would establish incompatible standards of conduct for NebuAd and the Defendant ISPs;

- the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

- NebuAd and the Defendant ISPs have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

**d.** Barring substantial delays caused by discovery disputes Plaintiffs anticipate bringing their motion for class certification by June 30, 2009.

**Defendant**: NebuAd expects to oppose any efforts to certify a class in this case and, subject to discovery, NebuAd expects to challenge each of the factors relevant to class certification.

## 10. **Related Cases:**

The parties are not aware of any related cases pending in any jurisdiction.

## 11. **Relief:**

**Plaintiffs**: Plaintiffs seek:

- An order certifying the Class, directing that this case proceed as a class action, and appointing Plaintiffs and their counsel to represent Plaintiffs and the Class;

- Judgment in favor of Plaintiffs enjoining NebuAd from engaging in DPI inspection of consumes' internet communications;

- Judgment in favor of Plaintiffs requiring NebuAd to cleanse all systems of all data obtained through the NebuAd device and enjoin any party or third party from any use of said data;
- Judgment in favor of Plaintiffs and Class members in an amount of actual damages, compensatory damages, or restitution to be determined at trial;
- Judgment in favor of Plaintiffs and Class members for statutory damages in an amount to be determined at trial;
- An order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest at the maximum legal rate; and
- Such other and further relief as this Court may deem appropriate.

**Defendant**:  Defendant seeks:

- Dismissal of the Complaint with prejudice and/or entry of judgment in favor of NebuAd;
- An award of its costs of suit and reasonable attorneys fees; and
- Other such relief as the Court deems just and appropriate.

If liability is imposed, NebuAd would defer to its expert witness(es) to formulate the appropriate methodology for calculating damages, if any.

**12.     Settlement and ADR:**

The parties participated in a private mediation with JAMS.  Plaintiffs and NebuAd remain willing to continue that process.  The status of the Company, potentially limited sources of recovery and the nature of the insurance are factors that support pursuing further mediation in the next 60 days.

**13.     Consent to Magistrate Judge For All Purposes:**

The parties do not, at this time, consent to have a magistrate judge conduct all further proceedings.  However, NebuAd respectfully asks that it be permitted to reserve the right to change its position in the future.

**14.** **Other References:**

At this time the parties do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.** **Narrowing of Issues:**

Without the benefit of fact and expert discovery, the parties do not believe that the issues can be narrowed at this time. After a ruling on the anticipated motion to dismiss and appropriate discovery the parties are willing to further meet and confer regarding whether any narrowing of the factual or legal issues, including issues related to class certification, can be achieved by way of voluntary agreement.

**16.** **Expedited Schedule:**

The parties believe this case cannot be expedited at this point.

**17.** **Scheduling:**

**Plaintiffs:**

    **Designation of experts**: July 17, 2010

    **Discovery cutoff**: November 5, 2010

    **Hearing of dispositive motions**: January 14, 2011

    **Pretrial conference**: March 18, 2011

    **Trial**: April 25, 2011

**Defendants**:

    **Designation of experts**: November 5, 2010

    **Discovery cutoff**: February 4, 2010

    **Hearing of dispositive motions**: May 6, 2011

    **Pretrial conference**: August 5, 2011

    **Trial**: September 6, 2011

**18.   Trial:**

The parties have requested trial by jury of all issues so triable.  The parties estimate that trial would take approximately two weeks, but believe it is premature to schedule a trial date until the Court rules on whether this case should be certified.  After the Court has ruled on certification, the parties will reconvene and jointly submit a proposed trial date.

**19.   Disclosure of Non-party Interested Entities or Persons:**

The parties have filed respective "Certification of Interested Entities or Persons."

**Plaintiffs**: Plaintiffs did not disclose any persons or entities other than Plaintiffs and Defendant.

**Defendant**: NebuAd filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16 on April 15, 2009. (DKT 98).  Pursuant to Civil L. R. 3-16, NebuAd certified that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

**AXIS Surplus Insurance Company**

Identification of Connection/Interest:  NEBUAD INSURANCE CARRIER

**St. Paul Fire & Marine Insurance Company**

Identification of Connection/Interest:  NEBUAD INSURANCE CARRIER

In light of the ABC NebuAd executed in May 2009, NebuAd, LLC, and/or Sherwood Partners LLC (the assignee(s)) should also be identified as non-party interested entities.

20.   **Other Matters**: At this time, there are no other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

|     |                              |                                                      |
| --- | ---------------------------- | ---------------------------------------------------- |
| 1   |                              | Respectfully submitted,                              |
| 2   | Dated: November 9, 2009      | KamberEdelson, LLC                                   |
| 4   |                              | By: /s/ Scott A. Kamber                              |
| 5   |                              | SCOTT A. KAMBER                                      |
| 6   |                              | Attorneys for Plaintiffs                             |
| 9   |                              | Nixon Peabody LLP                                    |
| 11  | Dated: November 9, 2009      | By: /s/ Talley E. McIntyre                           |
| 12  |                              | TALLEY E. MCINTYRE                                   |
| 13  |                              | Attorneys for Defendant NebuAd, Inc.                 |