1  ROBERT A. WEIKERT (State Bar No. 121146)
   rweikert@nixonpeabody.com
2  TALLEY E. MCINTYRE (State Bar No. 203131)
   tmcintyre@nixonpeabody.com
3  NIXON PEABODY LLP
   One Embarcadero Center, 18th Floor
4  San Francisco, California 94111-3600
   Telephone: (415) 984-8200
5  Fax:  (415) 984-8300

6  JASON C. KRAVITZ  (Pro Hac Vice)
   jkravitz@nixonpeabody.com
7  NIXON PEABODY LLP
   100 Summer Street
8  Boston, MA  02110-2131
   Telephone: (617) 345-1000
9  Fax:  (617) 345-1300

10
   Attorneys for Defendant
11 NEBUAD, INC.

12                 UNITED STATES DISTRICT COURT

13                NORTHERN DISTRICT OF CALIFORNIA

14                    SAN FRANCISCO DIVISION

15 DAN VALENTINE, DALE                    CASE NO. CV 08-5113 TEH
   MORTENSEN, MELISSA BECKER,
16 SAMUEL GREEN, SHERRON
   RIMPSEY, CHARLOTTE MIRANDA,
17 FRANK MIRANDA, SAUL DERMER,            **NEBUAD, INC.'S REPLY IN SUPPORT OF**
   WAYNE COPELAND, CHRYSTAL               **MOTION TO DISMISS**
18 REID, ANDREW PAUL MANARD,
   KATHLEEN KIRCH, TERRY KIRCH,          The Honorable Thelton E. Henderson
19 NEIL DEERING, PAUL DRISCOLL,
   individuals, on behalf of themselves and all   Date:   December 14, 2009
20 others similarly situated,            Time:   10:00 a.m.
                                         Place:  Courtroom 12
21                 Plaintiffs,

22        v.

23 NEBUAD, INC., a Delaware Corporation;
   BRESNAN COMMUNICATIONS, a New
24 York Corporation; CABLE ONE, a         Complaint Filed:  November 10, 2009
   Delaware Corporation; CENTURYTEL, a    Trial Date:       None Set
25 Texas Corporation; EMBARQ, a Delaware
   Corporation; KNOLOGY, a Delaware
26 Corporation; WOW!, a Delaware
   Corporation; and JOHN DOES 1-20,
27 corporations,

28                 Defendants.

## I.  INTRODUCTION

Plaintiffs' opposition to NebuAd's motion to dismiss disregards the plain language of the statutes at issue and binding case law.  Plaintiffs argue that non-California citizens should have the right to bring claims under California's Invasion of Privacy Act ("CIPA") and California's Computer Crime Law ("CCCL")[1] despite plain language in these statutes limiting their application to California citizens, and flatly ignore contradictory cases in arguing that their claims are not preempted by the ECPA.  As explained more fully below, plaintiffs' arguments should be rejected and their state law claims dismissed with prejudice.

## II.  ARGUMENT

### A.  Plaintiffs' Lack Standing To Pursue Claims Under CIPA Or The CCCL

Plaintiffs' opposition incorrectly asserts that NebuAd implicitly bases its argument that CIPA and the CPPA do not apply to out of state plaintiffs on the "presumption against extraterritoriality."  Br. at 4.  The presumption against extraterritoriality is, as plaintiffs state, a presumption that the legislature did not intend for a statute to regulate conduct occurring out of state unless that intention is "clearly expressed or reasonably to be inferred from the language of the act or from its purpose, subject matter or history."  *Diamond Multimedia Systems, Inc. v. Superior Court of Santa Clara County,* 19 Cal. App. 4th 1036, 1059 (Cal. App. 1999).  Because plaintiffs allege in the complaint conduct occurring within California, NebuAd concedes that this doctrine does not apply to the instant motion, and NebuAd therefore does not rely on it.[2]  Instead, NebuAd relies principally on the language of the statute itself, which is the starting point when determining whether a state's consumer protection statute can be applied to an out-of-state plaintiff.  *U.S. ex rel. Hyatt v. Northrop Corp.*, 91 F.3d 1211, 1213 (9th Cir. 1996) ("In statutory

---

[1]     NebuAd moves to dismiss the Third and Fourth Causes of Action.  NebuAd inadvertently included the Fifth Cause of Action in its motion, which related to the ISP Defendants, who have subsequently been dismissed from the case.

[2]     The cases cited by plaintiffs are inapposite.  Unlike here, the statute at issue in *Diamond* did not expressly apply only to the people of California.  The statute at issue in *Diamond* was a securities statute meant to deter market manipulation occurring in California, regardless of whether the sale of stock occurred in California or was made by a California citizen or not.  *See id.* at 1061.

interpretation, the starting point is always the language of the statute itself.").   As explained below and in the Memorandum in Support of NebuAd's Motion to Dismiss, it is the plain language of the statutes themselves and case law interpreting them that supports NebuAd's argument.

**B.   CIPA Expressly Applies Only To California Citizens**

The plain language of CIPA reveals the Legislature's clear intention to protect *only* California residents. Section 630, "Declaration of Policy" reads as follows:

> The Legislature by this chapter intends to protect the right of privacy of ***the people of this state***.

Cal. Penal Code § 630 (emphasis added).

It is difficult to conceive of clearer language, and thus plaintiffs – unable to offer an alternate explanation – choose to simply ignore it.   In support of their argument that citizens of any state may bring a claim under CIPA so long as the relevant communication "passes through or is sent or received in California," Br. at 4, plaintiffs cite to the statute itself only once and state as follows:

> CIPA states, in relevant part, that it applies to 'any message, report, or communication while the same is in transit or passing over any wire, line, cable, or is being sent from, or received at any place *within* [*California*].'   Cal. Penal Code § 630 (emphasis added).

*Id.*

The statutory language plaintiffs cite is actually found in Cal. Penal Code § 631, which defines conduct constituting illegal wiretapping, and does not specify who may bring a civil claim for such wiretapping.   The clear statement of legislative intent to limit civil remedies under CIPA to California citizens is found in the section 630, Declaration of Policy, cited above.   In other words, plaintiffs cherry-picked from the wrong tree.

Not only does plaintiffs' opposition fail to address this unambiguous statement of statutory intent, it likewise ignores a California Supreme Court case which explicitly recognizes that intent.   *See Kearney v. Salomon Smith Barney,* 39 Cal.4[th] 95, 119-20 (Cal. 2006) (holding

that the purpose of CIPA was to "protect the privacy of confidential communications *of California residents while they are in California*."). Plaintiffs' contention that "[t]he presumption against territoriality does not preclude the application of California law to conduct that occurs in California, even where the conduct involves non-California residents," Br. at 4-5, ignores the inexorable conclusion that the California Legislature specifically intended to limit the civil remedies available under CIPA to citizens of California.

Because the California legislature's intent to apply CIPA only to California citizens is express, plaintiffs lack standing to bring claims under CIPA and these claims should be dismissed.

## C. The CCCL Expressly Applies Only To People Using Computers In California

Like CIPA, the CCCL contains an express statement of legislative intent to protect only persons using computers in California, providing as follows:

> The Legislature further finds and declares that protection of the integrity of all types and forms of lawfully created computers, computer systems, and computer data is vital to the protection of the privacy of individuals as well as to the well-being of financial institutions, business concerns, governmental agencies, and others *within this state* that lawfully utilize those computers, computer systems, and data.

Cal. Penal Code § 502(a) (emphasis added).

Plaintiffs' ignore this language and fail to cite any other statutory language or case law to suggest that the California legislature intended the CCCL to apply to non-California citizens. Because these statutes unambiguously limit their protections to California citizens, and plaintiffs all reside outside of California, plaintiffs' CCCL claims should be dismissed.

## III.   THE ECPA PREEMPTS PLAINTIFFS' CIPA AND CCCL CLAIMS

Plaintiffs correctly state in their opposition that courts "are not to conclude that Congress legislated the ouster of a state statute in the absence of an unambiguous congressional mandate to that effect." Br. at 6 (citing *People v. Conklin,* 12 Cal.3d 259, 265 (1974)). However, plaintiffs disingenuously attempt to proclaim victory on this issue by citing to case law supportive of their

position while utterly ignoring that federal courts – within the 9th Circuit and elsewhere – have ruled that the ECPA unambiguously preempts overlapping state statutes.  *See Bunnell v. Motion Picture Ass'n of America,* 567 F.Supp.2d 1148, 1154 (C.D. Cal. 2007) (holding that the ECPA preempted plaintiff's parallel CIPA claim); *Muskovich v. Crowell,* 1995 WL 905403, at *1 (S.D. Iowa Mar. 21, 1995) ("Congress unequivocally expressed an intent to 'occupy the field' and provide the exclusive remedies for conduct regulated by ECPA.").

Rather than attempt to distinguish these decisions, and acknowledge a split in authority, plaintiffs simply ignore them.  In fact, plaintiffs advance the very same arguments rejected by the *Bunnell* and *Muskovich* courts.  Plaintiffs first argue that the express preemption found in Section 2518(10)(c) of the ECPA "was added to the ECPA…to prevent criminal defendants from suppressing evidence based on electronic communication or customer records obtained in violation of ECPA's provisions."  Br. at 6 (citing *In re NSA Telecomm. Litig.,* 483 F. Supp. 2d 934, 939 (N.D. Cal. 2007)).  However, the text of this preemption provision in the statute contains no such limitation.  It provides as follows:

> The *remedies and sanctions described in this chapter* with respect to the interception of electronic communications *are the only judicial remedies and sanctions for nonconstitutional violations of this chapter* involving such communications.

18 U.S.C.A. § 2518(10)(c).

Although the language is contained in a section of the ECPA regarding court orders for interceptions of electronic communications, "this chapter" unambiguously refers to Chapter 119, which encompasses § 2518 and the entire ECPA.  When Congress meant to refer only to § 2518, it used the more limited term "this section."  *See, e.g.*, 18 U.S.C.A. § 2518(5) ("No order entered under *this section* may authorize or approve the interception of any wire, oral, or electronic communication for any period longer than is necessary to achieve the objective of the authorization…"); 18 U.S.C.A. § 2518(12) ("An interception of a communication under an order with respect to which the requirements of subsections (1)(b)(ii) and (3)(d) *of this section* do not apply by reason of subsection (11)(a) shall not begin until the place where the communication is

to be intercepted is ascertained by the person implementing the interception order.) (emphasis added).

In any event, the *Bunnell* and *Muskovich* decisions do not rest on Section 2518(10)(c) alone.  These decisions cite ample evidence of "field preemption," an argument plaintiffs fail to address.  *See Bunnell*, 567 F.Supp.2d at 1154 (finding that "[t]he scheme of the ECPA is very comprehensive" and "Congress left no room for supplementary state regulation.")(citations omitted); *Muskovich*, 1995 WL 905403, at *1 ("Congress unequivocally expressed an intent to 'occupy the field' and provide the exclusive remedies for conduct regulated by ECPA").  *See also Quon v. Arch Wireless Operating Co., Inc.*, 445 F.Supp.2d 1116, 1138 (C.D. Cal. 2006), *aff'd in part & rev'd in part on other grounds*, 529 F.3d 892 (9th Cir. 2008) ("In light of the breadth of the SCA regulatory scheme and the clear command concerning the exclusivity of remedies (aside from federal constitutional claims) contained in section 2708 for conduct covered by the statute, it stands to reason "that Congress 'left no room' for supplementary state regulation ").[3]

Finally, plaintiffs' argument that their CCCL claim is not preempted by ECPA because these statutes "regulate distinct conduct" lacks merit.  Plaintiffs do not deny that the ECPA and CCCL both concern the interception of electronic data, but argue that because the CCCL also covers computer "tampering, damage to computer networks, and computer contaminants, such as viruses and worms," the ECPA cannot preempt a CCCL claim.   However, plaintiffs do not deny that their ECPA and CCCL claims are based on the same alleged conduct – NebuAd's alleged interception and disclosure of electronic communications.  *See* Br. at 7.  Plaintiff cannot simply recharacterize the alleged interception as "tampering" to avoid the broad preemptive effect of the ECPA.  In other words, because the ECPA occupies the field with respect to the conduct alleged in the complaint, plaintiffs' attempt to latch onto other language in the CCCL will not avoid preemption.  If federal field preemption only could be triggered where the federal and state statutes were written with identical language, the doctrine would have little utility.  Because the

---

[3]      Because Congress has occupied the field, plaintiffs' argument that CIPA is more restrictive than the ECPA is of no moment.

1
2
3
4

ECPA provides the exclusive collection of remedies for the interception of electronic communications, and plaintiffs' CIPA and CCCL claims are based on NebuAd's alleged interception of their electronic communications, these claims are preempted and should be dismissed.

5
6

## IV.  CONCLUSION

7
8

For the foregoing reasons, defendant NebuAd's respectfully urges the Court to grant its motion to dismiss.

9
10

DATED: November 30, 2009                    Respectfully submitted,

11

NIXON PEABODY LLP

12
13
14

By:_____/s/_____
        Talley E. McIntyre
        Attorneys for Defendant
        NEBUAD, INC.

15
16
17
18
19
20
21
22
23
24
25
26
27
28

NEBUAD, INC.'S REPLY IN SUPPORT OF MOTION
TO DISMISS                                             - 7 -                                    12785783.8
CASE NO.:  CV08-05113 (TEH)