Case 3:08-cv-05113-TEH   Document 220-3   Filed 03/25/11   Page 1 of 7
Case 1:10-cv-00259-RBP   Document 39-2   Filed 08/11/10   Page 1 of 7

FILED
2010 Aug-11 AM 12:1
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SAMUEL GREEN,** | ) |
| Plaintiff, | ) No. CV 10-PT-259-E |
| vs. | ) DECLARATION OF MICHAEL MURRAY |
| **CABLE ONE, INC.,** | ) |
| Defendant. | ) |

## DECLARATION OF MICHAEL MURRAY IN SUPPORT OF MOTION FOR CLASS CERTIFICATION

I, Michael Murray, hereby declare and state:

1. I am familiar with and have personal knowledge of the matters set forth in this declaration and, if called upon to do so, could and would testify competently thereto, except where my knowledge is based upon information and belief, and as to those matters, I understand and believe them to be true.

2. I make this declaration as an expert on computer security, particularly the technical and organizational means of protecting computer systems and the information residing on them from compromise and investigating suspected compromises. My expertise includes an in-depth understanding of the devices used to transmit information within and among networks—including the Internet, the protocols used to transmit information, and types of content that can be detected within those transmissions.

3. For the last 12 years, my professional efforts have been focused entirely on the protection of enterprise (organization-wide) systems and the information found therein, including: (a) information security architect for a large financial service firm (Liberty Mutual Insurance Group); (b) a senior member of an information security product vendor (nCircle Network Security) that provided security software to major financial services firms and government agencies; (c) the business owner of a product testing and assessment lab within a major internet security consulting firm (Neohapsis), with responsibility for evaluating the capabilities of information security hardware and software; (d) the co-owner of MAD Security, LLC (http://www.madsecinc.com)—an internet security firm that provides consulting services in information technology security to major corporations, government agencies, and high-net-worth individuals.

4. I am a managing partner of the Hacker Academy, a well-regarded security training program with major corporate and government clients, including the Centers for Disease Control, the Department of Defense, and the Social Security Administration.

5. I have conducted hundreds of information security audits, assessments, and penetration tests of clients' systems, ranging from small corporations to massive government agencies.

6. I have participated in the design and development of network appliances, including developing appliance software and configuring the hardware, and I have tested and managed the testing of network devices and appliances in a product-testing lab environment.

7. I am an author and speaker on information security issues, including: (a) author of the upcoming book *Social Penetration: The Art of Exploiting Users Online* (Syngress Publishing, 2010); (b) speaker at the most widely known internet security conferences, including RSA, the Blackhat Briefings, Defcon, and HOPE.

8. I received a Bachelor or Arts degree the University of Toronto, where I majored in Computer Science and Philosophy.

9. My understanding of the facts of this case is informed by my attending the deposition of Franklin Floyd, Lead Network Engineer for Cable One, Inc., in Phoenix, Arizona on August 5, 2010 and reviewing the transcript of that deposition, and by reviewing the complaint in this case, which was provided to me by David A. Stampley of KamberLaw, LLC, New York, New York.

10. I have been asked to state my opinion regarding the following issues, in the context of broadband Internet services provided by Cable One, Inc. ("Cable One") through its Anniston, Alabama facility during the period of on or about November 2007 through May 2008:

      a.      What types of user Internet traffic did Cable One route through NebuAd appliance?

      b.      What portion of that Internet traffic did Cable One route through the NebuAd appliance?

11.      My conclusions are stated below, and are based on my training and experience, the deposition testimony of Mr. Floyd, and the documents I have reviewed. All of my conclusions stated below are in reference to Cable One's broadband Internet services provided through its Anniston, Alabama facility during the period of on or about November 2007 through May 2008.

12.      When Cable One and NebuAd installed the NebuAd appliance in Cable One's Anniston, Alabama broadband network in November of 2007, they routed all Internet Protocol traffic through the NebuAd appliance, except traffic carrying Voice-Over-Internet-Protocol ("VoIP," that is, Internet telephony) communications. This means that all other user communications using any other Internet protocols were routed through the NebuAd appliance, both when transmitted by the user or transmitted from an Internet server to the user.

13.      The types of user Internet communications that would have been routed through the appliance include:

      a.      web-browsing and interactions on websites—HTTP (hypertext transfer protocol) and HTTPS (secure hypertext transfer protocol)

      b.      file downloads—FTP (File Transfer Protocol)

      c.      email—IMAP (Internet Message Access Protocol); POP (Post Office Protocol); and SMTP (Simple Mail Transfer Protocol

      d.      Internet chat— IRC (Internet Relay Chat)

14. All of the Internet communication types listed in the preceding paragraph, for all broadband users on the Anniston network, were routed through the NebuAd appliance without any filtering or exclusion. As shown in Figure 1, below, VoIP traffic was routed to the Internet via one router, and all other user Internet traffic was routed through the NebuAd appliance and, from there, to the Internet. This was accomplished simply by connecting a network cable from the Cisco switch to the NebuAd appliance, and another cable from the NebuAd appliance to the Cisco router.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 10th, 2010 at Las Vegas, Nevada

                                               MICHAEL MURRAY

*Figure 1. Network configuration*



Declaration of Michael Murray                6                *Green v. Cable One, Inc.*