| | |
|---|---|
| SCOTT A. KAMBER (*pro hac vice*) | ROBERT A. WEIKERT (State Bar No. 121146) |
| skamber@kamberlaw.com | rweikert@nixonpeabody.com |
| DAVID A. STAMPLEY(*pro hac vice*) | TALLEY MCINTYRE HENRY (State Bar No. |
| dstampley@kamberlaw.com | 203131) |
| KAMBERLAW, LLC | thenry@nixonpeabody.com |
| 11 Broadway, 22nd Floor | NIXON PEABODY LLP |
| New York, New York 10004 | One Embarcadero Center, 18th Floor |
| Telephone:   (212) 920-3072 | San Francisco, California 94111-3600 |
| Facsimile:    (212) 202-6364 | Telephone: (415) 984-8200 |
| | Fax: (415) 984-8300 |
| JOSEPH H. MALLEY (*pro hac vice*) | |
| LAW OFFICE OF JOSEPH H. MALLEY, P.C. | JASON C. KRAVITZ (*pro hac vice*) |
| 1045 North Zang Boulevard | jkravitz@nixonpeabody.com |
| Dallas, Texas 75208 | NIXON PEABODY LLP |
| Telephone:   (214) 943-6100 | 100 Summer Street |
| Facsimile:    (214) 943-6170 | Boston, MA 02110-2131 |
| | Telephone: (617) 345-1000 |
| BRIAN J. PANISH (SBN 116060) | Fax: (617) 345-1300 |
| panish@psblaw.com | |
| RAHUL RAVIPUDI (SBN 204519) | |
| ravipudi@pbslaw.com | |
| PANISH, SHEA & BOYLE, LLP | |
| 11111 Santa Monica Boulevard, Suite 700 | |
| Los Angeles, California 90025 | |
| Telephone: (310) 477-1700 | |
| Facsimile: (310) 477-1699 | |
| Additional Attorneys for Plaintiffs | |

Attorneys for Plaintiffs       Attorneys for Defendant,
NEBUAD, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, *et al.*, | No. 3:08-cv-05113 (TEH) (EMC) |
|        Plaintiffs, | **STIPULATION OF SETTLEMENT AND RELEASE** |
|    vs. | |
| | Hon. Thelton E. Henderson. |
| NEBUAD, INC., *et al.*, | |
|        Defendants. | Complaint Filed: November 10, 2008 |
| | Trial Date:    None Set |

**STIPULATION OF SETTLEMENT AND RELEASE**

This Stipulation of Settlement and Release (the "Agreement") is entered into by and between Defendant NebuAd, Inc., a Delaware corporation, and Plaintiffs Dan Valentine, Neil Deering, Saul Dermer, Kathleen Kirch, Terry Kirch, Dale Mortenson, and Andrew Paul Manard, on behalf of themselves and the class they purport to represent (hereinafter collectively "Plaintiffs").

> **A.** **This Agreement is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Settlement Court (as defined herein), this Agreement is entered into between and among: (1) the Settlement Class Representative (as defined herein) on behalf of himself and the Settlement Class; and (2) Defendant (as defined herein), by and through their respective counsel.**

WHEREAS, on or about November 10, 2008, Dan Valentine and other individuals filed a class action complaint in this action asserting various claims on behalf of a nationwide class (the "Action");

WHEREAS, Plaintiffs alleged that Defendant was liable for damages based on violations of the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, California's Invasion of Privacy Act, California's Computer Crime Law, and Unjust Enrichment, and for attorneys' fees, costs of suit, and pre- and post-judgment interest;

WHEREAS, Defendant asserts a number of legal and factual defenses to the claims made in the Action and denies any wrongdoing or liability whatsoever;

WHEREAS, after the conduct alleged in the Action occurred and after the Action was commenced, on May 13, 2009, NebuAd (assignment for the benefit of creditors), LLC was appointed as the Assignee by NebuAd, Inc., pursuant to California law for the purpose of liquidating NebuAd, Inc.'s assets, winding down NebuAd, Inc., and distributing the net liquidation proceeds to creditors of NebuAd, Inc. NebuAd (assignment for the benefit of creditors), LLC is not a party to the Action, and it is not alleged that NebuAd (assignment for the benefit of creditors), LLC is involved or in any way responsible for any of the claims or damages alleged in the Action.

WHEREAS, on or about October 6, 2009, the Court dismissed Bresnan Communications,

-2-

1  Cable One, CenturyTel, Embarq, Knology, and Wow! as defendants in the Action based on lack

2  of personal jurisdiction;

3       WHEREAS, since the dismissal of Bresnan Communications, Cable One, CenturyTel,

4  Embarq, Knology, and Wow!, each of those cases have been refiled in each defendant's home

5  federal forum;

6       WHEREAS, Class Counsel (as defined herein) have concluded, after discovery and

7  investigation of the facts and after carefully considering the circumstances of the Action,

8  including the claims asserted in the complaint and the possible legal and factual defenses thereto

9  and the defunct status of company and the opportunity for recovery, that it would be in the best

10  interests of the Plaintiffs (as defined herein) to enter into this Agreement, which interests include

11  the substantial value to be derived by this settlement and the interest in avoiding the uncertainties

12  of litigation and assuring that the benefits reflected herein are obtained for the Plaintiffs; and,

13  further, that Class Counsel consider the settlement set forth herein to be fair, reasonable and

14  adequate and in the best interests of the Plaintiffs;

15       WHEREAS, the Parties were able to reach this Agreement only after arms-length

16  negotiations with each other conducted telephonically over several months; meeting in person in

17  Boston, Massachusetts; negotiations and discussions with former NebuAd, Inc. officers and

18  directors; mediation in person in San Francisco before U.S. Magistrate Judge Joseph Spero, as

19  well as telephonically; Plaintiffs' evaluation of discovery from NebuAd, Inc., its former officers

20  and directors, and its assignee; evaluation of the allegations and defenses of Internet service

21  providers in this and other litigation; and Plaintiffs' consultation with technical experts;and

22       WHEREAS, Defendant no longer actively operates a business; and

23       WHEREAS, given Defendant's current status, Defendant represents that it no longer

24  engages in any conduct in connection with its previous business including the conduct alleged in

25  the complaint herein, if any there was, such that there is no continued possibility that Defendant

26  may engage in conduct which Plaintiffs allege (and Defendant denies) constitutes a violation of

27  law; and

28       WHEREAS, Defendant, through its counsel, after arms-length negotiations, has

-3-

conditionally agreed to cause its insurers to pay certain sums in settlement for the benefit of the Settlement Class, as provided in this Agreement;

WHEREAS, Defendant, despite its belief that it has valid and complete defenses to the claims asserted against it in the Action, has nevertheless agreed to enter into this Agreement to reduce and avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to resolve this controversy;

WHEREAS, Defendant represents that it no longer exists as a legal entity, NebuAd (assignment for the benefit of creditors), LLC, has been requested to and has agreed to execute this Agreement as a facilitator of the settlement process only, but is not a party to or in any way responsible as an obligor hereunder or in any way responsible for any of the obligations incurred by or on behalf of Defendant through this Agreement;

NOW, THEREFORE, it is agreed by and between the undersigned on behalf of NebuAd, Inc. and the Settlement Class Representative that any and all claims made or that could have been made against NebuAd by the Settlement Class Representative or the Settlement Class in the Action be settled, compromised and dismissed on the merits and with prejudice and, except as hereafter provided, without costs as to the Settlement Class Representative or NebuAd, subject to the approval of the Settlement Court, on the following terms and conditions.

## I.    DEFINITIONS

1.    <u>Settlement Class</u>. Subject to the Settlement Court's approval, and the conditions of Section III.1., the undersigned agree and consent to the certification pursuant to Fed. R. Civ. P. 23(b)(1) of the following settlement class (the "Settlement Class"):

> The class shall consist of all persons in the United States who, from January 1, 2007 to July 1, 2008, were consumers subscribing to the services of certain Internet Service Providers identified in Exhibit A hereto (there shall be confirmatory discovery to determine and/or confirm the identities of these Internet Service Providers, and Exhibit A shall be kept under seal until after Preliminary Approval). Excluded from the Settlement Class are the following: Defendant, and any of aforementioned respective parent, subsidiary, affiliate or control person of Defendant, as well as the officers, directors, agents, servants, or employees of Defendant, any judge presiding over this case over any of the cases which comprise the Action, and the immediate family members of any such person(s).

-4-

2.    <u>General Definitions</u>. As used in this Agreement, the following terms shall have the indicated meanings:

    A.    "Complaint" means the complaint in this Action filed on November 10, 2008.

    B.    "Action" means the action associated with the Complaint.

    C.    "Court" or "Settlement Court" means the Honorable Thelton E. Henderson of the United States District Court for the Northern District of California, or if Judge Henderson is not available, another judge from the United States District Court for the Northern District of California who will be designated by Judge Henderson or who is appointed or assigned to preside over the action, or any subsequent court before which NebuAd, Inc.'s Counsel and Class Counsel agree to settle the claims of the Settlement Class.

    D.    "Class Member" means any person or entity falling within the definition of the Settlement Class set forth in Paragraph 1 above.

    E.    "Class Counsel" means attorneys Scott A. Kamber and David Stampley of KamberLaw, LLC; and Rahul Ravipudi and Pete Kaufman of Panish Shea & Boyle LLP, and their respective law firms.

    F.    "Settlement Class Representative" means the named plaintiff who has asserted claims on behalf of himself and a putative class in the Action and whose name will be submitted to the Court for consideration as an adequate representative of the Settlement Class. Named as provisional Settlement Class Representative for pre-certification purposes is the following person: Dan Valentine. Each Settlement Class Representative shall execute for submission with the Joint Motion (as defined herein) a sworn declaration in substance and form mutually acceptable to the Parties.

    G.    "Effective Date" has the meaning ascribed in Section II.5. of this Agreement.

    H.    "Motion" is the pleading to be filed by Class Counsel pursuant to Section II.2. This Agreement shall be an exhibit to the Motion.

-5-

1     I.    "Plaintiffs" means the Settlement Class Representative together with all

2 members of the Settlement Class as defined.

3     J.    "Releasees" or "Released Entities" means NebuAd (as defined herein) and

4 also means and includes NebuAd's Carriers (as defined herein), solely to the extent of

5 their capacities as insurers of NebuAd, and Sherwood Partners, LLC. Notwithstanding

6 any language in this agreement to the contrary, other than identified Releasees, no release

7 whatsoever is being provided to any other entity, including but not limited to any entity

8 listed on Exhibit A.

9     K.    "Released Claims" means any and all known or unknown claims,

10 demands, actions, suits, causes of action (under the common or civil law, statutes, or

11 regulations, including laws of all jurisdictions outside the United States), damages

12 whenever incurred whether compensatory or exemplary, liabilities of any nature or under

13 any theory whatsoever, including costs, expenses, penalties, and attorneys' fees, in law or

14 equity, that any Releasor, whether or not they object to the settlement, ever had or now

15 has, directly, representatively, derivatively or in any capacity, arising out of or related in

16 any way to any conduct, events, or transactions occurring in the course of the Action or

17 arising out of the facts, transactions, events, matters, occurrences, acts, disclosures,

18 statements, misrepresentations, omissions or failures to act regarding NebuAd, Inc.'s

19 deployment of devices, appliances, software, and/or other processes and in processing

20 Internet communications or transmissions from January 1, 2007 to the present, that were

21 or could have been alleged or asserted in the Action. Notwithstanding any other term or

22 condition herein, "Released Claims" shall not include any claims, demands, actions, suits,

23 causes of action, damages, and liabilities against any Internet service providers or any

24 entities listed on Exhibit A.

25     L.    "Releasors" means any and all Class Members, as well as their respective

26 present and former, direct and indirect, parents, subsidiaries, divisions, partners and

27 affiliates, their respective present and former stockholders, officers, directors, employees,

28 managers, agents, attorneys and any of their legal representatives, any future operating

-6-

entities created and controlled by a Class Member, and any predecessors, successors, heirs, executors, trustees, administrators, assigns and subrogees of each of the foregoing, all in their capacities as such, and any entities or persons on whose behalf the Class Member is authorized to act. All Released Claims are forever discharged, and such claims cannot be asserted by any of Releasors' future, direct and indirect, parents, subsidiaries, divisions, partners and affiliates, their respective future stockholders, officers, directors, employees, managers, agents, attorneys and any of their legal representatives, or any successors, heirs, executors, trustees, administrators, assigns or subrogees of each of the foregoing. As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

M.      "Settlement Notice" has the meaning set forth in Section II.3.A. of this Agreement.

N.      "NebuAd" means NebuAd, Inc.; NebuAd (assignment for the benefit of creditors), LLC, and their present and former subsidiaries, affiliates, divisions, associates, business partners, co-venturers, agents, successors, predecessors, assignors, assignees, assigns, and each of all these entities' respective present, former or future, officers, directors, shareholders, agents, counsel, and employees.

O.      "NebuAd's Carriers" means AXIS Surplus Insurance Company and St. Paul Fire & Marine Insurance Company.

P.      "NebuAd, Inc.'s Counsel" means Jason C. Kravitz and Talley McIntyre Henry of Nixon Peabody LLP, and their law firm.

Q.      "Defendant" means NebuAd, Inc.

R.      "Alternative Judgment" means an order and final judgment entered by the Settlement Court other than that set forth in Exhibit E, entry of which does not cause any Party to terminate the Agreement as permitted by Section IV, herein.

S.      "Parties" or "Party" mean the Settlement Class Representative and Defendant.

T.      The "Settlement Administrator" is that person or entity, selected by Class

-7-

Counsel and agreed to by Defendant (approval shall not be unreasonably withheld), and appointed by the Court, to serve as the administrator for the settlement of the Action.

U.      "Settlement Payment" means the full and final payment of settlement funds on behalf of NebuAd as described in Section II.6.

## II.      IMPLEMENTATION OF SETTLEMENT

1.      <u>Reasonable Best Efforts to Effectuate This Settlement</u>. Consistent with the terms of this Agreement and notwithstanding the rights of the Parties to terminate this Agreement at certain times, the Parties and their counsel agree to use their reasonable best efforts, including all steps and efforts contemplated by this Agreement and any other reasonable steps and efforts that may be necessary or appropriate, by order of the Settlement Court or otherwise, to carry out the terms of this Agreement.

2.      <u>Motion</u>. Plaintiffs shall move for preliminary approval of the settlement contemplated herein on or before August 8, 2011. This date may be changed upon written agreement of the parties.

3.      <u>Notice</u>. Unless otherwise specified, all costs of notice to the Settlement Class as well as the cost of any person retained to effectuate notice in accordance with this Paragraph, shall be paid exclusively out of the Settlement Fund as further provided in this Agreement in Section II.7.

A.      NOTICE TO THE CLASS. Within 20 business days of preliminary approval of this settlement, the Settlement Administrator shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Preliminary Approval Order, provide notice by publication by placing a banner advertisement on selected Internet websites, in substantially the form attached hereto as Exhibit B (the "Internet Notice"), or by utilizing the Google Adwords service to display notices substantially similar to the content of Exhibit B, as approved by the Settlement Court, and by publication on the website created by the Settlement Administrator, in substantially the form attached hereto as Exhibit C (the "Website Notice"). The Internet Notice shall contain a link that will direct inquiries to the Website Notice. The Website Notice shall direct all members of the

-8-

Settlement Class to review a copy of the detailed Settlement Notice, which will be published on the website. A cost quotation from the Settlement Administrator shall be provided to the Court

Prior to the filing of the Motion for Preliminary Approval, Class Counsel shall consult with the Settlement Administrator to determine if the notice plan set forth above could be meaningfully improved, within reasonable economic limits, to reach more Class Members through advertising in print publications specifically targeted to the geographic location of the Internet service providers identified in Exhibit A.

B.     OTHER REQUIRED NOTICE. NebuAd, Inc.'s Counsel or their designee, shall serve and be solely responsible for any notices that may be required under 28 U.S.C. § 1715, on the "Appropriate Federal official" and the "Appropriate State officials," as defined in 28 U.S.C. § 1715(a). The costs of this notice shall not be paid from the Settlement Fund.

4.     Entry of Final Judgment. If, after the settlement fairness hearing scheduled by the Settlement Court in the Preliminary Approval Order, the Settlement Court approves this Agreement, then counsel for the Parties shall request that the Settlement Court enter an Order and Final Judgment substantially in the form annexed hereto as Exhibit E.

5.     Effective Date of Settlement. The settlement detailed in this Agreement shall be effective on the first date after all of the following events have occurred: (1) entry of the Preliminary Approval Order substantially in the form annexed hereto as Exhibit D, or entry of a Preliminary Approval Order not substantially in the form annexed hereto with respect to which neither Defendant nor Class Counsel invoke its termination rights within the period prescribed in Section IV; (2) final approval by the Settlement Court of this Agreement, following notice to the Settlement Class and a fairness hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; (3) entry by the Settlement Court of an Order and Final Judgment, substantially in the form set forth in Exhibit E annexed hereto, or entry of an Alternative Judgment; and, (4) if there has been an objection to the Settlement, the expiration of any time for appeal or review of such Order and Final Judgment or Alternative Judgment, or, if any appeal is filed and not dismissed,

-9-

1   after such Order and Final Judgment or Alternative Judgment is upheld on appeal in all material

2   respects and is no longer subject to review upon appeal or review by writ of certiorari; and 4) this

3   Agreement is no longer subject to termination by any Party as provided for in Section IV.

4       6.   <u>Settlement Fund For Benefit Of Class</u>. Subject to the provisions hereof, and in

5   full, complete and final settlement of all Released Claims as provided herein, Defendant agrees

6   to the following:

7       A.   In full settlement of Plaintiffs' claims for the Settlement Class, and

8       without admitting any liability, not later than forty-five (45) days following the Effective

9       Date, Defendant shall cause to be made a Settlement Payment in an amount calculated as

10      follows:

11          (i)   $2,000,000.00, from NebuAd, Inc.'s insurance policy issued by St.

12              Paul Fire & Marine Insurance Company (Policy Number:

13              VP09403475);

14          (ii)   $409,509.74, which is the balance remaining on NebuAd, Inc.'s

15              insurance policy issued by AXIS Surplus Insurance Company

16              (Policy Number: ECN634807) ;

17          (iii)   less any amounts previously advanced on behalf of Defendant to

18              reimburse and/or pay the Settlement Administrator for the

19              reasonable costs of administering the settlement, as described in

20              Section II.3., and as provided for in Section II.7., below.

21      The Settlement Payment will be deposited in a trust account to be held by the Settlement

22      Administrator for the benefit of the Settlement Class ("Settlement Fund"). Payment of the

23      required settlement funds into the Settlement Fund shall completely fulfill Defendant's

24      obligations under this Agreement to the Settlement Class, and Defendant shall have no

25      liability or responsibility with respect to any distribution of the monies from the

26      Settlement Fund. Neither NebuAd nor the NebuAd Carriers shall be liable for satisfaction

27      of any liens or for any pre- or post judgment interest, liquidated or punitive damages, or

28      penalties in addition to the Settlement Payment.

-10-

B.      The money in the Settlement Fund may be held in an interest-bearing account and is not considered a fund for distribution to Class Members. Class Counsel, on behalf of the Class Members, shall be responsible for all administrative, accounting and tax compliance activities in connection with the Settlement Fund and the monies deposited into the Settlement Fund, with all costs being paid from the Settlement Fund.

7.      <u>Distribution of Settlement Fund</u>. The Settlement Fund shall be applied as follows:

A.      Settlement Administration. To reimburse or pay all of the costs and expenses reasonably and actually incurred by the Settlement Administrator in connection with providing notice and administering claims as provided herein. Reimbursement or payment of the Settlement Administrator's costs and expenses incurred prior to funding of the Settlement Fund may be made directly to the Settlement Administrator on behalf of Defendant. Any funds paid under this section shall not be reimbursed or returned in any way if the Settlement does not become Effective.

B.      Taxes and Expenses. To pay any necessary taxes and expenses related to interest earned by the Settlement Fund. Any funds paid under this section shall not be reimbursed or returned in any way if the Settlement does not become Effective.

C.      Advocacy Compensation. To pay advocacy compensation as awarded by the Court, if any, including any and all attorney's fees, costs and expenses as further set forth in section II.9.

D.      Relief to Settlement Class – *Cy Pres* Donation. Any amount remaining in the Settlement Fund, less payments of expenses of administration and attorney's fees, if any, approved by the Court, shall be distributed to a non-profit organization or organizations with the purpose of protecting consumers from misuse and/or unauthorized distribution of their electronic information or of personally identifiable information gathered through use of the Internet. Class Counsel shall submit the plan for such distribution to the Court and any distribution pursuant to this paragraph must be approved by the Court. No organization in which the Class Representative or Class Counsel holds any ownership or control qualifies for distribution under this paragraph, and the

-11-

application referred to herein must affirmatively declare the absence of such interest.

E.    Incentive Award. Class Representative Plaintiff Valentine may apply for an incentive award from the Court for his efforts as Representative Plaintiff in an amount not to exceed $5,000, each of the other representatives plaintiffs named above may apply for an award up to $1,000, and such awards shall be paid solely from the Settlement Fund after the Effective Date.

8.    Relief To Settlement Class

A.    Testimonial Cooperation of Former NebuAd, Inc. Directors and Officers. NebuAd, Inc.'s former directors and officers, Robert Dykes and Kira Makagon shall:

(i)    Within two weeks of the initial execution of this Agreement, agree with Plaintiff's counsel on mutually convenient dates before September 1, 2011, as reasonably possible and on a reasonable basis, for: (a) a scheduled session and one follow-up session, as requested by Plaintiffs' counsel, in which NebuAd, Inc.'s former directors and officers named herein shall provide Plaintiffs' counsel, in response to questions posed solely by Plaintiffs' counsel, sworn statements, taken under oath and officially transcribed and videotaped, and in response to questions posed by Plaintiffs' counsel and no others, relating to the allegations of the Action; and (b) any and all relevant, personal documents in their possession, including notes, calendars, and documents relating to inventions, processes, and art indicated in patent applications.

(ii)    Comply in good faith with any trial subpoena served by a plaintiff to testify at trial of defendants in other actions relating to or arising out such defendants' or clients' relationships with NebuAd, Inc.

(iii)    Promptly notify Plaintiff's counsel of any requests by former defendants in the Action or any former clients of NebuAd, Inc., for information and/or cooperation relating to other actions arising out

-12-

such defendants' or clients' relationships with NebuAd, Inc., and providing to Plaintiff's counsel all information provided in response to such requests.

B. *Cy Pres* Donation. As stated in Section II.7.D., any amount remaining in the Settlement Fund, less payments of expenses of administration and attorney's fees, if any, approved by the Court, shall be distributed to a non-profit organization or organizations with the purpose of protecting consumers from misuse and/or unauthorized distribution of their electronic information or of personally identifiable information gathered through use of the Internet. Class Counsel shall submit the plan for such distribution to the Court and any distribution pursuant to this paragraph must be approved by the Court. No organization in which the Class Representative or Class Counsel holds any ownership or control qualifies for distribution under this paragraph, and the application referred to herein must affirmatively declare the absence of such interest.

9. <u>Attorneys' Expenses and Fees and Fee Disputes</u>. The Parties agree that an award of attorneys' fees in this action is a matter committed to the sole discretion of the Settlement Court and Defendant does not and shall not take any position as to fees. Class Counsel shall submit an application for attorneys' fees and expenses, not to exceed thirty (30) percent of the Settlement Fund, to the Settlement Court. The Settlement Court shall determine the appropriate amount of attorneys' fees and expenses, if any, to be paid to Class Counsel. Such fees and expenses approved by the Settlement Court shall be paid exclusively from the Settlement Fund. Class Counsel release and forever discharge any claims, demands, actions, suits, causes of action, or other liabilities relating to any attorneys' fees or expenses incurred in the Class Action as to NebuAd and the NebuAd Carriers. No additional attorney fees shall be paid by NebuAd or the NebuAd Carriers. Class Counsel shall be entitled to receive any attorneys' fees awarded by the Settlement Court only after the Effective Date.

10. <u>Settlement Administration</u>. In addition to administering notice as set forth in Section II.3., the Settlement Administrator shall be responsible for distributing the Settlement Fund in accordance with Section II.7. above. The Settlement Administrator shall copy counsel

-13-

for both parties on all communications and shall provide regular reports regarding the administration of the Settlement Fund to both Class Counsel and NebuAd, Inc.'s Counsel. Any and all funds distributed to Settlement Administrator under Section II.7.A. must be approved in writing by both Class Counsel and NebuAd, Inc.'s Counsel prior to said distribution.

11.    <u>All Claims Satisfied</u>. Each Class Member shall look solely to the relief described in Section II.6., II.7., and II.8. for settlement and satisfaction, as provided herein, of all Released Claims.

12.    <u>Class Certification For Settlement Purposes Only</u>. The Parties acknowledge and agree and hereby stipulate, and shall so stipulate to the Court at the hearing on the request for entry of the Preliminary Approval Order and at the certification hearing and the fairness hearing, that: (i) the Settlement Class is being certified for settlement purposes only pursuant to this Agreement, (ii) NebuAd reserves the right to object to class certification *de novo* in the event this Agreement is terminated for any reason, and (iii) this Agreement shall have no precedential effect with regard to certification of a litigation class that may arise if this Action is not fully and completely resolved through this settlement effort, or otherwise.

13.    <u>Mandatory Class</u>. The Settlement Class shall be certified as a mandatory class under Rule 23(b)(1) of the Federal Rules of Civil Procedure. Mandatory class treatment is appropriate because (1) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would create incompatible standards of conduct for Defendant; (2) a determination in this case as to one Class Member would be dispositive as to all Class Members; *See* Fed. Rules Civ. Proc. Rule 23(b)(1). Because the Class is a mandatory class, Class Members will not be given the option to exclude themselves.

**III.    RELEASES AND JURISDICTION OF COURT**

1.    <u>Releases</u>. Upon the Effective Date of this Agreement the Released Entities shall be released and forever discharged from any Released Claims that any Releasor may have had. All Releasors covenant and agree that they shall not hereafter seek to establish liability against any Released Entity based, in whole or in part, on any of the Released Claims, nor shall any Releasor assert any claim for relief against the NebuAd Carriers. Upon the Effective Date, all

-14-

Releasors will be forever barred and enjoined from commencing, filing, initiating, instituting, prosecuting, maintaining, or consenting to any action against any Released Entity with respect to the Released Claims.

With regard to the Released Claims, the Releasors acknowledge that they are aware that they may later discover facts in addition to or different from those which they now know or believe to be true with regard to the subject of this Agreement, but that, upon the Effective Date, they intend fully, finally, and forever to settle and release all disputes and differences, known and unknown, suspected or unsuspected, which now exist or formerly existed between the Parties and/or any of the Releasees with respect to the Released Claims. In furtherance of this intention, this release shall be and will remain a full and general release of the subject matter of the Released Claims notwithstanding the discovery or existence of any additional or different facts relating to the Released Claims or the subject of this Agreement. The Releasors also expressly waive all rights or benefits to which they may be entitled under the terms of Section 1542 of the California Civil Code or of any other state or federal law of similar effect. California Civil Code § 1542 provides that:

> *A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.*

2.    <u>Consent to Jurisdiction</u>. Defendant and Plaintiffs hereby irrevocably submit to the exclusive jurisdiction of the Settlement Court for purposes of any suit, action, proceeding or dispute arising out of, or relating to, this Agreement or the applicability of this Agreement.

3.    <u>Resolution of Disputes: Retention of Jurisdiction</u>. Any disputes between or among NebuAd and any of the Plaintiffs concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Settlement Court for resolution. The Settlement Court shall retain jurisdiction over the implementation and enforcement of this Agreement.

**IV.    TERMINATION OF THE AGREEMENT**

1.    <u>Rejection Or Material Alteration Of Settlement Terms</u>. Defendant and Plaintiff

-15-

Class Representatives shall each have the right to terminate this Agreement by providing written

notice of their election to do so ("Termination Notice") to each other within thirty (30) days of:

(1) the Settlement Court declining to enter the Preliminary Approval Order substantially in the

form annexed hereto as Exhibit D; (2) the Settlement Court declining to enter the Order and

Final Judgment substantially in the form annexed hereto as Exhibit E; (3) the date upon which

the Order and Final Judgment is modified or reversed in any material respect by the U.S. Court

of Appeals or the U.S. Supreme Court; (4) the date upon which an Alternative Judgment is

modified or reversed in any material respect by the U.S. Court of Appeals or the U.S. Supreme

Court; or (5) the mutual agreement of Class Counsel and NebuAd, Inc. Counsel to terminate the

Agreement.

2.    <u>Return To Pre-Agreement Status</u>. In the event any of the Parties exercise the right

of termination enumerated in this Paragraph, the Parties will resume the litigation of the Action

as if the settlement had never existed; the settlement and the Terms Sheet and this Stipulation of

Settlement and Release, and any and all papers and acts done pursuant to the settlement the

stipulation concerning the certification of the shall be null and void, and shall not be admissible

in evidence nor considered by the Court or jury for any purpose. The rights and obligations of the

Parties shall be identical to those prior to the execution of this Agreement. In the event either

Party exercises any right of termination, Defendant will have a reasonable opportunity to conduct

non-repetitive discovery and to raise and have heard any dispositive motions with respect to the

claims against it.

3.    <u>Preservation of Rights</u>. The Parties hereto agree that this Agreement, whether or

not the Effective Date occurs, and any and all negotiations, documents and discussions

associated with it shall be without prejudice to the rights of any Party, shall not be deemed or

construed to be an admission or evidence of any violation of any statute or law, of any liability or

wrongdoing by NebuAd or of the truth of any of the claims or allegations contained in the

Complaint in the Action; and evidence thereof shall not be discoverable or used directly or

indirectly by the Settlement Class or any third party, in any way (except that the provisions of

this Agreement may be used by the Parties to enforce its terms), whether in the Action or in any

-16-

other action or proceeding. This Agreement and all of the terms herein constitute compromises and offers to compromise covered by Federal Rule of Evidence 408. In the event that this Agreement is terminated pursuant to Section IV, nothing in this Agreement or its negotiation may be used as evidence in any action. The Parties expressly reserve all their rights and defenses if this Agreement does not become final and effective substantially in accordance with the terms of this Agreement.

## V.     REPRESENTATIONS AND WARRANTIES

1.     <u>Authorization to Enter This Agreement</u>. The undersigned representatives of Defendant represent and warrant that they are fully authorized to enter into and to execute this Agreement on behalf of Defendant. Class Counsel represent and warrant that they are fully authorized to conduct settlement negotiations with NebuAd, Inc.'s Counsel on behalf of the Class and to enter into, and to execute, this Agreement on behalf of Plaintiffs, subject to Settlement Court approval pursuant to Fed. R. Civ. P. 23(e).

2.     <u>Assignment</u>. Settlement Class Representative represents and warrants that he has not assigned or transferred any interest in the Action which is the subject of this Agreement, in whole or in part.

3.     <u>Representation.</u> Settlement Class Representative acknowledges that he has been represented by counsel of his or her own choosing in the Action and the negotiation and execution of this Agreement and that he has had a reasonable and sufficient opportunity to consult with counsel to the extent he desires before executing this Agreement.

## VI.     ADDITIONAL PROVISIONS

1.     <u>Settlement Communication</u>. The Parties specifically acknowledge, agree and admit that this Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations and correspondence, shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any equivalent rule of evidence of any state, and shall not (i) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in this Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of

-17-

law, or liability of any kind on the part of NebuAd, or (ii) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue. The Parties also agree that this Agreement, any orders, pleadings or other documents entered in furtherance of this Agreement, and any acts in the performance of this Agreement are not intended to be, nor shall they in fact be, admissible, discoverable or relevant in any case or other proceeding against NebuAd to establish grounds for certification of any class involving any Class Member, against NebuAd to prove either the acceptance by any Party hereto of any particular theory of coverage, or as evidence of any obligation that any Party hereto has or may have to anyone.

2. <u>Binding Effect</u>. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

3. <u>No Party Is the Drafter</u>. This Agreement has been negotiated at arm's length, with the participation of the Parties and their counsel. In the event of a dispute arising out of this Agreement, none of the Parties shall be considered to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of construction that would or might cause any provision to be construed against the drafter hereof.

4. <u>Headings</u>. The headings to this Agreement have been inserted for convenience only and are not to be considered when construing the provisions of this Agreement.

5. <u>Construction</u>. This Agreement shall be construed and interpreted to effectuate the intent of the Parties, which is to provide, through this Agreement, for a complete resolution of the Released Claims with respect to the Released Entities.

6. <u>Choice of Law</u>. All terms of this Agreement shall be governed by and interpreted according to the substantive laws of the State of California, without regard to its choice of law or conflict of laws principles.

7. <u>Amendment or Waiver</u>. This Agreement shall not be modified in any respect except by a writing executed by all the Parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving Party. The waiver by any Party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

-18-

8.  <u>Modification</u>. Prior to entry of the Order and Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and NebuAd, Inc.'s Counsel in their discretion without giving any additional notice to the Class Members, provided that such modifications are not materially adverse to the Class Members.

To the extent that Class Members desire to be notified regarding any additional changes as described in this paragraph, or otherwise after the initial notice of the settlement, the certification hearing, and the fairness hearing, they must file with the Clerk of Court in the Action a request for notice, or send such a request in writing to Class Counsel, who shall maintain a list of all such requests that are received. Class Members who have and who provide an e-mail address agree to electronic notification. The provisions of this section advising Class Members of this requirement shall be included in the Settlement Notice, the certification hearing and the fairness hearing.

Subsequent to the Final Approval Order and Judgment becoming a Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and NebuAd, Inc.'s Counsel in their discretion without giving any additional notice to the Class Members, provided that such modifications do not limit the rights of the Class Members under the Agreement.

9.  <u>Execution in Counterparts</u>. This Agreement may be executed in counterparts. Facsimile signatures or signatures in PDF format shall be considered as valid signatures as of the date thereof, although the original signature pages shall thereafter be appended to this Agreement and filed with the Settlement Court.

10.  <u>Integrated Agreement</u>. This Agreement, including the exhibits hereto, contain an entire, complete, and integrated statement of each and every term and provision agreed to by and between the Parties hereto, and supersedes all prior oral or written agreements and contemporaneous oral agreements among the Parties.

11.  <u>Notices</u>. All notices and other communications required or permitted under this Agreement, other than objections to or comments regarding the proposed settlement, shall be in writing and delivered in person, by overnight delivery service or by facsimile. Any such notice

-19-

shall be deemed given as of the date of receipt and shall be delivered to the Parties as follows:

**If To Plaintiffs:**

Scott Kamber
KamberLaw LLC
100 Wall Street, 23rd Floor
New York, NY 10005

**If To Defendant:**

Jason C. Kravitz
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131

12.    <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if Defendant and Class Counsel mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

/ / /

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first written below.

DAN VALENTINE

By: _____

Dated: ___8/15/2011_____

NEBUAD (ASSIGNMENT FOR THE
BENEFIT OF CREDITORS), LLC (Solely in
its capacity as Assignee for the benefit of
creditors of NebuAd, Inc.)

By: _____

Title: _____

Dated: _____

-20-

**If To Plaintiffs:**

Scott Kamber
KamberLaw LLC
100 Wall Street, 23rd Floor
New York, NY 10005

**If To Defendant:**

Jason C. Kravitz
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131

12.     <u>Severability</u>. In the event any one or more of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality or unenforceability shall not affect any other provision if Defendant and Class Counsel mutually elect to proceed as if such invalid, illegal or unenforceable provision had never been included in the Agreement.

/ / /

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first written below.

DAN VALENTINE

By: _____

Dated: _____

NEBUAD (ASSIGNMENT FOR THE BENEFIT OF CREDITORS), LLC (Solely in its capacity as Assignee for the benefit of creditors of NebuAd, Inc.)

By: _____

Title: _Manager_____

Dated: _____

-20-

SETTLEMENT CLASS COUNSEL

By: _____

SCOTT A. KAMBER
KamberLaw, LLC

Dated: Aug. 15, 2011


SETTLEMENT CLASS COUNSEL

By: _____

Dated: _____

-21-

1

SETTLEMENT CLASS COUNSEL

2

By: _____

3

SCOTT A. KAMBER
KamberLaw, LLC

4

5

Dated: _____

6

7

SETTLEMENT CLASS COUNSEL

8

By: _____

9

RAHUL RAVIPUDI
Panish Shea & Boyle LLP

10

11

Dated: _8│15│11_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-21-