SCOTT A. KAMBER (*pro hac vice*)
skamber@kamberlaw.com
DAVID A. STAMPLEY (*pro hac vice*)
dstampley@kamberlaw.com
KamberLaw, LLC
100 Wall Street, 23rd Floor
New York, New York 10005
Telephone:   (212) 920-3072
Facsimile:    (212) 202-6364

BRIAN J. PANISH (SBN 116060)
panish@psblaw.com
RAHUL RAVIPUDI (SBN 204519)
ravipudi@pbslaw.com
PANISH, SHEA & BOYLE, LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
Telephone:(310) 477-1700
Facsimile:(310) 477-1699

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, *et al.*,<br><br>                              Plaintiffs,<br><br>    vs.<br><br>NEBUAD, INC., *et al.*,<br><br>                              Defendants. | No. 3:08-cv-05113 (TEH) (EMC)<br><br>**DECLARATION OF DAVID A. STAMPLEY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Hon. Thelton E. Henderson.<br><br>Date:       Sept. 12, 2011<br>Location:  Courtroom 12, 19th Fl.<br>               450 Golden Gate Avenue<br>               San Francisco, CA 94102<br>Time:      3:00 p.m. |

I, David A. Stampley, declare as follows:

1.     I am one of plaintiffs' counsel in the above-captioned litigation. I make this declaration in support of plaintiffs' motion for preliminary approval of the proposed settlement in this action. I have actively participated in all aspects of this litigation, including negotiation of the settlement, and am fully familiar with the proceedings in the matter in which resolution

is sought by the parties. If called upon, I am competent to testify that the following facts are true and correct to the best of my knowledge, information and belief.

2. In November 2008, following substantial pre-complaint investigation, plaintiffs filed a complaint on behalf of themselves and similarly situated individuals against NebuAd and a number of its clients—Internet service providers (ISPs) that provide Internet services to plaintiffs and class members. Plaintiffs alleged NebuAd devices installed in the ISPs' networks intercepted, analyzed, and modified class members' Internet communications and transmissions, without notice or consent and, addition, that Defendants installed tracking code on Plaintiffs and class members' computers, in violation of the Electronic Communications Privacy Act, the Computer Fraud and Abuse Act, California's Invasion of Privacy Act, California's Computer Crime Law, and Unjust Enrichment. In October 2009, the Court dismissed the ISP defendants for lack of personal jurisdiction. Complaints were then brought against individual ISP defendants in their home jurisdictions.

3. At all times, Defendant NebuAd has denied and continues to deny that it has engaged in any wrongdoing or committed, threatened to commit, or attempted to commit any wrongdoing of any kind, including that alleged in the complaint in this matter. Defendant contends it has acted properly and therefore denies the Plaintiffs and putative class are entitled to any form of damages based on the conduct alleged in the complaint. Defendant maintains and contends it has meritorious defenses to all claims alleged in the complaint and that it was and is prepared to defend itself vigorously against all claims asserted in this litigation.

4. Shortly after the filing of the Complaint, representatives of Plaintiffs and NebuAd initiated a series of settlement discussions, agreed to private and confidential mediation of the matter, mediated before a JAMS mediator, the Hon. William J. Cahill (Ret.) and engaged in substantive, arms-length, negotiations. The parties efforts to reach a resolution were unsuccessful.

5. Plaintiffs served and received responses to discovery requests totaling approximately 6,600 pages of documents from NebuAd.

6. On May 13, 2009, NebuAd's board of directors executed an assignment for the

benefit of creditors, declaring the company insolvent and seeking to liquidate assets. NebuAd's assets and documents were assigned in trust to a fiduciary assignee, NebuAd, LLC.

7. On December 17, 2009, NebuAd deposed a former NebuAd employee to ascertain the status of other potentially responsive discovery materials. In cases against the ISP defendants in their respective jurisdictions, Plaintiffs took depositions of ISP personnel involved in NebuAd deployments and submitted technical experts' analyses of relevant NebuAd and ISP processes, based on produced documents and deposition testimony. In addition, Plaintiffs met telephonically with former NebuAd officers and their legal representative, who continued to participate in the settlement process.

8. NebuAd attested to its lack of assets, save for its insurance policies. Plaintiffs feel certain that, if the case were litigated to resolution, the wasting policies would leave one, limited policy available for monetary relief.

9. In June 2010, the parties informed the Court of their interest in renewing discussions to explore possible resolution. On September 22, 2010, a mediation session was conducted by U.S. Magistrate Judge Joseph Spero in San Francisco, California, which was attended by counsel for the parties, Mr. Valentine, and a legal representative of certain of NebuAd's former directors and officers. Two additional telephonic conferences were conducted by Magistrate Judge Spero. The parties subsequently reached an agreement in principle to settle the litigation, after which their continued efforts led to the proposed settlement presented to the Court.

10. At no point prior to reaching agreement on the substantive terms of the Agreement did the parties discuss the amount of any incentive fees or payment to counsel.

11. Having reached full agreement on terms and conditions of a settlement, the parties now seek the Court's preliminary approval.

12. I have participated directly in the negotiation efforts and the petition for preliminary approval of the proposed settlement now before this Court. Throughout mediation and negotiation efforts and in advising our clients of the proposed settlement, Plaintiffs' counsel has at all times considered the fairness, reasonableness, and adequacy of the

settlement for the class, taking into account the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of any further litigation; the risk of certifying a class and then maintaining class action status through trial; the amount offered in settlement; the extent of discovery completed and the stage of proceedings; and the experience and views of plaintiffs' counsel. Against the backdrop of counsels' collective experience in prosecuting complex class actions and the particular circumstances, here, of a defendant that is no longer a going concern and possessed of dwindling assets, co-counsel and I have considered the claims set forth in the complaint and our continued confidence in the merit of those claims, the scope of relief offered in the settlement compared to the potential relief at the conclusion of litigation, and the risks and costs of continued litigation, including the possibility of a default judgment after assets potentially available for relief have been further depleted. Taking these factors into account, it is my opinion the proposed settlement is fair, reasonable, and adequate, well within the range of possible approval, and therefore deserving of the Court's preliminary approval.

13.   A true and correct copy of the proposed settlement agreement entered into by the parties in this matter is attached as Exhibit 1.

14.   Proposed class counsel possess extensive experience in prosecuting class actions and other complex litigation. A copy of the firm resume of KamberLaw, LLC is attached as Exhibit 2.

15.   Further, proposed class counsel have diligently investigated and prosecuted this matter, dedicating substantial resources to the investigation of the claims at issue in the action, including substantial post-filing investigation, and have successfully negotiated the settlement of this matter to the benefit of the class.

16.   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: August 15, 2011        s/David A. Stampley
       New York, New York    David A. Stampley
                             KAMBERLAW, LLC
                             100 Wall Street, 23d Floor
                             New York, New York 10005