UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN VALENTINE, *et al.*, )
        Plaintiffs, )
) No. 3:08-cv-05113 (TEH) (EMC)
v. )
)
NEBUAD, INC., *et al.* )
        Defendants. )

### [PROPOSED] HEARING ORDER

Upon the motion of plaintiffs in the above-captioned class action matter ("Plaintiffs") and defendant NebuAd, Inc. ("NebuAd" or "Defendant," with Plaintiffs and Defendant collectively referred to herein as the "Parties"); with reference to the Settlement Agreement among the Parties, filed August 16, 2011, and exhibits thereto (the "Settlement Agreement"); and upon all prior proceedings conducted in this Action, this Court hereby finds reasonable cause exists to consider whether to approve the proposed settlement set forth in the Settlement Agreement (the "Settlement") and to conduct a hearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine, *inter alia*: (a) whether the Settlement is fair, reasonable, and adequate, and whether it should be approved pursuant to Rule 23 of the Federal Rules of Civil Procedure; and (b) whether the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses and Plaintiffs' request for the payment of incentive awards should be granted.

**IT IS HEREBY ORDERED**, that:

1. The Court, for settlement purposes only, hereby conditionally certifies, pursuant to Rule 23(a) and Rule 23(b)(1) of the Federal Rules of Civil Procedure, a class consisting of all persons in the United States who, from January 1, 2007 to July 1, 2008, were consumers subscribing to the services of certain entities named in Exhibit A to the Settlement Agreement.

2. The Court finds that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the named representatives are typical of the

claims of the Settlement Class they seek to represent; and (d) the Plaintiffs will fairly and adequately represent the interests of the Settlement Class.

3. The Court finds that a mandatory class under Rule 23(b)(1) is appropriate as prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications, or such adjudications would be dispositive of the interests of other members not party to the individual adjudication.

4. Plaintiff Dan Valentine is appointed Settlement Class Representative.

5. After considering the factors described in Rule 23(g)(1) and (g)(2) of the Federal Rules of Civil Procedure, the Court appoints Scott A. Kamber and David A. Stampley of KamberLaw, LLC; and Rahul Ravipudi and Pete Kaufman of Panish Shea & Boyle LLP; and their respective firms as Class Counsel.

6. The Court finds the Settlement as set forth in the Settlement Agreement falls within the range of reasonableness and warrants providing notice of such Settlement to the members of the Settlement Class and, accordingly, the Court, pursuant to Rules 23(c) and 23(e) of the Federal Rules of Civil Procedure, preliminarily approves the Settlement upon the terms and conditions set forth in the Settlement Agreement.

7. The Court sets a hearing to take place on December 19, 2011, at 1:00 p.m. before this Court, at the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California, to hear all interested parties on whether: (a) the requirements for certification of the Settlement Class have been met; (b) the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses as well as any incentive awards to the Representative Plaintiffs, should be approved as fair, reasonable and adequate; and (c) the Judgment approving the settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered (the "Fairness Hearing"). The Court may adjourn the Fairness Hearing without further notice to the members of the Settlement Class (except those Settlement Class Members who file timely and valid objections).

8. The Court approves the form of the Legal Notice of Proposed Class Action Settlement (the "Internet Notice"), substantially in the form of Exhibit B annexed to the Settlement Agreement, and approves the Notice of Pendency of Class Action and Proposed Settlement (the "Website Notice"), substantially in the form of Exhibit C, annexed to the Settlement Agreement.

9. Non-substantive changes may be made to the Internet Notice and/or the Website Notice by agreement of the Parties, without further order of this Court.

10. The Court directs that the Settlement Class be given notice of the proposed Settlement as follows: Internet advertisements using banner ads will be placed on selected Internet websites or by utilizing Google Adwords service to display notices substantially similar to the content of Exhibit B to the Settlement Agreement. In addition, the Settlement Administrator will create a website which will include a copy of the detailed Website Notice.

11. The Court finds such notice to the members of the Settlement Class as described above: (a) is the best notice practicable to members of the Settlement Class; (b) is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, and the proposed Settlement; the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and the application by Representative Plaintiffs for an incentive award; (c) is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and (d) meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

12. The Court directs for the express purpose of executing Notice of the Settlement, the names of the ISPs listed in Exhibit A be revealed, and that Notice be provided to the ISPs listed in Exhibit A that their names will be revealed for this limited purpose.

13. The Court directs any Class Member who wishes to object to any aspect of the Settlement shall, in writing, by letter postmarked on or before December 1, 2011, submit comments that set forth: (a) such person's name and address; (b) a clear and unambiguous

statement regarding such person's objection; (c) include the reference *Valentine, et al. v. NebuAd, Inc.*, No. 3:08-cv-05113 (TEH) (EMC); and (d) must be signed by such person. Any objections should be sent to:

| | |
|---|---|
| Scott A. Kamber | Jason C. Kravitz |
| KamberLaw, LLC | Nixon Peabody LLP |
| 100 Wall Street, 23rd Floor | 100 Summer Street |
| New York, NY 10005-3704 | Boston, MA 02110-2131 |

14. The Court directs Class Counsel and Defendant's counsel, on or before December 8, 2011, to file with the Court evidence that the provisions of paragraph 10 of this Order has been satisfied.

15. The Parties shall, by November 1, 2011, file and serve all papers in support of the application for final approval of the Settlement, including the provision for payment of attorneys' fees, reimbursement of expenses and an award of to Representative Plaintiffs.

16. The Parties shall, by December 8, 2011, file and serve all papers in response to any valid and timely objections received by the designated counsel for the Parties identified in the Full Settlement Notice.

17. Defendant shall, by October 1, 2011, provide the notices required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), including, but not limited to, the notices to the United States Department of Justice and to the Attorneys General of all states in which Settlement Class members reside, as specified in 28 U.S.C. § 1715.

18. Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class are, until the Fairness Hearing, barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as members of a class action or otherwise), any claim, lawsuit, arbitration, administrative, regulatory or other proceeding arising out of the Released Claims against any of the Releasees or Released Entities, which Released Entities shall not include any entity listed on Exhibit A to the Settlement Agreement.

19. If for any reason, the Effective Date of the Settlement does not occur, this Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of August 19, 2011, except any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur.

20. Nothing in this Order shall be construed or used as an admission, concession, or declaration by or against the Defendant for any fault, wrongdoing, breach, or liability, nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or the relief requested in the operative Complaints in this Action is inappropriate, improper, or unavailable; nor shall this Order be construed or used as a waiver by any Party of any defenses or claims such Party may have; nor shall this Order be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or any defense to any such claim.

21. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

Dated: _____, 2011        **SO ORDERED, ADJUDGED AND DECREED**

_____
Thelton E. Henderson
Judge Of The United States District Court