UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

DAN VALENTINE,

    Plaintiff,

v.

NEBUAD INC., et al.,

    Defendants.

No. C 08-05113 TEH (LB)

**REPORT AND RECOMMENDATION**

**[Re: ECF Nos. 241, 243]**

## I. INTRODUCTION AND BACKGROUND

Plaintiffs Dan Valentine, Neil Deering, Kathleen Kirch, Terry Kirch, and Dale Mortsensen (collectively, "Plaintiffs") and Defendant NebuAd, Inc. ("NebuAd") agreed to settle this putative class action lawsuit in which Plaintiffs alleged that NebuAd and its Internet Service Provider ("ISP") clients intercepted internet communications of their customers – Plaintiffs and other similarly-situated consumers – without providing their customers with adequate notice or obtaining their consent. Settlement Agreement, ECF No. 233-1.[1] Plaintiffs alleged that NebuAd's and its ISP clients' actions violated the Federal Electronic Communications Privacy Act, the Federal Computer Fraud and Abuse Act, California's Invasion of Privacy Act, and California's Computer Crime Law. Complaint, ECF No. 1. On October 6, 2009, the ISP defendants were dismissed for lack of personal jurisdiction, leaving NebuAd as the sole defendant. Order, ECF No. 166.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 08-05113 TEH (LB)

After participating in several mediation sessions with Magistrate Judge Spero, the parties agreed to settle the case. Settlement Agreement, ECF No. 233-1. Judge Henderson, the presiding judge in the case, preliminarily approved the settlement and set a final fairness hearing for December 19, 2011. Order Setting Final Fairness Hearing, ECF No. 239 at 2, ¶ 7. Plaintiffs thereafter filed the instant unopposed motion for $722,853 in attorneys' fees, which is 30% of the $2,409,509.74 common fund settlement amount, and $63,678 in costs. Notice of Motion, ECF No. 241; Motion, ECF No. 243; Notice of Non-opposition, ECF No. 246. Judge Henderson referred the motion to the undersigned for a report and recommendation. Referral Order, ECF No. 244. The undersigned set a telephonic hearing for December 1, 2011. Notice of Referral, ECF No. 245.

Pursuant to Civil Local Rule 7-1(b), the court finds that these matters are suitable for determination without oral argument and VACATES the December 1, 2011 telephonic hearing. For the reason stated below, the court RECOMMENDS that the presiding judge grant Plaintiffs' motion.

## II. LEGAL STANDARD

Rule 23(h) of the Federal Rules of Civil Procedure provides, "In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Attorneys' fees provisions included in proposed class action agreements must be "fundamentally fair, adequate and reasonable." *Staton v. Boeing Co.*, 327 F.3d 938, 964 (9th Cir. 2003).

In "common fund cases," a court has discretion to award attorneys' fees either as a percentage of such common fund or by using the lodestar method. *Id.* at 967-968. A district court in the Northern District reviewed a number of cases and concluded that using the lodestar method in common fund cases did not achieve the stated purposes of proportionality, predictability and protection of the class but, instead, encouraged abuses such as unjustified work and protracting the litigation. *See In re Activision Securities Litigation*, 723 F.Supp. 1373, 1378 (N.D. Cal. 1989). Additionally, the percentage-of-the-fund method is appropriate where – as here – the amount of the settlement is fixed without any reversionary payment to the defendant. *See Chu v. Wells Fargo Investments, LLC*, Nos. C 05-4526 MHP, C 06-7924 MHP, 2011 WL 672645, at *4 (N.D. Cal. Feb. 16, 2011). In the Ninth Circuit, the "benchmark" for attorneys' fees in common fund class actions is 25% of the

common fund. *Staton*, 327 F.3d at 968. But the rate ultimately selected must be supported by findings that take into account all of the circumstances of the case. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1048 (9th Cir. 2002).

### III. DISCUSSION

#### A. Attorneys' Fees

Class counsel seeks $722,853, or 30% of the settlement fund, as an award of attorneys' fees. Motion, ECF No. 243 at 3. Courts in the Ninth Circuit look to the following factors when determining what a proper percentage is for an award of attorneys' fees: (1) the results achieved; (2) the risks of litigation; (3) whether there are benefits to the class beyond the immediate generation of a cash fund; (4) whether the percentage rate is above or below the market rate; (5) the contingent nature of the representation and the opportunity cost of bringing the suit; (6) reactions from the class; and (7) a lodestar cross-check. *Vizcaino*, 290 F.3d at 1048-52.

Applying these factors, the court finds that an upward adjustment of the benchmark to 30% is warranted in this case.

##### 1. Results Achieved

Whether the parties' proposed settlement is fair will be determined by Judge Henderson at the Final Fairness Hearing set for December 19, 2011. The court notes, however, that Judge Henderson preliminarily found that the settlement falls with the range of reasonableness. Order Setting Final Fairness Hearing, ECF No. 239 at 2, ¶ 6. Accordingly, this factor slightly favors an upward adjustment of the benchmark.

##### 2. Litigation Risk

Class counsel assumed the risk of bringing a novel suit with significant technical investigative prerequisites against sophisticated parties. Motion, ECF No. 243 at 6-7; Kamber Decl., ECF No. 242 at 3-4, ¶¶ 4-13. NebuAd denies that it engaged in any wrongdoing and maintains that it has meritorious defenses to all of Plaintiffs' claims. *See* Kamber Decl., ECF No. 242 at 3, ¶ 5. Further complicating matters, NebuAd ceased operation as an ongoing concern during the pendency of the action. Kamber Decl., ECF No. 242 at 3, ¶ 7. This factor favors an upward adjustment of the benchmark.

C 08-05113 TEH (LB)

3

### 3. Non-monetary Relief

Non-monetary relief was secured. As part of the settlement, the class will receive testimonial cooperation in relation to several pending actions against the ISPs that also arise out of conduct alleged in Plaintiffs' complaint. Settlement Agreement, ECF No. 233-1 at 12-13, ¶ 8(A); Motion, ECF No. 243 at 7. This factor favors an upward adjustment of the benchmark.

### 4. Percentage Rate Relative to Market Rate

In their motion, Plaintiffs cite authority describing the median rate for fee awards in class actions as ranging from 27% to 30%. Motion, ECF No. 243 at 7-8 (citing, *e.g.*, *In re DJ Orthopedics Inc. Sec. Litig.*, No. 01-cv-2238-K (RBB), 2004 WL 1445101, at *7 (S.D. Cal. June 21, 2003)). Moreover, the court notes that it is common practice to award attorneys' fees at a higher percentage than the 25% benchmark in cases that involve a relatively small – *i.e.*, under $10 million – settlement fund. *See Cicero v. DirecTV, Inc.*, No. EDCV 07-1182, 2010 WL 2991486, at *6 (C.D. Cal. Jul. 27, 2010) (collecting cases). This factor favors an upward adjustment of the benchmark.

### 5. Contingent Nature of Representation and Opportunity Cost

It is an established practice to reward attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing at all. *See In re Washington Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir.1994). Class counsel undertook this litigation on a wholly contingent basis and faced that risk. Motion, ECF No. 243 at 7. This factor favors an upward adjustment of the benchmark.

### 6. Class Reaction

Because the undersigned is not the presiding judge in this action, the court is unaware of whether any class members have objected to the proposed fee award. Thus, this factor neither favors nor disfavors an upward adjustment of the benchmark.[2]

### 7. Lodestar Cross-Check

A lodestar cross-check also supports the reasonableness of increasing the benchmark rate. Under

---

[2] Should no class members object to the fee award, such a fact would support an increase in the benchmark rate. *See In re Omnivision Technologies, Inc.*, 559 F.Supp.2d 1036, 1048 (N.D. Cal. 2008) (finding factor favored approval where no objections to fee where raised in response to 57,630 copies of notice being sent).

the lodestar method, the lodestar amount is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). "The lodestar cross-check calculation need entail neither mathematical precision nor bean-counting." *In re Rite Aid Corp. Sec Litig.*, 396 F.3d 294, 306 (3d Cir. 2005); *see Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2007 WL 951821, at *6 (N. D. Cal. Mar. 28, 2007).

Class counsel's billing records reflect hourly attorney rates ranging from $250 to $580 and hourly paralegal rates of $150. Kamber Decl., ECF No. 242 at 6; Ravipudi Decl., ECF No. 242-2 at 3, ¶ 6; Parisi Decl., ECF No. 242-3 at 2-3, ¶ 4; Malley Decl., ECF No. 242-4 at 2-3, ¶ 5.[3] Class counsel have provided affidavits attesting to the reasonableness of their hourly rates and the qualifications of the attorneys. Stampley Decl., ECF No. 235-1 at 3-4, ¶¶ 12, 14-15; KamberLaw Resume, ECF No. 235-2; Kamber Decl., ECF No. 242 at 5-6, ¶¶ 18-20; Ravipudi Decl., ECF No. 242-2 at 3-7, ¶¶ 5-10; Parisi Decl., ECF No. 242-3 at 2-3, ¶¶ 2-5; Malley Decl., ECF No. 242-4 at 2-3, ¶¶ 2-5; *see also* Billable Hours Chart, ECF No. 247 at 3-6. The court finds the hourly rates to be reasonable. *See*, *e.g.*, *Cherry v. The City College of San Francisco*, Docket No. C 04-4981 WHA, ECF No. 673 (Apr. 13, 2006) (finding Schneider & Wallace's rates to be reasonable and consistent with the market). The detailed time records reflect 1,907.2 hours collectively expended among class counsel. Motion, ECF No. 243 at 5; Billable Hours Chart, ECF No. 247 at 3-6. The court finds these hours to have been reasonably expended.

In total, as of November 2, 2011, class counsel has billed 1,907.2 hours for a total of $970,679.50. Motion, ECF No. 243 at 5. Based on these numbers, the requested award of $722,853 represents a multiplier of about 0.74. *See* Motion, ECF No. 243 at 6. This multiplier falls well within the customary range. *See Vizcaino*, 290 F.3d at 1051 n.6 (describing appendix to opinion,

---

[3] The attorneys and paralegals and their hourly rates are: Scott Kamber ($580/hour); David Stampley ($520/hour); Dana Rubin ($430/hour); Deborah Kravitz ($520/hour); Grace Parasmo ($375/hour); Rahul Ravipudi ($500/hour); Pete Kaufman ($400/hour); Mary Carney ($150/hour); David Parisi ($510/hour); Suzanne Havens Beckman ($490/hour); Azita Moradmand ($250/hour); Joseph Malley ($525/hour); Jennifer Valdez ($150/hour). Kamber Decl., ECF No. 242 at 6; Ravipudi Decl., ECF No. 242-2 at 3, ¶ 6; Parisi Decl., ECF No. 242-3 at 2-3, ¶ 4; Malley Decl., ECF No. 242-4 at 2-3, ¶ 5.

finding a range of multipliers in common fund cases "of 0.6-19.6, with most (20 of 24, or 83%) from 1.0-4.0 and a bare majority (13 of 24, or 54%) in the 1.5-3.0 range"). Thus, the lodestar cross-check supports a fee award of 30%.

On balance, the court finds that the aforementioned factors support a fee award of $722,853, or 30% of the settlement fund.

**B. Costs**

Class counsel are entitled to reimbursement of reasonable out-of-pocket expenses. Fed. R. Civ. P. 23(h); *see Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) (holding that attorneys may recover reasonable expenses that would typically be billed to paying clients in non-contingency matters.); *Van Vranken v. Atl. Richfield Co.*, 901 F.Supp. 294, 299 (N.D. Cal. 1995) (approving reasonable costs in class action settlement). Class counsel seeks reimbursement of $63,678 in litigation expenses. Motion, ECF No. 243 at 8-9. Class counsel submitted a declaration supporting this request, and the itemized costs are reasonable. Kamber Decl., ECF No. 242 at 6, ¶ 21; *see id*. at 2-7, ¶¶ 4-22 (describing class counsel's efforts).

## IV. CONCLUSION

Based on the foregoing, the undersigned RECOMMENDS that the presiding judge grant Plaintiffs' motion and award class counsel $722,853 in attorneys' fees and $63,678 in costs. Any party may file objections to this Report and Recommendation with the district judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3. Failure to file an objection may waive the right to review of the issue in the district court.

This disposes of ECF Nos. 241, 243.

**IT IS SO ORDERED.**

Dated: November 21, 2011

LAUREL BEELER
United States Magistrate Judge

C 08-05113 TEH (LB)

6