UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAN VALENTINE, et al., | Case No. 3:08-CV-05113 (THE) (EMC) |
| Plaintiffs, | |
| v. | **DECLARATION OF JEANNINE ANDREIS RE: NOTICE PROCEDURES** |
| NEBUAD, INC., et al. | |
| Defendants. | |

I, Jeannine Andreis declare:

1. I am a Senior Consultant at Kurtzman Carson Consultants LLC ("KCC"), located at 75 Rowland Way, Suite 250, Novato, California. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would testify competently thereto.

2. The purpose of this declaration is to provide the Parties and the Court with a summary and the results of the work performed by KCC related to the Notice Procedures for the *Valentine, et al. v NebuAd, Inc, et al.* settlement following the preliminary approval.

3. KCC was retained to, among other tasks, build and maintain a settlement website on which the Notice of Pendency of Class Action and Proposed Settlement (the "Notice") is displayed and to place Internet advertisements using banner ads on selected Internet websites.

4. Following preliminary approval, class counsel provided the Hearing Order to KCC, and

KCC has conformed with the dates and deadlines for notice contained in it, as set forth below.

5. On October 19, 2011, I caused a website to be established (http://www.NebuAdSettlement.com/) to provide information about the settlement and to allow Class Members to download copies of the Notice. A copy of the Notice is attached to this declaration as Exhibit A.

6. From October 19, 2011 to November 28, 2011, the website had 15,462 visitors.

7. On October 19, 2011, I caused the Internet advertising to begin. A representation of the Internet advertisement is attached hereto as Exhibit B.

8. The Internet advertising ran from October 19, 2011 to November 20, 2011 and delivered 32,370,700 impressions.

9. As of the date of this declaration, KCC has received no comments on the Settlement.

10. As of the date of this declaration, KCC has received no objections to the Settlement.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct to the best of my knowledge and that this declaration was executed this 1st day of December 2011 at Novato, California.

Jeannine Andreis

# Exhibit A

### IMPORTANT COURT-ORDERED NOTICE—PLEASE READ

### THIS NOTICE SUMMARIZES THE TERMS OF A PROPOSED CLASS ACTION SETTLEMENT UNDER WHICH YOU MAY HAVE CERTAIN LEGAL RIGHTS.

SUBJECT:  Notice of Pendency of Class Action and Proposed Settlement in the U.S. District Court, Northern District Of California — Valentine, et al. v. NebuAd, Inc., No. 3:08-cv-05113 (TEH)(EMC).

DATE: September 20, 2011

**Introduction** ................................................................................................................................ 1
**The Lawsuit** ............................................................................................................................... 1
    A. What Is a Class Action? ..................................................................................................... 1
    B. What Lawsuit and Parties Are Related to This Settlement? ............................................... 1
    C. What Is the Lawsuit About? ............................................................................................... 2
**Class Membership** ..................................................................................................................... 2
    A. Who Is in the Class? .......................................................................................................... 2
**The Settlement** ........................................................................................................................... 2
    A. What Does the Settlement Accomplish for the Class? ...................................................... 2
    B. What Does the Defendant Obtain from the Settlement? ................................................... 3
**Class Members' Options** ........................................................................................................... 3
    A. What Are My Options for Participating in the Settlement? .............................................. 3
    B. Who Represents Me and How Are They Paid? ................................................................. 3
    C. How Can I Comment in Support of or in Opposition to the Settlement? ......................... 3
    D. Can I Attend the Settlement Hearing? Do I Have to Attend? ........................................... 4
**For Other Details about the Settlement** ................................................................................... 4
**COURT ORDER FOR PUBLICATION OF THIS NOTICE** ................................................... 4

### INTRODUCTION

This Notice of Pendency of Class Action and Proposed Settlement (the "Notice") provides information about a settlement proposed by the plaintiffs and the defendant (the "Parties") in a class action lawsuit (the "Lawsuit") pending in the United States District Court for the Northern District of California (the "Court").

The Parties negotiated a Stipulation and Agreement of Settlement (the "Settlement") and submitted it to the Court for review and approval. The Settlement would resolve the Lawsuit before the Court takes a position on which side is right. As part of the review process, the Court has ordered that this Notice be issued to provide information to persons whose legal rights would be affected if the Court approves the Settlement. This Notice summarizes what claims are at issue in the Lawsuit, who is a member of the class covered by the Settlement (a "Class Member"), and how the Settlement, if approved, would affect Class Members' legal rights.

If the Court approves the Settlement, the Defendant, NebuAd, Inc. ("NebuAd"), will pay a total of approximately $2.41 million to create a Settlement Fund. That money will not be paid to Class Members, but instead, the bulk of it will be donated to non-profit groups in order to advance the interests of Class Members' and other consumers' online privacy. Any amount going to the attorneys representing the class as a fee and reimbursement for their costs shall be determined by the Settlement Court. The named plaintiffs who brought the Lawsuit and who will serve as representatives of the class will receive payments up to $5,000 for Dan Valentine, and up to $1,000 for each of the other named representatives. Some of the money will be spent providing notice to Class Members and administering the settlement. The rest will be donated to several non-profit organizations as detailed below.

### THE LAWSUIT

A.  **What Is a Class Action?**

    In a class action, one or more named plaintiffs sue on behalf of a larger number of people whom they believe have similar claims. Each person who is part of a class is called a Class Member. Once the Court has determined that all Class Members have similar claims, the Court can resolve those claims for all Class Members at the same time.

B.  **What Lawsuit and Parties Are Related to This Settlement?**

    The named plaintiffs filed a lawsuit against NebuAd and several other defendants. The other defendants were dismissed from the lawsuit by the Court for lack of personal jurisdiction. This settlement applies only to defendant NebuAd in the case *Valentine, et al*. *v*. *NebuAd*, *Inc*., No. 3:08-cv-05113 (TEH)(EMC).

Defendant NebuAd delivered Internet advertisements to some consumers through its technology installed in the Internet Services Provider (ISP) networks of certain of its clients. It is no longer in operation.

C.  **What Is the Lawsuit About?**

The Lawsuit contends that NebuAd's services included displaying behaviorally targeted advertisements to website visitors. The Lawsuit further contends that NebuAd determined which advertisement to target to a visitor by analyzing the visitor's communications with websites visited by using devices ("Appliances") installed in the networks of the visitors' Internet Service Providers (ISPs) that were NebuAd clients. In addition, the Lawsuit contends that NebuAd stored and read browser cookies on the computers of website visitors, as part of the process of serving advertisements and collecting information for profiling users. (Ordinarily, users who do not want third parties' cookies can set their browser controls to block them. Users also can delete third-party cookies after those cookies have been delivered to them.)

The Lawsuit alleges, and NebuAd denies, that it used the Appliances to intercept and alter consumers' communications with websites they visited and that the Defendant did not provide adequate notice or choice about the use of the Appliance and thereby violated Class Members' privacy rights. The Lawsuit alleges that NebuAd violated the following federal statutes, California statutes, and common-law legal rights: the Computer Fraud and Abuse Act, Title 18, United States Code 1030; the Electronic Communications Privacy Act, Title 18, United States Code, Section 2510; the Computer Crime Law, California Penal Code, Section 502; Civil Conspiracy; and Unjust Enrichment.

NebuAd is no longer in commercial operation and has made an assignment of its assets for the benefit of creditors.

NebuAd denies any and all wrongdoing. The Court has not made any decision about whether any aspect of the Lawsuit would be resolved in favor of the Plaintiffs or the Defendant. That the Court has ordered this Notice to be provided does not mean the Court has taken any position on the merits of the Lawsuit. It means that the Court is willing to consider the Parties' request to conclude the Lawsuit by means of the Settlement.

**CLASS MEMBERSHIP**

You are a Class Member if, at any time between January 1, 2007 and July 1, 2008, you subscribed to the services of certain Internet Service Providers identified in the attached list.

| | |
|---|---|
| AllCities | Grande Communications |
| Annapolis Wireless Internet | High Speed Data Inc. |
| AzulStar, Inc. | 20/20 Communications |
| Bresnan Communications, LLC | iBahn General Holdings |
| Cable One, Inc. | Knology, Inc. |
| Casco Communications/Peak Internet | Mesa Networks, Inc. |
| Cavalier Broadband, LLC | Millennium Digital Media Systems/Broadstripe |
| CenturyTel, Inc.; CenturyTel Broadband Services, LLC; CenturyTel Service Group, LLC | Network Evolution, Inc. |
| | Nexicom Inc. |
| CMS Internet LLC | Ricochet Networks, Inc. |
| Eastern Oregon Network, Inc. | Rochester Telephone Company, Inc. |
| Education Networks of America (ENA) | Softcom Internet Communications |
| Embarq Management Co.; United Telephone Co. of Eastern Kansas | United Online/NetZero |
| | Unplugged Cities |
| Fire2Wire | WideOpen West Finance, LLC (WOW) |
| Galaxy Internet Services | |

**THE SETTLEMENT**

The named plaintiffs and their attorneys believe the Settlement is in the best interests of the Class. In addition, the Parties all believe the Settlement benefits Class Members as well as the Defendant by avoiding the uncertainties and costs of trials and, potentially, appeals.

The full terms of the Settlement are contained in a document entitled "Stipulation and Agreement of Settlement," which is on file with the Court, and which you can read at www.NebuAdSettlement.com.

A.  **What Does the Settlement Accomplish for the Class?**

The Settlement, if the Court approves it, includes the following relief.

**What NebuAd Will Do**

NebuAd agrees, as part of the Settlement, that certain former directors and officers, on a reasonable basis, will provide sworn testimony relating to the allegations of the Lawsuit for use in other actions against ISPs that were NebuAd clients, for claims related to or arising out of such clients' relationships with NebuAd, and testify at trial in any related lawsuits.

**Monetary Relief**

As discussed in the Introduction, above, as part of the Settlement, NebuAd will create a Settlement Fund of approximately $2.41 million. Some of this Settlement Fund will be used to pay the costs of administering the settlement (primarily notice costs) and, if approved by the Court, to pay incentive awards of no more than $5,000 to Dan Valentine and no more than $1,000 each to the other named plaintiffs, as well as attorneys' fee and costs, which plaintiffs' counsel will request in an amount not to exceed 30 percent of the Settlement Fund, and which shall be awarded in the Court's discretion. The majority of the Settlement Fund will be dedicated to "cy pres" relief—money that will be donated to Court-approved non-profit organizations to fund research. education or activities to promote consumer awareness and choice regarding the privacy, safety, and security of electronic information from and about consumers.

The named plaintiffs and their counsel have recommended that, if the Court approves the Settlement, the following organizations, all of which have demonstrated a nexus with the issues raised in the Litigation—particularly, research and education related to avoidance of future harm to consumers—should receive these funds.

> *Proposed cy pres award recipients to be posted on this website November 2, 2011*

The Defendant had no role in selecting these recipients.

**B. What Does the Defendant Obtain from the Settlement?**

In return for the Defendant's agreement of testimonial cooperation with Plaintiffs and the creation of the Settlement Fund, the case against NebuAd will be dismissed. Class Members will release the Defendant from any and all liability arising out of or relating to the claims and allegations in the Lawsuit, meaning that no Class Member will be able to assert any of these claims against NebuAd, Inc., NebuAd (assignment for the benefit of creditors), LLC, and their present and former subsidiaries, affiliates, divisions, associates, business partners, co-venturers, agents, successors, predecessors, assignors, assignees, assigns, and each of all these entities' respective present, former or future, officers, directors, shareholders, agents, counsel and employees. Class Members will also be prevented from asserting any of these claims against NebuAd Carriers AXIS Surplus Insurance Company, St. Paul Fire & Marine Insurance Company, and Sherwood Partners, LLC.

## CLASS MEMBERS' OPTIONS

**A. What Are My Options for Participating in the Settlement?**

To participate, you do not have to do anything. Under the Settlement, the Class is considered a "mandatory class," which means you do not have the option to exclude yourself from the Class. If you are a Class Member, you are deemed to have accepted the Settlement and any decisions of the Court with respect to the Settlement and the Lawsuit. You will be represented by the named plaintiffs and their counsel for purposes of the Settlement. Finalization of the Settlement means no Class Member will be able to sue or be part of any other lawsuit against NebuAd or other released entities regarding the legal issues in this case. (NebuAd's ISP clients are not among the released entities.)

**B. Who Represents Me and How Are They Paid?**

The named plaintiffs filed the Lawsuit on behalf of themselves, as individuals, and on behalf of "all persons similarly situated"—that is, Class Members. To provide legal representation to the Class, the Court has appointed the attorneys the named plaintiffs hired, KamberLaw, LLC, as Class Counsel. The KamberLaw, LLC attorneys representing the Plaintiffs and Class Members in the Lawsuit are Scott A. Kamber and David A. Stampley.

Class Counsel have not yet received any payment from anyone for their services in bringing or prosecuting this Lawsuit and they have not been reimbursed for their out-of-pocket expenses. If the Court approves the Settlement, Class Counsel will ask the Court to award them attorneys' fees and reimbursement of costs and expenses from the Settlement Fund that NebuAd has agreed to create to resolve the Lawsuit. When Class Counsel file this request, which they will do no later than November 1, 2011, you will be able to review it, along with all supporting documentation Class Counsel provides, at the settlement website, www.NebuAdSettlement.com.

Class Counsel will also request that the Court authorize the payment of incentive awards of up to $5,000 for Dan Valentine and up to $1,000 each to the other named plaintiffs. These awards will serve as compensation for the named plaintiffs' time and effort representing Class Members in the Lawsuit. If the Court agrees, these amounts will be paid from the $2.41 million Settlement Fund.

**C. How Can I Comment in Support of or in Opposition to the Settlement?**

**How to Object**

If you are a Class Member and want to object to any aspect of the Settlement, you have the right to do so. **If you wish to object to the terms of the settlement,** your written comments *must contain your name and address*, be *signed* by you, and include the reference:

***Valentine, et al. v. NebuAd, Inc.*, No. 3:08-cv-05113 (TEH)(EMC)** and sent to the following address:

*Valentine v. NebuAd* Settlement Administrator
c/o Kurtzman Carson Consultants LLC
P.O. Box 6177
Novato, CA 94948-6177

**Your objection must be received no later than December 1, 2011.**

If you do not comply with these procedures and deadlines for submitting objections, you will not be entitled to object or contest in any way the Settlement or the Court's decision on applications for attorneys fees and awards, and you will not be able to contest any other orders or judgments that the Court may enter in connection with the Settlement.

**How to Comment**

If you want the Court to receive your comment in support of or in opposition to the Settlement or Class Counsel's fee application, you must follow the same procedure described above for lodging an objection (*i.e.,* by making sure your comment contains your name and address, is signed by you, includes a reference to the case about which you are writing, and is received no later than December 1, 2011).

D.   **Can I Attend the Settlement Hearing?  Do I Have to Attend?**

You may attend the settlement hearing, but you are not required to do so. The Court will hold a hearing on December 19, 2011 at 10:00 a.m., before the Honorable Thelton E. Henderson, United States District Judge for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102. The Court reserves the right to adjourn or continue the Settlement hearing to a different date, time or location without further notice to the Class, except for those who filed objections.

The purpose of the hearing will be to determine: (a) whether the Settlement should be approved as fair, reasonable and adequate; (b) whether the Court should certify a class comprising all Class Members for purposes of effecting the Settlement; (c) whether Class Counsel's Fee Application should be granted and in what amount; (d) whether the named plaintiffs should receive incentive awards and in what amount; and (e) whether the Lawsuit and Class Members' claims should be dismissed with prejudice pursuant to the Settlement.

**FOR OTHER DETAILS ABOUT THE SETTLEMENT**

This Notice contains only a summary of certain provisions in the Settlement. The full terms and provisions of the Settlement are contained in the Settlement Agreement. A copy of the Settlement Agreement is on file with the Court and can be viewed, along with other documents relating to the Lawsuit, at the settlement website, www.NebuAdSettlement.com. The Clerk of the Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, maintains files containing the Settlement Agreement and all other documents filed in the lawsuit. Copies of these documents are available for inspection and copying during the Court's normal business hours.

***Do not contact NebuAd about the Lawsuit, this Notice, or the Settlement***. NebuAd's counsel are not permitted to give you legal advice or answer your questions about the Lawsuit, this Notice, or the Settlement.

***Do not telephone the Court about the Lawsuit, this Notice, or the Settlement***. To comment on or object to the Settlement, you must follow the procedures explained in Section C, above.

Section VI, paragraph 8 of the Settlement Agreement states as follows:

Modification. Prior to entry of the Order and Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and NebuAd, Inc.'s Counsel in their discretion without giving any additional notice to the Class Members, provided that such modifications are not materially adverse to the Class Members.

To the extent that Class Members desire to be notified regarding any additional changes as described in section VI, paragraph 8 of the Settlement Agreement, or otherwise after the initial notice of the settlement, the certification hearing, and the fairness hearing, they must file with the Clerk of Court in the Action a request for notice, or send such a request in writing to Class Counsel, who shall maintain a list of all such requests that are received. Class Members who have and who provide an e-mail address agree to electronic notification. The provisions of this section advising Class Members of this requirement shall be included in the Settlement Notice, the certification hearing and the fairness hearing.

Subsequent to the Final Approval Order and Judgment becoming a Final Judgment, this Agreement may, with approval of the Court, be modified by written agreement of Class Counsel and NebuAd, Inc.'s Counsel in their discretion without giving any additional notice to the Class Members, provided that such modifications do not limit the rights of the Class Members under the Agreement.

**COURT ORDER FOR PUBLICATION OF THIS NOTICE**

Dated: September 20, 2011                                                                BY ORDER OF:
                                                                                                          /s/ Thelton E. Henderson
                                                                                                          **Thelton E. Henderson**
                                                                                                          **Judge Of The United States District Court**

**Exhibit B**

# DID YOUR ISP TRACK YOU?

A class action settlement being considered by a federal court may impact your rights.

For more information, visit:
www.NebuAdSettlement.com