UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAN VALENTINE, *et al.*,

    Plaintiffs,

v.

NEBUAD, INC., *et al.*

    Defendants.

Case No. C 08-05113 (TEH) (LB)

**[~~PROPOSED~~] ORDER AND FINAL JUDGMENT**

**WHEREAS** Plaintiffs contend Defendant NebuAd, Inc. ("NebuAd" or "Defendant") deployed a device in the networks of various Internet Service Providers to obtain or provide information from or about consumers to track them; did so without providing such consumers adequate notice or choice; did so without such consumers' consent; and did so contrary to their intent or expectations.

**WHEREAS**, on November 10, 2008, Plaintiffs filed a Class Action Complaint, which alleged claims for violations of: (i) the Electronic Communications Privacy Act; (ii) the Computer Fraud and Abuse Act, 18 U.S.C. 1030; (iii) California's Computer Crime Law, Penal Code § 502; (iv) California's Invasion of Privacy Act, California Penal Code § 630; California state common law (unjust enrichment).

**WHEREAS**, on or about October 6, 2009, the Court dismissed Bresnan Communications, Cable One, CenturyTel, Embarq, Knology, and WOW! as defendants in the Action based on lack of personal jurisdiction;

**WHEREAS**, the Parties conducted a series of settlement negotiations including, among other things, an in-person meeting in Boston, Massachusetts; negotiations and discussions with former NebuAd officers and directors; an in-person mediation in San Francisco before U.S. Magistrate Judge Joseph Spero; and telephonic discussions, during which the Parties each represented that they were candidly disclosing and weighing the strengths and weakness-

es in their respective litigation positions.

**WHEREAS**, Defendant denies any and all wrongdoing whatsoever.

**WHEREAS**, Defendant represents it no longer exists as a legal entity;

**WHEREAS**, Class Counsel (as defined herein) have concluded, after discovery and investigation of the facts and after carefully considering the circumstances of the Action, including the claims asserted in the complaint, the possible legal and factual defenses thereto, Defendant's status as an entity that is no longer a going concern, and the likelihood of an opportunity for recovery, that it would be in the best interests of the Plaintiffs (as defined herein) to enter into the Settlement Agreement among the Parties, filed August 16, 2011 (Dkt. 233), and exhibits thereto (the "Settlement Agreement") which, together with all prior proceedings herein, sets forth the "Settlement," which interests include the substantial value to be derived by this Settlement and the interest in avoiding the uncertainties of litigation and assuring that the benefits reflected herein are obtained for the Plaintiffs; and, further, that Class Counsel consider the Settlement set forth herein to be fair, reasonable and adequate and in the best interests of the Plaintiffs;

**WHEREAS**, Class Counsel and Defendant recognize and acknowledge that continued prosecution of the Litigation through trial and possible appeal would be protracted and expensive, and the outcome uncertain.

**WHEREAS**, each of the Parties and counsel believes, in consideration of all the circumstances and after substantial arms' length settlement negotiations among the parties, by and through their counsel, that its interests are best served by entering into the Settlement and that this proposed Settlement is fair, reasonable, adequate and in the best interests of the Settlement Class.

**WHEREAS**, the Settlement Agreement defines "Releasees" or "Released Entities" as NebuAd, Inc.; NebuAd (assignment for the benefit of creditors), LLC, and their present and former subsidiaries, affiliates, divisions, associates, business partners, co-venturers, agents, successors, predecessors, assignors, assignees, assigns, and each of all these entities' respective present, former or future, officers, directors, shareholders, agents, counsel, and employees.

"NebuAd's Carriers," AXIS Surplus Insurance Company and St. Paul Fire & Marine Insurance Company; and Sherwood Partners, LLC;

**WHEREAS**, the Settlement Agreement defines "Released Claims" as:

> any and all known or unknown claims, demands, actions, suits, causes of action (under the common or civil law, statutes, or regulations, including laws of all jurisdictions outside the United States), damages whenever incurred whether compensatory or exemplary, liabilities of any nature or under any theory whatsoever, including costs, expenses, penalties, and attorneys' fees, in law or equity, that any Releasor, whether or not they object to the settlement, ever had or now has, directly, representatively, derivatively, or in any capacity, arising out of or related in any way to any conduct, events, or transactions occurring in the course of the Action or arising out of the facts, transactions, events, matters, occurrences, acts, disclosures, statements, misrepresentations, omissions or failures to act regarding NebuAd, Inc.'s deployment of devices, appliances, software, and/or other processes and in processing Internet communications or transmissions from January 1, 2007 to the present, that were or could have been alleged or asserted in the Action. Notwithstanding any other terms or conditions herein, "Released Claims" shall not include any claims, demands, actions, suits, causes of action, damages, and liabilities against any entities listed on Exhibit A to the Settlement Agreement.

**WHEREAS**, the Settlement Agreement provides for the release of Released Claims against all Releasees or Released Entities.

**WHEREAS**, the Parties have engaged in intensive, complex, difficult and hard-fought arm's-length negotiations.

**WHEREAS**, as a result of those lengthy negotiations, the Parties have been able to reach an agreement to settle these Actions.

**WHEREAS**, by the terms of the proposed Settlement of this Action, in exchange for the dismissal of the Action with prejudice, dismissal of all Released Claims with prejudice, and for entry of this Order and Final Judgment, the Defendant shall take all the actions required of Defendant by the Settlement Agreement, the terms of which are expressly incorporated by reference herein, in accordance with the procedures set forth therein.

**WHEREAS**, on September 20, 2011, this Court entered a Hearing Order (the "Hearing Order") (Dkt. 239), which, *inter alia*:

    a.    conditionally certified, for settlement purposes only, pursuant to Rule 23(a) and Rules 23(b)(1) of the Federal Rules of Civil Procedure, a class consisting of all persons in the United States who, from January 1, 2007 to July 1, 2008, were consumers subscribing to the services of certain entities, identified in Exhibit A to the Settlement Agreement;

    b.    appointed Dan Valentine as the Settlement Class Representative;

    c.    appointed Scott A. Kamber and David A. Stampley of KamberLaw, LLC and Rahul Ravipudi and Pete Kaufman of Panish Shea & Boyle LLP, and their respective firms as Class Counsel;

    d.    preliminarily approved the Settlement, pursuant to Rules 23(c) and (e) of the Federal Rules of Civil Procedure;

    e.    set a hearing to take place on December 19, 2011, at 10:00 a.m., before this Court, at the United States Courthouse for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California (the "Fairness Hearing"), upon notice to members of the Settlement Class, to determine whether:

        i.    the requirements for certification of the Settlement Class have been met;

        ii.    the proposed settlement of the Action in accordance with the terms set forth in the Settlement Agreement, including as part of the Settlement the payment of Plaintiffs' Class Counsel's attorneys' fees and reimbursement of Plaintiffs' Class Counsel's expenses, should be approved as fair, reasonable and adequate; and

         iii.    the Judgment approving the Settlement and dismissing the Action on the merits and with prejudice against Plaintiffs and Settlement Class Members should be entered.

    f.    approved the forms of the Internet Notice and Website Notice substantially in the form of Exhibits B and C annexed to the Settlement Agreement;

    g.    prescribed the method and period of time for providing notice to members of the Settlement Class of the certification of the Settlement Class; the Settlement; Plaintiffs' counsel's application for an award of attorneys' fees and reimbursement of expenses; and the Fairness Hearing;

    h.    found that such notice to the members of the Settlement Class as described in the Settlement Agreement:

         i.    is the best notice practicable to members of the Settlement Class;

         ii.    is reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the Action, conditional certification of the Settlement Class, the proposed Settlement, and the rights of members of the Settlement Class to object to the Settlement; and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses;

         iii.    is reasonable and constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice; and

         iv.    meets all applicable requirements of law including, but not limited to, Rule 23(c) of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

    i.    directed Plaintiffs' Class Counsel and Defendant' counsel, on or before December 8, 2011, to file with the Court evidence that the notice-related provisions the Hearing Order had been satisfied, which direction was met on December 7, 2011;

    j.    prescribed the method and periods of time during which members of the Settlement Class may serve written objections to the Settlement and/or the application for an award of attorneys' fees and/or reimbursement of expenses by Plaintiffs' Counsel;

k. found that a mandatory class under Rule 23(b)(1) was appropriate because (1) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would create incompatible standards of conduct for Defendant; (2) a determination in this case as to one Class Member would be dispositive as to all Class Members.

l. preliminarily barred and enjoined Plaintiffs and all members of the Settlement Class and any other person, representative, or entity acting on behalf of any members of the Settlement Class from filing, commencing, prosecuting, maintaining, or intervening in any claim, lawsuit, arbitration, administrative, regulatory or other proceeding (as members of a class action or otherwise) arising out of the Released Claims against any of the Released Entities;

m. provided that if for any reason, the Effective Date of the Settlement does not occur, the Hearing Order shall become null and void, and shall be without prejudice to the rights of the parties, all of whom shall be restored to their respective positions as of August 19, 2011, except that any extensions of time granted since that date by one Party to the other shall continue to have force and effect, and neither Party shall seek an order of default against any other Party for actions not taken while approval of the Settlement was pending, and the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, and neither the Settlement Agreement nor the Court's orders issued in connection with consideration of the Settlement, including this Order, shall be used or referred to in any litigation for any purpose whatsoever, except as required to enforce those provisions of the Settlement Agreement which survive a failure of the Settlement to be consummated or the Effective Date of the Settlement to occur;

n. provided that nothing in the Hearing Order shall be construed or used as an admission, concession, or declaration by or against the Defendant for any fault, wrong-doing, breach or liability; or be construed or used as an admission, concession, or declaration by or against Plaintiffs or the members of the Settlement Class that their claims lack merit or that the relief requested in the operative Complaint in this Action is inappropriate, improper, or

unavailable, or as a waiver by any Party of any defenses or claims such Party may have; or be construed as a finding or conclusion of the Court with respect to the merit or lack of merit of any claim asserted in the Action or the defense to any claim asserted in the Action.

**WHEREAS**, Defendant has submitted evidence demonstrating, and the Court finds, that Defendant has provided the notices to the United States Department of Justice and to the Attorneys General of the 50 States, as required by the Class Action Fairness Act of 2005, Pub. L. 109-2 (2005), and specified in 28 U.S.C. § 1715.

**WHEREAS**, the Fairness Hearing was duly held as noticed on __December 19__, 2011.

**WHEREAS**, this Court, having heard from Plaintiffs' Class Counsel on behalf of the Settlement Class, and from Defendant's counsel, and having reviewed all other arguments and submissions presented by all interested persons and entities with respect to the Settlement and the application of Plaintiffs' counsel for an award of attorneys' fees and reimbursement of expenses; and

**WHEREAS**, all capitalized terms used herein have the meanings set forth and defined in the Settlement Agreement, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. Notice to the members of the Settlement Class required by Rule 23(c) and (e) of the Federal Rules of Civil Procedure has been provided as directed by this Court in the Hearing Order, and such notice having constituted the best notice practicable, including, but not limited to, the forms of notice and methods of identifying and providing notice to the members of the Settlement Class, and satisfied the requirements of the Federal Rules of Civil Procedure, the Constitution of the United States, and all other applicable laws.

2. The Settlement Class as provided in the Hearing Order is unconditionally certified pursuant to Rules 23(a) and Rules 23(b)(1) of the Federal Rules of Civil Procedure.

3. For purposes of all aspects of the Settlement Agreement, the prerequisites for a class action under Rule 23(a) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Set-

tlement Class; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class they seek to represent; and (d) Plaintiffs have and will fairly and adequately protect the interests of the Settlement Class. In addition, the requirements for certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(1) regarding a mandatory class, as indicated in Section II.13 of the Settlement Agreement, have been satisfied in that: (a) prosecuting separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would create incompatible standards of conduct for the Defendant; and (b) a determination in this case as to one Class Member would be dispositive as to all Class Members.

4. The Settlement, as set forth in the Settlement Agreement, is in all respects fair, reasonable, and adequate, and in the best interests of the Settlement Class Members, and is approved in all respects in accordance with Rule 23 of Federal Rules of Civil Procedure.

5. Plaintiffs and Defendant are directed to promptly consummate the Settlement in accordance with the Settlement Agreement and all of its terms.

6. The Settlement shall not be deemed to constitute a finding of liability or wrongdoing or an admission on the part of Defendant, or any of the Plaintiffs, Settlement Class Members, or Released Parties.

7. The Action is hereby dismissed, with prejudice, on the merits, as against all Plaintiffs and all members of the Settlement Class, on the terms and conditions set forth in the Settlement Agreement, and without costs to any party except as provided herein, in the Hearing Order and in the Settlement Agreement.

8. Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Protected Persons, in the manner(s) set forth in the Settlement Agreement.

9. Upon the Effective Date, each Plaintiff and each Settlement Class Member shall be permanently barred and enjoined from asserting, commencing, prosecuting or continuing any of the Released Claims.

10. The following organizations, all of which have demonstrated a nexus with the

1  issues raised in the Litigation—particularly the capability and commitment to conduct re-
2  search, education, and activities with the purpose of protecting consumers from misuse and/or
3  unauthorized distribution of their electronic information or of personally identifiable infor-
4  mation gathered through use of the Internet—will receive *cy pres* funds from the Net Settle-
5  ment Fund as set forth in Articles II.7.D and II.8.B of the Settlement Agreement and Plaintiffs'
6  proposed allocation plan detailed in their letter to the Court of November 1, 2011 (Dkt. 242-1)
7  as follows:

8     a.  Each of the following will receive a $75,000 cy pres award: National
9  Network to End Domestic Violence–Safety Net–Safe & Strategic Technology Project; Center
10 for Democracy and Technology; Fordham Law School–Center on Law and Information
11 Policy; Free Press–Open Technology Initive; Public Knowledge–Open Technology Initiative;
12 Lamb's Farm–Safe Internet surfing education; U.C.–Santa Barbara–Computer Security Group;
13 U.C.–Berkeley School of Law–Berkeley Center for Law & Technology; U.C.–Berkeley–
14 Information School–Prof. Deidre Mulligan Internet privacy projects.

15    b.  Each of the following will receive a $125,000 *cy pres* award for the fur-
16 therance of clinical programs in which law students represent consumers in arbitrations for the
17 particular purpose of protecting consumers from misuse and/or unauthorized distribution of
18 their electronic information or of personally identifiable information gathered through use of
19 the Internet: IIT Chicago-Kent College of Law; New York Law School; University of Colora-
20 do; U.C.–Hastings College of Law.

21    c.  Each of the following will receive a *cy pres* award consisting of an
22 equal division of the monies remaining in the Settlement Fund—expected to total no less than
23 $200,000—following initial distributions to the *cy pres* recipients designated in sections 10(a)
24 and (b), above: the Electronic Frontier Foundation–Technology Research & Development
25 Program and Privacy Rights Clearinghouse.

26    11.  An incentive award not to exceed $5,000.00 is hereby awarded to Dan Valen-
27 tine and incentive awards not to exceed $1,000 each are awarded to the other representative
28 plaintiffs named in the Settlement Agreement. Defendant shall pay the incentive awards to

1  each of the specified individuals within ten (10) business days after the Effective Date, and in
2  accordance with Paragraph II.7.E of the Settlement Agreement.

3      12.    The Court hereby grants Plaintiffs' unopposed Motion for Approval of Attor-
4  neys' Fees and Costs (Dkts. 241, 243; *see also* 246-47) and, upon this Court's Nov. 7, 2011
5  Order Referring Case (Dkt. 244), hereby adopts and incorporates the Nov. 21, 2011 Recom-
6  mendation and Report of U.S. Magistrate Judge Laurel Beeler (Dkt. 248) and awards Class
7  Counsel $722,853 in attorneys' fees and $63,678 in costs, which shall be paid to Plaintiffs'
8  Class Counsel by Defendant from the Settlement Fund within ten (10) business days after the
9  Effective Date, and in accordance with Paragraph II.9 of the Settlement Agreement.

10      13.    The award of attorneys' fees to Plaintiffs' Class Counsel as provided in para-
11  graph 12, above, shall be allocated by Class Counsel among Plaintiffs' counsel in a fashion
12  that, in the opinion of Class Counsel, fairly compensates Plaintiffs' counsel for their respective
13  contributions in the prosecution of the Action. The court has considered this award of attor-
14  neys' fees and reimbursement of expenses, in the amounts described in paragraph 12, above,
15  separately from the merits of the Settlement and the Court has considered and finds as follows:

16      a.    The Settlement has provided significant relief to the Settlement Class.
17      b.    Class Counsel and conducted the litigation and achieved the Settlement
18  with skill, perseverance, and diligent advocacy on behalf of Plaintiffs and the Settlement Class
19  as a whole.

20      c.    The Action involves complex factual and legal issues and, in the ab-
21  sence of Settlement, would involve further lengthy proceedings and uncertain resolution of
22  such issues.

23      d.    Had Settlement not been achieved, there would remain a significant risk
24  that the Settlement Class may have recovered less or nothing from Defendant, and that any re-
25  covery would have been significantly delayed.

26      e.    The amount of attorneys' fees and reimbursable expenses awarded to
27  Class Counsel is fair and reasonable, given the number of attorney hours expended to achieve
28  the Settlement on behalf of Plaintiffs and the Settlement Class as a whole, and the estimated

value of the settlement benefits obtained for the Settlement Class, and the amount awarded is consistent with awards for similar work in similar cases.

14. Defendant and the Released Entities shall not be liable for any additional fees or expenses for Plaintiffs' Class Counsel or counsel of any Plaintiff or Settlement Class Member in connection with the Actions, beyond those expressly provided in the Settlement Agreement.

15. By reason of the Settlement, and approval hereof, there is no just reason for delay and this Order and Final Judgment shall be deemed a final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

16. Jurisdiction is reserved, without affecting the finality of this Order and Final Judgment, over:

    a. Effectuating the Settlement and the terms of the Settlement Agreement, including the payment of Plaintiffs' counsel's attorneys' fees and reimbursement of expenses, including any interest accrued thereon;

    b. Supervising all aspects of the administration of the Settlement;

    c. Determining whether, in the event an appeal is taken from any aspect of this Order and Final Judgment, notice should be given at the appellant's expense to some or all Settlement Class Members apprising them of the pendency of the appeal and such other matters as the Court may order;

    d. Enforcing and administering the Settlement Agreement and the Settlement including any releases executed in connection therewith, and the provisions of this Order and Final Judgment;

    e. Adjudicating any disputes that arise under the Settlement Agreement; and

    f. Any other matters related or ancillary to the foregoing.

1 **SO ORDERED, ADJUDGED AND DECREED,**

3 Dated: _____December 19_____, 2011

_____
THELTON E. HENDERSON
UNITED STATES DISTRICT JUDGE

*(Signed: Judge Thelton E. Henderson; seal of United States District Court, Northern District of California)*